UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DESHEILA HOWLETT,<br><br>Plaintiff,<br><br>vs.<br><br>WARREN, CITY OF, LAWRENCE GARDNER, SHAWN JOHNSON, DAWN MCLANE, BARBARA BYER, MICHAEL SAUGER, ANWAR KHAN, BARBARA BEYER, JERE GREEN, DARRIN LABIN, WILLIAM ROSS, KEVIN BARNHILL, PAUL HOUTOS, SCOTT TAYLOR,<br><br>Defendants. | Case No. 17-11260<br>Hon. Terrence G. Berg |

**ORDER DENYING MOTION FOR PROTECTIVE ORDER TO QUASH SUBPOENA (Dkt. 57), AND DENYING ORAL MOTION TO CONTINUE DEPOSITION**

**I.  Introduction**

On August 27, 2018 counsel for Defendants filed a "Motion for Protective Order to Quash Subpoena Directed to Non-Party Graham Media Group." Dkt. 57. The motion seeks to quash a subpoena issued by Plaintiff to third-party Graham Media Group ("Graham"). The subpoena directed Graham to produce:

> "Any and all recordings allegedly of Mayor Jim Fouts, obtained by WDIV Channel 4 that aired between December 2016 and March 2017, including but not limited to any and all of the recordings that exist in their entirety on clickondetroit.com, and any expert voice analysis report regarding the audio recordings."

See Dkt. 57, Exh. 1 "Email and Subpoena." The subpoena directed non-party Graham to produce this information by 5:00pm, Monday, August 20, 2018. The deposition of Mayor Fouts was scheduled for Thursday, August 23, 2018. For the reasons outlined below, Defendant's Motion to Quash Subpoena is **DENIED**.

During a telephone conference with the Court and all parties on August 28, 2018, Counsel for Plaintiff, moved the Court to continue the deposition of Mayor Fouts, which was conducted on August 23, 2018. Dkt. 60. Counsel for Plaintiff wished to play certain recordings during the deposition and ask the Mayor questions about them. Defense counsel and the Mayor's counsel objected to the playing of these tapes and indicated that they would direct the Mayor not to answer questions about them. Copies of the recordings were provided to the Court, as was the transcript of the deposition, to review in camera.[1] Unfortunately, review of the deposition

---

[1] The Court is constrained to note that it has not yet made any ruling on whether these tape recordings are relevant or admissible. For reasons unknown the Court, without citation, Defense counsel incorrectly stated in its Motion to Quash the subpoena that "In an Order from the bench, the Court directed, in part, that no video or audio recordings were to be played during the Mayor's deposition." Dkt. 57, Page ID 3439. This is inaccurate. No such Order, whether from the bench or otherwise, has ever been issued. The

revealed many lapses of professionalism by all counsel, as the testimony was repeatedly interrupted by counsel's speaking objections, sniping, and unnecessary bickering. In the end, Plaintiff's counsel chose not to seek the Court's intervention when Defense counsel declared the witness would not be permitted to answer questions about any recordings. Because additional time was remaining, and Plaintiff's counsel elected not to contact the Court to assist in resolving the issue, the Court will not allow the deposition to be re-opened. Defendants' strategic decision not to permit the witness to answer questions about the authenticity of certain tape recordings means that this issue will need to be resolved in a motion in limine, with appropriate briefing, at a later time. Consequently, the Court will **DENY** Plaintiff's oral motion for continuation of deposition.

## II. Standard of Review

Defendants filed the instant motion to quash, but the subpoena was not directed to Defendants. Counsel of record for defendants in this matter has not notified the Court that he also represents Graham Media Group. A party to a case does not have standing, generally, to challenge a subpoena directed to a third-party, absent

---

question whether any recordings alleged to be of the Mayor are admissible will need to be addressed in a motion in limine prior to trial, and the Court will consider the issue at that time. Defense counsel is admonished not to misstate rulings of the Court.

a claim of privilege or personal interest. *See Sys. Prod. & Sols., Inc. v. Scramlin*, No. 13-CV-14947, 2014 WL 3894385, at *7 (E.D. Mich. Aug. 8, 2014) (citing *Underwood v. Riverview of Ann Arbor,* No. 08–CV–11024–DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008) ("[A] party generally has no standing to seek to quash a subpoena directed to a non-party [unless] it can demonstrate a personal interest or claim a privilege.") (internal citation omitted); *see also Mann v. Univ. of Cincinnati*, Nos. 95-3195, 95-3292, 114 F.3d 1188 at *6 (6th Cir. May 27, 1997) (The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter) (quoting 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought.")).

### III. Analysis

Defendants do not allege in their motion that the information requested from Graham is subject to any privilege that Defendants may assert. To maintain standing here without asserting privilege, a party must make a claim of personal interest. A "personal interest" can be shown in a variety of ways. For instance, a party has a personal interest in their own employment records or banking

records that are held by a subpoenaed third-party. *Id.* (citing *Halawani v. Wolfenbarger,* No. 07–15483, 2008 WL 5188813, at *1 (E.D. Mich. Dec. 10, 2008) (personnel file); *and Catskill Dev., L.L.C. v. Park Place Ent. Corp.,* 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (bank records)). In the *Scramlin* case, the court found that Defendant had standing to contest the subpoenas, because the Defendant claimed a personal interest in the personal emails and phone records that were being requested. *Scramlin* at *7. Defendants make no such claim in their motion. Rather, Defendants ask the Court to exercise its discretion to determine the scope of discovery, and "acknowledge the wisdom of placing reasonable limits on discovery," in accordance with Federal Rule of Civil Procedure 26(b)(1). Motion to Quash, Dkt. 57, Pg. ID 3442–43. While it is true that the Court has discretion to control the scope of discovery, that is a different issue from whether a party to a lawsuit has established standing to challenge a discovery subpoena issued to a third-party.

Having failed to make any claim that the information requested in the challenged subpoena is privileged, or that it contains personal information, Defendants fail to establish standing to challenge the subpoena, and their motion must therefore be denied. Whether Graham Media Group complies with the subpoena or interposes any objection to it is a matter for that party to decide. For now, it stands as an order of the Court, like any subpoena, and

may be challenged by the correct party in interest if grounds exist for such a challenge.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Protective Order to Quash Subpoena Directed to Non-Party Graham Media Group (Dkt. 57) is **DENIED** for lack of standing. Defendant's oral Motion to Re-open the Deposition of Mayor Fouts is **DENIED**.

**SO ORDERED.**

Dated: September 20, 2018

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on September 20, 2018.

s/A. Chubb
Case Manager