UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DESHEILA HOWLETT**,<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF WARREN, LAWRENCE GARDNER, SHAWN JOHNSON, DAWN MCLANE, BARBARA BYER, MICHAEL SAUGER, ANWAR KHAN, BARBARA BEYER, JERE GREEN, DARRIN LABIN, WILLIAM ROSS, KEVIN BARNHILL, PAUL HOUTOS, SCOTT TAYLOR**,<br><br>Defendants. | Case No. 17-11260<br>Hon. Terrence G. Berg |

**ORDER DENYING MOTION FOR SANCTIONS (ECF No. 68), MOTION TO REFER MATTER TO MAGISTRATE OR APPOINT SPECIAL MASTER (ECF No. 87), AND MOTION FOR LEAVE TO FILE A SUPPLEMENT TO MOTION FOR SANCTIONS (ECF No. 90)**

I.  Introduction

On September 28, 2018, counsel for Defendants filed a "Motion for Sanctions, Costs, and Attorneys' Fees on Behalf of Defendants[.]" ECF No. 68. The motion seeks "an appropriate sanction," against Plaintiff and her counsel, as well as costs and attorneys' fees for "violation of this

1

Court's Order and Bench Order," Michigan Rule of Professional Conduct 3.6, and 28 U.S.C. § 1927.

On December 21, 2018, counsel for Defendants filed a "Motion to Refer the Matter to the Magistrate or Appoint a Special Master to Review the Parties' Factual Presentations." ECF No. 87. The motion seeks to either refer the case to a Magistrate Judge or to appoint a Special Master "to ascertain whether there are any genuine issues of material fact[.]"

On January 29, 2019, counsel for Defendants filed a "Motion for Leave to File a Supplement to Their Motion for Sanctions, Costs, and Attorneys' Fees[.]" ECF No. 90. This motion seeks to introduce more alleged evidence of misconduct by Plaintiff's counsel, in support of Defendants' earlier motion for sanctions.

For the reasons outlined below, Defendant's Motion for Sanctions, Costs, and Fees is **DENIED**. Defendant's Motion to Refer the Matter to the Magistrate or Appoint a Special Master to Review the Parties' Factual Presentations is **DENIED**. and Defendant's Motion for Leave to File a Supplement to Their Motion for Sanctions, Costs, and Attorneys' Fees is **DENIED**.

## II. Motion for Sanctions, Costs, and Fees

Defendants claim that,

> Plaintiff counsel's actions of filing Mayor Fouts' deposition excerpts in the public violates this Court's August 6, 2018 Bench Order directives (Doc. 60), where this Court specified that only relevant and appropriate

2

> transcript excerpts can be filed in support of motions. (Ex. 3, August 6, 2016 Transcript, p. 21). Defendants implore this Honorable Court to utilize its inherent power to impose appropriate sanctions for Plaintiff counsel's publicity seeking activities.

ECF No. 68, PageID.5923. Defendants claim that Plaintiff's Attorney Mungo has made several statements to the news media in defiance of an order from this Court, and for the purpose of prejudicing a future possible jury pool. Defendant describes one instance in which Plaintiff's Attorney Mungo told a news reporter "that he would be filing a Motion for Summary Judgment with the Mayor's deposition testimony attached to the pleading." ECF No. 68, PageID.5917. In support of this, Defendants cite to an affidavit from fellow Defendant Attorney Vinson, who asserts that he overheard this interaction. ECF No. 68-3. Defendant Attorney Vinson says that he "overheard Plaintiff's counsel [Mungo] tell the news reporter that he was going to be filing a Motion for Summary Judgment where this reporter could then see the Mayor's deposition testimony as it would be attached to the pleading." *Id*. at PageID.6012. Defendant Attorney Vinson, based on that interaction, "came to the direct conclusion that Plaintiff's counsel would notify the news media as soon as he filed his Motion." *Id*. Defendant Attorney Vinson does not explain why he came to that conclusion, nor why it would matter if Plaintiff's counsel informed the news media that a publicly-available document had been filed.

