UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DESHEILA C. HOWLETT**, <br><br> Plaintiff, <br><br> vs. <br><br> **CITY OF WARREN; LT. LAWRENCE GARNER; SHAWN JOHNSON; and ANWAR KHAN**, <br><br> Defendants. | 4:17-CV-11260-TGB <br><br><br> **ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |

Defendants have moved for reconsideration (ECF No. 100) of the Court's September 16, 2019 order granting in part and denying in part Defendants' motion for summary judgment, denying Plaintiff's motion for partial summary judgment, and dismissing certain individual defendants (ECF No. 98). Because Defendants have failed to identify a palpable defect in the Court's September 16, 2019 order, the motion for reconsideration (ECF No. 100) will be **DENIED**.

The Court may grant a motion for reconsideration if the movant satisfactorily shows that: (1) a palpable defect misled the parties and the Court; and (2) correcting the defect would result in a different disposition

1

of the case. E.D. Mich. L.R. 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.* Additionally, "a motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F.Supp.2d 636, 637 (E.D. Mich. 2003).

Defendants' motion for reconsideration raises two arguments. First, Defendants argue the Court committed palpable error when it did not address *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) when analyzing Plaintiff's Title VII claims. Defendants assert these cases provide them with the affirmative defense that the City of Warren lacked notice of any actionable hostile work environment created by a supervisor. In *Faragher* and *Ellerth*, the Court held that an employer may raise an affirmative defense to liability or damages when an employee does not show that an adverse tangible employment action was taken against her. 524 U.S. at 764-65. To avail itself of this affirmative defense, an employer must prove by a preponderance of the evidence two elements: first, that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior," and second, "that the plaintiff employee

2

unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer to avoid harm otherwise." 524 U.S. at 764-65.

The Court notes at the outset that Defendants failed to mention these cases or expressly assert this defense in their motion for summary judgment, though *Ellerth* was cited once in Defendants' reply. To the extent Defendants raised this affirmative defense in their amended answers, they did not raise it in their motion for summary judgment or argue that they met these elements. And a passing reference to these cases during oral argument may not be considered as a valid way to establish these elements. Defendants' motion thus "attempts to offer new arguments, and cites to additional authority not contained in its prior briefs, [and] such arguments are not properly presented on a motion for reconsideration. A motion for reconsideration is not an appropriate vehicle for raising new . . . arguments that were not included in the original motion." *Lucido v. Mueller*, 2009 WL 4800558, at *1 (E.D. Mich. Dec. 9, 2009) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998) (holding that a party is not permitted to raise new legal arguments on a motion for reconsideration that could have been raised earlier)).

But even if Defendants had fully developed this argument, it would have failed. This defense applies where a plaintiff is harassed by supervisors, but in this case Howlett complains of being harassed by co-

workers. *See* ECF No. 70, PageID.6923-24; *Ellerth*, 524 U.S. at 765 (explaining the affirmative defense may be invoked where the plaintiff alleges a hostile work environment created by a *supervisor*); *Starnes v. JLQ Auto. Servs., Co.*, 442 F.Supp.2d 416, 422-23 (E.D. Mich. 2006) (explaining the difference between allegations of harassment by co-workers and allegations of harassment by supervisors). And based on this record which was extensively summarized by the Court in its prior order (ECF No. 98), reasonable jurors could find that the City "knew, or should have known" about Howlett's harassment, and that the City's response to that harassment was unreasonable, as required to impart employer liability for the actions of co-workers. *See Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 338-39, 344 (6th Cir. 2008).

Further, even assuming for the sake of argument that Plaintiff's response included a complaint of harassment by supervisors, at the summary judgment phase, where this Court must read all facts and inferences in the light most favorable to Howlett, the question would be whether, on this record, a reasonable jury could conclude that her supervisors' decision to relocate Howlett to the same office space as Detective Johnson against her explicit wishes, following the formal complaint and before Johnson received any diversity training, constituted an adverse employment action. Based on this record, reasonable jurors could so find; and if they did, such an affirmative defense would not be available. *See Ellerth*, 524 U.S. at 765 ("No

4

affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or *undesirable reassignment*.").

Second, Defendants argue that Howlett failed to make the requisite showing that her alleged discrimination was severe and pervasive enough to sufficiently affect her conditions of employment. This amounts to a restatement of the arguments made in Defendants' written briefs. It is akin to seeking reconsideration merely because the Court failed to accept the Defendants' view of the case. The Court has already carefully explained its reasons for concluding that the City was not entitled to summary judgment on Plaintiff's Title VII claims. Because Defendants identify no palpable defect in the Court's order, the motion for reconsideration (ECF No. 100) is not well taken and must be denied.

Accordingly, it is hereby **ORDERED** that Defendants' motion for reconsideration (ECF No. 100) is **DENIED.**

DATED: December 16, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge