UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

    Plaintiff,

v

CITY OF WARREN; LT. LAWRENCE
GARDNER; SHAWN JOHNSON; and
ANWAR KHAN,

    Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

| | |
|---|---|
| THE MUNGO LAW FIRM, PLC<br>By:  LEONARD MUNGO  (P43562)<br>333 W. Fort Street, Suite 1500<br>(313) 963-0407 / FAX (313) 963-0200<br>Detroit, MI  48226<br>caseaction@mungoatlaw.com<br>Attorneys for Plaintiff | CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.<br>By:  **RONALD G. ACHO**  (P23913)<br>    **JAMES R. ACHO**  (P62175)<br>17436 College Parkway<br>Livonia, MI  48152<br>(734) 261-2400 / FAX (734) 261-2400<br>racho@cmda-law.com<br>jacho@cmda-law.com<br>Attorneys for **Defendants**<br><br>ETHAN VINSON  (P26608)<br>City of Warren, City Attorney<br>1 City Square, Suite 400<br>Warren, MI  48093-5390<br>(586) 574-4671 / FAX (586) 574-4530<br>evinson@cityofwarren.org<br>Co-Counsel for Defendants |

### DEFENDANTS' MOTION *IN LIMINE* # 1 TO PRECLUDE PLAINTIFF AT TRIAL FROM INTRODUCING ANY TESTIMONY OR EVIDENCE CONCERNING PRIOR LAWSUITS AGAINST THE CITY OF WARREN

**NOW COMES** the Defendants, CITY OF WARREN, LT. LAWRENCE GARDNER, SHAWN JOHNSON, and ANWAR KHAN, by and through their attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by **RONALD G. ACHO**, and hereby submit this Motion *in Limine* #1 To Preclude Plaintiff At Trial

From Introducing Any Testimony Or Evidence Concerning Prior Lawsuits Against the City of Warren. In support of this Motion, Defendants rely upon the attached Brief and other documents attached as exhibits. Concurrence in the relief requested in this Motion was requested on December 16, 2019, but was denied, necessitating the filing of this Motion.

**WHEREFORE,** Defendant respectfully requests this Honorable Court grant this Motion in Limine # 1 To Preclude Plaintiff At Trial From Introducing Any Testimony Or Evidence Concerning Prior Lawsuits Against the City of Warren.

Respectfully submitted,

Dated: December 17, 2019

s/ Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defendant
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
racho@cmda-law.com
P-23913

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

    Plaintiff,

v

CITY OF WARREN; LT. LAWRENCE
GARDNER; SHAWN JOHNSON; and
ANWAR KHAN,

    Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

| THE MUNGO LAW FIRM, PLC | CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C. |
|---|---|
| By:  LEONARD MUNGO  (P43562) | By:  **RONALD G. ACHO**  (P23913) |
| 333 W. Fort Street, Suite 1500 |     **JAMES R. ACHO**  (P62175) |
| (313) 963-0407 / FAX (313) 963-0200 | 17436 College Parkway |
| Detroit, MI  48226 | Livonia, MI  48152 |
| caseaction@mungoatlaw.com | (734) 261-2400 / FAX (734) 261-2400 |
| Attorneys for Plaintiff | racho@cmda-law.com |
| | jacho@cmda-law.com |
| | Attorneys for **Defendants** |
| | |
| | ETHAN VINSON  (P26608) |
| | City of Warren, City Attorney |
| | 1 City Square, Suite 400 |
| | Warren, MI  48093-5390 |
| | (586) 574-4671 / FAX (586) 574-4530 |
| | evinson@cityofwarren.org |
| | Co-Counsel for Defendants |

# **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE* # 1 TO PRECLUDE PLAINTIFF AT TRIAL FROM INTRODUCING ANY TESTIMONY OR EVIDENCE CONCERNING PRIOR LAWSUITS AGAINST THE CITY OF WARREN**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... ii

CONCISE STATEMENT OF THE ISSUES PRESENTED ................................. iii

INTRODUCTION .................................................................................................. 1

CONCISE STATEMENT OF FACTS .................................................................. 1

LAW AND ARGUMENT ...................................................................................... 3

RELIEF REQUESTED .......................................................................................... 4

CERTIFICATE OF SERVICE ............................................................................... 5

# INDEX OF AUTHORITIES

**Federal Case Law**                                                **Page**

*City of Warren*, 138 F.3d at 1088-89; ECF No. 69, Page ID.6077-78. .......................... 2

*McLeod v. Parsons Corp.*, 73 Fed.Appx. 846, 854 (6th Cir. 2003 ............................... 4

*Stokes v. Xerox Corp.*, No. 05-71683, 2008 WL 2756672,
at *8 (E.D. Mich. Jan. 28, 2008) ................................................................................ 4

*United States v. City of Warren*, 138 F.3d 1083, 1088-90 (6th Cir. 1998) ................. 2

**Federal Rules**

F.R.E. 401 ....................................................................................................................... 3

F.R.E. 402 ....................................................................................................................... 3

F.R.E. 403 ....................................................................................................................... 3

## CONCISE STATEMENT OF THE ISSUES PRESENTED

Should Plaintiff be permitted to introduce testimony and/or other evidence related to prior lawsuits filed against the City of Warren, where information pertaining to such prior lawsuits is not relevant or material to Plaintiff's claims against the City, is more prejudicial than probative and would only serve to inflame the passions of the jury.

