UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

      Plaintiff,

v

CITY OF WARREN; LT. LAWRENCE GARDNER; SHAWN JOHNSON; and ANWAR KHAN,

      Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

---

THE MUNGO LAW FIRM, PLC
By: LEONARD MUNGO (P43562)
333 W. Fort Street, Suite 1500
(313) 963-0407 / FAX (313) 963-0200
Detroit, MI 48226
caseaction@mungoatlaw.com
Attorneys for Plaintiff

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By: **RONALD G. ACHO** (P23913)
    **JAMES R. ACHO** (P62175)
17436 College Parkway
Livonia, MI 48152
(734) 261-2400 / FAX (734) 261-2400
racho@cmda-law.com
jacho@cmda-law.com
Attorneys for **Defendants**

ETHAN VINSON (P26608)
City of Warren, City Attorney
1 City Square, Suite 400
Warren, MI 48093-5390
(586) 574-4671 / FAX (586) 574-4530
evinson@cityofwarren.org
Co-Counsel for Defendants

---

## DEFENDANTS' MOTION *IN LIMINE* # 2 TO EXCLUDE EVIDENCE AND TESTIMONY RELATING TO ARTHUR GILL

**NOW COMES** the Defendants, CITY OF WARREN, LT. LAWRENCE GARDNER, SHAWN JOHNSON, and ANWAR KHAN, by and through their attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by **RONALD G. ACHO**, and hereby submit this Motion *in Limine* __ to Exclude Evidence and Exhibits Relating to Arthur Gill. In support of this Motion, Defendants rely upon

the attached Brief and other documents attached as exhibits. Concurrence in the relief requested in this Motion was requested on December 16, 2019, but was denied, necessitating the filing of this Motion.

**WHEREFORE,** Defendant respectfully requests this Honorable Court grant this Motion in Limine # 2 and Exclude Evidence and Testimony Relating to Art Gill.

Respectfully submitted,

s/ Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defendant
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400

Dated: December 17, 2019   racho@cmda-law.com
P-23913

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

        Plaintiff,

v

CITY OF WARREN; LT. LAWRENCE
GARDNER; SHAWN JOHNSON; and
ANWAR KHAN,

        Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

| | |
|---|---|
| THE MUNGO LAW FIRM, PLC<br>By:  LEONARD MUNGO  (P43562)<br>333 W. Fort Street, Suite 1500<br>(313) 963-0407 / FAX (313) 963-0200<br>Detroit, MI  48226<br>caseaction@mungoatlaw.com<br>Attorneys for Plaintiff | CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.<br>By:  **RONALD G. ACHO**  (P23913)<br>     **JAMES R. ACHO**  (P62175)<br>17436 College Parkway<br>Livonia, MI  48152<br>(734) 261-2400 / FAX (734) 261-2400<br>racho@cmda-law.com<br>jacho@cmda-law.com<br>Attorneys for **Defendants**<br><br>ETHAN VINSON  (P26608)<br>City of Warren, City Attorney<br>1 City Square, Suite 400<br>Warren, MI  48093-5390<br>(586) 574-4671 / FAX (586) 574-4530<br>evinson@cityofwarren.org<br>Co-Counsel for Defendants |

# DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE* # 2 TO EXCLUDE EVIDENCE AND TESTIMONY RELATING TO ARTHUR GILL

# **TABLE OF CONTENTS**

CONCISE STATEMENT OF THE ISSUES PRESENTED .................................... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR
THE RELIEF SOUGHT ....................................................................................... iii

INTRODUCTION ..................................................................................................1

LAW AND ARGUMENT ......................................................................................3

STANDARD OF REVIEW ....................................................................................3

    I.    THE INCIDENTS DESCRIBED IN THE PURPORTED INTERDEPARTMENTAL COMMUNICATIONS ARE NOT RELEVANTAND WOULD BE UNDULY PREJUDICIAL. ....................3

    II.    OUT OF COURT STATEMENTS RELATED TO ANY ALLEGED INCIDENT SHOULD ALSO BE EXCLUDED AS HEARSAY ..............4

RELIEF REQUESTED ...........................................................................................5

## **CONCISE STATEMENT OF THE ISSUES PRESENTED**

Should Plaintiff be able to introduce testimony from former Sgt. Arthur Gill and/or introduce as trial exhibits two inter-departmental communications purportedly authored by Gill which involve Officer Khan, where the records offered by Plaintiff are irrelevant, immaterial, and unfairly prejudicial, lack foundation and constitute inadmissible hearsay?

  Plaintiff answers:   Yes
  Defendants answer:  No

## CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

### CASES

*United States v Williams*, 455 F.3d 736, 738 (6th Cir. 2006) ................................... 1

### FEDERAL RULES OF EVIDENCE

**F.R.E. 103** ................................................................................................................. 1

**F.R.E. 401** ............................................................................................................. 3, 4

**F.R.E. 402** ............................................................................................................. 3, 4

**F.R.E. 403** ............................................................................................................. 3, 4

**F.R.E. 802** ................................................................................................................. 4

## INTRODUCTION

Defendants are requesting that this Honorable Court make a determination *in limine* pursuant to **F.R.E. 103** as to the admissibility of certain irrelevant, immaterial and unfairly prejudicial evidence and testimony they anticipate that Plaintiff will attempt to introduce during trial. Defendants anticipate that Plaintiff will seek to introduce certain evidence and testimony from Arthur Gill, a former Sergeant with the Warren Police Department.

