UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

    Plaintiff,

v

CITY OF WARREN; LT. LAWRENCE
GARDNER; SHAWN JOHNSON; and
ANWAR KHAN,

    Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

---

THE MUNGO LAW FIRM, PLC
By:  LEONARD MUNGO  (P43562)
333 W. Fort Street, Suite 1500
(313) 963-0407 / FAX (313) 963-0200
Detroit, MI  48226
caseaction@mungoatlaw.com
Attorneys for Plaintiff

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By:  **RONALD G. ACHO**  (P23913)
     **JAMES R. ACHO**  (P62175)
17436 College Parkway
Livonia, MI  48152
(734) 261-2400 / FAX (734) 261-2400
racho@cmda-law.com
jacho@cmda-law.com
Attorneys for **Defendants**

ETHAN VINSON  (P26608)
City of Warren, City Attorney
1 City Square, Suite 400
Warren, MI  48093-5390
(586) 574-4671 / FAX (586) 574-4530
evinson@cityofwarren.org
Co-Counsel for Defendants

---

# DEFENDANTS' MOTION *IN LIMINE* # 3 TO PRECLUDE PLAINTIFF AT TRIAL FROM TESTIFYING OR INTRODUCING RECORDS REGARDING HER ALLEGATION THAT, BECAUSE OF HER RACE, THE WARREN POLICE DEPARTMENT ROUTINELY FAILED TO PROVIDE PROPER BACKUP

    **NOW COMES** the Defendants, CITY OF WARREN, LT. LAWRENCE GARDNER, SHAWN JOHNSON, and ANWAR KHAN, by and through their attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by **RONALD**

**G. ACHO**, and hereby submit this Motion *in Limine* # 3 To Preclude Plaintiff At Trial From Testifying Or Introducing Records Regarding Her Allegation That, Because Of Her Race, The Warren Police Department Routinely Failed To Provide Backup. Concurrence in the relief requested in this Motion was requested on December 16, 2019, but was denied, necessitating the filing of this Motion.

**WHEREFORE,** Defendant respectfully requests this Honorable Court grant this Motion in Limine # 3 To Preclude Plaintiff At Trial From Testifying Or Introducing Records Regarding Her Allegation That, Because Of Her Race, The Warren Police Department Routinely Failed To Provide Backup.

                        Respectfully submitted,

                        s/ Ronald G. Acho
                        Ronald G. Acho
                        Cummings, McClorey, Davis & Acho, P.L.C.
                        Attorneys for Defendant
                        33900 Schoolcraft Road
                        Livonia, MI 48150
                        (734) 261-2400
Dated: December 17, 2019   racho@cmda-law.com
                        P-23913

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

    Plaintiff,

v

CITY OF WARREN; COMMISSIONER JERE
GREEN, acting in his individual capacity;
LT. LAWRENCE GARDNER; SHAWN
JOHNSON; and ANWAR KHAN,

    Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

---

| | |
|---|---|
| THE MUNGO LAW FIRM, PLC<br>By:  LEONARD MUNGO (P43562)<br>333 W. Fort Street, Suite 1500<br>(313) 963-0407 / FAX (313) 963-0200<br>Detroit, MI  48226<br>caseaction@mungoatlaw.com<br>Attorneys for Plaintiff | CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.<br>By:  **RONALD G. ACHO**  (P23913)<br>     **JAMES R. ACHO**  (P62175)<br>17436 College Parkway<br>Livonia, MI  48152<br>(734) 261-2400 / FAX (734) 261-2400<br>racho@cmda-law.com<br>jacho@cmda-law.com<br>Attorneys for **Defendants**<br><br>ETHAN VINSON  (P26608)<br>City of Warren, City Attorney<br>1 City Square, Suite 400<br>Warren, MI  48093-5390<br>(586) 574-4671 / FAX (586) 574-4530<br>evinson@cityofwarren.org<br>Co-Counsel for Defendants |

---

# DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE* # 3 TO PRECLUDE PLAINTIFF AT TRIAL FROM TESTIFYING OR INTRODUCING RECORDS REGARDING HER ALLEGATION THAT, BECAUSE OF HER RACE, THE WARREN POLICE DEPARTMENT ROUTINELY FAILED TO PROVIDE HER BACKUP

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ............................................................................................ ii

CONCISE STATEMENT OF THE ISSUES PRESENTED ...................................... iii

INTRODUCTION ........................................................................................................... 1

LAW AND ARGUMENT ............................................................................................... 1

I.    PLAINTIFF'S CLAIM THAT SHE, DUE TO HER RACE, WAS DENIED ADEQUATE BACKUP IS WHOLLY UNSUBSTANTIATED AND BASED SOLELY ON HER OWN SUBJECTIVE OPINION. …………………………………… 1

II.    THE DISPATCH RECORDS OFFERED BY PLAINTIFF IN SUPPORT OF HER BACKUP CLAIM LACK THE NECESSARY FOUNDATION AND THUS CONSTITUTE INADMISSIBLE HEARSAY. ……………………………. 3

