UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

    Plaintiff,

v

CITY OF WARREN; LT. LAWRENCE GARDNER; SHAWN JOHNSON; and ANWAR KHAN,

    Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

---

THE MUNGO LAW FIRM, PLC
By:  LEONARD MUNGO  (P43562)
333 W. Fort Street, Suite 1500
(313) 963-0407 / FAX (313) 963-0200
Detroit, MI  48226
caseaction@mungoatlaw.com
Attorneys for Plaintiff

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By:  **RONALD G. ACHO**  (P23913)
    **JAMES R. ACHO**  (P62175)
17436 College Parkway
Livonia, MI  48152
(734) 261-2400 / FAX (734) 261-2400
racho@cmda-law.com
jacho@cmda-law.com
Attorneys for **Defendants**

ETHAN VINSON  (P26608)
City of Warren, City Attorney
1 City Square, Suite 400
Warren, MI  48093-5390
(586) 574-4671 / FAX (586) 574-4530
evinson@cityofwarren.org
Co-Counsel for Defendants

---

### DEFENDANTS' MOTION *IN LIMINE* # 4 TO EXCLUDE EVIDENCE AND TESTIMONY RELATING TO DAMAGES FOR PLAINTIFF'S FAILURE TO MITIGATE DAMAGES

**NOW COMES** the Defendants, CITY OF WARREN, LT. LAWRENCE GARDNER, SHAWN JOHNSON, and ANWAR KHAN, by and through their attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by **RONALD G. ACHO**, and hereby submit this Motion *in Limine* #4 to Exclude Evidence and

Exhibits Relating to Damages for Plaintiff's Failure to Mitigate Damages. In support of this Motion, Defendants rely upon the attached Brief and other documents attached as exhibits. Concurrence in the relief requested in this Motion was requested on December 16, 2019, but was denied, necessitating the filing of this Motion.

**WHEREFORE,** Defendant respectfully requests this Honorable Court grant this Motion in Limine # 4 and Exclude Evidence and Testimony Relating to Damages for Plaintiff's Failure to Mitigate Damages.

Respectfully submitted,

s/ Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defendant
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
racho@cmda-law.com
P-23913

Dated: December 17, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

      Plaintiff,

v

CITY OF WARREN; LT. LAWRENCE GARDNER; SHAWN JOHNSON; and ANWAR KHAN,

      Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

---

THE MUNGO LAW FIRM, PLC
By:  LEONARD MUNGO  (P43562)
333 W. Fort Street, Suite 1500
(313) 963-0407 / FAX (313) 963-0200
Detroit, MI  48226
caseaction@mungoatlaw.com
Attorneys for Plaintiff

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By:  **RONALD G. ACHO**  (P23913)
     **JAMES R. ACHO**  (P62175)
17436 College Parkway
Livonia, MI  48152
(734) 261-2400 / FAX (734) 261-2400
racho@cmda-law.com
jacho@cmda-law.com
Attorneys for **Defendants**

ETHAN VINSON  (P26608)
City of Warren, City Attorney
1 City Square, Suite 400
Warren, MI  48093-5390
(586) 574-4671 / FAX (586) 574-4530
evinson@cityofwarren.org
Co-Counsel for Defendants

---

# DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE* # 4 TO EXCLUDE EVIDENCE AND TESTIMONY RELATING TO DAMAGES FOR PLAINTIFF'S FAILURE TO MITIGATE DAMAGES

01027619-1

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................1

LAW AND ARGUMENT .......................................................................................2

I. PLAINTIFF FAILED TO MITIGATE HER DAMAGES WHEN SHE FAILED TO UTILIZE THE POLICE DEPARTMENT'S INTERNAL COMPLAINT PROCEDURES TO REPORT THE DISCRIMINATORY AND HARASSING BEHAVIOR. .................................................................................................2

II. PLAINTIFF FAILED TO MITIGATE HER DAMAGES WHEN SHE FAILED TO APPLY FOR A DUTY DISABILITY PENSION. ...........8

RELIEF REQUESTED..........................................................................................10

# **CONCISE STATEMENT OF THE ISSUES PRESENTED**

Did Plaintiff fail to mitigate her damages when she failed to utilize the Police Department's internal complaint procedures to report discriminating and harassing behavior?

    Plaintiff answers:        No
    Defendants answer:    Yes

Did Plaintiff fail to mitigate her damages when she failed to apply for a duty disability pension?

