UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

       Plaintiff,

v

CITY OF WARREN; LT. LAWRENCE GARDNER; SHAWN JOHNSON; and ANWAR KHAN,

       Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

THE MUNGO LAW FIRM, PLC
By:  LEONARD MUNGO  (P43562)
333 W. Fort Street, Suite 1500
(313) 963-0407 / FAX (313) 963-0200
Detroit, MI  48226
caseaction@mungoatlaw.com
Attorneys for Plaintiff

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By:  **RONALD G. ACHO**  (P23913)
     **JAMES R. ACHO**  (P62175)
17436 College Parkway
Livonia, MI  48152
(734) 261-2400 / FAX (734) 261-2400
racho@cmda-law.com
jacho@cmda-law.com
Attorneys for **Defendants**

ETHAN VINSON  (P26608)
City of Warren, City Attorney
1 City Square, Suite 400
Warren, MI  48093-5390
(586) 574-4671 / FAX (586) 574-4530
evinson@cityofwarren.org
Co-Counsel for Defendants

**DEFENDANTS' MOTION *IN LIMINE* # 5 TO EXCLUDE EVIDENCE AND TESTIMONY RELATING TO PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS ON THE BASIS THAT CONDUCT WAS NOT SEVERE OR PERVASIVE**

**NOW COMES** the Defendants, CITY OF WARREN, LT. LAWRENCE GARDNER, SHAWN JOHNSON, and ANWAR KHAN, by and through their attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by **RONALD G. ACHO**, and hereby submit this Motion *in Limine* 5 to Exclude Evidence and

01041713-1

Testimony Relating to Plaintiff's Hostile Work Environment Claims on the Basis that Conduct Was Not Severe or Pervasive.  In support of this Motion, Defendants rely upon the attached Brief. Concurrence in the relief requested in this Motion was requested on December 16, 2019, but was denied, necessitating the filing of this Motion.

**WHEREFORE,** Defendant respectfully requests this Honorable Court grant this Motion in Limine # 5   and Exclude Evidence and Testimony Relating to Plaintiff's Hostile Work Environment Claims on the Basis that Conduct Was Not Severe or Pervasive.

Respectfully submitted,

s/  Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defendant
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
Dated: December 17, 2019       racho@cmda-law.com
P-23913

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

    Plaintiff,

v

CITY OF WARREN; LT. LAWRENCE
GARDNER; SHAWN JOHNSON; and
ANWAR KHAN,

    Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

| | |
|---|---|
| THE MUNGO LAW FIRM, PLC<br>By: LEONARD MUNGO (P43562)<br>333 W. Fort Street, Suite 1500<br>(313) 963-0407 / FAX (313) 963-0200<br>Detroit, MI 48226<br>caseaction@mungoatlaw.com<br>Attorneys for Plaintiff | CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.<br>By: **RONALD G. ACHO** (P23913)<br>    **JAMES R. ACHO** (P62175)<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400 / FAX (734) 261-2400<br>racho@cmda-law.com<br>jacho@cmda-law.com<br>Attorneys for **Defendants**<br><br>ETHAN VINSON (P26608)<br>City of Warren, City Attorney<br>1 City Square, Suite 400<br>Warren, MI 48093-5390<br>(586) 574-4671 / FAX (586) 574-4530<br>evinson@cityofwarren.org<br>Co-Counsel for Defendants |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE*
# 5 TO EXCLUDE EVIDENCE AND TESTIMONY RELATING TO
PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS ON THE
<u>BASIS THAT CONDUCT WAS NOT SEVERE OR PERVASIVE</u>**

01041713-1

## **TABLE OF CONTENTS**

CONCISE STATEMENT OF THE ISSUES PRESENTED .................................... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY
FOR THE RELIEF REQUESTED ....................................................................... iii

INTRODUCITON ................................................................................................1

LAW AND ARGUMENT .....................................................................................2

 I.   THE CONDUCT THAT PLAINTIFF COMPLAINED ABOUT
     WAS NOT SEVERE OR PERVASIVE ENOUGH TO RISE TO
     THE LEVEL OF AN ACTIONABLE CLAIM OF A
     HOSTILE WORK ENVIRONMENT UNDER TITLE VII. ............................2

RELIEF REQUESTED ..........................................................................................4

## CONCISE STATEMENT OF THE ISSUES PRESENTED

Should Plaintiff be able to introduce evidence and testimony of a sexually and racially hostile work environment when the conduct that Plaintiff complains about was not severe or pervasive enough to rise to the level of an actionable claim of a hostile work environment under Title VII?

    Plaintiff answers:        Yes
    Defendants answer:     No

# CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

## CASES

*Clark v. United Parcel Service, Inc.*,
400 F.3d 341, 347 (6th Cir. 2005)..........................................................................2

*Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2257,
141 L.Ed.2d 633 (1998)...........................................................................................3

*Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999).............................................2

*Harris v. Forklift Systems, Inc.*, 570 U.S. 17, 23 (1993) ..........................................3

*Hudson v. City of Highland Park*, ___ F.3d _____ 2019 WL 6223759
(6th Cir. November 22, 2019)..........................................................................2, 3, 4

## FEDERAL RULES OF EVIDENCE

**F.R.E. 103**..............................................................................................................1

# **INTRODUCTION**

Defendants are requesting that this Honorable Court make a determination *in limine* pursuant to **F.R.E. 103** as to the admissibility of certain evidence and testimony they anticipate that Plaintiff will attempt to introduce during trial.

