UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

        Plaintiff,

v

CITY OF WARREN; LT. LAWRENCE
GARDNER; SHAWN JOHNSON; and
ANWAR KHAN,

        Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

---

THE MUNGO LAW FIRM, PLC
By:  LEONARD MUNGO  (P43562)
333 W. Fort Street, Suite 1500
(313) 963-0407 / FAX (313) 963-0200
Detroit, MI  48226
caseaction@mungoatlaw.com
Attorneys for Plaintiff

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By:   RONALD G. ACHO  (P23913)
      JAMES R. ACHO   (P62175)
17436 College Parkway
Livonia, MI  48152
(734) 261-2400 / FAX (734) 261-2400
racho@cmda-law.com
jacho@cmda-law.com
Attorneys for **Defendants**

ETHAN VINSON  (P26608)
City of Warren, City Attorney
1 City Square, Suite 400
Warren, MI  48093-5390
(586) 574-4671 / FAX (586) 574-4530
evinson@cityofwarren.org
Co-Counsel for Defendants

---

## DEFENDANTS' MOTION *IN LIMINE* # 6 TO EXCLUDE AFFIDAVIT AND DEPOSITION TESTIMONY OF GREGORY MURRAY

**NOW COMES** the Defendants, CITY OF WARREN, LT. LAWRENCE GARDNER, SHAWN JOHNSON, and ANWAR KHAN, by and through their attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by **RONALD G. ACHO**, and hereby submit this Motion *in Limine* #6 to Exclude Affidavit and Testimony of Gregory Murray.  In support of this Motion, Defendants rely upon the

attached Brief and other documents attached as exhibits. Concurrence in the relief requested in this Motion was requested on December 16, 2019, but was denied, necessitating the filing of this Motion.

**WHEREFORE,** Defendant respectfully requests this Honorable Court grant this Motion in Limine #6 and Exclude the Affidavit and Testimony of Gregory Murray.

Respectfully submitted,

s/ Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defendant
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
Dated: December 17, 2019      racho@cmda-law.com
P-23913

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

       Plaintiff,

v

CITY OF WARREN; LT. LAWRENCE
GARDNER; SHAWN JOHNSON; and
ANWAR KHAN,

       Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

---

THE MUNGO LAW FIRM, PLC
By:  LEONARD MUNGO  (P43562)
333 W. Fort Street, Suite 1500
(313) 963-0407 / FAX (313) 963-0200
Detroit, MI  48226
caseaction@mungoatlaw.com
Attorneys for Plaintiff

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By:  RONALD G. ACHO  (P23913)
    JAMES R. ACHO  (P62175)
17436 College Parkway
Livonia, MI  48152
(734) 261-2400 / FAX (734) 261-2400
racho@cmda-law.com
jacho@cmda-law.com
Attorneys for Defendants

ETHAN VINSON  (P26608)
City of Warren, City Attorney
1 City Square, Suite 400
Warren, MI  48093-5390
(586) 574-4671 / FAX (586) 574-4530
evinson@cityofwarren.org
Co-Counsel for Defendants

---

# DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE* # 6 TO EXCLUDE AFFIDAVIT AND TESTIMONY OF GREGORY MURRAY

01034551-1

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................ ii

CONCISE STATEMENT OF THE ISSUES PRESENTED ...................................... iii

INTRODUCTION ...................................................................................... 1

CONCISE STATEMENT OF FACTS .............................................................. 1

LAW AND ARGUMENT ............................................................................. 4

I.  THE MURRAY AFFIDAVIT SHOULD BE EXCLUDED UNDER
THE FEDERAL RULES OF EVIDENCE BECAUSE IT IS IRRELEVANT
AND UNFAIRLY PREJUDICIAL AND NOT BASED ON
PERSONAL KNOWLEDGE. ......................................................................... 4

II.  THE MURRAY DEPOSITION SHOULD ALSO BE EXCLUDED
UNDER THE FEDERAL RULES OF EVIDENCE BECAUSE
IT IS IRRELEVANT AND UNFAIRLY PREJUDICIAL AND NOT
BASED ON PERSONAL KNOWLEDGE. ......................................................... 9

