UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

                    Plaintiff,

v

CITY OF WARREN; LT. LAWRENCE
GARDNER; SHAWN JOHNSON; and
ANWAR KHAN,

                    Defendants.

Case No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

---

THE MUNGO LAW FIRM, PLC
By:  LEONARD MUNGO  (P43562)
333 W. Fort Street, Suite 1500
(313) 963-0407 / FAX (313) 963-0200
Detroit, MI  48226
caseaction@mungoatlaw.com
Attorneys for Plaintiff

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By:   **RONALD G. ACHO**  (P23913)
        **JAMES R. ACHO**  (P62175)
17436 College Parkway
Livonia, MI  48152
(734) 261-2400 / FAX (734) 261-2400
racho@cmda-law.com
jacho@cmda-law.com
Attorneys for **Defendants**

ETHAN VINSON  (P26608)
City of Warren, City Attorney
1 City Square, Suite 400
Warren, MI  48093-5390
(586) 574-4671 / FAX (586) 574-4530
evinson@cityofwarren.org
Co-Counsel for Defendants

---

## DEFENDANTS' MOTION *IN LIMINE* # 7 TO PRECLUDE PLAINTIFF AT TRIAL FROM ELICTING ANY TESTIMONY AND/OR INTRODUCING ANY EVIDENCE RELATED TO MAYOR JAMES R. FOUTS

**NOW COMES** the Defendants, CITY OF WARREN, LT. LAWRENCE GARDNER, SHAWN JOHNSON, and ANWAR KHAN, by and through their attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by **RONALD G. ACHO**, and hereby submit this Motion *in Limine* # 7 To Preclude Plaintiff At Trial

From Eliciting Any Testimony And/Or Introducing Any Evidence Related To Mayor James R. Fouts.  In support of this Motion, Defendants rely upon the attached Brief and other documents attached as exhibits. Concurrence in the relief requested in this Motion was requested on December 16, 2019, but was denied, necessitating the filing of this Motion.

WHEREFORE, Defendant respectfully requests this Honorable Court grant this Motion in Limine # 7 To Preclude Plaintiff At Trial From Eliciting Any Testimony And/Or Introducing Any Evidence Related To Mayor James R. Fouts.

Respectfully submitted,

s/  Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defendant
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
Dated: December 17, 2019     racho@cmda-law.com
P-23913

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

       Plaintiff,                   Case No. 17-11260

v                                  Hon. Terrence G. Berg
                                  Mag. R. Steven Whalen

CITY OF WARREN; LT. LAWRENCE
GARDNER; SHAWN JOHNSON; and
ANWAR KHAN,

       Defendants.

---

THE MUNGO LAW FIRM, PLC
By:  LEONARD MUNGO  (P43562)
333 W. Fort Street, Suite 1500
(313) 963-0407 / FAX (313) 963-0200
Detroit, MI  48226
caseaction@mungoatlaw.com
Attorneys for Plaintiff

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By:   **RONALD G. ACHO**  (P23913)
     **JAMES R. ACHO**  (P62175)
17436 College Parkway
Livonia, MI  48152
(734) 261-2400 / FAX (734) 261-2400
racho@cmda-law.com
jacho@cmda-law.com
Attorneys for **Defendants**

ETHAN VINSON  (P26608)
City of Warren, City Attorney
1 City Square, Suite 400
Warren, MI  48093-5390
(586) 574-4671 / FAX (586) 574-4530
evinson@cityofwarren.org
Co-Counsel for Defendants

---

# DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE* # 7 TO PRECLUDE PLAINTIFF AT TRIAL FROM ELICITING TESTIMONY AND/OR INTRODUCING EVIDENCE RELATED TO MAYOR JAMES R. FOUTS

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES..............................................................................ii

CONCISE STATEMENT OF THE ISSUES PRESENTED.....................................iii

INTRODUCTION..........................................................................................1

CONCISE STATEMENT OF FACTS.................................................................1

LAW AND ARGUMENT ................................................................................3

RELIEF REQUESTED ...................................................................................4

CERTIFICATE OF SERVICE .........................................................................5

# INDEX OF AUTHORITIES

**Federal Rules**                                                                            **Page**

F.R.E. 103 .................................................................................................................. 1

F.R.E. 401 .................................................................................................................. 3

F.R.E. 402 .................................................................................................................. 3

F.R.E. 403 .................................................................................................................. 3

## **CONCISE STATEMENT OF THE ISSUES PRESENTED**

Should Plaintiff be permitted to elicit any testimony and/or introduce any evidence related to James R. Routs, the Mayor for the City of Warren, when he is not a named defendant, has no first-hand knowledge of Plaintiff's allegations in this action, had almost no interaction with Plaintiff and generally has no relevant or material information critical to Plaintiff's claim, does not dictate policies, procedures or hiring practices for the City of Warren Police Department, and the subjects of any testimony or proofs sought to be introduced by Plaintiff with regard to Mayor Fouts are unfairly prejudicial?

Plaintiff answers:          Yes

Defendants answer:          No

## INTRODUCTION

Defendants are requesting that this Honorable Court make a determination *in limine* pursuant to **F.R.E. 103** as to the admissibility of certain irrelevant, immaterial and unfairly prejudicial testimony and evidence they anticipate Plaintiff will attempt to introduce during trial. Defendants anticipate that Plaintiff will seek to elicit testimony and/or introduce certain evidence pertaining to James R. Fouts, the Mayor for the City of Warren.

