UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DESHEILA HOWLETT** Plaintiff, vs. **CITY OF WARREN et al.**, Defendants. | 4:17-CV-11260-TGB **ORDER GRANTING DEFENDANTS' MOTION TO STAY (ECF NO. 112) AND DISMISSING WITHOUT PREJUDICE DEFENDANTS' MOTION IN LIMINE (ECF NOS. 103-109)** |

The City of Warren and individual Warren Police Department Defendants have asked the Court to stay these proceedings (ECF No. 112) during the interlocutory immunity appeal of the Court's order denying in part their motion for summary judgment (ECF No. 98). For the reasons stated herein, the Court will **GRANT** Defendants' motion.

I.

The Court denied Defendants' motion for summary judgment partly because it concluded that Defendants Lawrence Gardner, Shawn Johnson, and Anwar Khan were not entitled to qualified immunity. ECF No. 98, PageID.10213-10225. Ordinarily, the denial of summary judgment is not immediately appealable because it is not considered a final decision within the meaning of 28 U.S.C. § 1291. *Siders v. City of*

1

*Eastpointe*, --- Fed.Appx. ---, 2020 WL 4250984, at *4 (6th Cir. July 24, 2020). "But the 'denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of [ ] § 1291 notwithstanding the absence of a final judgment.'" *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). This is because qualified immunity is "an entitlement not to stand trial or face other burdens of litigation[,]" and would be "effectively lost" if a case was "erroneously permitted to go to trial." *Forsyth*, 472 U.S. at 526. But the appellate court's jurisdiction to review such a decision is narrowly defined. It "may not decide a challenge aimed solely at the district court's determination of the record-supported evidence, but [it] may decide a challenge with any legal aspect to it, no matter that it might encroach on the district court's fact-based determinations." *Bunkley v. City of Detroit*, 902 F.3d 552, 560-61 (6th Cir. 2018). Thus, the court of appeals may not "decide a challenge to the district court's determination of 'evidence sufficiency,' i.e., which facts a party may, or may not be able to prove at trial." *Id.* at 559 (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995)). But it may "decide a challenge to the district court's legal determination that the defendant's actions violated a constitutional right or that the right was clearly established." *Id.* As "[d]enial of summary judgment often includes a determination that there are controverted issues of material fact[,] . . . *Johnson* surely does not mean that *every* such denial of summary judgment is nonappealable." *Id.* at 560 (quoting *Behrens v.*

2

*Pelletier*, 516 U.S. 299, 313 (1996)). Therefore, the Court must ask whether its denial of qualified immunity for Defendants Gardner, Johnson, and Khan, had "any legal aspect to it," or whether the determination was "aimed solely at the district court's determination of the record-supported evidence." *Id.*

## II.

Here, the Court's decision to deny qualified immunity to Defendants Gardner, Johnson, and Khan did rely to some extent on legal questions. Consequently, the motion seeking a stay pending interlocutory appeal is well taken.

With respect to Defendants Shawn Johnson and Anwar Khan, the Court determined that the qualified immunity defense was abandoned for different reasons. As to Defendant Johnson, the Court determined that while Johnson had preserved the qualified immunity defense in his answer, he had not raised it in his motion for summary judgment, and therefore the Court was not obligated to consider whether his conduct should be shielded by qualified immunity. ECF No. 98, PageID.10215. This question whether the Court was correct in concluding that Johnson had effectively forfeited his ability to raise a qualified immunity defense by failing to raise it in his summary judgment motion is a legal one. As to Defendant Khan, the Court determined that Khan had failed to argue why he was entitled to qualified immunity for his discriminatory conduct after April 21, 2014, for purposes of Plaintiff's § 1983 claim. *Id.* at

3

PageID.10215-16). Similarly, it is a legal question as whether Khan's failure to specify reasons why he was entitled to qualified immunity is a sufficient basis to conclude that he is not entitled to claim its protection. A review of this Court's decisions on these questions would not be "aimed solely at the district court's determination of record-supported evidence," *Bunkley*, 902 F.3d at 560-61. If Defendants can point to legal authorities supporting their argument that they should be entitled to rely on these defenses, even in light of their conduct as found by the Court, then they should be able to raise those arguments on appeal.[1]

With respect to Defendant Gardner, while the Court ultimately concluded that genuine issues of material fact existed as to whether Gardner intentionally discriminated against Plaintiff, this decision turned in part on "whether a reasonable official in Gardner's position could have believed that placing Plaintiff in the same office space as Johnson following a sustained disciplinary action and expressly against her wishes—was lawful," considering the clearly established right to be free from state-sponsored discrimination based on race and sex. ECF No. 98, PageID.10223-24. This in turn, depends on the Court's "legal determination that the defendant's actions violated a constitutional right or that the right was clearly established." *Bunkley*, 902 F.3d 560-61. In

---

[1] The Court did not find such appellate authorities, however, relying for example on an Eastern District of Michigan case, rather than a decision from the Sixth Circuit, in support of its abandonment holding.

