# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: August 04, 2021

Mr. James R. Acho
Mr. Ronald G. Acho
Mr. Stanley I. Okoli
Cummings, McClorey, Davis & Acho
17436 College Parkway
Third Floor
Livonia, MI 48152

Mr. Leonard Mungo
Mungo and Mungo
31700 Telegraph Road
Suite 250
Bingham Farms, MI 48025

Re: Case No. 19-2460, *DeSheila Howlett v. City of Warren, MI, et al*
Originating Case No. : 4:17-cv-11260

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosure

NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0377n.06

No. 19-2460

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DESHEILA HOWLETT,                        )
                                         )
        Plaintiff-Appellee,              )
                                         )
v.                                       )
                                         )
CITY OF WARREN, MICHIGAN, et al.,        )
                                         )
        Defendants-Appellants.           )

```
FILED
Aug 04, 2021
DEBORAH S. HUNT, Clerk
```

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

O R D E R

Before:  CLAY, McKEAGUE, and MURPHY, Circuit Judges.

The City of Warren, Michigan, and Warren police officers Lawrence Garner, Shawn Johnson, and Anwar Khan (collectively, "Defendants") appealed the district court's order partially denying their motion for summary judgment. Plaintiff DeSheila Howlett moved to dismiss the appeal, arguing that there was no final, appealable order and that this Court lacked jurisdiction under 28 U.S.C. § 1291. By an earlier order, we granted Plaintiff's motion and ordered Defendants to show cause why they should not be sanctioned for pursuing a frivolous appeal under Federal Rule of Appellate Procedure 38. We also permitted Plaintiff to file an affidavit setting forth her reasonable costs and attorney fees incurred by this appeal. Defendants filed a response to the order to show cause. We conclude that sanctions are warranted and **ORDER** the City to pay Plaintiff in the amount of $1,500.

Ordinarily, we do not have jurisdiction to review a district court's order denying a motion for summary judgment on interlocutory appeal. *Johnson v. City of Saginaw*, 980 F.3d 497, 505 (6th Cir. 2020). There is a limited exception to this rule for appeals of denials of qualified immunity. *Marvaso v. Sanchez*, 971 F.3d 599, 604 (6th Cir. 2020).

In their response to our order to show cause why they should not be sanctioned, Defendants argue at length why they believed their appeal of the district court's denial of qualified immunity was not frivolous. "Sanctions are appropriate where 'the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy.'" *Allinder v. Inter-City Prods. Corp.*, 152 F.3d 544, 552 (6th Cir. 1998) (quoting *Reid v. United States*, 715 F.2d 1148, 1155 (7th Cir. 1983)). As to the appeal of the denial of qualified immunity, we determine that this standard has not been met and decline to grant sanctions against the individual defendants. *See Latits v. Phillips*, 573 F. App'x 562, 565–66 (6th Cir. 2014) (declining to grant sanctions in similar appeal of denial of qualified immunity).

On the other hand, the City essentially admits that it had no "cognizable appeal" of the denial of summary judgment on Plaintiff's Title VII and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), claims, which do not implicate qualified immunity or the individual defendants. Instead, the City argues that "[w]hile it is true that other arguments [i.e., non-qualified immunity arguments] were advanced in their brief, the Defendants did so in order that the issues not be considered abandoned, anticipating that this Court—as its order referring the appeal to a merits panel seemed to indicate—would entertain the viable portions of the appeal on its merits and discard any that it deemed procedurally inappropriate."

"An appeal is frivolous where an appellant 'essentially had no reasonable expectation of altering the district court's judgment based on law or fact.'" *Moross Ltd. P'ship v. Fleckenstein Cap., Inc.*, 466 F.3d 508, 520 (6th Cir. 2006) (quoting *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6th Cir. 1999)). In this case, the City conceded that it had no expectation of reversing the district court's adverse Title VII and *Monell* determinations—the only claims it raised on appeal. Rather, the City admits it was relying entirely on this Court to ascertain the viability of its claims. That is an abdication of a litigant's responsibility to evaluate the merits of its own arguments and determine whether they are warranted before presenting them to a court. *See Dubay v. Wells*, 506 F.3d 422, 433 (6th Cir. 2007) ("[T]he sole purpose of awarding attorney fees under Rule 38 is to discourage litigants from wasting this Court's time and the opposing party's resources with frivolous appeals.").

We also find that the City intended "delay, harassment, or other improper purposes" with this appeal. *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cir. 2013) (quoting *Vic Wertz Distrib. Co. v. Teamsters Loc. 1038*, 898 F.2d 1136, 1143 (6th Cir. 1990)). This determination is informed by our decision in *McDonald v. Flake*, 814 F.3d 804 (6th Cir. 2016), where a city brought an interlocutory appeal of a *Monell* claim, and we awarded sanctions.[1] As we observed in *McDonald*, because "this was an ordinary denial of summary judgment, not a denial of qualified immunity, even a purely legal issue is not final for purposes of appellate jurisdiction." *Id.* at 815. In *McDonald*, the city at least alleged that we should exercise our pendent appellate jurisdiction to justify our consideration of the *Monell* issue on interlocutory appeal. *Id.* at 815–16. Here, the City confusingly refers to the "crystallizing role of [] Federal Rule of Civil Procedure 56" to support our review of the Title VII and *Monell* claims. Like this case, *McDonald* also featured a court order explaining the limits on interlocutory appeals. "This gross futility and the defendants' disregard for the warning necessarily influences our view of whether the defendants intended 'delay, harassment, or other improper purposes.'" *Id.* at 817 (quoting *Bridgeport Music*, 714 F.3d at 944).

"Because these appeals were so clearly futile and apparently prosecuted for improper purposes, we conclude that sanctions are warranted." *Id.* The City does not appear to contest that, if this Court determines sanctions are warranted, the amount granted in *McDonald*, $1,500, would be appropriate. Accordingly, the City of Warren is **ORDERED** to pay Plaintiff $1,500 in damages under Federal Rule of Appellate Procedure 38 for pursuing a frivolous appeal within thirty days of the date of this order.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk

---

[1] In *McDonald*, we determined separately whether a police officer's appeal of the denial of qualified immunity was frivolous and sanctionable and whether a city's appeal of the denial of summary judgment on a *Monell* claim was frivolous and sanctionable. *McDonald* therefore demonstrates that we may review frivolous appeal sanctions on an appellant-by-appellant basis. Accordingly, Defendants' argument that the City's admittedly deficient appeal is not sanctionable because the individual defendants' qualified immunity appeal was claimed to be cognizable is unavailing.