UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,

    Plaintiff,

vs.

CITY OF WARREN, LT. LAWRENCE GARDNER, SHAWN JOHNSON and ANWAR KHAN,

    Defendants.

Case No. 17-11260
Hon. Terence G. Berg
Mag. R. Steven Whalen

_____/

MUNGO & MUNGO AT LAW, PLLC
By:  LEONARD MUNGO (P43562)
Attorneys for Plaintiff
31700 Telegraph Rd., Ste. 250
Bingham Farms, MI  48025
(248) 792-7557
caseaction@mungoatlaw.com

ETHAN VINSON (P26608)
City of Warren, City Attorney
Co-Counsel for Defendants
1 City Square, Ste. 400
Warren, MI  48093
(586) 574-4671
evinson@cityofwarren.org

KIRK, HUTH, LANGE & BADALAMENTI, PLC
By: ROBERT S. HUTH, JR. (P42531)
    RAECHEL M. BADALAMENTI (P64361)
    ELIZABETH P. ROBERTS (P76017)
    CHAD L. RIDDLE (P72784)
Attorneys for Defendants
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900
rhuth@KirkHuthLaw.com
rbadalamenti@KirkHuthLaw.com
eroberts@KirkHuthLaw.com
criddle@KirkHuthLaw.com

_____/

## DEFENDANTS' STATEMENT REGARDING COMPENSATORY DAMAGES AS IT RRELATES TO EVIDENCE OF INDEMNITY OR INSURANCE

NOW COME Defendants, City of Warren, Lt. Lawrence Gardner, and Officers Shawn Johnson and Anwar Khan, by and through their attorneys, and

1

request this Honorable Court to address the issue of compensatory damages and evidence of inability to pay judgment, as it relates to the introduction of evidence pertaining to indemnity or insurance coverage, and state as follows:

    Defendants' position is that evidence as to the inability to pay a judgment does not open the door to evidence that the City was allegedly obligated to indemnify or insure the individual Defendants. This Court already ruled that the right of Defendants to indemnity or insurance coverage for punitive damages was unclear and, on that basis, determined that evidence of Collective Bargaining Agreement language regarding that unclear right to indemnity or insurance was unfairly prejudicial and not highly probative, under Federal Rule of Evidence 403. The Court asked the parties to address the issue of whether an alleged right to indemnity or insurance for compensatory damages would be admissible given that Defendants introduced through a single witness Corporal Johnson's inability to pay judgment. Evidence of inability to pay and/or ability to pay is relevant to the jury's assessment, if any, of punitive damages. The same evidence of inability to pay a compensatory damages award does not open the door to evidence of an alleged right to indemnity or insurance covering the compensatory damages award because compensatory damages are intended to compensate the Plaintiff and make the Plaintiff whole, i.e. compensatory damages are meant to compensate Plaintiff

and the ability or inability to pay is entirely irrelevant to the issue of compensatory damages. The jury will be instructed as much.

Defendants incorporate by reference the legal authorities relied on in ECF #167.

WHEREFORE, Defendants respectfully request that this Honorable Court exclude evidence of an alleged right of indemnity and/or insurance, including the Collective Bargaining Agreement, from evidence in the Trial of this case.

        Respectfully submitted,

        **KIRK, HUTH, LANGE & BADALAMENTI**, PLC

By:   s/Raechel M. Badalamenti
      RAECHEL M. BADALAMENTI (P64361)
      Attorneys for Defendants
      19500 Hall Road, Suite 100
      Clinton Township, MI  48038
      (586) 412-4900
      rbadalamenti@KirkHuthLaw.com

Dated:  May 1, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants in this case.  I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

      s/Raechel M. Badalamenti
      RAECHEL M. BADALAMENTI (P64361)
      rbadalamenti@KirkHuthLaw.com
      19500 Hall Road, Suite 100
      Clinton Township, MI  48038   (586) 412-4900