> transcript excerpts can be filed in support of motions. (Ex. 3, August 6, 2016 Transcript, p. 21). Defendants implore this Honorable Court to utilize its inherent power to impose appropriate sanctions for Plaintiff counsel's publicity seeking activities.

ECF No. 68, PageID.5923. Defendants claim that Plaintiff's Attorney Mungo has made several statements to the news media in defiance of an order from this Court, and for the purpose of prejudicing a future possible jury pool. Defendant describes one instance in which Plaintiff's Attorney Mungo told a news reporter "that he would be filing a Motion for Summary Judgment with the Mayor's deposition testimony attached to the pleading." ECF No. 68, PageID.5917. In support of this, Defendants cite to an affidavit from fellow Defendant Attorney Vinson, who asserts that he overheard this interaction. ECF No. 68-3. Defendant Attorney Vinson says that he "overheard Plaintiff's counsel [Mungo] tell the news reporter that he was going to be filing a Motion for Summary Judgment where this reporter could then see the Mayor's deposition testimony as it would be attached to the pleading." *Id*. at PageID.6012. Defendant Attorney Vinson, based on that interaction, "came to the direct conclusion that Plaintiff's counsel would notify the news media as soon as he filed his Motion." *Id*. Defendant Attorney Vinson does not explain why he came to that conclusion, nor why it would matter if Plaintiff's counsel informed the news media that a publicly-available document had been filed.

Defendants further claim that Plaintiff's counsel's questioning regarding audiotapes that allegedly contain Mayor Fouts' voice "was fully designed to negatively publicize and tear down the credibility and reputation of the Mayor." ECF No. 68, PageID.5918–19. Defendant says that the Court in its September 20, 2018 Order "recognized" the "fact" that Defendants' position is that "statements Mayor Fouts allegedly made captured on audiotape and aired on WDIV Channel 4[ ] are neither authenticated, relevant nor admissible and will be subject to a Motion in Limine." *Id*.

Defendants cite this Court's various orders not to make any statements to the media that are intended to have a substantial likelihood of materially prejudicing this case, or that regard the character, credibility, or reputation of any party or witness to the case. ECF No. 73, PageID.7479. Defendants also reiterate this Court's direction that Plaintiff's counsel should constrain his deposition of Mayor Fouts to information that relates to a possible *Monell*[1] claim. *Id*. Lastly, Defendants cite to this Court's reminder that the purpose of a deposition is not to create a public news story about the incident. *Id*. Despite citing to these orders by the Court, Defendant fails to identify with specificity how exactly Plaintiff's counsel violated any of these orders or directions. Plaintiff's counsel's statement to the press, even as characterized by Defendants, was merely that he would be filing a document. As this

---

[1] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

4

document would be publicly-available anyway, Plaintiff's counsel's statement—contained no value judgment of any kind about any aspect of this case—presents no danger of prejudicing a possible future jury pool. Furthermore, deposition questions directed toward testing whether city officials are motivated by racist and sexist attitudes—such as those that appear to be expressed by the speaker on the audiotapes in question—are probative of a possible *Monell* claim, if those officials have any influence over the policy and procedures or culture of the Police department. *Monell* claims do not relate only to official lines of supervision and hierarchy.[2] *Monell* liability may also be established where it is shown that policymakers allow a culture of discrimination or indifference to continue, in disregard for the consequences of such action.[3] If Courts were constrained to apply liability only where a written

---

[2] See *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978) ("[L]ocal governments, like every other § 1983 "person," [...] may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels."); and *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167–168 (1970) ("Congress included customs and usages [in § 1983] because of the persistent and widespread discriminatory practices of state officials[....] Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law.").

[3] See *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1118 (6th Cir. 1994) ("A municipality may not escape *Monell* liability … by simply delegating decisionmaking authority to a subordinate official and thereafter studiously refusing to review his unconstitutional action on the merits."); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, (1989) ("'[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers.") (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 483–484 (1986)); *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("Policymakers' 'continued adherence to an approach that they know or should know has failed to prevent

policy clearly establishes discrimination, then relief to an aggrieved party would rarely be available. An institution's culture or unofficial hierarchy can be as impactful as any written policy or procedure if it encourages or tolerates discrimination and its harmful effects.

Defendants fail to identify any sanctionable behavior by opposing counsel. In place of examples of such behavior, Defendants instead decry Plaintiff's counsel's "actions of placing irrelevant and inadmissible testimony into the public record premised upon unauthenticated evidence…to harass and publically disparage a witness." ECF No. 68, PageID.5922. In its September 20, 2018 Order Denying Motion for Protective Order to Quash Subpoena, this Court said:

> The Court is constrained to note that it has not yet made any ruling on whether these tape recordings are relevant or admissible. For reasons unknown the Court, without citation, Defense counsel incorrectly stated in its Motion to Quash the subpoena that "In an Order from the bench, the Court directed, in part, that no video or audio recordings were to be played during the Mayor's deposition." Dkt. 57, Page ID 3439. This is inaccurate. No such Order, whether from the bench or otherwise, has ever been issued. The question whether any recordings alleged to be of the Mayor are admissible will need to be addressed in a motion in limine prior to trial, and the Court will consider the issue at that time. Defense counsel is admonished not to misstate rulings of the Court.

---

tortious conduct by employees may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'—necessary to trigger municipal liability.'") (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997)).

ECF No. 65, PageID.3657–58, n.1. It remains the case that the relevance or admissibility of these recordings—as well as much other evidence—has yet to be determined. It is also true that these recordings have yet to be authenticated. One possible method of authenticating the tapes would be to ask the person whose voice is allegedly on the tapes whether it is, in fact, his voice. This is what Plaintiff's counsel attempted to do during the deposition. Counsel for non-party Mayor Fouts refused to permit her client to answer the question, leaving the issue of authentication unresolved. Consequently, the relevance, authentication, and admissibility of the audiotapes will be decided through the Motion in Limine process. Should a party file a Motion in Limine seeking a ruling on the admissibility of these tapes, the Court will address the merits of the arguments presented and resolve the admissibility question.

As to Defendants' request for sanctions against Plaintiff's counsel for "tell[ing] the news reporter that he was going to be filing a Motion for Summary Judgment where this reporter could then see the Mayor's deposition testimony as it would be attached to the pleading." ECF No. 68-3, PageID.6012. Defendant does not explain why any part of what Plaintiff's counsel said to the news media here would serve to prejudice a possible jury pool or harass or annoy an individual.

This Court is a public forum, and that the public's interest in any proceeding is presumed. The kind of specific necessity required to support issuing a "gag order" has not been shown by any party. Where

appropriate, the Court has allowed documents containing sensitive personal information to be sealed, but the general rule in America is that trials are open to the public.

Defendants fail to identify any behavior or actions by Plaintiff's counsel which are deserving of sanctions. Accordingly, their "Motion for Sanctions, Costs, and Attorneys' Fees on Behalf of Defendants" (ECF No. 68) is **DENIED**.

Defendants also ask leave to supplement their Motion for Sanctions. In support, Defendants point to news stories that covered the events in this case, and accuse Plaintiff's counsel of "orchestrat[ing] a media campaign to disparage Warren's Mayor (who was not named as a defendant in this matter), and the City itself, by disseminating to the public, and the media, unrelated, false, misleading, mischaracterizing, inflammatory and potentially libelous statements, comments, and opinions." ECF No. 90, PageID.9896–97.

Defendants present not one scintilla of evidence to indicate wrongdoing by Plaintiffs' counsel, nor why any news coverage of this case is attributable to Plaintiff's counsel, as opposed to general public interest.

Because Defendants' Motion for Sanctions has been denied, there is no need to file a supplement to that motion. Moreover, the motion for leave to supplement suffers the same fatal inadequacies of the original motion. Accordingly, Defendants' "Motion for Leave to File a Supplement

8

to Their Motion for Sanctions, Costs, and Attorneys' Fees" (ECF No. 90) is **DENIED**.

III. **Motion to Refer the Matter to the Magistrate or Appoint a Special Master to Review the Parties' Factual Presentations**

Defendants request that this Court "either refer the matter to the Magistrate or appoint a Special Master to review the Statements of Facts and the Counter-Statement of Facts as presented by the parties in their respective dispositive motions and related pleadings[.]" ECF No. 87, PageID.9800. In support of this unusual request, Defendants make the following assertion:

> The facts in this case are exhaustive, but there really are no genuine disputes of material fact. However, for the Court to determine whether there are any genuine disputes of material fact, it would require a significant review of all of the evidence. This is necessary to avoid a mistaken belief that there actually is a genuine issue of material fact.

ECF No. 87, PageID.9806. Defendants cite generally to the rules and law surrounding consideration of motions for summary judgment, but do not at any time address the legal standard for referral to a Magistrate Judge or appointment of a Special Master.

This Court has discretion to refer motions to a Magistrate Judge for a Report and Recommendation under 28 U.S.C. §636(b)(1)(B). This Court also has discretion to appoint a special master under Federal Rule of Civil Procedure 53, which provides as follows:

9

> (1) Scope. Unless a statute provides otherwise, a court may appoint a master only to:
>> (A) perform duties consented to by the parties;
>> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>>> (i) some exceptional conditions; or
>>> (ii) the need to perform an accounting or resolve a difficult computation of damages, or
>>
>> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

FED. R. CIV. P. 53. The creation of full-time magistrate judges by 28 U.S.C. §631 eliminated the need for appointment of Special Masters in most cases. *See* FED. R. CIV. P. 53 advisory committee's note to 1983 amendment (citing *Gautreaux v. Chicago Housing Authority*, 384 F. Supp. 37 (N.D. Ill. 1974), mandamus denied *sub nom., Chicago Housing Authority v. Austin*, 511 F.2d 82 (7th Cir. 1975); *Avco Corp. v. American Tel. & Tel. Co.*, 68 F.R.D. 532 (S.D. Ohio 1975)). However, "masters may prove useful when some special expertise is desired[.]" *Id.*

Rule 53(1)(A) requires consent of the parties for appointment of a special master. Plaintiff opposes the appointment of a special master. *See* Response, ECF No. 89. In the absence of consent by both parties, the Court may only appoint a special master "upon a showing of exceptional circumstances." *Thornton v. Jennings*, 819 F.2d 153, 154 (6th Cir. 1987).

This matter does not require any "special expertise," and Defendants have failed to show any exceptional circumstances that might warrant a special master.

Defendants' motion amounts to little more than a supplemental brief to their Motion for Summary Judgment, arguing that—as far as they are concerned—there are no genuine issues of material fact. For some reason, they seem to believe that a magistrate judge or special master will agree with them. There is no need to refer this matter to a Magistrate Judge, however, because the Court is capable of reviewing the record and determining whether there are any genuine issues of material fact that must be determined by a jury.

For these reasons, Defendants' "Motion for Leave to File a Supplement to Their Motion for Sanctions, Costs, and Attorneys' Fees" (ECF No. 90) is **DENIED**.

The remaining matters before the Court are Defendants' Motion for Summary Judgment (ECF No. 66), and Plaintiff's Cross-Motion for Partial Summary Judgment (ECF No. 69). The Court hereby sets oral argument on these motions for **June 26, 2019 at 1:30pm**.

The parties are **ORDERED** not to file any additional motions or other pleadings until further order of the Court.

## IV. Conclusion

For the reasons stated above, Defendant's Motion for Sanctions, Costs, and Fees (ECF No. 68) is **DENIED**. Defendant's Motion to Refer the Matter to the Magistrate or Appoint a Special Master to Review the Parties' Factual Presentations (ECF No. 87) is **DENIED**. Defendant's Motion for Leave to File a Supplement to Their Motion for Sanctions, Costs, and Attorneys' Fees (ECF No. 90) is **DENIED**.

Oral argument on Defendants' Motion for Summary Judgment (ECF No. 66) and Plaintiff's Cross-Motion for Partial Summary Judgment is hereby set for **June 26, 2019 at 1:30pm**.

**SO ORDERED.**

Dated: May 22, 2019     s/Terrence G. Berg
                        TERRENCE G. BERG
                        UNITED STATES DISTRICT JUDGE