    Plaintiff answers:    Yes

    Defendants answer:    No

# INTRODUCTION

Defendants are requesting that this Honorable Court make a determination *in limine* pursuant to Federal Rule of Evidence 103 as to the admissibility of certain irrelevant, immaterial and unfairly prejudicial testimony and evidence they anticipate Plaintiff will attempt to introduce during trial. Defendants anticipate that Plaintiff will seek to elicit testimony and/or introduce other evidence pertaining to prior lawsuits filed against the City of Warren.

Defendants now move to bar Plaintiff at trial from eliciting any testimony and/or introducing other evidence related to past lawsuits against the City of Warren for the simple reason that information pertaining to such prior lawsuits is not relevant or material to Plaintiff's claims against the City, is more prejudicial than probative and would only serve to inflame the passions of the jury.

# CONCISE STATEMENT OF FACTS

Plaintiff's case is well known to this Court. As such, only facts pertinent to the instant Motion are stated at this time.

Plaintiff alleges that she endured racial and sexual harassment during her 11-year employment with the Warren Police Department. See Plaintiff's Amended Complaint, ECF No. 4, PageID.50. Plaintiff maintains that this harassment occurred in part due to "customs, practices and policies of unlawful racial and sexual discrimination" that exist in the City of Warren and its departments. *Id.* In support of Count IV of her Amended Complaint, which seeks to impart *Monell* liability on the City, as well as Count I of the

Complaint, which alleges that the City created a hostile work environment, and as an example of the alleged longstanding culture, Plaintiff cites two prior lawsuits against the City of Warren. Plaintiff's Motion for Summary Judgment, ECF No. 69, PageID.6077-78; see also **United States v. City of Warren**, 138 F.3d 1083, 1088-90 (6th Cir. 1998).

Plaintiff first cites a 1986 lawsuit against the City of Warren brought by the United States Department of Justice. In that case, it was alleged that the City's hiring practices illegally discriminated against African American applicants to positions in the City's Police Department and Fire Department., and that the City failed to eliminate the effects of those discriminatory practices in job recruitment. The Court ultimately found that Warren's "residency requirement" for municipal positions had a disparate impact on African American applications to police and fire positions. See **City of Warren**, 138 F.3d at 1088-89; ECF No. 69, Page ID.6077-78. The City agreed to address the problem by providing equal employment opportunity training to the Police Department and Fire Department. ECF No. 69, PageID.6077.

Plaintiff next cites a 1991 lawsuit, in which the United States Department of Justice again sued the City of Warren for its hiring practices, alleging that the City failed to correct the issue in its Police Department and Fire Department, and that the problem had spread to other branches of the City. ECF No. 69, PageID.6077-78 (citing *United States v City of Warren*, 138 F.3d 1083 (6th Cir. 1998)). The Sixth Circuit Court of Appeals found that the City of Warren's recruitment practices for all municipal positions had a disparate impact on African American applicants. **City of Warren**, 138 F.3d at 1094.

The City, in response, entered into a formal agreement with the United States in which it agreed to provide equal employment opportunity hiring for department heads and supervisors of municipal departments, as well as other training and recruitment measures. 2002 Agreement and Order, ECF No. 69-4, PageID.6156-57.

As discussed below, information related to these prior lawsuits against the City of Warren should absolutely be precluded at trial.

## LAW AND ARGUMENT

It is well-established that "evidence not relevant is inadmissible." **F.R.E. 402**. Relevant evidence is defined to include "evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." **F.R.E. 401**. Although relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" **F.R.E. 403**.

Here, evidence concerning the 1986 and 1991 lawsuits filed against the City of Warren is simply not relevant here. Indeed, there is no nexus whatsoever between those lawsuits and Plaintiff's claims in this case. There is nothing about residency or recruitment practices of the Warren Police Department in either Plaintiff's EEOC charge or her Amended Complaint. ECF No. 74, Page ID.7514. Further, Plaintiff has not pled a disparate impact discriminatory hiring practice case. ECF No. 4.

Additionally, the potential for prejudice that would undoubtedly be accompanied

by evidence of the prior lawsuits would substantially outweigh its probative value. **McLeod v. Parsons Corp.**, 73 Fed.Appx. 846, 854 (6th Cir. 2003)(holding that the district court did not abuse its discretion by excluding evidence of other employment discrimination lawsuits against the defendant); see also, **Stokes v. Xerox Corp**., No. 05-71683, 2008 WL 275672, at *8 (E.D. Mich. Jan. 28, 2008)(**Exhibit A**). Beyond that, presentation of evidence related to the previous lawsuits against the City would divert the focus of Plaintiff's case to immaterial matters, confusing the issues and needlessly prolonging the trial. To avoid this possibility, and for the other reasons previously stated, there can be no question that Plaintiff should be barred at trial from introducing testimony or other evidence related to the past lawsuits against the City.

## RELIEF REQUESTED

**WHEREFORE,** Defendant respectfully requests this Honorable Court grant this Motion in Limine # 1 To Preclude Plaintiff At Trial From Introducing Any Testimony Or Evidence Concerning Prior Lawsuits Against the City of Warren.

    Respectfully submitted,

    s/ Ronald G. Acho
    Ronald G. Acho
    Cummings, McClorey, Davis & Acho, P.L.C.
    Attorneys for Defendant
    33900 Schoolcraft Road
    Livonia, MI 48150
    (734) 261-2400

Dated: December 17, 2019    racho@cmda-law.com
    P-23913

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record; and

I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant:

>s/Ronald G. Acho
>Cummings, McClorey, Davis & Acho, P.L.C.
>17436 College Parkway
>Livonia, MI 48152
>Phone: (734) 261-2400
>E-mail: snolan@cmda-law.com
>P23913