Arthur Gill is not, and never was, a defendant in this matter. While Gill was mentioned in in Plaintiff's Amended Complaint as a defendant, he was not identified in the caption as a defendant, nor was he served with a copy of the lawsuit. As a result, Plaintiff agreed to a voluntary dismissal of Arthur Gill as a defendant, since he should not be properly considered as a defendant. (See Doc. No. 98, Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, Denying Plaintiff's Motion for Partial Summary Judgment, and Dismissing Certain Individual Defendants, p. 3).

The only issue that Plaintiff raised involving Gill during in her Amended Complaint, and throughout discovery, was that he removed Plaintiff from her day shift in favor of a similarly situated white female officer (his wife, Krystal Gill), despite the fact that the white officer had less seniority than Plaintiff, who was entitled to fill that position base upon her higher seniority. (Doc. No. 4, First

01027619-1

Amended Complaint, ¶ 13(h); See also Exhibit A: Plaintiff dep., pp. 180-182).

No other issue involving Gill arose during discovery. Further, Gill was never identified by Plaintiff as a person with knowledge or information about any of her claims. Well after the close of discovery in this matter, on October 23, 2019, Plaintiff produced two Inter-Department Communications (Bates labelled 0117 and 0118) purportedly authored by Gill which involve Officer Khan[1]. (Exhibit B: Plaintiff's 10/23/2019 Supplement to Defendants' First Set of Interrogatories and Requests for Production of Documents).

The records also lack foundation. Neither document is signed, and they were not provided to Plaintiff by Defendants during discovery. Further, *neither* document is a part of Officer Khan's personnel file or discipline file.

Notwithstanding these foundation and authentication issues concerning the two documents, and Plaintiff's failure to disclose them during discovery, any evidence and testimony as to the matters contained therein would be irrelevant, immaterial, and unfairly prejudicial. Accordingly, this Court should not allow the jury to consider any evidence and testimony relating to incidents described in either Inter-Departmental Communication.

---

[1] Arthur Gill is currently under criminal indictment for making false accusations and reports about Officer Khan and his family. (Exhibit C: Khan dep., p. 122).

## LAW AND ARGUMENT

**STANDARD OF REVIEW.**

Relevant evidence is evidence having "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence to the determination of the action". **F.R.E. 401**. To be admissible, evidence must be relevant. **F.R.E. 402**. However, not all relevant evidence is admissible as **F.R.E. 403** states:

> "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

While the standard for relevancy is extremely liberal under the Federal Rules of Evidence (see, for instance, *United States v Williams*, 455 F.3d 736, 738 (6th Cir. 2006)), relevancy still requires some bearing on the probability that any fact that is of consequence to the determination of the action exists **F.R.E. 401**. Here, Defendants anticipate that Plaintiff will attempt to introduce evidence and testimony which is irrelevant, immaterial, prejudicial and based on hearsay.

### I. THE INCIDENTS DESCRIBED IN THE PURPORTED INTER-DEPARTMENTAL COMMUNICATIONS ARE NOT RELEVANT AND WOULD BE UNDULY PREJUDICIAL.

Defendants anticipate that Plaintiff will attempt to introduce evidence and testimony through Gill or otherwise, relating to the incidents described in the Inter-

Departmental Communications. Such evidence is irrelevant to the remaining issues to be tried in this matter, including whether Defendants intentionally discriminated against Plaintiff and whether the City of Warren violated her civil rights by failing to provide adequate training to prevent the injuries she allegedly incurred. Evidence of either incident as described in the Inter-Departmental Communications is therefore not probative as to any of the remaining issues in this matter. Such evidence should properly be excluded because it does not satisfy the relevancy requirement of **F.R.E. 401** as it does not have "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence to the determination of the action".

**F.R.E. 401, 402**, and **403** require all evidence to be relevant, and the probative value of the evidence must not be outweighed by its prejudicial effect. Testimony is irrelevant under **F.R.E. 401** when there is no way the evidence could logically or reasonably be tied to any decision involving Plaintiff.

Additionally, such evidence is unduly prejudicial under **F.R.E. 403** if it confuses the jury as to the actual issue or issues in the case. *Id.*

## II.   OUT OF COURT STATEMENTS RELATING TO ANY ALLEGED INCIDENT SHOULD ALSO BE EXCLUDED AS HEARSAY.

Defendants maintain that in addition to being irrelevant, immaterial and unfairly prejudicial, evidence and testimony relating to either incident is inadmissible hearsay.  See **F.R.E. 802**.

**WHEREFORE,** Defendant respectfully requests this Honorable Court grant this Motion in Limine # 2 and Exclude Evidence and Testimony Relating to Art Gill.

Respectfully submitted,

s/ Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defendant
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
Dated: December 17, 2019    racho@cmda-law.com
P-23913

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record via the Court's e-filing system.

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft
Livonia, MI 48150
Phone: (734) 261-2400
Primary E-mail: racho@cmda-law.com
P-23913