RELIEF REQUESTED ................................................................................................... 6

CERTIFICATE OF SERVICE ....................................................................................... 7

# INDEX OF AUTHORITIES

**Federal Case Law**                                                                                                    **Page**

***Cobbins v. Tenn. Dep't of Transp.***, 566 F.3d 582, 588 (6th Cir. 2009).............. 4,5

***Imhoff Inv., LLC v. SamMichaels, Inc.***, 2014 U.S. Dist. LEXIS 4965,
at  *23, 2014 WL 172234, at *8 (E.D. Mich. Jan. 15, 2014) ..................................... 4

***United States v. Jenkins****,* 345 F.3d 928, 935 (6th Cir.2003) .................................. 5


**Federal Rules**

F.R.E. 103 ................................................................................................................ 1

F.R.E. 801 ................................................................................................................ 4

F.R.E. 803(6)(D) ................................................................................................... 4,5

F.R.E. 805 ................................................................................................................ 4

## **CONCISE STATEMENT OF THE ISSUES PRESENTED**

Should Plaintiff be able to introduce testimony and/or introduce records in support of her allegation that, because of her race, the Warren Police Department routinely failed to provide adequate backup on police runs, where such claim is completely devoid of any admissible evidence, is based solely on her own subjective opinion, and the records offered by Plaintiff in support of her allegation lack foundation and constitute inadmissible hearsay.

    Plaintiff answers:    Yes

    Defendants answer:    No

# INTRODUCTION

Defendants are requesting that this Honorable Court make a determination *in limine* pursuant to **F.R.E. 103** as to the admissibility of certain irrelevant, immaterial and unfairly prejudicial testimony and evidence they anticipate Plaintiff will attempt to introduce during trial. Defendants anticipate that Plaintiff will seek to elicit testimony and/or introduce records in relation to her allegation that, because of her race, the Warren Police Department routinely failed to provide backup when she was responding to official police calls. For reasons discussed in further detail below, Plaintiff's claim is completely devoid of any admissible evidence and is based solely on her own subjective opinion. Moreover, the police department dispatch records offered by Plaintiff in support of her backup claim lack the necessary foundation and thus are nothing more than inadmissible hearsay evidence. Plaintiff should be properly excluded at trial from eliciting testimony and/or introducing the dispatch records in support of her unsubstantiated backup claim.

# LAW AND ARGUMENT

## I. PLAINTIFF'S CLAIM THAT SHE, DUE TO HER RACE, WAS DENIED ADEQUATE BACKUP IS WHOLLY UNSUBSTANTIATED AND BASED SOLELY ON HER OWN SUBJECTIVE OPINION.

Plaintiff testified that she values her life and yet she *never* made any type of complaint about her lack of backup and safety concerns to anyone. ECF No. 74, Exhibit 7, pp. 133, 134, 253. Notwithstanding, according to Plaintiff, it was "well known" in

the in Warren Police Department that she was routinely denied adequate backup. Amended Complaint, ECF No. 4, PageID.54. In this regard, she claims that her partner, then-patrol officer Brent Chisholm, at one time told her that some co-workers told him to be careful because being partnered with Plaintiff meant he would not receive sufficient backup. ECF No. 4, Page ID.54. Plaintiff stated during her deposition that Chisholm was told by other officers that he should be worried. ECF No. 66-2, PageID.3744. However, Chisholm soundly refuted such allegations during his deposition. He testified that he was never warned by other officers to be concerned for his safety when working with Plaintiff. ECF No. 66-2, PageID.4520-21. Chisholm further denied ever being fearful working with Plaintiff and believed Plaintiff received adequate backup. *Id.*

Indeed, each and every witness Plaintiff identified that that would support her lack of backup claim – Derek Scott, retired dispatcher Debbie Broach, and Chisolm – *categorically denied* that Plaintiff was ever put in danger and not adequately backed up on police runs. This Court previously noted as much in its Order Granting In Part And Denying In Part Defendants' Motion for Summary Judgment, Denying Plaintiff's Motion For Partial Summary Judgment, And Dismissing Certain Individual Defendants:

> Howlett identified several individuals whom she believed could corroborate her allegation, but when asked, most of these witnesses either denied her allegation or stated that they thought it was untrue. *See* Howlett Affidavit, ECF No. 69-8 (identifying Officer Nichols, Officer Booton, Officer Scott, Dispatcher Broach, and

>Corporal Chisolm as having personal knowledge of her backup allega-tion); *see also* Nichols Deposition, ECF No. 69-9, PageID.6317 (claiming Howlett never mentioned it to him); Scott Deposition, ECF No. 69-32, PageID.6883 ("I would not know [whether or not she had problems get-ting adequate timely backup.]"); Chisolm Deposition, ECF No. 69-16, PageID.6487 ("I don't believe [Howlett] didn't get adequate backup."). One witness, Dispatcher Broach, did confirm that Howlett voiced her concerns about backup. Broach Deposition, ECF No. 69-28, PageID.6798 ("[Howlett] says, 'I don't think the officers are backing me up as fast as they should,' but we did not go any further in the conversation[.]"). Broach stated that she did not report Howlett's concern and did not know whether she had a responsibility to report it. *Id.* She did, however, state that she never told Howlett she personally believed officers were late responding to her calls for backup. Broach Affidavit, ECF No. 74-6, PageID.7591. [ECF No. 98, PageID.10182-83]

Where Plaintiff's allegation that she, due to her race, was routinely denied adequate backup on police runs is wholly unsubstantiated and based solely on her own subjective testimony, she should be precluded at trial from offering any testimony regarding this particular claim.

## II. THE DISPATCH RECORDS OFFERED BY PLAINTIFF IN SUPPORT OF HER BACKUP CLAIM LACK THE NECESSARY FOUNDATION AND THUS CONSTITUTE INADMISSIBLE HEARSAY.

Plaintiff claims that dispatch failed to send her backup altogether or failed to send backup as quickly as was the standard for other officers on numerous occasions in 2007 and 2013. ECF No. 69, PageID.6093. In this regard, Plaintiff points to numerous pages of Warren Police Department Dispatch Records from 2007 to 2013. ECF No. 69, PageID.6093 n. 40; Exhibit 6: Backup Chart, ECF No. 69-7; Exhibit 12:

2007 Dispatch Records, ECF No. 83 (*sealed*). According to Plaintiff, these records show the Warren Police Department failed to provide backup in a timely or safe manner—or at all—on no fewer than 45 occasions and 43 occasions in the years 2007 and 2013, respectively. Plaintiff has not presented logs or any other records for the years 2014 to 2017.

Simply put, the dispatch records from 2007 to 2013 offered by Plaintiff in support her backup claim constitute a textbook example of hearsay and, as such, must be precluded at trial. **F.R.E. 801**; **F.R.E. 805**. It is well-established that Plaintiff, as the party offering the evidence, carries the burden of demonstrating that the evidence falls within a hearsay exception. This is a burden Plaintiff has not and cannot meet.

It is anticipated that Plaintiff will rely on an exception to the hearsay rule found at **F.R.E. 803(6)**, commonly referred to as the business records exception, to establish the admissibility of the dispatch records. "The business records exception is based on the indicia of reliability that attaches to a record created or maintained by an employer in the ordinary or regular course of their business." **Cobbins v. Tenn. Dep't of Transp.**, 566 F.3d 582, 588 (6th Cir. 2009). If a party can establish a foundation showing that the evidence satisfies the requirements of the Business Records Exception under Rule 803(6), the authentication requirements of Rule 901 are also met and no additional foundation is necessary. **Imhoff Inv., LLC v. SamMichaels, Inc.**, 2014 U.S. Dist. LEXIS 4965, at *23, 2014 WL 172234, at *8 (E.D. Mich. Jan. 15, 2014)(**Exhibit A**).

In the Sixth Circuit, to be as admissible under **F.R.E. 803(6)**, a record must meet the following four requirements:

> (1) it must have been made in the course of a regularly conducted business activity; (2) it must have been kept in the regular course of that business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.

***Cobbins v. Tenn. Dep't of Transp.*,** 566 F.3d 582, 588 (6th Cir.2009). Furthermore, and critical to this case, **<u>this foundation of admissibility must be laid through the testimony of a custodian or qualifying witness</u>**. ***United States v. Jenkins*,** 345 F.3d 928, 935 (6th Cir.2003); **F.R.E. 803(6)(D)**.

Here, this Court has already considered the dispatch records offered by Plaintiff and noted Plaintiff's failure to lay the proper foundation for authenticating the documents: "Unfortunately, these records are not self-explanatory, and no witness appears to have been shown these documents to explain or authenticate them during deposition." ECF No. 98, PageID.10180-81. As such, there can be no question that Plaintiff has failed to establish all the requirements to authenticate the dispatch records and the proposition for which she submits them—i.e., that she received inadequate or no backup on police calls. The dispatch records, without the necessary foundation, constitute hearsay and should be precluded at trial.

## RELIEF REQUESTED

**WHEREFORE,** Defendant respectfully requests this Honorable Court grant this Motion in Limine # 3 To Preclude Plaintiff At Trial From Testifying Or Introducing Records Regarding Her Allegation That, Because Of Her Race, The Warren Police Department Routinely Failed To Provide Backup.

                                            Respectfully submitted,

                                            s/ Ronald G. Acho
                                            Ronald G. Acho
                                            Cummings, McClorey, Davis & Acho, P.L.C.
                                            Attorneys for Defendant
                                            33900 Schoolcraft Road
                                            Livonia, MI 48150
                                            (734) 261-2400
Dated: December 17, 2019      racho@cmda-law.com
                                            P-23913

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record; and

I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant:

>s/Ronald G. Acho
>Cummings, McClorey, Davis & Acho, P.L.C.
>17436 College Parkway
>Livonia, MI  48152
>Phone:  (734) 261-2400
>E-mail: racho@cmda-law.com
>P23913