    Plaintiff answers:        No
    Defendants answer:    Yes

# CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

## **CASES**

*Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742,
118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) ...................................................... 4, 5, 6

*Ford Motor Company v. EEOC*, 458 U.S. 219,
102 S.Ct. 3057 (1982) ................................................................................................ 2

*Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2257,
141 L.Ed.2d 633 (1998) ................................................................... 2-3, 3, 4, 5, 6

*Hudson v. City of Highland Park*, ___ F.3d _____,
2019 WL 6223759 (6th Cir. November 22, 2019) ........................................ 7

*Pennsylvania State Police v. Suders*, 542 U.S. 129, 124 S.Ct. 2342,
159 L.Ed.2d 204 (2004) ......................................................................................... 5

*Pittington v. Great Smoky Mountain Lumberjack Feud, LLC*,
880 F.3d 791 (6th Cir. 2018) ............................................................................. 8, 9

*Rasimas v. Michigan Dep't of Mental Health*,
714 F.2d 614 (6th Cir. 1983) ................................................................................. 8

*Vance v. Ball State University*, 570 U.S. 421, 133 S.Ct. 2434,
186 L.Ed.2d 565 (2013) .......................................................................................... 3

## **STATUTES**

42 U.S.C. § 2000e-5(g) ............................................................................................. 8

## **FEDERAL RULES OF EVIDENCE**

**F.R.E. 103** ........................................................................................................................ 1

## INTRODUCTION

Defendants are requesting that this Honorable Court make a determination *in limine* pursuant to **F.R.E. 103** as to the admissibility of certain evidence and testimony they anticipate that Plaintiff will attempt to introduce during trial.

Defendants anticipate that Plaintiff will seek to introduce certain evidence and testimony relating to damages. Defendants maintain that such evidence should properly be excluded because Plaintiff failed to mitigate her damages because she unreasonably refused to follow the Warren Police Department's General Orders or to use the City's internal complaint procedures, including grievance procedures, to report any of the incidents of discrimination or racially or sexually hostile harassment she now claims.

Secondly, Plaintiff also failed to mitigate her damages by failing to apply for a duty disability pension. It is expected that Plaintiff will testify that she is medically unable to return to police work. (**Exhibit A**: Plaintiff dep., pp. 211, 268-269). Further, she is medically unable to pursue work of any kind, or pursue training for a career change, until approximately the summer of 2020. (**Exhibit B**: Supplemental Answer to Interrog. Nos. 11, 14). The City of Warren offers its Police Department personnel a system of pensions and retirements, including a duty disability pension. Information about these pensions and retirements is publicly available on the City's website under the tab for the Police and Fire Retirement Commission. (See

01027619-1

https://www.cityofwarren.org/government/boards-and-commissions/police-fire-retirement-commission/).

However, despite her clear intention not to return to police work, and current inability to pursue any kind of employment, Plaintiff has failed to pursue a duty disability pension, and any potential recovery for back pay should be reduced by the amount of money she would have earned pursuant to a duty disability pension.

## LAW AND ARGUMENT

### I. PLAINTIFF FAILED TO MITIGATE HER DAMAGES WHEN SHE FAILED TO UTILIZE THE POLICE DEPARTMENT'S INTERNAL COMPLAINT PROCEDURES TO REPORT THE DISCRIMINATORY AND HARASSING BEHAVIOR.

The primary objective of Title VII employment discrimination provisions of the Civil Rights Act is to bring employment discrimination to an end, and the preferred means for achieving that goal is through cooperation and voluntary compliance. ***Ford Motor Company v. EEOC***, 458 U.S. 219, 102 S.Ct. 3057, 3063-3064 (1982).

In hostile environment cases under Title VII, when an employer is sued pursuant to respondeat superior liability, courts have recognized an affirmative defense in situations where the employer exercised reasonable care to prevent and correct harassing behavior by adopting anti-discriminatory policies with internal complaint procedures, and the employee unreasonably failed to take advantage of those procedures. ***Faragher v. City of Boca Raton***, 524 U.S. 775, 807, 118 S.Ct.

2257, 141 L.Ed.2d 633 (1998); ***Vance v. Ball State University***, 570 U.S. 421, 424; 133 S.Ct. 2434, 186 L.Ed.2d 565 (2013).

The affirmative defense follows the rationale that the primary objective of Title VII, like any statute meant to influence primary conduct, is not to provide redress but to avoid harm. ***Faragher, supra****,* 524 U.S. at 806, citing ***Albemarle Paper Co v. Moody***, 422 U.S. 405, 417, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). Title VII's enforcement efforts have long recognized the employer's affirmative obligation to prevent violations and to give credit to employers who make reasonable efforts to prevent harassment and to establish internal procedures. ***Faragher, supra***, 524 U.S. at 806.

In the context of damages, if a plaintiff unreasonably fails to avail herself of the employer's preventative or remedial internal complaint procedure, she should not recover damages that could have been avoided if she had done so. ***Faragher, supra****,* 524 U.S. at 806-807. If the plaintiff could have avoided harm, no liability should be found against an employer who had taken reasonable care, and if damages could have been reasonably mitigated, no reward against a liable employer should reward a plaintiff for what her own efforts could have avoided. ***Faragher, supra***, 524 U.S. at 807.

An employer may raise this affirmative defense as to either to liability or damages, in situations where there was no tangible employment action that was

taken against the employee. *Faragher, supra,* 524 U.S. at 807. To avail itself of his affirmative defense, the employer must show by a preponderance of the evidence that: (a) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (b) that the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Id.*

The affirmative defense is not available only when the supervisor's harassment culminates in a tangible employment action. **Burlington Industries, Inc. v. Ellerth**, 524 U.S. 742, 765, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). A tangible employment action is one that constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. *Ellerth*, 524 U.S. 761.

Here, Plaintiff has not established that she suffered any tangible employment action. <u>She never alleged that she suffered a significant change in her employment status</u>. It is undisputed that she was hired by the Employer. She never alleged a failure to promote. In fact, the undisputed evidence established that Plaintiff was promoted more quickly to the Corporal position than 19 other white male officers and one white female officer who had more years of service with the Employer. (**Doc. No. 66**, Motion for Summary Judgment, Statement of Fact, ¶ 10, p. 3). She

never alleged that she was reassigned with significantly different responsibilities. Further, she never alleged that any employment decision was made which caused a significant change in benefits.

Finally, Plaintiff was not fired. Plaintiff acknowledged in her Response Brief that she "was constructively discharged due to Defendants' unlawful discriminatory employment practices." (**Doc. No. 70**, Plaintiff's Response to Defendants' Motion for Summary Judgment, Counter-Statement of Fact, ¶ 6, p. 2). Under the ***Faragher*** and ***Ellerth*** analysis, a constructive discharge is not a "tangible employment action" in hostile work environment cases, absent a supervisor's official act which precipitates the constructive discharge, and the affirmative defense available to employers in non-tangible action cases is available in constructive discharge cases. ***Pennsylvania State Police v. Suders***, 542 U.S. 129, 141, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004). So, here it is clear that the precipitating act was an act of a co-worker, a clerk, and not an official act by a supervisor. Plaintiff suffered no negative tangible employment action.

The Employer in the instant case has a much stronger position then what was required under ***Faragher*** and ***Ellerth***. The Employer promulgated several General Orders which were designed to identify and promptly address inappropriate behavior, including harassing and discriminatory conduct of both co-workers and supervisors. (See **Doc. No. 66**, Motion for Summary Judgment, Exhibits 27-30.)

Plaintiff received training on the General Orders and acknowledged she was proficient in them. (**Doc. No. 66**, Exhibit 31). **The Employer's General Orders, including General Orders No. 03-01, and later No. 17-09, directed Plaintiff to promptly report incidents of discrimination and harassment to her Employer - but she did not**. (See **Doc. No. 66**, Exhibit 28, pp. 3-4; Exhibit 30, pp. 3-4). Her failure to report these alleged incidents at the time that they occurred is a breach of these mandatory Directives. Plaintiff cannot escape this obligation, and this would negate her ability to bring these claims forward at this time. *Faragher, supra; Ellerth, supra*.

Significantly, Plaintiff has not explained the reasons why she did not complain. Here, Plaintiff testified that she did not follow the Policies and General Orders of the Warren Police Department to present any and all race and sex discrimination and harassment complaints. She claimed that police officers did not make complaints about other officers and that when other officers complained, "things happened to that person" and "it just doesn't fare very well". (**Exhibit A**: Plaintiff dep., p. 73). But, her purported reasons are unavailing because during her near 11 year career, she did in fact, bring, two complaints to the attention of the Police Department, one about a dispatcher and the other a clerk. (**Exhibit A**: Plaintiff dep., pp. 76, 173-176).

Plaintiff even admitted to her own lawyer that she did not bring complaints to management's attention:

Plaintiff: *"I didn't complain."*

Q. *"You didn't complain?"*

Plaintiff: *"No."*

(Exhibit A: Plaintiff dep., p. 253).

Plaintiff's complaints against the dispatcher and clerk were promptly and appropriately addressed. (**Exhibit A**: Plaintiff dep., 173-176). Further, Plaintiff admitted that the Police Department took disciplinary action against officers from time to time. (**Exhibit A**: Plaintiff dep., p. 79). Significantly, she also admitted it was her duty and obligation to report any and all complaints concerning race and/or sex discrimination and harassment to WPD management or HR. (**Exhibit A**: Plaintiff dep., pp. 66-67). She offers no explanation of her refusal to follow these General Orders.

In a recent published case from the Sixth Circuit Court of Appeals, ***Hudson v. City of Highland Park***, ___ F.3d _____2019 WL 6223759 (6th Cir. November 22, 2019), the Court criticized a plaintiff's failure to invoke remedial, state law, measures which are designed to correct due process violations. There, plaintiff did not pursue a grievance under the collective bargaining agreement. Nor did he file a breach of contract claim in the Michigan courts, or file an unfair labor practice

charge under the Public Employees Relations Act, or file a charge with the Michigan Employment Relations Commission. Significantly, the Court criticized the plaintiff for not explaining why he failed to invoke any of these remedies and why these remedies would not have afforded him adequate due process.

Likewise, in the case at hand, Plaintiff has not provided any reasons for not following the General Orders and filing complaints. Nor has she provided any reasons how the complaint procedures would not have corrected the inappropriate behavior that is the subject of her Amended Complaint.

## II. PLAINTIFF FAILED TO MITIGATE HER DAMAGES WHEN SHE FAILED TO APPLY FOR A DUTY DISABILITY PENSION.

Title VII requires a plaintiff to mitigate damages. *Pittington v. Great Smoky Mountain Lumberjack Feud, LLC*, 880 F.3d 791, 799 (6th Cir. 2018), citing *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 623 (6th Cir. 1983), (citing 42 U.S.C. § 2000e-5(g)). This rule is designed "to prevent claimants from recovering for damages which they could have avoided through reasonable diligence." *Pittington, supra,* 880 F.3d at 799-800. (Citations omitted). To that end, courts must deduct any "[i]nterim earnings or amounts earnable with reasonable diligence by the person … discriminated against" from the plaintiff's back pay award. *Pittington, supra,* 880 F.3d at 800. (Citations omitted).

Though the plaintiff bears the initial burden of "establish[ing] a prima facie case and present[ing] evidence on the issue of damages," the defendant bears the

subsequent burden of "establish[ing] the amount of interim earnings or the lack of diligence." *Pittington, supra*, 880 F.3d at 800. (Citations omitted). Under the facts of this case, given Plaintiff's testimony that she is medically unable to perform police work, and that she cannot pursue training for a career change, until approximately the summer of 2020, the reasonable and logical way to compensate Plaintiff during the pendency of this lawsuit was for her to apply for a duty disability pension.

This pension would have provided Plaintiff with a source of interim earnings while she was both medically unable to perform police work and until she could accomplish a career change, which would have provided Plaintiff with a source of income, and would have minimized her damages. *Pittington, supra*, 880 F.3d at 799-800. In her discovery responses, Plaintiff acknowledged that she had applied for, but was denied, both worker's compensation and short term disability benefits. (**Exhibit C**: Answer to Interrogatory No. 14). She also admitted that she had not applied for any new employment while she was under medical treatment. *Id.* Yet, she never applied for a duty disability pension.

Here, Plaintiff unreasonably failed to minimize her damages by refusing to apply for a duty disability pension. Her application for benefits would have minimized damages in this matter.

**WHEREFORE,** Defendant respectfully requests this Honorable Court grant this Motion in Limine # 4 and Exclude Evidence and Testimony Relating to Damages for Plaintiff's Failure to Mitigate Damages.

Respectfully submitted,

s/  Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defendant
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400

Dated: December 17, 2019    racho@cmda-law.com
P-23913

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record via the Court' s e-filing system.

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft
Livonia, MI  48150
Phone:  (734) 261-2400
Primary E-mail: racho@cmda-law.com
P-23913