Defendants anticipate that Plaintiff will seek to introduce certain evidence and testimony relating to her claims of a racially and sexually hostile work environment. The Plaintiff worked for the Warren Police Department for eleven (11) years before she walked off the job in January of 2017. During this time, she alleges that she was subject to a hostile work environment based on sex and race by her co-workers. In essence, Plaintiff's allegations of harassment concern crude comments made by Johnson and a couple of stray remarks, made in a joking, non-sexual manner by various other co-workers.

Defendants maintain that the comments that she has identified, which span her near 11 year career with the Warren Police Department, are not severe or pervasive to rise to the level of an actionable claim of hostile work environment based on either sex or race. Nor did Plaintiff present any evidence that these comments unreasonably interfered with her work performance.

01041713-1

## **LAW AND ARGUMENT**

### II. THE CONDUCT THAT PLAINTIFF COMPLAINED ABOUT WAS NOT SEVERE OR PERVASIVE ENOUGH TO RISE TO THE LEVEL OF AN ACTIONABLE CLAIM OF A HOSTILE WORK ENVIRONMENT UNDER TITLE VII.

To bring a successful sexual harassment claim based upon hostile environment, a plaintiff must show: (1) the employee was a member of a protected class; (2) the employee was subject to unwelcome harassment; (3) the harassment complained of was based on sex (or race); (4) the charged sexual (or racial) harassment created a hostile work environment. i.e., that it created a work environment that unreasonably interfered with the employee's job performance; and (5) the existence of employer liability, i.e., that the City was responsible for the harassment. ***Hudson v. City of Highland Park***, ___ F.3d _____ 2019 WL 6223759 *6, (6th Cir. November 22, 2019) (**Exhibit A**). See also ***Clark v. United Parcel Service, Inc.***, 400 F.3d 341, 347 (6th Cir. 2005); ***Hafford v. Seidner***, 183 F.3d 506, 512 (6th Cir. 1999). The Plaintiff does not meet this threshold standard for several reasons.

Here, Plaintiff has not shown that any alleged harassing conduct (either sexual or racial) created a hostile work environment (4th element delineated in *Clark, supra*). The fourth element of a hostile environment claim requires that the plaintiff prove that the claimed harassment was sufficiently "severe or pervasive". The four (4) factors to measure objective hostility are: (1) the frequency of the discriminatory

conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it reasonably interferes with an employee's work performance. **Harris v. Forklift Systems, Inc**., 570 U.S. 17, 23 (1993). Conduct that is not severe or pervasive enough to create an objectively hostile or abusive environment is beyond Title VII's purview. *Id.*

In a recent published case from the Sixth Circuit Court of Appeals, **Hudson v. City of Highland Park**, *supra,* *6, the Court reviewed the requirements for a cognizable hostile work environment claim under Title VII, in the context of a claim of religious harassment. The **Hudson** Court determined that periodic rude comments from co-workers, alone, were insufficient evidence that the charged harassment created a work environment that unreasonably interfered with the employee's job performance. "[T]easing, offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." **Hudson, supra**, quoting **Faragher v. City of Boca Raton**, 524 U.S. 775, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

The **Hudson** Court determined that periodic rude comments, standing alone, are generally insufficient for a cognizable hostile work environment claim. *Id.* Further, the **Hudson** plaintiff's claim failed because he presented insufficient evidence that these remarks unreasonably interfered with his work performance. *Id.* For instance, he admitted that he never received fewer assignments, or worse

assignments, because of his religious beliefs. He never stopped going on runs because of the way his co-workers treated him. He never complained to his supervisor. *Id.*

Likewise, the Plaintiff in the instant case has presented insufficient evidence that the remarks she complains about unreasonably interfered with her work performance. She had upwards of 250,000 interactions, or more, with co-workers. Her claim that a mere handful were harassing in nature over 11 years certainly does not rise to a violation of Plaintiff's constitutional rights. (**Doc. No. 66**, Motion for Summary Judgment, Statement of Fact, ¶ 1, p. 1).

Plaintiff received regular promotions and assignments and had a successful career trajectory in the WPD, and she was given equal opportunity to train, compete and advance. Although true that advancement to Corporal is dependent on signing up for the test, she in fact, was promoted more quickly to the Corporal position than 19 other white male officers and one white female officer who had more years of service with the Employer. (**Doc. No. 66**, Motion for Summary Judgment, Statement of Fact, ¶ 10, p. 3). She cites no complaints to her supervisor about any of the comments, or their effect on her ability to perform her job.

**WHEREFORE,** Defendant respectfully requests this Honorable Court grant this Motion in Limine # 5 and Exclude Evidence and Testimony Relating to

Plaintiff's Hostile Work Environment Claims on the Basis that Conduct Was Not Severe or Pervasive.

                                       Respectfully submitted,

                                       s/ Ronald G. Acho
                                       Ronald G. Acho
                                       Cummings, McClorey, Davis & Acho, P.L.C.
                                       Attorneys for Defendant
                                       33900 Schoolcraft Road
                                       Livonia, MI 48150
                                       (734) 261-2400
Dated: December 17, 2019    racho@cmda-law.com
                                       P-23913

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record via the Court' s e-filing system.

                                       /s/ *Ronald G. Acho*
                                       Cummings, McClorey, Davis & Acho, P.L.C.
                                       33900 Schoolcraft
                                       Livonia, MI  48150
                                       Phone:  (734) 261-2400
                                       Primary E-mail: racho@cmda-law.com
                                       P-23913