RELIEF REQUESTED ............................................................................... 17

CERTIFICATE OF SERVICE ....................................................................... 17

# INDEX OF AUTHORITIES

## CASES

*Crockett v. Ford Motor Co.*, No. 12-cv-13869, 2016 WL 949211,
at \*3 (E.D. Mich. Mar. 14, 2016) ...........................................................................6

*Jones v. Butler Metropolitan Housing Authority*,
40 Fed.Appx. 131, 135 (6th Cir. 2002) ................................................................7

*United States v. Vandetti*, 623 F.2d 1144, 1149 (6th Cir. 1980) ...................................6

*Williams v. Nashville Network*, 132 F.3d 1123, 1128 (6th Cir. 1997) ........................4

## FEDERAL RULES OF EVIDENCE

FED.R.EVID. 103 .................................................................................................... 1

FED.R.EVID. 401 ................................................................................................. 4,15

FED.R.EVID. 402 .................................................................................................. 4,5

FED.R.EVID. 403 .................................................................................................. 4,5

FED.R.EVID. 404 .................................................................................................... 4

## CONCISE STATEMENT OF THE ISSUES PRESENTED

I.  **IS THE AFFIDAVIT OF GREGORY MURRAY PROPERLY EXCLUDABLE UNDER THE FEDERAL RULES OF EVIDENCE BECAUSE IT IS IRRELEVANT AND UNFAIRLY PREJUDICIAL AND NOT BASED ON PERSONAL KNOWLEDGE?**

Plaintiff Would Say "No".

Defendants say "Yes".

II.  **IS THE DEPOSITION TESTIMONY OF GREGORY MURRAY PROPERLY EXCLUDABLE UNDER THE FEDERAL RULES OF EVIDENCE BECAUSE IT IS IRRELEVANT AND UNFAIRLY PREJUDICIAL AND NOT BASED ON PERSONAL KNOWLEDGE?**

Plaintiff Would Say "No".

Defendants say "Yes".

## INTRODUCTION

Defendants are requesting that this Honorable Court make a determination *in limine* pursuant to FED.R.EVID. 103 as to the admissibility of certain irrelevant, immaterial and unfairly prejudicial evidence and testimony they anticipate that Plaintiff will attempt to introduce during trial. Defendants anticipate that Plaintiff will seek to introduce certain evidence, including the Affidavit and testimony from Gregory Murray, former Diversity Coordinator for the City of Warren.

Defendants now move to bar Mr. Murray's Affidavit and any testimony by him at trial for the simple reason that Murray admittedly has no direct or personal involvement with, or personal knowledge of, Plaintiff and/or her allegations in this lawsuit. Moreover, the allegations Murray addresses in his Affidavit, and subjects to which he testified about during his deposition, are not relevant to any issues in this case, are unfairly prejudicial and/or based on inadmissible hearsay.

## CONCISE STATEMENT OF FACTS

Plaintiff's case is well known to this Court. As such, only facts pertinent to the instant Motion are stated at this time.

Murray readily acknowledged that he does not know Plaintiff. (**Exhibit C:** 2/26/2018 Dep, p. 146). He further admitted that, while employed with the City of Warren, he never met or spoke with her. *Id.*, at pp. 145-146, 322-323. Likewise, he has not met or spoke with Plaintiff since he left the City of Warren. *Id.*, at pp. 146, 322-323.

Plaintiff has never expressed any issues or made any complaints, of any nature, to Murray about the City of Warren. *Id.*, at pp. 146, 231. Murray has never reached out to her. *Id.*, at p. 322. In summary, Mr. Murray admittedly has absolutely no direct or personal involvement with or knowledge of Plaintiff. *Id.*, at p. 151.

Instead, Murray only generally "know[s] about the lawsuit" *Id.*, at p. 151. His purported "knowledge" is based entirely on his reading of the Complaint and "what was shared with [him] by other people." *Id.*, at p. 154, 182-183. He did not conduct his own investigation concerning Plaintiff and/or her allegations. *Id.*, at p. 230. Rather, any investigations performed were undertaken solely by others and without any input from him; he was only apprised of the investigations after the fact. *Id.*, at p. 230. Notwithstanding, even based on his limited knowledge, he admittedly told multiple people that Plaintiff **"has no case."** *Id.*, at pp. 182-183, 256-257.

Significantly, **(1)** Murray never made a complaint to the U.S. Department of Justice (DOJ), about any action, activity or conduct by the City of Warren, Mayor Fouts, or any of the Defendants, including former Police Commissioner Jere Green, or any employee of the City of Warren. *Id.*, at pp. 155-157. **(2)** He never made a complaint to the U.S. Department of Labor (DOL), about any action, activity or conduct by the City of Warren, Mayor Fouts, or any of the Defendants, including former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 159-160. **(3)** He never made a complaint to any federal agency, about any action, activity or conduct by the City of Warren, Mayor Fouts, or any of the Defendants, including former Police

Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 159-160, 164. **(4)** He never made a complaint to any federal elected official or employee, about any action, activity or conduct by the City of Warren, Mayor Fouts, or any of the Defendants, including former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 163-164.

**(5)** Further, Murray never made a complaint to, or contacted, the Michigan Attorney General, about any action, activity or conduct by the City of Warren, Mayor Fouts, or any of the Defendants, including former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 165-166. **(6)** He never made a complaint to, or contacted, the Michigan Department of Civil Rights, about any action, activity or conduct by the City of Warren, Mayor Fouts, or any of the Defendants, including former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 166-168. **(7)** He never made a complaint to, or contacted, the Michigan Department of Labor, about any action, activity or conduct by the City of Warren, Mayor Fouts, or any of the Defendants, including former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 168-169. **(8)** He never made a complaint to, or contacted, any elected official or employee of the State of Michigan, about any action, activity or conduct by the City of Warren, Mayor Fouts, or any of the Defendants, including former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 169-171. **(9)** He never made a complaint to the Warren Police and Fire Civil Service Commission, about any action, activity or conduct by the City of Warren, Mayor Fouts,

or any of the Defendants, including former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 171-172. In summary, Murray said or did nothing regarding any of Plaintiff's allegations.

## LAW AND ARGUMENT

I.  **THE MURRAY AFFIDAVIT SHOULD BE EXCLUDED UNDER THE FEDERAL RULES OF EVIDENCE BECAUSE IT IS IRRELEVANT AND UNFAIRLY PREJUDICIAL AND NOT BASED ON PERSONAL KNOWLEDGE.**

A district court has broad discretion to determine matters of relevance. *Williams v. Nashville Network*, 132 F.3d 1123, 1128 (6th Cir. 1997). Under the Federal Rules of Evidence, evidence is not admissible unless it is "relevant". **F.R.E. 402**. Evidence is relevant only if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." **F.R.E. 401**. The key to the relevance standard under Rule 401 is the requirement that the evidence must go to a fact "that is of consequence". If evidence does not help establish a fact that is material to the parties' dispute, it is not admissible.

Evidence that is relevant is still inadmissible, if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by cumulative evidence." **F.R.E. 403**. "Evidence of a person's character or character trait is inadmissible to prove that on a particular occasion the person acted in accordance with the character or trait." **F.R.E. 404**.

Murray executed the disputed Affidavit on January 17, 2018. (**Exhibit A**: Affidavit). As an initial matter, the circumstances surrounding the preparation of same are, *at best*, highly suspicious. Murray testified that he did not prepare the Affidavit, but rather it was prepared by Desiree Turner, an investigator from Sunshine Innovations. (**Exhibit C**: 2/26/2018 Dep. pp. 253-256). He assumes that Turner was working at the request of Plaintiff's attorney, Leonard Mungo. *Id.*, at pp. 253-256. It should be noted that only one day later, on January 18, 2018, Plaintiff's counsel rather tellingly issued a subpoena and notice of intention to take Murray's deposition on January 29, 2018. (**Exhibit D**: Notice of Deposition.)

Murray's Affidavit is irrelevant under **F.R.E. 402** and has virtually nothing to do with the instant action filed by Plaintiff and, instead, everything to do with Murray's personal vendetta against the City of Warren, and particularly Mayor Fouts, despite claiming no embitterment or anger toward the Mayor or anyone else in the City after being "released"/"terminated" from his position as the City's Diversity Coordinator in December 2017. (**Exhibit A**, ¶14; **Exhibit B**: 1/29/2018 pp. 23-24, 28, 44). Indeed, Murray has since filed his own lawsuit in this same Court. *See **Gregory Murray v. City of Warren, et al.***, Case No. 2:19-cv-13010.

Murray's Affidavit is not only highly irrelevant, but it is also unfairly prejudicial. See **F.R.E. 403**. Evidence is unfairly prejudicial where it has an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an

emotional one. *United States v. Vandetti*, 623 F.2d 1144, 1149 (6th Cir. 1980). (Citation omitted.)

Murray's deposition testimony, moreover, solidifies the already obvious fact that his Affidavit lacks the requisite personal knowledge (especially as to Plaintiff and/or her lawsuit), is littered with hearsay, conveys misplaced allegations, and expresses Murray's conclusory, subjective opinions of the impressions of what others in the City were purportedly thinking. See *Crockett v. Ford Motor Co.*, No. 12-cv-13869, 2016 WL 949211, at *3 (E.D. Mich. Mar. 14, 2016). ("Addressing these matters runs far too high a risk of confusing and distracting the jury from the key issues in dispute and could require the Court to conduct a series on 'mini-trials' on extraneous allegations.") A prime example of the absurdity of Murray's Affidavit comes in ¶ 13, wherein he states:

> "A regulatory training of appointees was conducted and video recorded wherein Mayor Fouts made disparaging comments about people with *Tourette's syndrome*. Mayor Fouts ordered me to destroy the recordings of that training. I partially complied." (**Exhibit A**: Affidavit, ¶13) (Emphasis added.)

Regardless of the veracity of that allegation (which the Mayor vehemently denies), there can be no question that it simply has no place in the instant lawsuit. Plaintiff does not claim to have Tourette's syndrome, or any other disability for that matter, and instead, alleges discrimination on the basis of only race and/or gender. (Dkt. No. 4, 1st Amended Complaint). This evidence cannot possibly establish a fact that is material to the parties' dispute, because there is no claim in the instant case (nor has there ever been), that

Plaintiff suffers from such a disability. Consequently, ¶13, as with the rest of the Affidavit, must be excluded.

Murray continues his irrelevant and unfairly prejudicial attack on not only Mayor Fouts, but also former-Police Commissioner Jere Green throughout the remainder of his Affidavit. (See, generally, **Exhibit A**: Affidavit.) By way of example, rather than alleging that Fouts or Green directly engaged in and/or fostered racially discriminatory practices, Murray merely accuses each of being "disinterested" in racial diversity (which is simply not true), stating, in relevant part:

- "In _my_ _opinion_, the Mayor…is tone deaf and disingenuous, (i.e., not genuinely interested in adopting practices necessary to address racial diversity within city government)…" _Id._, at ¶4;

- "In _my_ _opinion_, the Police Commissioner, Jere Green, was not an advocate of diversity and was comfortable with the lack of diversity within the ranks of the Warren Police Department." _Id.,_ at ¶5.[1]

These paragraphs must be excluded as well. _See, e.g., **Jones v. Butler Metropolitan Housing Authority**_, 40 Fed.Appx. 131, 135 (6th Cir. 2002)(affidavits that recount impressions of what others in organization were thinking, and opinions of those impressions must be struck).

The _only_ mention of Plaintiff or anything that can even be remotely construed as somehow connected to her lawsuit comes in ¶¶ 6, 7 and 9, which read as follows:

---

[1] _See also_ **Exhibit A,** ¶5 ("Mayor Fouts stated to me that Police Commissioner Jere Green was not interested in diversity[.]")

- "The City of Warren has a history of taking delayed disciplinary action after its employees engaged in racially discriminatory and otherwise racially inappropriate conduct." *Id.*, at ¶6;

- "Although Barbara Beyer admitted responsibility for her repeated use of the racially derogatory word, 'Nigger,' in the presence of Officer Desheila Howlett, no definitive disciplinary action was imposed against her until several weeks after the incident. I participated in meetings where the purpose of the meeting was to discuss disciplinary action regarding Ms. Beyer's behavior. Subsequently, the disciplinary action that I recommended against Beyer included an unpaid two-week suspension that was imposed only after she had received her annual longevity (bonus) check." *Id.*, at ¶7;

- "After the Barbara Beyer incident, wherein Beyer repeatedly used the racially derogatory word "Nigger" in Officer Desheila Howlett's presence, the Police Commissioner and other city officials held a meeting wherein they discussed strategies for discrediting Desheila Howlett after she filed her lawsuit against the City of Warren." *Id.*, at ¶9.

These allegations in the Murray Affidavit have limited, if any, probative value.

Importantly, Barbara Beyer was previously dismissed by a stipulated order. (See **ECF No. 21**.) Notwithstanding, Murray lacks the necessary personal knowledge, and his Affidavit otherwise fails to set out facts that would be admissible as evidence. Here, the Murray Affidavit fails to meet this standard:

- "During that period of time, I developed the opinion that the City of Warren was vulnerable to federal investigation and oversight due to its history of, and the outcomes associated with, racially discriminatory employment practices." *Id.*, at ¶ 3;

- "The City of Warren has a history of taking delayed disciplinary action after its employees engaged in racially discriminatory and otherwise racially inappropriate conduct." *Id.*, at ¶6.

The Affidavit does not set out facts that would be admissible as evidence. If the

Court were to allow such evidence, it would change the nature and length of the proceedings in this matter moving forward considerably. Not only would Defendants have to present evidence to disprove Murray's opinions about these extraneous matters, but they would have to put into such evidence in context. Multiple additional witnesses would need to testify. All of this would be distracting and confusing, and would unnecessarily prolong the case.

The foregoing allegations, and indeed the Affidavit as a whole, must be excluded from evidence at trial.

## II.   THE MURRAY DEPOSITION SHOULD ALSO BE EXCLUDED UNDER THE FEDERAL RULES OF EVIDENCE BECAUSE IT IS IRRELEVANT AND UNFAIRLY PREJUDICIAL AND NOT BASED ON PERSONAL KNOWLEDGE.

Murray's deposition was taken over the course of three separate days: January 29th, February 26th, and August 6th, 2018. (See **Exhibits B, C** and **E**, respectively). The general tenor of each day of testimony is summarized below, by date, for this Honorable Court's convenience. As will be made apparent, Murray's deposition testimony, like his Affidavit, should be excluded.

Reduced to its core, Murray's testimony of **January 29, 2018** concerning Plaintiff and/or the present action was merely as follows:

- As far as Murray knows, Plaintiff was the only African American police officer in the history of the City of Warren's Police Department. (**Exhibit B**: 1/29/2018 Dep., pp. 45-46, 48, 101).

- Murray, as part of his duties as the City's Diversity Coordinator, provided after-the-fact diversity training to Defendants Shawn Johnson and

Barbara Beyer in relation to their alleged racially inappropriate conduct involving Plaintiff. *Id.*, at pp. 69-76.

- Murray was involved in and/or at least generally aware of the disciplinary action taken by the City of Warren in response to the alleged misconduct of Johnson and Beyer. *Id.*, at pp. 73-78, 88-90.

The remainder of the testimony elicited from Murray on January 29, 2018 had nothing to do with Plaintiff and/or her claims in this lawsuit. (See, generally **Exhibit B**).

The Murray deposition resumed on **February 26, 2018**. During that second day of deposition testimony, Murray made a series of fatal admissions, which clearly reveal that he has ***absolutely no direct or personal involvement with or knowledge of the Plaintiff and/or her allegations in this lawsuit***. Murray admitted the following:

- He readily acknowledged that he does not know Plaintiff. *Id.*, at p. 146.

- He further admitted that, while employed with the City of Warren, he never met or spoke with Plaintiff. *Id.*, at pp. 145-146, 322-323.

- Likewise, he has not met or spoke with Plaintiff since he left the City of Warren. *Id.*, at pp. 146, 322-323.

- Plaintiff has never expressed any issues or made any complaints, of any nature, to Murray about the City of Warren. *Id.*, at pp. 146, 231.

- Murray has never reached out to Plaintiff. *Id.*, at p. 322.

- In summary, Mr. Murray admittedly has absolutely no direct or personal involvement with or knowledge of Plaintiff. *Id.*, at p. 151.

- Instead, he only generally "know[s] about the lawsuit" *Id.*, at p. 151.

- His purported "knowledge" is based entirely on his reading of the Complaint and "what was shared with [him] by other people." *Id.*, at p. 154, 182-183.

- He did not conduct his own investigation concerning Plaintiff and/or her allegations. *Id.*, at p. 230.

- Rather, any investigations performed were undertaken solely by others and without any input from him; he was only apprised of the investigations after the fact. *Id.*, at p. 230.

- Notwithstanding, based on his limited knowledge, he admittedly told multiple people that Plaintiff "has no case." *Id.*, at pp. 182-183, 256-257.

- He never made a complaint to the U.S. Department of Justice (DOJ), about any action, activity or conduct by the City of Warren, Mayor Fouts, former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 155-157.

- He never made a complaint to the U.S. Department of Labor (DOL), about any action, activity or conduct by the City of Warren, Mayor Fouts, former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 159-160.

- He never made a complaint to any federal agency, about any action, activity or conduct by the City of Warren, Mayor Fouts, former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 159-160, 164.

- He never made a complaint to any federal elected official or employee, about any action, activity or conduct by the City of Warren, Mayor Fouts, former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 163-164.

- He never made a complaint to, or contacted, the Michigan Attorney General, about any action, activity or conduct by the City of Warren, Mayor Fouts, former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 165-166.

- He never made a complaint to, or contacted, the Michigan Department of Civil Rights, about any action, activity or conduct by the City of Warren, Mayor Fouts, former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 166-168.

- He never made a complaint to, or contacted, the Michigan Department of Labor, about any action, activity or conduct by the City of Warren, Mayor Fouts, former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 168-169.

- He never made a complaint to, or contacted, the any elected official or employee of the State of Michigan, about any action, activity or conduct by the City of Warren, Mayor Fouts, former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 169-171.

- He never made a complaint to the Warren Police and Fire Civil Service Commission, about any action, activity or conduct by the City of Warren, Mayor Fouts, former Police Commissioner Green, or any employee of the City of Warren. *Id.*, at pp. 171-172.

During his deposition on February 26, 2018, Murray, *at best*, offered testimony that only *marginally* relates to Plaintiff and/or her allegations. First, he discussed alleged racially and/or sexually inappropriate conduct by Barbara Beyer (no longer a defendant – *see* ECF No.21) and Shawn Johnson in the presence of and/or towards Plaintiff, and what he perceived to be delayed disciplinary action taken as to each individual by the City of Warren. (**Exhibit B**: pp. 66-67; **Exhibit C:** pp. 154-155, 340-344, 347). However, once again, the only knowledge Murray has in relation to those incidents is based on investigations performed entirely by others and without any input from him. (**Exhibit C**: p. 230). Second, Murray testified that he provided diversity training for both Ms. Beyer and Ms. Johnson as part of the discipline imposed in relation their alleged misconduct involving Plaintiff. (**Exhibit B**: pp. 66-67).

The remainder of Mr. Murray's testimony on February 26, 2018, much like his testimony on January 29, 2018, had virtually nothing to do with Plaintiff's lawsuit and,

instead, was nothing more than a repeated expression of the irrelevant averments stated in his Affidavit—namely, Murray's personal complaints regarding the purported lack of diversity in the City of Warren, and particularly within the Police Department, as well as Mayor Fouts' alleged "disinterest" in implementing practices designed to promote diversity. (See, for instance, **Exhibit C**: pp. 199-212, 232-233, 248-251, 261-262, 274). Significantly, he admitted that he conducted no investigation into any complaints, or made any complaints, to any state or federal agency, official or employee regarding the City, the Mayor, or any of the Defendants, including former Commissioner Green, or any employee of the City. (**Exhibit C**: pp. 151-172).

Murray was deposed a third time on **August 6, 2018**. (*See* **Exhibit E**). Importantly, Murray made the following concessions:

- He does not have any personal knowledge that the Police Department rules adversely affected Plaintiff. *Id.* at p. 403.

- Murray never reviewed and/or was not even aware of the Police Department's General Orders and/or policies concerning discrimination and sexual harassment. *Id.* at pp. 404-405, 407, 415, 484-485, 511.

- Murray never requested Police Commissioner Dwyer for the Police Department's General Orders and policies; he could have but did not. *Id.* at pp. 418, 505-506, 511.

- Even though he was employed by the City of Warren for eleven (11) months, he never saw the rules of conduct that require officers to conduct themselves in a manner that fosters cooperation, showing respect, courtesy and professionalism in their dealing with one another. *Id.* at p. 11.

- He never sat down with Police Commissioner Green or Commissioner Dwyer to go over the General Orders, rules or policies prohibiting discrimination in the Police Department. *Id.* at p. 435.

- He never discussed the Police Department's General Orders or written policies with Mayor Fouts. *Id.* at p. 434.

- He does not know the policies afforded to Plaintiff and is not aware of whether or not Plaintiff availed herself of the General Orders or the policies stated therein. Id. at pp. 411, 413.

- He never advised Plaintiff. *Id.* at 412.

- Although he believes he can give an opinion about Plaintiff's claim, such an opinion is not based on personal knowledge because he does not know Plaintiff. *Id.* at 413.

- He is not know whether or not Plaintiff ever went directly to an immediate supervisor rather than filing a formal complaint. *Id.* at p. 416.

- He does not know what Plaintiff did and did not do in terms of filing complaints during her ten (10) years a police officer. *Id.* at p. 508.

- He never had an conversation with the police union about Plaintiff, her case and/or whether she ever requested a grievance. *Id.* at p. 508.

- He was not aware of the disciplinary process in the Police Department. *Id.* at p. 421-422.

- He has no knowledge of the Warren City Charter, which states that the Police Commissioner shall organize and conduct the Police Department in a manner that he or she sees fit. *Id.* at p. 422.

- He does not know all the diversity training provided to the Police Department because he was only in his position for eleven (11) months. *Id.* at p. 474.

- Diversity training does not always affect how a person is going to act. *Id.* at p. 426.

- He has no personal knowledge of any police officers engaging in improper activities, and he did not directly observe racism in the Police Department. *Id.* at p. 481.

- At best, Murry was involved in discipline regarding two individuals in the Police Department: Babara Beyer and Detective Johnson. *Id.* at p. 422.

The key to the relevance standard under the Federal Rules of Evidence is the requirement that the evidence must go to a fact "that is of consequence". See **F.R.E. 401**. Evidence that does not help to establish a fact that is material to the parties' dispute is not admissible. Here, evidence relating to Murray's personal complaints about the purported lack of diversity within the City, or the Mayor's alleged "disinterest" in implementing diversity, are not relevant in that they do not relate to any fact that is of consequence to any of Plaintiff's allegations. There is no claim in this case (nor has there ever been) that remotely touches upon those alleged incidents.

Moreover, at the very conclusion of the February 26, 2018 deposition, opposing counsel inappropriately elicited testimony from Murray that he was allegedly instructed by Mayor Fouts to destroy certain videotapes that purportedly capture the Mayor making disparaging comments about people with Tourette's syndrome and individuals with disabilities, generally. (**Exhibit C**: pp. 391-393). Then, toward the conclusion of

the August 6, 2018 deposition, opposing counsel improperly elicited testimony from Murray that he believes Mayor Fouts' voice is heard in certain audio recordings in which Fouts is alleged to have used racist language and derogatory comments about women. (**Exhibit E**, pp. 535-536). Mayor Fouts vehemently denies such allegations. Notwithstanding, such testimony by Mr. Murray is irrelevant and has no place in this lawsuit.

Such evidence will cause significant and unfair prejudice if it is admitted. Allowing Plaintiff to introduce his personal complaints about the City's or the Mayor's intentions concerning diversity would encourage the ultimate trier of fact to decide the case based upon an assessment of the City's diversity programs, and not on the real issues of this case: whether Plaintiff was discriminated against on the basis of her race and/or gender.

Such evidence also confuses the issues and would waste time. Defendants dispute any assertion about the ineffectiveness of its diversity plans or programs and would have the right to present its own evidence and argument in this regard. This will effectively create a series of mini-trials to determine the level of diversity within the City and its commitment to further its own goals. The focus of Plaintiff's case will drift to immaterial matters, confusing the issues and needlessly prolonging the case. To avoid this possibility, Murray's testimony should be excluded.

## RELIEF REQUESTED

**WHEREFORE,** Defendants respectfully request this Honorable Court grant

this Motion in Limine #6 and Exclude the Affidavit and Testimony of Gregory Murray.

Respectfully submitted,

s/  Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defendant
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
Dated: December 17, 2019       racho@cmda-law.com
P-23913

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record; and

I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant:

s/Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI  48152
Phone:  (734) 261-2400
E-mail: snolan@cmda-law.com
P23913