Defendants now move to bar Plaintiff at trial from eliciting any testimony and/or introducing any evidence related to Mayor Fouts for the simple reason that he is not a named defendant, has no first-hand knowledge of Plaintiff's allegations in this action, had almost no interaction with Plaintiff and generally has no relevant and material information critical to Plaintiff's claim, does not dictate policies, procedures or hiring practices for the City of Warren Police Department, and the subjects of any testimony or proofs sought to be introduced by Plaintiff with regard to Mayor Fouts are unfairly prejudicial for the remaining defendants.

## CONCISE STATEMENT OF FACTS

Plaintiff's counsel, Leonard Mungo, throughout the pretrial stages of this case has made a calculated effort to disparage and harass Mayor Fouts, other City officials and the City of Warren by disseminating to the public and media unrelated, false, misleading, mischaracterizing, inflammatory and potentially libelous statements and opinions. The highly-publicized media blitz begins with Gregory Murray, the

disgruntled, former Diversity Coordinator, who has been intentionally interjected into this case by Plaintiff's counsel in order to place the spotlight on Mayor Fouts. However, like Murray, Mayor Fouts has absolutely nothing to do with this case, and any testimony or proofs related to the Mayor are neither relevant nor material to the allegations made by Plaintiff in this lawsuit. There are several reasons why:

- As this Court has already recognized, **Mayor Fouts is not a named-defendant in this action**, ECF No. 98, Page ID.10196, and indeed, he is **not even directly mentioned in Plaintiff's First-Amended Complaint**. ECF No. 4, Page ID.47-69.

- It is undisputed that Mayor Fouts has the power to appoint the Police Commissioner. However, **Mayor Fouts has no direct dealing, oversight or supervision over the Police Department**. Instead, the Police Commissioner oversees and manages the Police Department, without input from the Mayor. ECF No. 74, PageID.7518-19; see also (**Exhibit A**, Deposition of Mayor Fouts, pp. 58-62, 62-64, 93).

- **Mayor Fouts does not dictate policies, procedures or hiring practices for the City of Warren Police Department**. Per the Warren City Charter, the Police Commissioner, along with command staff, creates the internal policies, rules and procedures for the Police Department, separate and apart from other general City policies.   ECF No. 74, PageID. 7519. The Police Department creates and implements its own polices, or General Orders, which have been enforced and updated at all relevant times without the involvement or knowledge of the City's Administration, including the Mayor. (**Exhibit A**, pp. 98-99).

- **Mayor Fouts has no first-hand knowledge of the allegations made by Plaintiff and Plaintiff had almost no dealings with the Mayor**. Plaintiff admitted that she has almost no interaction with the City of Warren Administration, and that her only contact with Mayor Fouts was when he introduced her at a Warren State of the City Address where he was very complimentary of her. ECF no. 74, PageID.7519.

▪ No mayor for the City of Warren, including Mayor Fouts, has ever fielded and/or investigated any internal police officer complaints regarding discriminatory harassment and/or discriminatory treatment. The Police Department usually conducts its own internal investigations and sometimes uses the assistance of the City's Human Resources Department. ECF No.29, PageID. 613, citing Exhibit B: Affidavit of Mark Simlar, ¶17.

## LAW AND ARGUMENT

It is well-established that "evidence not relevant is inadmissible." F.R.E. 402. Relevant evidence is defined to include "evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. Although relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" F.R.E. 403.

Here, testimony or other "proofs" related to Mayor Fout – the highest-ranking governmental official in the City of Warren, the third-largest municipality in the State of Michigan – is simply not relevant or material to the instant lawsuit. As highlighted above, Mayor Fouts is not a named-defendant in this action and is not even mentioned in Plaintiff's First Amended Complaint. In fact, <u>Plaintiff has admitted that she had no dealings with Mayor Fouts outside of his introduction of her at a Warren State of the City Address. Moreover, it is not disputed that Mayor Fouts does not dictate policies, procedures or hiring practices for the City of Warren, and has no direct dealing oversight or supervision over the City's Police Department</u>. The Police Department

essentially monitors itself at the direction of the Police Commissioner, who is afforded total control to oversee and manage the Police Department, without input from the Mayor, and it is the Commissioner, along with command staff, who creates the internal polices, rules and procedures for the Police Department, which have been enforced and updated at all relevant times without the involvement or knowledge of the Mayor's Administration.

In the end, Plaintiff and her counsel only intend to introduce testimony or other "evidence" pertaining to Mayor Fouts at trial for the purpose of manipulating the ultimate determinations in this case and, in turn, prejudicing the remaining defendants in this matter. Those defendant deserve the right to a fair trial, which cannot be accomplished where the spotlight is unnecessarily thrust on the Mayor and his primary accuser, Gregory Murray—neither of which have anything to do with Plaintiff or her allegations. Where the potential for prejudice of introducing testimony and other proofs related to Mayor Fouts would substantially outweigh any probative value, it is properly precluded from admission at trial. F.R.E. 403.

## **RELIEF REQUESTED**

**WHEREFORE,** Defendant respectfully requests this Honorable Court grant this Motion in Limine # 7 To Preclude Plaintiff At Trial From Eliciting Any Testimony And/Or Introducing Any Evidence Related To Mayor James R. Fouts.

Respectfully submitted,

s/  Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defendant
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
Dated: December 17, 2019        racho@cmda-law.com
P-23913

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record; and

I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant:

s/Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI  48152
Phone:  (734) 261-2400
E-mail: racho@cmda-law.com
P23913