4

sum, the Court acknowledges that the decision to deny Defendants Gardner, Johnson, and Khan qualified immunity turns to some degree on legal questions, so that it appears that the court of appeals would properly have the jurisdiction to address. "The Court's reliance on factual disputes in resolving the motion does not preclude the Sixth Circuit from answering the purely legal questions the appeal will present." *Gentry v. Wayne County*, No. 10-cv-11714, 2011 WL 13160849, at *2 (E.D. Mich. Oct. 17, 2011) (citing *Estate of Carter v. City of Detroit*, 186 F.3d 685, 689-90 (6th Cir. 2005)).

For these reasons, the Court also concludes that this appeal is neither frivolous nor taken with dilatory intent, and that all proceedings ought to be stayed while the appeal is prosecuted.[2] *Yates v. City of Cleveland*, 941 F.2d 297, 299 (6th Cir. 1991). Indeed, because a claim against the municipality, the City of Warren, also exists, it would be in the public interest to stay the proceedings while the appeal of some of the individual officers' liability is pending. *Gentry*, 2020 WL 13160849 at *2.

This case involves a lengthy record spanning several years and involving many witnesses. The matter has never been on appeal and

---

[2] Plaintiff asserts that the Court must consider the same four factors in deciding a motion for preliminary injunction when determining whether to grant a stay of proceedings pending appeal. ECF No. 113, PageID.10647. But the case on which Plaintiff relies, *United States v. Omega Solutions, LLC*, 889 F. Supp. 2d 945, 947-48 (E.D. Mich. 2012), did not involve an interlocutory appeal of a finding that a defendant was not entitled to qualified immunity, a doctrine that permits interlocutory appeal so long as not frivolous or being sought solely for purposes of delay. *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991).

presents legal questions regarding qualified immunity. And most importantly, Defendants have filed a notice of appeal. ECF No. 110. "Generally, the filing of a notice of appeal from the denial of immunity divests the court of jurisdiction of the case." *Cervantes v. Torbett*, 2010 WL 1417832, at *1 (E.D. Mich. Apr. 5, 2010) (quoting *Smith v. Cty. of Lenawee*, 2009 WL 3672107, at *2 (E.D. Mich. Nov. 3, 2009), citing *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994). There is no reason, therefore, to deprive Defendants of an opportunity to test the correctness of the Court's legal conclusions on appeal before trial begins.[3]

## III.

Accordingly, Defendants' Motion to Stay (ECF No. 112) is **GRANTED**. The case is hereby **STAYED** pending the Sixth Circuit's decision on Defendants' interlocutory appeal. Further, as the case is now on appeal to the Sixth Circuit, divesting this court of jurisdiction pending appeal, the Court **DISMISSES WITHOUT PREJUDICE** Defendants'

---

[3] Plaintiff argues that Defendants' motion is untimely because it was not raised in Defendants' Motion for Reconsideration and therefore brought more than 30 days after the Court's summary judgment order. ECF No. 113, PageID.10651. However, Defendants were not obligated to preserve this issue in their Motion for Reconsideration if they believed the questions of qualified immunity turned on questions of law. *See* E.D. Mich. L.R. 7.1(h)(3) (explaining that "the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication."). And Defendants filed their notice of appeal and motion to stay two days after the Court issued its order on the motion for reconsideration. ECF No. 112; *Kennedy v. City of Cleveland*, 797 F.2d 297, 304-05 (6th Cir. 1986) (explaining motions for reconsiderations must be timely in order to extend the period for appeal). Accordingly, Defendants' motion to stay pending appeal is timely.

pending motions in limine (ECF Nos. 103-109). Such motions may be raised again, if necessary, when the case is again before the Court.

**SO ORDERED.**

DATED: August 28, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge