UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,
 Plaintiff,

v.

CITY OF WARREN; LT.
LAWRENCE GARDNER;
SHAWN JOHNSON; and
ANWAR KHAN;

 Defendants.

Civil No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

---

MUNGO & MUNGO AT LAW,
 PLLC
By: LEONARD MUNGO (P43562)
Attorneys for Plaintiff
31700 Telegraph Rd., Ste. 250
Bingham Farms, MI  48025
(248) 792-7557
caseaction@mungoatlaw.com


ETHAN VINSON (P26608)
City of Warren, City Attorney
Co-Counsel for Defendants
1 City Square, Ste. 400
Warren, MI  48093
(586) 574-4671
evinson@cityofwarren.org

KIRK, HUTH, LANGE & BADALAMENTI,
PLC
By: ROBERT S. HUTH, JR. (P42531)
RAECHEL M. BADALAMENTI (P64361)
 ELIZABETH P. ROBERTS (P76017)
CHAD L. RIDDLE (P72784)
Attorneys for Defendants
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900
rhuth@KirkHuthLaw.com
rbadalamenti@KirkHuthLaw.com
eroberts@KirkHuthLaw.com
criddle@KirkHuthLaw.com

---

# PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND PREJUDGMENT AND POST-JUDGMENT INTEREST

1

NOW COMES Plaintiff Desheila Howlett, by and through her attorneys MUNGO & MUNGO AT LAW, PLLC, and for her Motion for Attorneys' Fees, Costs, and Prejudgment and Post judgment Interest relies on the attached brief in support.

Plaintiff sought concurrence from Defendants' attorney, Raechel Badalamenti, but it was denied.

WHEREFORE, Plaintiff requests that this Court award her attorneys fees of $213,238.99 and prejudgment interest of $112,120.88 and a post-judgment interest rate of .61% per day from the date of judgment until it is paid in full.

Respectfully submitted,

/s/ Leonard Mungo
**MUNGO & MUNGO AT LAW**
Leonard Mungo (P43562)
Attorneys for Plaintiff
31700 Telegraph Rd., Suite 250
Bingham Farms, Michigan 48025
(248) 792-7557 [office]
(248) 792-7303 [fax]
**caseaction@mungoatlaw.com**

Dated: May 30, 2023

## Table of Contents

Table of Authorities.................................................................................. ii

Most Controlling Authorities ................................................................ iv

Statement of Issues Presented ............................................................... v

  I.  Introduction ...................................................................................... 2

  II.  Argument ......................................................................................... 2

    A.  Awarding Plaintiff attorneys' fees and costs is appropriate under the law............................................................................................................... 2

    B.  Plaintiff's requested attorneys' fees are reasonable .................................. 4

      1.  The time and labor required........................................................... 5

      2.  The novelty and difficulty of the questions. ............................. 6

      3.  The skill requisite to perform the legal service properly........................ 8

      4.  The preclusion of other employment by the attorney due to acceptance of the case. ............................................................................................. 8

      5.  The customary fee............................................................................. 9

      6.  Whether the fee is fixed or contingent. ...................................... 10

      7.  Time limitations imposed by the client or the circumstances. ............. 11

      8.  The amount involved and the results obtained. .................................... 11

      9.  The experience, reputation, and ability of the attorneys. ..................... 12

      10.  The "undesirability" of the case. ............................................. 13

      11.  The nature and length of the professional relationship with the client........................................................................................................ 13

      12.  Awards in similar cases. ............................................................. 14

  III.  Amount of attorneys' fees ........................................................... 14

  V.  Conclusion.................................................................................... 14

# Table of Authorities

**Federal Cases**

*Bell v. Prefix, Inc.*, 784 F. Supp. 2d 778, 783 (E.D. Mich. 2011)........................... 14

*Blum v. Stenson,*465 U.S. 886, 895 (1984) .............................................................. 14

*City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986)............................................. 16

*Costa v. Sears Home Improvement Products, Inc.*, 2016 WL 5266524 (W.D.N.Y. 2016) .................................................................................................................... 18

*Darbyshire v. Garrison*, 2006 WL 581032, at *2 (E.D. Mich. 2006) .................... 15

*E.E.O.C. v. Wooster Brush Co. Employees Relief Assoc.*, 727 F.2d 566, 579 (6th Cir.1984) ............................................................................................................... 19

*Farrar v. Hobby*, 506 U.S. 103, 109 (1992)............................................................... 9

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ................................................. 9, 11

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)....... 9, 10, 11, 18

*Kelly v. Corrigan*, 890 F.Supp.2d 778, 788 (E.D. Mich. 2012).............................. 14

*McClusky v. Lake Hosp. Sys., Inc.*, 2015 WL 4629251, at *1 (ND Ohio 2015)....... 9

*Nadeau v. Helgemoe*, 581 F.2d 275, 278–279 (CA 1978)......................................... 9

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).................................... 14

*Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) .................................................. 9

*Reeder v. County of Wayne*, 2016 WL 6524144, at *5 (E.D. Mich. 2016) ...... 14, 18

*Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 564 (6th Cir. 2004)............ 12

*U.S. v. City of Warren, Mich.*, 138 F.3d 1083, 1096 (6th Cir. 1998)...................... 19

*Wright v. Murray Guard, Inc.*, 455 F.3d 702, 721 (6th Cir. 2006)......................... 12

**Federal Statutes**

42 U.S.C § 1988 ........................................................................................................... 9

**State Statutes**

MCL 37.2802 ............................................................................................................... 9

## Most Controlling Authorities

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)

*Kelly v. Corrigan*, 890 F.Supp.2d 778, 788 (E.D. Mich. 2012)

*Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 564 (6th Cir. 2004)

*Darbyshire v. Garrison*, 2006 WL 581032, at *2 (E.D. Mich. 2006)

## Statement of Issues Presented

1. Whether Plaintiff is entitled to reasonable attorneys' fees in the amount of $_____?

> Plaintiff answers:      Yes
>
> Defendants answer:    No

2. Whether Plaintiff is entitled to reimbursement for his costs in pursuing this action?

> Plaintiff answers:      Yes
>
> Defendants answer:    No

3. Whether Plaintiff is entitled to a post-judgment interest rate of .61% per day from the date of judgment until it is paid in full?

> Plaintiff answers:      Yes
>
> Defendants answer:    No

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHEILA C. HOWLETT,
 Plaintiff,

v.

CITY OF WARREN; LT.
LAWRENCE GARDNER;
SHAWN JOHNSON; and
ANWAR KHAN;

Defendants.

Civil No. 17-11260
Hon. Terrence G. Berg
Mag. R. Steven Whalen

---

MUNGO & MUNGO AT LAW,
 PLLC
By: LEONARD MUNGO (P43562)
Attorneys for Plaintiff
31700 Telegraph Rd., Ste. 250
Bingham Farms, MI 48025
(248) 792-7557
caseaction@mungoatlaw.com

ETHAN VINSON (P26608)
City of Warren, City Attorney
Co-Counsel for Defendants
1 City Square, Ste. 400
Warren, MI 48093
(586) 574-4671
evinson@cityofwarren.org

KIRK, HUTH, LANGE & BADALAMENTI,
PLC
By: ROBERT S. HUTH, JR. (P42531)
RAECHEL M. BADALAMENTI (P64361)
ELIZABETH P. ROBERTS (P76017)
CHAD L. RIDDLE (P72784)
Attorneys for Defendants
19500 Hall Road, Suite 100
Clinton Township, MI 48038
(586) 412-4900
rhuth@KirkHuthLaw.com
rbadalamenti@KirkHuthLaw.com
eroberts@KirkHuthLaw.com
criddle@KirkHuthLaw.com

---

## PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION FOR ATTORNEYS' FEES, COSTS, AND PREJUDGMENT AND POST-JUDGMENT INTEREST

1

NOW COMES Plaintiff Desheila Howlett, by and through her attorneys MUNGO & MUNGO AT LAW, PLLC, and for her Brief in Support of her Motion for Attorneys' Fees, Costs, and Prejudgment and Post judgment Interest, states the following:

## I.    Introduction

Plaintiff Desheila Howlett prevailed at trial against Defendants on her 42 U.S.C. § 1983 (*Monell* liability) against Defendant City of Warren and her Fourteenth Amendment Equal Protection 42 U.S.C. § 1983 claim against Defendant Shawn Johnson individually.

Plaintiff filed this action in late 2017. The trial concluded on May 3, 2023. Due to the complicated factual and legal issues, and the length of this lawsuit, her attorneys' fees total $435,129.70 (see **Exhibit A, Mungo & Mungo At Law, PLLC. Fee Statements)** Plaintiff is also entitled to a post-judgment interest rate of .61% per day from the date of judgment until it is paid in full.

## II.    Argument
### A. Awarding Plaintiff attorneys' fees is appropriate under the law.

42 U.S.C. § 1983 allows the Court to award reasonable attorneys' fees and costs to the prevailing party in Civil Rights Actions. 42 U.S.C § 1988 (Civil Rights

2

Attorney's Fees Awards Act of 1976) The appropriateness of awarding attorney's fees is a two-fold inquiry. *McClusky v. Lake Hosp. Sys., Inc.*, 2015 WL 4629251, at *1 (N.D. Ohio 2015) (see **Exhibit B**). First, the party seeking the award of attorney's fees must be the "prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). A plaintiff is a prevailing party, for purposes of an attorney's fee award, when he succeeds on "**any** significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–279 (CA 1978)(emphasis added).

Second, the request for an award of attorney's fees must be reasonable. *Hensley,* 461 U.S. at 433. The Sixth Circuit begins the reasonableness inquiry with a determination of the "lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The Court may then adjust the lodestar amount based on the twelve-factor test as articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989) and adopted by the Supreme Court in *Hensley, supra. Reed*, 179 F.3d at 471. The *Johnson* factors are:

(1) The time and labor required.

(2) The novelty and difficulty of the questions.

(3) The skill requisite to perform the legal service properly.

(4) The preclusion of other employment by the attorney due to acceptance of the case.

(5) The customary fee.

(6) Whether the fee is fixed or contingent.

(7) Time limitations imposed by the client or the circumstances.

(8) The amount involved and the results obtained.

(9) The experience, reputation, and ability of the attorneys.

(10) The "undesirability" of the case.

(11) The nature and length of the professional relationship with the client. And

(12) Awards in similar cases.

488 F.2d 714, 717–19.

In this action, the jury found in favor of Plaintiff and against the Defendants on Plaintiff's 42 U.S.C. claim. As Plaintiff's retaliation claim was a significant issue in this matter, Plaintiff's success on that claim establishes him as the prevailing party. Therefore, it is entirely permissible for the Court to award reasonable attorney's fees, and the fees sought through this motion are reasonable.

## B. Plaintiff's requested attorneys' fees are reasonable

As discussed *supra*, the Sixth Circuit recognizes that the "most useful starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433. After determining the above amount, or the lodestar amount, the Court may adjust the lodestar amount through an analysis of the *Johnson* factors. Plaintiff's request for $435,129.70 in attorneys' fees is reasonable as analyzed through the *Johnson* factors.

>    1.    **The time and labor required.**

"The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." *Johnson*, 488 F.2d at 717.

In this action, there was a considerable amount of work involved to prepare for and try this matter and obtain a successful outcome. Plaintiff's attorneys also spent a reasonable amount of time working jointly with Defense counsel to prepare jury instructions, a jury verdict form, the final pretrial order, the exhibit binders for the Court and Jury (Which Plaintiff's Counsel made in-house) and the multiple motions which were filed during trial. for the Court and jury. Plaintiff's counsel also met with Defendant's counsel for settlement discussions at Defendant Counsel's law office, KIRK, HUTH, LANGE & BADALAMENTI, PLC, for over 8 hours over a 2-day period to no avail.

Prior to Ms. Badalamenti taking over as Trial Counsel, Plaintiff's Attorneys spent countless hours preparing discovery, which was served upon Defendant's initial counsel, Ronald Acho, who was removed from the case prior to trial. In addition, Plaintiff's attorneys spent a reasonable amount of time drafting and responding to motions prior to trial.

This matter was resolved after eleven grueling trial days of approximately 5 hours each day in Court, and a number of hours after and prior to trial time in Court. Leading up to trial, and during trial, Plaintiff was actively seeking a reasonable settlement offer in order to resolve this matter in an effort to avoid a drawn out trial. The parties were not successful at reaching a settlement. Plaintiff's attorneys were ultimately successful at trial. Due to the fact intensive nature of this case, the 1415.65 hours that Plaintiff's attorneys spent on this case is entirely reasonable. (see **Exhibit A**).

**2.      The novelty and difficulty of the questions.**

One of the key issues that Plaintiff had to overcome was whether Defendants lack of training within its Police Department as it pertains to racial harassment and diversity caused the deprivation of Plaintiff's Civil Right to be free from discrimination at work. Here, the burden for proving such a claim is one that is extremely difficult, as it is very rare that a city as large as Warren, and as recent as 7 years ago, failed to have ANY training on racial harassment or diversity the several

6

years leading up to Plaintiff's constructive discharge. Since the filing of this lawsuit and as a result therein, Warren has implemented hiring strategies aimed at increasing diversity within the Police Department. The Sixth Circuit has recognized that "[i]nquiries regarding what actually motivated an employer's decisions are very fact intensive and thus will generally be difficult to determine." *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 721 (6th Cir. 2006); see *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 564 (6th Cir. 2004) ("in discrimination and retaliation cases, an employer's true motivations are particularly difficult to ascertain).

In order to resolve the motivation issue in Plaintiff's favor, Plaintiff's attorneys had to carefully scrutinize the numerous documents produced during the discovery phase. This required a thorough reading of all 36 deposition transcripts, a careful review of all of the documentation in connection with Plaintiff's filing of her complaint, and carefully putting together a line of questions for trial that would clearly adduce facts in Plaintiff's favor. Preparation for the 22 witnesses Plaintiff called at trial took hours of preparation as well.

There was also the complex issue of whether Plaintiff could recover back pay and front pay damages in light of the fact that she has been receiving healthcare benefits. This issue is of such a complex nature and although the Jury did not award a sufficient amount in front pay, due to evidentiary rulings by the court, the jury determined Plaintiff did in fact deserve both back pay and front pay damages.

7

Therefore, Plaintiff's attorneys have expended a reasonable amount of time in preparing and trying this matter.

### 3.    The skill requisite to perform the legal service properly.

The nature of employment cases requires a highly skilled litigation attorney. In addition to the problems that come with most employment matters, Plaintiff's attorneys in this matter also had to prove its discrimination case in front of an all-white jury, which for obvious reasons did not make Plaintiff's case in chief easy to prove. It is well known amongst fellow employment attorneys to never bring discrimination cases in federal court when you have a black Plaintiff because you are guaranteed to draw an all-white jury which is damaging in these types of cases because of unconscious biases (and most of the time conscious). Despite same, that skill was proven when Plaintiff's attorneys were able to obtain a jury verdict of $575,000.00.

It also takes skill to successfully sue a municipality considering the many immunities offered state actors such as police officers which Mr. Mungo was able to overcome at appeal and during trial.

### 4.    The preclusion of other employment by the attorney due to acceptance of the case.

8

Mungo & Mungo At Law, PLLC, is, in essence, is a small law firm which consists of three attorneys, with Mr. Mungo being the only attorney in the firm who has been licensed to practice law for longer than 5-years. The reputation of Mr. Leonard Mungo and his past successes in employment discrimination cases[1] have placed Attorney Mungo in high demand. Working on Plaintiff's matter precluded Mungo & Mungo At Law, PLLC, from taking on other matters, gaining additional clients, until the resolution of this matter. In addition, Mungo & Mungo At Law, PLLC, had a separate trial that started upstairs in Nancy Edmunds' courtroom while the Howlett v. Warren trial was still ongoing and the firm was spread thin during the last couple of days of trial and deliberation.

### 5.    The customary fee.

"[A] "reasonable" fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895 (1984). The Federal Eastern District of Michigan Courts

---

[1] Attorney Mungo recently obtained a jury verdict against the Michigan State Police for $5.27 million that was upheld on appeal and a class action against the Michigan State Police for over $9 million. (see **Exhibit  L, Opinion from Michigan Court of Appeals re:** *Hall & Johnson v. National Forensic Science Technology Center, Inc., et al.*).

use the State Bar of Michigan's Economics of Law Practice Survey ("the Survey")
to calculate a reasonable fee. *Kelly v. Corrigan*, 890 F.Supp.2d 778, 788 (E.D. Mich.
2012); see also *Bell v. Prefix, Inc.*, 784 F. Supp. 2d 778, 783 (E.D. Mich. 2011) and
*Reeder v. County of Wayne*, 2016 WL 6524144, at *5 (E.D. Mich. 2016). (see
**Exhibit I**).

According to the 2020 Economics of Law Practice Survey, the fee customarily
charged for the top attorneys in the Downtown Detroit Area locality is $630/hour
(Mr. Mungo has just recently moved from Downtown Detroit where he practiced for
over 30 years to Bingham Farms) (**See Ex. C**). There is no dispute that Mr. Mungo
is considered one of the top attorneys in this locality as he has recently obtained jury
verdict for $5.27 Million in an employment discrimination suit against the Michigan
State Police. Mr. Mungo also recently settled a Class Action lawsuit against the
Michigan State Police for $9. Mr. Mungo takes on cases that other employment
Attorneys in the state won't touch and has success.

**Whether the fee is fixed or contingent.**

**If plaintiff's attorneys are precluded from recovering hourly fees
because such fees are greater than the contingency amount or the
jury award of damages, it would make it extremely difficult for
plaintiffs in such cases to ever find an attorney to represent them,
even if their constitutional rights clearly have been violated.**
*Darbyshire v. Garrison*, 2006 WL 581032, at *2 (E.D. Mich. 2006). (see
**Exhibit J**)

10

In this matter, Plaintiff retained Mungo & Mungo At Law, PLLC,, with a retainer and on a contingency basis. The Sixth Circuit has recognized that a "contingency agreement should not affect the award of a statutory attorney's fee." *Bell*, 784 F. Supp. 2d at 782; citing *Darbyshire*, *supra*. Therefore, using an hourly fee approach is appropriate in determining the reasonable attorneys' fees that should be awarded.

6.    **Time limitations imposed by the client or the circumstances.**

**Priority work that delays the lawyer's other legal work is entitled to some premium. This factor is particularly important when a new counsel is called in to prosecute the appeal or handle other matters at a late stage in the proceedings.**
*Johnson*, 488 F.2d at 718.

In this matter, specifically during trial, Mungo & Mungo At Law's other legal work was delayed, not only because of the size of the firm, but because Mr. Mungo had another trial in Nancy Edmunds' courtroom upstairs on the 8th floor of EDM which started during the Howlett trial which arguably did not get as much attention as it deserved leading up to trial.

In addition, other work was delayed as well, which the firm is currently working to get up to date on.

7.    **The amount involved and the results obtained.**

11

Here, the jury awarded a verdict of total damages in the amount of $575,000.00. Even though the Courts generally do not base an award of attorney's fees strictly on proportionality[2], in this matter Plaintiff is not requesting fees above the jury award. Therefore, the requested fees are reasonable.

### 8.    The experience, reputation, and ability of the attorneys.

Attorney Leonard Mungo, the lead attorney, has been practicing law in Detroit for 30 years. He has specialized in employment discrimination cases and has achieved great success representing plaintiffs. As stated above, Mr. Mungo had a jury verdict awarding $5.2 million to two plaintiffs in an employment discrimination case upheld by the Michigan Court of Appeals, and as of most recently settled a Class Action lawsuit for $9 million. Mr. Mungo is well-known in the Detroit Legal community, as well as legal communities throughout the State of Michigan. Mr. Mungo is very active in different employment law groups such as the Michigan Association of Justice and the National Employment Lawyers Association.

Mr. Mungo is a highly-skilled trial attorney. As noted earlier, this matter had its fair share of difficult moments aside from the unfavorable jury demographic for the type of case being litigated.

---

[2] *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986)("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts.")

Mr. Mungo graduated from the University of Michigan with a Bachelors degree in Education, and received his Juris Doctor from the Detroit College of Law. Mr. Mungo is requesting a rate of $775.00 per hour.

Attorney Brandyn Mungo, at the time of trial, has been practicing law for four years, three of which were during the Covid pandemic when courts were closed, limiting his trial experience. He graduated from Fisk University (HBCU) with a Bachelor's degree in Business Management, and graduated *Cum Laude* from the Thomas M. Cooley Law School. Brandyn has demonstrated the ability to perform the work required of him as well as a profound understanding that makes up for his meager experience.

## 9.    The "undesirability" of the case.

Mungo & Mungo At Law, PLLC, specializes in employment discrimination matters. As such, the fact that Plaintiff's matter was an employment discrimination matter does not weigh into the undesirableness factor. Plaintiff's attorney was advised by colleagues that there would be great trouble trying this type of case in Federal Court.

In addition, lawsuits against Defendant municipalities are always more undesirable because of the caselaw which protects state actors from certain actions that would otherwise incur liability against non-municipal Defendants.

## 10.    The nature and length of the professional relationship with the client.

This factor is not relevant in this instant matter.

## 11.  Awards in similar cases.

"The reasonableness of a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit." *Johnson*, 488 F.2d at 719. Recently, the Eastern District of Michigan awarded attorneys' fees in the amount of $125,473.50 in case involving an FMLA violation. *Reeder v. County of Wayne*, 2016 WL 6524144, at *8 (E.D. Mich. 2016). (see **Exhibit D**). An award of attorneys' fees in the amount of $406,163.15 was awarded in a Title VII retaliation claim. *Costa v. Sears Home Improvement Products, Inc.*, 2016 WL 5266524 (W.D.N.Y. 2016). (see **Exhibit E**).

In accordance with the above cases, Plaintiff's requested attorneys' fees in this matter are reasonable.

## III.  Amount of attorneys' fees

The itemization of the $435,129.70 in attorneys' fees is attached hereto. (see **Exhibit A**). Plaintiff's attorneys derived this amount by multiplying the number of hours worked by the reasonable hourly fee.

## IV.  Conclusion

WHEREFORE, Plaintiff requests that this Court award his attorneys' fees of $435,129.70, and post-judgment interest of .61% per day from the date of judgment until it is paid in full.

Respectfully submitted,

/s/ Leonard Mungo
**MUNGO & MUNGO AT LAW**
Leonard Mungo (P43562)
Attorneys for Plaintiff
31700 Telegraph Rd., Suite 250
Bingham Farms, Michigan 48025
(248) 792-7557 [office]
(248) 792-7303 [fax]
**caseaction@mungoatlaw.com**

Dated: June 2, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023, I electronically filed the above document(s) and all attachments and/or exhibits with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Leonard Mungo
**MUNGO & MUNGO AT LAW**
Leonard Mungo (P43562)
Attorneys for Plaintiff
31700 Telegraph Rd., Suite 250

Bingham Farms, Michigan 48025
(248) 792-7557 [office]
(248) 792-7303 [fax]
**caseaction@mungoatlaw.com**

## LOCAL RULE CERTIFICATION

I, Leonard Mungo, certify that this document complies with Local Rule 5.1(a) and 7.1 that the document is double-spaced where required, that the document has at least one-inch margins on all four sides, that the pages are consecutively numbered; that all text is in the appropriate type and size of no smaller than 14 points for proportional fonts; and that is the appropriate length.

*/s/ Leonard Mungo*
**MUNGO & MUNGO AT LAW**
Leonard Mungo (P43562)
Attorneys for Plaintiff
31700 Telegraph Rd., Suite 250
Bingham Farms, Michigan 48025
(248) 792-7557 [office]
(248) 792-7303 [fax]
**caseaction@mungoatlaw.com**

Dated: June 2, 2023

16

EX. A

# Howlett v. City of Warren: Attorney's Fees

| Event | Date | Hours | Mungo Fee (Hourly Rate $750) |
|---|---|---|---|
| Response to Defendant's Motion in Limine (8) | 4/5/2023 | 12.0 | $9,000 |
| Preparing exhibits | 4/17/2023 | 6.0 (In-House) | $4,500 |
| Trial Brief Re Insurance Agreement | 4/24/2023 | 5.0 | $3,750 |
| Response to Motion in Limine to exclude Expert Grant | 4/28/23 | 2.0 | $1,500 |
| Stan Smith Deposition | 3/22/2023 | 3.8 | $2,850 |
| Settlement Statement | 3/21/2023 | 5.0 | $3,750 |
| Settlement Discussions in Person (2nd Meeting) | 3/28/2023 | 4.5 | $3,375 |
| Interlocutory appeal | 12/18/19 - 4/7/2021 | | $45,000 |
| Trial | 4/19/2023 - 5/4/2023 | 69.0 | $51,750 |
| Williams Acosta Attorney Fees (See Invoice) | 1/1/2017 – 3/31/2023 | 1327.15 | $195,467 |
| Joint Final Pre-Trial Order | 4/16/2023 | 6.0 | $4,500 |
| Verdict Form | 4/17/2023 | 3.0 | $2,250 |
| Status Conference w/ Judge Berg | 9/11/17 | 0.5 | $375 |
| Misc. Hearing | 3/28/18 | 0.5 | $375 |
| Hearing on Mot to Compel | 6/11/18 | 1 | $750 |
| Status Conference | 6/15/18 | 0.5 | $375 |
| Misc. Hearing on Motion | 8/6/18 | 1 | $750 |
| Settlement Conf. w. Majzoub | 6/12/19 | 2 | $1,500 |
| Status Conference | 7/8/19 | 1 | $750 |
| Status Conference | 4/26/21 | 1 | $750 |
| Telephonic Status Conference | 1/23/23 | 1 | $750 |
| Telephonic Status conference | 2/27/23 | 1 | $750 |
| Settlement talks in person | 3/20/23 | 3.5 | $2,265 |
| Deposition Hours | 12/17/17 – 4/14/23 | 88.5 | $66,375 |
| TOTAL | | | $403,457 |

PLLC
Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr | Lawyer | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | Matter | Client | | Law Type | | | |
| Entry # | | Matter Description | | | | | |
| | Task | Explanation | | | Hours | Rate | Total |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| AKW | Avery K. Williams | | | | | | |
| Jul 13/2017 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 469109 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Phone conference Mr. Mungo; receipt and review of e-mail from Mr. Mungo. | | | 0.50 | 200.00 | 100.00 |
| AKW | Avery K. Williams | | | | | | |
| Sep 12/2017 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 472425 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Receipt and review of order. | | | 0.25 | 200.00 | 50.00 |
| AKW | Avery K. Williams | | | | | | |
| Nov 25/2017 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 476278 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Phone conference Mr. Mungo. | | | 0.50 | 200.00 | 100.00 |
| AKW | Avery K. Williams | | | | | | |
| Nov 27/2017 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 476285 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | E-mail Ms. Cranford. | | | 0.25 | 200.00 | 50.00 |
| AKW | Avery K. Williams | | | | | | |
| Nov 28/2017 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 476292 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Receipt and review of memoranda; e-mail Ms. Cranford. | | | 0.75 | 200.00 | 150.00 |
| SC | Shantelle J. Cranford | | | | | | |
| Nov 28/2017 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 476312 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Office conference with AKW; research on Federal Rule of Civil Procedure 7 and 8; preparation of memorandum on the admissibility of non-responsiveness to affirmative defenses requiring a reply in federal court. | | | 3.00 | 75.00 | 225.00 |
| SC | Shantelle J. Cranford | | | | | | |
| Nov 28/2017 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 499472 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Office conference with AKW; further research on how a party answering a complaint that is mandated to plead its affirmative defenses or have them deemed waived is not filing a pleading; preparation of memorandum concerning court ordered responses to answers. | | | 2.00 | 75.00 | 150.00 |
| AKW | Avery K. Williams | | | | | | |
| Feb 6/2018 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 481599 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Receipt and review of e-mail fro Mr. Mungo. | | | 0.25 | 200.00 | 50.00 |
| AKW | Avery K. Williams | | | | | | |
| Feb 7/2018 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 481614 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Review and revision of Social Media discovery; e-mail Mr. Mungo. | | | 1.25 | 200.00 | 250.00 |
| AKW | Avery K. Williams | | | | | | |
| Mar 12/2018 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 483973 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Receipt and review of correspondence from Mr. Acho. | | | 0.25 | 200.00 | 50.00 |
| AKW | Avery K. Williams | | | | | | |
| Mar 14/2018 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 483763 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Receipt and review of emails from Mr. Mungo. | | | 0.50 | 200.00 | 100.00 |
| LG | Lisa Gardner | | | | | | |
| Mar 14/2018 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 485061 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Receipt and review of email from Mr. Mungo to Mr. Acho regarding a proposed protective order and the remaining individuals to be deposed; receipt and review of email from Mr. Acho to Mr. Mungo with attached affidavit of Lt. Bradley; receipt and review of email from Mr. Acho to Mr. Mungo regarding the remaining depositions. | | | 0.50 | 150.00 | 75.00 |
| DW1 | David Webley | | | | | | |
| Mar 15/2018 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 482203 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Review series fo emails containing docuemtation for the Warren PD from Mr. Mungo and saved filed to the server. | | | 0.50 | 75.00 | 37.50 |
| AKW | Avery K. Williams | | | | | | |
| Mar 15/2018 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 483773 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Receipt and review of emails from Mr. Mungo. | | | 1.00 | 200.00 | 200.00 |
| LG | Lisa Gardner | | | | | | |
| Mar 15/2018 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 485062 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Receipt and review of email from Mr. Mungo to Mr. Acho regarding the protective order; receipt of list of individuals to be deposed; phone conference with Mr. Mungo regarding the date and time of the depositions; receipt of emails from Mr. Mungo with attached documents produced by the City of Warren; receipt and review of email from Mr. Mungo with attached revised protective order. | | | 0.75 | 150.00 | 112.50 |
| LG | Lisa Gardner | | | | | | |
| Mar 16/2018 | 969-17 | Mungo, Esquire, Leonard | | | | | |
| 485064 | | Desheila C. Howlett | | corp | | | |
| No Hold | BW | Receipt and review of email from Mr. Mungo of electronic filing notification regarding the entry of the protective order. | | | 0.25 | 150.00 | 37.50 |
| LG | Lisa Gardner | | | | | | |
| Mar 16/2018 | 969-17 | Mungo, Esquire, Leonard | | | | | |

Mungo, Esquire, Leonard

Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Date Entry # | Lawyer Matter Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| 499464 No Hold | BW | Desheila C. Howlett Receipt and review of documents produced by Defendant. | corp | 1.00 | 150.00 | 150.00 |
| LG Lisa Gardner Mar 16/2018 969-17 499473 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Mungo with attached Amended Affidavit of Lt. Bradley; phone conference with Mr. Mungo regarding the dates and times for the remaining depositions; preparation of notice of depositions duces tecum; office conference with Mr. Mungo regarding preparation of Plaintiff's Fifth Request for Production of Documents and preparation of Plaintiff's Fifth Request for Production of Documents. | corp | 1.25 | 150.00 | 187.50 |
| LG Lisa Gardner Mar 19/2018 969-17 485066 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt, review and response to email from Mr. Mungo regarding service of the deposition notice and request for production of documents; receipt, and review of emails between Mr. Mungo and Mr. Acho regarding scheduling depositions. | corp | 0.50 | 150.00 | 75.00 |
| AKW Avery K. Williams Mar 26/2018 969-17 483944 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of e-mail from Mr. Mungo; phone conference Mr. Mungo. | corp | 1.00 | 200.00 | 200.00 |
| LG Lisa Gardner Mar 27/2018 969-17 485067 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Mungo with attached proposed joint filing of outstanding issues and receipt and review of emails between Mr. Mungo and Ms. Canouts regarding the proposed joint filing of outstanding issues; receipt and review of email from Mr. Mungo to Mr. Acho regarding dates for Ms. Beyer's deposition; receipt and review of email from Mr. Mungo regarding the date and time Ms. Beyer's date is scheduled and calendaring the dates. | corp | 0.75 | 150.00 | 112.50 |
| LG Lisa Gardner Mar 28/2018 969-17 485068 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Mungo of the scheduling order. | corp | 0.25 | 150.00 | 37.50 |
| AKW Avery K. Williams Apr 2/2018 969-17 484787 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Review of discovery documents and response to motion; review of deposition testimony; receipt and review of emails from Mr Mungo; receipt and review of emails from LG; e-mail to Ms. Gardner. | corp | 3.25 | 200.00 | 650.00 |
| LG Lisa Gardner Apr 2/2018 969-17 499465 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Research and review of file in preparation of Motion to Compel the Deposition of Mayor James R. Fouts, receipt and review of email from Mr. Mungo to Mr. Acho regarding whether or not dispatch logs will be produced; receipt and review of email from Mr. Mungo with attached Defendant's responses to discovery; review of deposition transcript of Mr. Murray and review of the City of .Warren Title VI Anti-Discrimination Plan. | corp | 2.75 | 150.00 | 412.50 |
| AKW Avery K. Williams Apr 3/2018 969-17 484801 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of emails from Mr. Mungo; review and revision of response. | corp | 2.25 | 200.00 | 450.00 |
| LG Lisa Gardner Apr 3/2018 969-17 485070 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Mungo and attached Proposed Protective Order; continued review of deposition transcripts, research and preparation of motion to compel deposition. | corp | 5.75 | 150.00 | 862.50 |
| AKW Avery K. Williams Apr 4/2018 969-17 484806 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett E-mails to Mr. Mungo; review and revision of response; emails Mr. Mungo; receipt and review of e-mail to Mr. Mungo; receipt and review of motion for protective order; receipt and review of motion to compel deposition. | corp | 3.00 | 200.00 | 600.00 |
| LG Lisa Gardner Apr 4/2018 969-17 499475 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of excerpts of the transcripts from the depositions of Mr. Simlar, Mr. Nichols and Mr. Gallaso; preparation of motion to compel the deposition of Mayor James R. Fouts; receipt and review of emails between Mr. Williams and Mr. Mungo regarding the testimony of Messrs. Simlar, Nichols and Gallasco; receipt and review of email from Mr. Mungo with attached full deposition transcripts of | corp | 1.50 | 150.00 | 225.00 |

| Lwyr<br>Date<br>Entry # | Lawyer<br>Matter<br>Task | Mungo + Mungo at Law, PLLC<br>Client<br>Matter Description<br>Explanation | Time Listing<br>Jan/ 1/2017 To Mar/31/2023 | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|
| | | Messrs. Simlar, Gallasco and Nichols; and receipt and review of email from Mr. Mungo. | | | | | |
| AKW<br>Apr  6/2018<br>484823<br>No Hold | Avery K. Williams<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference Mr. Mungo; review and revision of subpoenas. | | corp | 0.75 | 200.00 | 150.00 |
| LG<br>Apr  6/2018<br>485072<br>No Hold | Lisa Gardner<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo to Ms. Rae-O'Donnell regarding the status of Defendants' responses to Plaintiff's third request for production of documents; review of subpoena to Mr. SiSano; receipt and review of email from Mr. Webley with attached notice of deposition of Mr. DiSano. | | corp | 0.25 | 150.00 | 37.50 |
| DW1<br>Apr  6/2018<br>499474<br>No Hold | David Webley<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Prepared 5 DVD's of Police logs from 2006-2012 for client; prepared draft of Subpoena for Joseph DiSano. | | corp | 3.00 | 75.00 | 225.00 |
| AKW<br>Apr  7/2018<br>484830<br>No Hold | Avery K. Williams<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of e-mail fro Mr. Mungo. | | corp | 0.25 | 200.00 | 50.00 |
| AKW<br>Apr  8/2018<br>484832<br>No Hold | Avery K. Williams<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of emails from Mr. Acho; receipt and review of emails from Mr. Mungo. | | corp | 1.00 | 200.00 | 200.00 |
| AKW<br>Apr  9/2018<br>484839<br>No Hold | Avery K. Williams<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of protective order; receipt and review of emails from Mr. Mungo. | | corp | 1.50 | 200.00 | 300.00 |
| LG<br>Apr  9/2018<br>485073<br>No Hold | Lisa Gardner<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of emails from Mr. Acho to Mr. Mungo and responses from Mr. Mungo regarding the deposition of Ms. Beyer and other Warren employees; receipt and review of email from Mr. Acho with attached proposed Protective Order; review of Protective Order; receipt and review of emails from Mr. Mungo with attached deposition transcripts and exhibits. | | corp | 2.25 | 150.00 | 337.50 |
| DW1<br>Apr 10/2018<br>483389<br>No Hold | David Webley<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference and email to Ramsy process service for the service of Joesph Raymond DiSano Notice of Dep. and Subpoena. | | corp | 0.25 | 75.00 | 18.75 |
| DW1<br>Apr 10/2018<br>483390<br>No Hold | David Webley<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Preparation of 2nd flash drive of 2006-2012 Daily police logs. | | corp | 1.00 | 75.00 | 75.00 |
| AKW<br>Apr 10/2018<br>484857<br>No Hold | Avery K. Williams<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of responses to motion; receipt and review of e-mail from Mr. Howlett; receipt and review of emails from Mr. Mungo. | | corp | 1.25 | 200.00 | 250.00 |
| LG<br>Apr 10/2018<br>499476<br>No Hold | Lisa Gardner<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding the depositions of Warren employees; preparation of a re-notice of deposition; receipt and review of electronic filing notification and receipt of Defendants' response to motion to compel deposition of Mayor Fouts; receipt of email from Mr. Acho regarding his change of address; modified caption and mailing labels with Mr. Acho's new address and review of subpoena and notice of deposition of Mr. DiSano. | | corp | 1.25 | 150.00 | 187.50 |
| AKW<br>Apr 11/2018<br>484858<br>No Hold | Avery K. Williams<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of e-mail from Mr. Acho; receipt and review of e-mail from Mr. Mungo. | | corp | 1.50 | 200.00 | 300.00 |
| LG<br>Apr 11/2018<br>485076<br>No Hold | Lisa Gardner<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review of Defendants' response to motion to compel the deposition of Mayor Fouts; research for preparation of reply. | | corp | 1.75 | 150.00 | 262.50 |
| LG<br>Apr 11/2018<br>499477<br>No Hold | Lisa Gardner<br>**969-17**<br><br>BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Acho regarding Lt. Bradley and availability for deposition and response from Mr. Mungo; receipt and review of emails between Mr. Acho and Mr. Mungo regarding scheduling depositions and Plaintiff's settlement demand; receipt and review of Defendant's amended exhibit; | | corp | 1.25 | 150.00 | 187.50 |
| DW1 | David Webley | | | | | | |

| Lwyr<br>Date<br>Entry #<br>Task | Lawyer | Client<br>Matter Description<br>Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| Apr 13/2018  **969-17**<br>483590<br>No Hold<br>AKW   Avery K. Williams | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Draft letter to Mrs. Howlett re: 2006-2012 Police Logs and Protective Order pertaining to the police logs. | corp | 0.50 | 75.00 | 37.50 |
| Apr 13/2018  **969-17**<br>484879<br>No Hold                 BW<br>LG   Lisa Gardner | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of e-mail from Ms. Chubb; receipt and review of order. | corp | 0.50 | 200.00 | 100.00 |
| Apr 13/2018  **969-17**<br>499467<br>No Hold                 BW<br>LG   Lisa Gardner | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of email from Judge Berg's office regarding a reply to Defendants' response to motion to compel deposition; receipt and review of Text-Only Order regarding filing a reply; review of transcript of Mr. Simlar and Mr. Galasso and research in preparation of reply brief. | corp | 2.50 | 150.00 | 375.00 |
| Apr 14/2018  **969-17**<br>499478<br>No Hold                 BW<br>DW1   David Webley | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of memorandum from Sunshine Investigations regarding the location of Mr. DiSano; receipt and review of email from Mr. Disano with attached response to Mr. DiSano's FOIA request to the City of Warren; and review of deposition transcript of Ms. Broach. | corp | 1.50 | 150.00 | 225.00 |
| Apr 16/2018  **969-17**<br>483635<br>No Hold                 BW<br>AKW   Avery K. Williams | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Prepare re-notice of deposition Mr. Kahn and confer with counsel and Mr. Mungo via email as to correct dates and times for depostions. | corp | 0.50 | 75.00 | 37.50 |
| Apr 16/2018  **969-17**<br>484914<br>No Hold                 BW<br>LG   Lisa Gardner | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of notices from Court; receipt and review of e-mail from Mr. Acho. | corp | 0.50 | 200.00 | 100.00 |
| Apr 16/2018  **969-17**<br>485079<br>No Hold                 BW<br>LG   Lisa Gardner | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of electronic filing notification regarding the rescheduled telephone status conference; receipt and review of emails between Mr. Mungo and Mr. Acho regarding the deposition of Ms. Dallas; research for preparation of reply to Defendants' Response to Plaintiff's Motion to Compel the Deposition of Mayor Fouts; | corp | 3.00 | 150.00 | 450.00 |
| Apr 17/2018  **969-17**<br>499468<br>No Hold                 BW<br>AKW   Avery K. Williams | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review of deposition transcripts and preparation of Reply to Defendants' Response to Plaintiff's Motion to Compel the Deposition of Mayor Fouts. | corp | 2.00 | 150.00 | 300.00 |
| Apr 18/2018  **969-17**<br>484925<br>No Hold<br>LG   Lisa Gardner | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review and revision of reply brief. | corp | 0.75 | 200.00 | 150.00 |
| Apr 18/2018  **969-17**<br>499469<br>No Hold                 BW<br>AKW   Avery K. Williams | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Preparation of Reply to Defendants' Response to Plaintiff's Motion to Compel; preparation of email to Mr. Mungo with attached Reply for his review; | corp | 2.25 | 150.00 | 337.50 |
| Apr 19/2018  **969-17**<br>484936<br>No Hold                 BW<br>LG   Lisa Gardner | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of reply brief. | corp | 0.25 | 200.00 | 50.00 |
| Apr 19/2018  **969-17**<br>499470<br>No Hold                 BW<br>AKW   Avery K. Williams | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding Reply and revisions to Reply; receipt of the deposition transcript of Ms. Beyer; preparation of exhibits and index of exhibits. | corp | 1.50 | 150.00 | 225.00 |
| Apr 20/2018  **969-17**<br>484939<br>No Hold                 BW<br>LG   Lisa Gardner | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of protective order. | corp | 0.25 | 200.00 | 50.00 |
| Apr 20/2018  **969-17**<br>485083<br>No Hold                 BW<br>AKW   Avery K. Williams | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of electronic filing notification and Stipulated Protective Order for Police Dispatch Records; phone conference with Mr. Mungo regarding preparation of subpoenas and notices of deposition, preparation of subpoenas and notices of deposition of Mr. Wojno and Ms. Barnwell; preparation of email to Mr. Acho and Mr. Vinson with attached subpoenas and notices of depositon; receipt and review of email from Mr. Mungo regarding the | corp | 1.75 | 150.00 | 262.50 |
| Apr 23/2018  **969-17**<br>484953 | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett | corp | | | |

| Lwyr Date Entry # | Lawyer Matter | Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|
| No Hold | | BW | Review of transcripts; e-mail Mr. Mungo; receipt and review of e-mail from Mr. Mungo. | | 1.50 | 200.00 | 300.00 |
| LG     Lisa Gardner Apr 23/2018  **969-17** 485084 No Hold | | BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Phone conference with Mr. Mungo regarding scheduling depositions; preparation of email to and response from Mr. Acho regarding available dates for depositions; receipt and review of email with Ms. Howlett's deposition transcript attached; receipt and review of emails between Mr. Williams to Mr. Mungo regarding Ms. Howlett's job history and other issues raised during her deposition; receipt and review of email from Mr. Acho regarding the start time for depositions; receipt and review of email from Mr. Mungo to Mr. Acho with attached settlement offer letter; | corp | 1.50 | 150.00 | 225.00 |
| LG     Lisa Gardner Apr 25/2018  **969-17** 499471 No Hold | | BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of email from Mr. Mungo regarding depositions to be scheduled and review of deposition transcripts. | corp | 1.25 | 150.00 | 187.50 |
| LG     Lisa Gardner Apr 26/2018  **969-17** 485086 No Hold | | BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of email from Mr. Mungo with attached transcript of Mr. DiSano's deposition; receipt and review of emails between Mr. Mungo and Ms. Dallas; | corp | 0.25 | 150.00 | 37.50 |
| LG     Lisa Gardner Apr 27/2018  **969-17** 485087 No Hold | | BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of re-notice of taking depositions; | corp | 0.25 | 150.00 | 37.50 |
| LG     Lisa Gardner May 1/2018  **969-17** 484609 No Hold | | BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of email from Ms. Chubb regarding Defendants' request to file a motion pertaining to discovery issues. | corp | 0.25 | 125.00 | 31.25 |
| AKW    Avery K. Williams May 1/2018  **969-17** 486437 No Hold | | BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of e-mail from court; receipt and review of order. | corp | 0.50 | 200.00 | 100.00 |
| LG     Lisa Gardner May 2/2018  **969-17** 484613 No Hold | | BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of email from Mr. Acho confirming dates for the depositions of seven witnesses; receipt and review of email from Mr. Mungo to Mr. Acho regarding the depositions of Sergeants Mills and Eidt and receipt and review of email from Mr. Mungo with attached transcript of Mr. Johnson's deposition | corp | 0.50 | 125.00 | 62.50 |
| LG     Lisa Gardner May 3/2018  **969-17** 484616 No Hold | | BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of emails between Mr. Mungo and Mr. Acho regarding Mr. Acho's request for concurrence in Defendants' Motion to Quash the Subpoenas to Mr. Wojno and Ms. Barnwell, Motion for Gag Order and Motion to Change Venue; receipt and review of email from Mr. Mungo to Mr. Acho confirming depositions dates and times; preparation of notice of depositions duces tecum; receipt and review of electronic notification of Defendants' Motion to Quash Subpoenas, review of Motion to Quash Subpoena and receipt and review of text order regarding the due dates and page limits of Plaintiff's response to motion to quash and Defendants' reply if any. | corp | 4.00 | 125.00 | 500.00 |
| AKW    Avery K. Williams May 3/2018  **969-17** 486454 No Hold | | BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of emails from Mr. Mungo; receipt and review of motion to Quash. | corp | 1.75 | 200.00 | 350.00 |
| LG     Lisa Gardner May 4/2018  **969-17** 484618 No Hold | | BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Phone conference with Mr. Mungo regarding Defendants' Motion to Quash Subpoenas and Notices of Deposition Duces Tecum; receipt and review of email from Mr. Mungo regarding use of communication from Mr. DiSano's and his deposition transcript in Plaintiff's response to motion to quash; receipt and review of email from Mr. Mungo regarding use of the emails between Ms. Barnwell and Ms. Mika in Plaintiff's response to motion to quash; review of Mr. Johnson's transcript; preparation of email to Mr. Mungo with attached notice of depositions for his review; receipt and review of email from Mr. Mungo regarding the notices of deposition; | corp | 5.00 | 125.00 | 625.00 |
| DW1    David Webley May 4/2018  **969-17** 484725 No Hold | | BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Review deposition schedule and place on case action calendar. | corp | 0.50 | 75.00 | 37.50 |

| Lwyr Lawyer<br>Date Matter<br>Entry # | Task | Client<br>Matter Description<br>Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| AKW    Avery K. Williams<br>May  4/2018  **969-17**<br>486455<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of e-mail from Mr. Mungo; e-mail Mr. Mungo. | corp | 0.75 | 200.00 | 150.00 |
| LG    Lisa Gardner<br>May  7/2018  **969-17**<br>484703<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Research and preparation of response to Defendants' motion to quash subpoenas and phone conference with Mr. Mungo regarding responses to defendants' motion to quash; receipt and review of email from Mr. Mungo with attached news article regarding the City of Warren; receipt and review of email from Mr. Mungo regarding the "gag" orders; | corp | 6.75 | 125.00 | 843.75 |
| LG    Lisa Gardner<br>May  8/2018  **969-17**<br>484706<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo regarding the number of depositions taken in the case; phone conferences with Mr. Mungo regarding additional factual points for the response to motion to quash; revisions to Plaintiff's response to the motion to quash subpoenas; receipt and review of electronic notification. | corp | 5.75 | 125.00 | 718.75 |
| SC    Shantelle J. Cranford<br>May  8/2018  **969-17**<br>484886<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Research for response to motion to quash. | corp | 1.00 | 75.00 | 75.00 |
| AKW    Avery K. Williams<br>May  8/2018  **969-17**<br>486480<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review and revision of response to motion to Quash; receipt and review of e-mail from Ms. Gardner; receipt and review of motion to Quash. | corp | 2.00 | 200.00 | 400.00 |
| LG    Lisa Gardner<br>May  9/2018  **969-17**<br>484709<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding preparation of supplemental initial disclosures; review of initial disclosures and preparation of supplemental initial disclosures; receipt and review of deposition transcript of Mr. Fouts in Bouchard v City of Warren; | corp | 5.50 | 125.00 | 687.50 |
| AKW    Avery K. Williams<br>May  9/2018  **969-17**<br>486484<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of emails from Mr. Mungo. | corp | 0.50 | 200.00 | 100.00 |
| LG    Lisa Gardner<br>May 10/2018  **969-17**<br>484713<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Office conference with Mr. Mungo and Mr. Webley regarding the dispatch logs and documents provided by Ms. Howlett and preparation of email to Mr. Webley regarding confirming court reporter for the deposition of Mr. Eidt and review of deposition transcripts. | corp | 1.50 | 125.00 | 187.50 |
| LG    Lisa Gardner<br>May 11/2018  **969-17**<br>484715<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of electronic filing notifications and motion in limine and reply to Plaintiff's response to Defendants' motion to quash subpoenas, review of motion in limine and reply; receipt and review of Defendants' motion o change venue; research in preparation of response to motion and continued preparation of supplemental disclosures and review of deposition transcripts. | corp | 5.75 | 125.00 | 718.75 |
| AKW    Avery K. Williams<br>May 11/2018  **969-17**<br>486497<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of motion in limine; receipt and review of reply brief; receipt and review of motion to charge Venue. | corp | 1.00 | 200.00 | 200.00 |
| AKW    Avery K. Williams<br>May 12/2018  **969-17**<br>486501<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of e-mail from Mr. Mungo. | corp | 0.25 | 200.00 | 50.00 |
| DW1    David Webley<br>May 14/2018  **969-17**<br>484682<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review of hand written notes regarding the dispatch logs notes. | corp | 0.50 | 75.00 | 37.50 |
| LG    Lisa Gardner<br>May 14/2018  **969-17**<br>485663<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Research and preparation of response to motion in limine; receipt and review of email from Mr. Mungo regarding recordings to be included in supplement to initial disclosures; preparation of supplemental initial disclosures; receipt and review of email from Mr. Mungo with link to recordings; | corp | 3.75 | 150.00 | 562.50 |
| LG    Lisa Gardner<br>May 15/2018  **969-17**<br>485669<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo regarding the | corp | 6.25 | 150.00 | 937.50 |

| Lwyr<br>Date<br>Entry # | Lawyer<br>Matter | Task | Client<br>Matter Description<br>Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|
| | | | voice identification test performed on the recordings; receipt and review of email from Mr. Mungo regarding supplementing discovery responses with the names of the individuals who conducted the voice identification analysis; receipt and review of emails between Mr. Mungo and Mr. Williams regarding the verification analysis of the recordings; receipt and review of email from Mr. Mungo regarding Dr. Shiener's report; receipt and review of email from Mr. Mungo with attached responses to Defendants' First Set of Interrogatories and Requests for Production of Documents. | | | | |
| AKW<br>May 15/2018<br>486513<br>No Hold | Avery K. Williams<br>969-17<br> | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of emails from Mr. Mungo; e-mail Mr. Mungo; review of supplemental disclosures. | corp | 2.00 | 200.00 | 400.00 |
| AKW<br>May 15/2018<br>486515<br>No Hold | Avery K. Williams<br>969-17<br> | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of revision of discovery responses. | corp | 2.00 | 200.00 | 400.00 |
| SC<br>May 16/2018<br>484888<br>No Hold | Shantelle J. Cranford<br>969-17<br> | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Office conference with Mr. Mungo, Ms. Gardner, and Mr. Webley regarding review of deposition transcripts and preparation of trial line summary; receipt and review of file deposition transcripts; review of Gregory Murray 114 page deposition transcript; preparation of trial line summary of Gregory Murray deposition; review of James Twardesky 56 page deposition transcript; preparation of trial line summary of Twardesky deposition; review of Jody Walny 66 page deposition transcript; preparation of trial line summary of Walny deposition. | corp | 6.00 | 75.00 | 450.00 |
| LG<br>May 16/2018<br>485670<br>No Hold | Lisa Gardner<br>969-17<br> | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Continued preparation of supplemental initial disclosures; preparation of email to Mr. Mungo with attached supplemental initial disclosures; preparation of responses to defendant' discovery requests; office conference with Mr. Mungo regarding Plaintiff's responses to motion in limine and motion for change of venue; receipt and review of text-only order granting Defendants' Ex parte Motion for Leave to File Exhibit in the Traditional Manner; receipt and review of emails from Ms. Stiller with Carroll Court Reporting with attached deposition transcripts; receipt and review of electronic notification of Defendants' Notice of Filing Exhibit in the Traditional Manner | corp | 5.75 | 150.00 | 862.50 |
| AKW<br>May 16/2018<br>486524<br>No Hold | Avery K. Williams<br>969-17<br> | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>E-mail Mr. Mungo; receipt and review of order; receipt and review of notice. | corp | 0.75 | 200.00 | 150.00 |
| SC<br>May 17/2018<br>484890<br>No Hold | Shantelle J. Cranford<br>969-17<br> | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of Brian Braunschneider 60 page deposition transcript; preparation of trial line summary of Brian Braunschneider deposition; review of Marlene Kerr 30 page deposition transcript; preparation of trial line summary of Kerr deposition; review of Derick Scott 41 page deposition transcript; preparation of trial line summary of Scott deposition; review of Brent Chisolm 94 page deposition transcript; preparation of trial line summary of Chisolm deposition. | corp | 7.00 | 75.00 | 525.00 |
| SC<br>May 18/2018<br>484891<br>No Hold | Shantelle J. Cranford<br>969-17<br> | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of Mark Simlar 143 page deposition transcript; preparation of trial line summary of Simlar deposition; review of Matthew Nichols 252 page deposition transcript; preparation of trial line summary of Matthew Nichols deposition. | corp | 10.00 | 75.00 | 750.00 |
| LG<br>May 18/2018<br>485677<br>No Hold | Lisa Gardner<br>969-17<br> | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo with attached City of Warren Anti-Discrimination, Sexual and Racial Harassment Policy in effect under Mayor Steenburgh and Dr. Shiener's corrected report; receipt and review of emails between Mr. Acho and Mr. Mungo regarding available dates for the deposition of Lt. Gardner; | corp | 2.00 | 150.00 | 300.00 |
| SC<br>May 20/2018<br>484896<br>No Hold | Shantelle J. Cranford<br>969-17<br> | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of Louis Galasso 104 page deposition transcript; preparation of trial line summary of Galasso deposition; review of Deborah Broach 73 page deposition transcript; preparation of trial line summary of Broach deposition; | corp | 10.00 | 75.00 | 750.00 |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Lawyer<br>Date Matter<br>Entry # | | Client<br>Matter Description<br>Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| | Task | | | | | |
| | | review of Barbara Beyer 73 page deposition transcript; preparation of trial line summary of Beyer deposition; review of Joseph DiSano 131 page deposition transcript; preparation of trial line summary of DiSano deposition. | | | | |
| DW1 David Webley<br>May 21/2018 **969-17**<br>484735<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review and place bates stamps on supplemental documents from Ms. Howlett. | corp | 0.50 | 75.00 | 37.50 |
| DW1 David Webley<br>May 21/2018 **969-17**<br>484761<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference with Lisa and Leonard regarding Howlett case. | corp | 1.00 | 75.00 | 75.00 |
| LG Lisa Gardner<br>May 21/2018 **969-17**<br>485853<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Preparation of supplemental responses to discovery requests; receipt and review of emails between Mr. Mungo and Mr. Acho regarding the exhibit to Defendant's Motion for Change of Venue; receipt and review of emails from Carroll Reporting with attached transcripts; | corp | 6.00 | 150.00 | 900.00 |
| AKW Avery K. Williams<br>May 21/2018 **969-17**<br>486545<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of e-mail from Mr. Mungo; receipt and review of e-mail Mr. Acho. | corp | 0.50 | 200.00 | 100.00 |
| LG Lisa Gardner<br>May 22/2018 **969-17**<br>485859<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>5-22-18969-174.00DetroitReceipt and review of email from Mr. Acho regarding exhibit B to Defendants' Motion for Change of Venue; receipt and review of text only order canceling telephonic status conference and scheduling a hearing date on the pending discovery motions; receipt and review of email from Ms. Canouts regarding with the ShareFile attachment of Exhibit B to Defendants' Motion for Change of Venue. | corp | 4.00 | 150.00 | 600.00 |
| SC Shantelle J. Cranford<br>May 23/2018 **969-17**<br>485882<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review of second Gregory Murray 280 pages deposition transcript; preparation of trial line summary of Gregory Murray deposition. | corp | 8.00 | 75.00 | 600.00 |
| LG Lisa Gardner<br>May 23/2018 **969-17**<br>485891<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Continued preparation of response to motion in limine; review of exhibit B to Defendants' Motion for Change of Venue, research and preparation of response to Motion for Change of Venue. | corp | 7.00 | 150.00 | 1050.00 |
| SC Shantelle J. Cranford<br>May 23/2018 **969-17**<br>486266<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review of second Gregory Murray 280 pgs. deposition transcript; preparation of trial line summary of Gregory Murray deposition. | corp | 8.00 | 75.00 | 600.00 |
| AKW Avery K. Williams<br>May 23/2018 **969-17**<br>486559<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of notice of hearing; receipt and review of text notice. | corp | 0.50 | 200.00 | 100.00 |
| LG Lisa Gardner<br>May 24/2018 **969-17**<br>485862<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding the responses to Defendants' Motion in Limine and Motion for Change of Venue; preparation of response to Defendants' Motion for Change of Venue; preparation of email to Mr. Mungo with attached draft of Plaintiff's Response to Defendants' Motion in Limine; and preparation of response to motion for change of venue and | corp | 7.00 | 150.00 | 1050.00 |
| DW1 David Webley<br>May 25/2018 **969-17**<br>485278<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Assist with preparation of responses index of authorities; table of contentsa nd file with US District Court. | corp | 6.00 | 75.00 | 450.00 |
| LG Lisa Gardner<br>May 25/2018 **969-17**<br>485865<br>No Hold | BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Preparation of response to Defendants' Motion for Change of Venue and Injunctive Relief Limiting Extrajudicial Comments; preparation of email to and response from Mr. Mungo with draft of response to Defendants' Motion in Limine to Exclude the Affidavit and Deposition Testimony of Gregory Murray; receipt and review of email from Mr. Mungo with attached notes of deposition testimony for inclusion in Plaintiff's Response to Defendants' Motion in Limine to Exclude the Affidavit and Deposition Testimony of Gregory Murray; phone conference with Mr. Mungo regarding the responses to Defendants' motions; and review of revisions of Plaintiff's | corp | 6.75 | 150.00 | 1012.50 |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr<br>Date<br>Entry # | Lawyer<br>Matter<br>Task | Client<br>Matter Description<br>Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| | | response to Defendants' Motion in Limine to Exclude the<br>Affidavit and Deposition Testimony of Gregory Murray; | | | | |
| SC      Shantelle J. Cranford<br>May 25/2018  969-17<br>485890 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Office conference with Mr. Mungo regarding modifications to<br>response to motion in limine; phone conference with Mr.<br>Mungo regarding additional revisions to motion in limine;<br>review of deposition transcripts/trial line summaries;<br>revisions to motion in limine; preparation of exhibits. | corp | 4.00 | 75.00 | 300.00 |
| | | | | | | |
| SC      Shantelle J. Cranford<br>May 25/2018  969-17<br>486267 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Edits/modifications to response to motion in limine;<br>preparation of exhibits; review of deposition<br>transcripts/trial line summaries; office conference with LM<br>concerning modifications. | corp | 4.00 | 75.00 | 300.00 |
| AKW    Avery K. Williams<br>May 25/2018  969-17<br>486621 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review and revision of responses to motion in limine; review<br>and revision of response to motion to change Venue and for<br>injunctive relief. | corp | 2.00 | 200.00 | 400.00 |
| DW1    David Webley<br>May 29/2018  969-17<br>485287 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Prepare judges copy of Responses filed in US District court<br>and deliver to Judge chambers. | corp | 1.00 | 75.00 | 75.00 |
| LG      Lisa Gardner<br>May 29/2018  969-17<br>485962 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of emails between Mr. Mungo and Mr. Acho<br>regarding the deposition of Ms. Bauer; phone conference with<br>Mr. Mungo regarding deposition notice for Lt. Gardner and<br>Defendants' motion for gag order; reviewed notice of taking<br>deposition of Lt. Gardner . | corp | 0.75 | 150.00 | 112.50 |
| AKW    Avery K. Williams<br>Jun  1/2018  969-17<br>488054 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of reply briefs. | corp | 0.50 | 200.00 | 100.00 |
| LG      Lisa Gardner<br>Jun  4/2018  969-17<br>486028 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of emails from Carroll Court Reporting<br>with attached deposition transcripts. | corp | 0.25 | 150.00 | 37.50 |
| DW1    David Webley<br>Jun  6/2018  969-17<br>485961 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conversation with Mr. Mungo regarding all pleadings<br>filed in the Howlett matter. Review pleadings and make hard<br>copies and deliver to Mungo. | corp | 1.50 | 75.00 | 112.50 |
| AKW    Avery K. Williams<br>Jun 11/2018  969-17<br>488099 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of e-mail regarding motion hearing; office<br>conference (LG) regarding same; phone conference Mr. Mungo<br>regarding motion hearing. | corp | 0.75 | 200.00 | 150.00 |
| LG      Lisa Gardner<br>Jun 12/2018  969-17<br>486789 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic filing notification of order<br>granting Plaintiff's motion compel and denying Defendants'<br>motions; and review of deposition transcripts. | corp | 3.75 | 150.00 | 562.50 |
| AKW    Avery K. Williams<br>Jun 12/2018  969-17<br>488103 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of order. | corp | 0.25 | 200.00 | 50.00 |
| LG      Lisa Gardner<br>Jun 14/2018  969-17<br>486793 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo with link to news<br>report regarding Mayor Fouts; receipt and review of<br>electronic filing notification of a notice to appear for a<br>telephonic status conference; receipt and review of email<br>from Mr. Mungo with attached transcript of the motion<br>hearings held on June 11, 2018; review of motion hearings<br>transcript; phone conference with Mr. Mungo regarding the<br>hearing and purpose of the scheduled telephonic status<br>conference; review of deposition transcripts; and<br>preparation of email to Mr. Acho regarding the purpose of<br>the telephonic status conference. | corp | 5.75 | 150.00 | 862.50 |
| AKW    Avery K. Williams<br>Jun 14/2018  969-17<br>488119 | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of e-mail from Mr. Mungo; receipt and<br>review of notice to appear; receipt and review of e-mail<br>from (LG). | corp | 0.75 | 200.00 | 150.00 |
| LG      Lisa Gardner<br>Jun 15/2018  969-17 | | Mungo, Esquire, Leonard | | | | |

| Lwyr Date Entry # | Lawyer Matter Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| 486797 No Hold | BW | Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding telephonic status conference with court; receipt and review of emails between Mr. Acho to Mr. Mungo regarding scheduling deposition dates; preparation of email to | corp | 0.50 | 150.00 | 75.00 |
| AKW Jun 15/2018 969-17 No Hold | Avery K. Williams<br>488126<br>BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of e-mail from Mr. Mungo; receipt and review of notice from Court; receipt and review of emails from Mr. Mungo; receipt and review of e-mail from Mr. Acho. | corp | 2.00 | 200.00 | 400.00 |
| LG Jun 19/2018 969-17 No Hold | Lisa Gardner<br>487366<br>BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic mail notification and appearance of Ms. Badalamenti on behalf of Mr. Fouts; receipt, review and response to email from Mr. Mungo regarding the appearance of Ms. Badalamenti. | corp | 0.50 | 150.00 | 75.00 |
| AKW Jun 19/2018 969-17 No Hold | Avery K. Williams<br>488135<br>BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of notice of appearance. | corp | 0.25 | 200.00 | 50.00 |
| LG Jun 25/2018 969-17 No Hold | Lisa Gardner<br>487580<br>BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding dates for depositions; receipt and review of email between Ms. Badalamenti and Mr. Mungo regarding Mr. Fouts' deposition. | corp | 0.25 | 150.00 | 37.50 |
| LG Jun 26/2018 969-17 No Hold | Lisa Gardner<br>487587<br>BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of emails between Ms. Badalamenti and Mr. Mungo regarding dates for the deposition of Mayor Fouts and the City Clerk; receipt and review of email from Mr. Mungo regarding a proposed motion to seal documents; receipt and review of email from Mr. Mungo regarding available dates for Ms. Barnwell's deposition. | corp | 1.25 | 150.00 | 187.50 |
| AKW Jun 26/2018 969-17 No Hold | Avery K. Williams<br>488185<br>BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review and revision of response to brief to seal; review of motion and brief. | corp | 2.25 | 200.00 | 450.00 |
| DW1 Jun 27/2018 969-17 No Hold | David Webley<br>486688<br>BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Prepare and Serve Notice of Depostion of Honorable James R. Fouts. | corp | 0.75 | 75.00 | 56.25 |
| LG Jun 27/2018 969-17 No Hold | Lisa Gardner<br>487588<br>BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding preparation of deposition notices for Mayor Fouts and the deposition for Ms. Barnwell; receipt and review of emails between Mr. Mungo and Ms. Badalamenti regarding dates for the deposition of Mayor Fouts and Mr. Wojno; receipt and review of email from Mr. Jim Acho to Mr. Mungo that Mr. Ronald Acho is out of the country; receipt and review of email from Mr. Mungo with attached copy of a motion and brief regarding sealing documents in preparation of forthcoming motion to seal documents. | corp | 3.00 | 150.00 | 450.00 |
| LG Jun 28/2018 969-17 No Hold | Lisa Gardner<br>487592<br>BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding the available dates for Ms. Barnwell's deposition; preparation of email to Messrs. Acho and Vinson regarding additional available dates for Ms. Barnwell's deposition; and receipt and review of email of the notice of taking Mr. Murray's continued deposition. | corp | 1.25 | 150.00 | 187.50 |
| LG Jun 29/2018 969-17 No Hold | Lisa Gardner<br>487595<br>BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email between Mr. Mungo and Ms. Badalamenti regarding the date of Mr. Wojno's deposition and receipt and review of email from Mr. Mungo to Messrs. Acho and Vinson regarding the available dates for Ms. Barnwell's deposition. | corp | 0.50 | 150.00 | 75.00 |
| LG Jul 2/2018 969-17 No Hold | Lisa Gardner<br>487747<br>BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Vinson regarding availability for Ms. Barnwell's deposition; receipt and review of email from Ms. Badalamenti regarding 2 exhibits she wants to file under seal; receipt and review of electronic filing notification of Mayor Fouts' motion to file exhibits under seal; receipt and review of emails between Mr. Mungo and Ms. Badalamenti regarding her motion to seal exhibits; phone conference with Mr. Mungo regarding Mayor Fouts' motion to seal exhibit and his proposed motion | corp | 2.75 | 150.00 | 412.50 |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr | Lawyer | | | | | |
|------|--------|--|--|--|--|--|
| Date | Matter | Client | | | | |
| Entry # | | Matter Description | | | | |
| | Task | Explanation | Law Type | Hours | Rate | Total |

for protective order; preparation of email to Mr. Williams regarding preparation of a letter to Ms. Badalamenti.

**AKW    Avery K. Williams**
Jul  2/2018  **969-17**
489014
No Hold              BW

**Mungo, Esquire, Leonard**
Desheila C. Howlett                                    corp
Receipt and review of emails from Mss. Baldamenti; receipt and review of motion to seal; office conference LG regarding same; receipt and review of e-mail from Ms. Gardner; receipt and review of emails from Mr. Mungo; emails Mr. Mungo.

3.00    200.00    600.00

**LG    Lisa Gardner**
Jul  3/2018  **969-17**
487749
No Hold              BW

**Mungo, Esquire, Leonard**
Desheila C. Howlett                                    corp
Review of motion to seal exhibits; phone conference with Mr. Mungo regarding Mayor Fouts' motions to seal exhibits and for protective order; preparation of letter to Ms. Badalamenti regarding her motion to seal exhibits; phone conference with Mr. Mungo regarding the deposition of Ms. Barnwell; review of notices for the depositions of Ms. Barnwell and Dr. Greene; preparation of email to Mr. Mungo with attached letter to Ms. Badalamenti regarding her motion to seal exhibits.

4.75    150.00    712.50

**LG    Lisa Gardner**
Jul  5/2018  **969-17**
487752
No Hold              BW

**Mungo, Esquire, Leonard**
Desheila C. Howlett                                    corp
Phone conference with Mr. Mungo regarding the correspondence to Ms. Badalamenti and revisions to the letter; preparation of email to Ms. Badalamenti with attached correspondence; receipt and review of email from Mr. Acho regarding the date of Ms. Barnwell's deposition; review of message from Mr. Mungo regarding a Detroit News article; phone conference with Mr. Mungo regarding the location of Ms. Barnwell's deposition; and review of re-notices of depositions for Ms. Barnwell and Mr. Wojno.

3.25    150.00    487.50

**LG    Lisa Gardner**
Jul  6/2018  **969-17**
487755
No Hold              BW

**Mungo, Esquire, Leonard**
Desheila C. Howlett                                    corp
Receipt and review of email from Mr. Acho to Mr. Mungo regarding rescheduling Ms. Barnwell's deposition; phone conference with Mr. Mungo regarding the dates provided by Mr. Barnwell for Ms. Barnwell's deposition; preparation of email to Mr. Acho regarding the dates provided by Mr. Barnwell for Ms. Barnwell's deposition; and review of Mayor Fouts' Motion to Seal Exhibit and research for preparation of response.

5.25    150.00    787.50

**LG    Lisa Gardner**
Jul  9/2018  **969-17**
487947
No Hold              BW

**Mungo, Esquire, Leonard**
Desheila C. Howlett                                    corp
Receipt and review of electronic filing notification of Mayor Fouts' Motion for Protective Order; receipt, review and response to email from Mr. Mungo regarding Mayor Fouts' Motion for Protective Order; receipt and review of email from Ms. Canouts with attached supplement responses to discovery requests for production; receipt and review of email from Ms. Badalamenti regarding a new date for Mayor Fouts' deposition; and receipt and review of emails between Mr. Mungo and Ms. Badalamenti regarding scheduling a phone conference to discuss discovery issues.

2.25    150.00    337.50

**AKW    Avery K. Williams**
Jul  9/2018  **969-17**
489052
No Hold              BW

**Mungo, Esquire, Leonard**
Desheila C. Howlett                                    corp
Receipt and review of notice from Court.

0.25    200.00    50.00

**LG    Lisa Gardner**
Jul 10/2018  **969-17**
487950
No Hold              BW

**Mungo, Esquire, Leonard**
Desheila C. Howlett                                    corp
Receipt and review of emails between Ms. Badalamenti and Mr. Mungo regarding scheduling of depositions; receipt and review of email from Mr. Vinson regarding his availability for deposition; preparation of response to Mayor Fouts' Motion to File Exhibits under Seal.

7.75    150.00    1162.50

**LG    Lisa Gardner**
Jul 11/2018  **969-17**
487951
No Hold              BW

**Mungo, Esquire, Leonard**
Desheila C. Howlett                                    corp
Receipt and review of emails between Mr. Acho, Ms. Badalamenti and Mr. Mungo regarding a conference call to discuss discovery issues; receipt and review of email from Ms. Badalamenti regarding an available date for Mayor Fouts' deposition that is beyond the court-ordered discovery cutoff date; phone conference with Mr. Mungo regarding the deposition date for Mayor Fouts and other discovery issues; receipt and review of emails between Ms. Badalamenti and Mr. Mungo regarding their phone conference.

6.75    150.00    1012.50

**AKW    Avery K. Williams**
Jul 11/2018  **969-17**
489060
No Hold              BW

**Mungo, Esquire, Leonard**
Desheila C. Howlett                                    corp
Receipt and review of e-mail from Mr. Mungo.

0.25    200.00    50.00

**LG    Lisa Gardner**
Jul 12/2018  **969-17**
487953
No Hold              BW

**Mungo, Esquire, Leonard**
Desheila C. Howlett                                    corp
Receipt and review of emails between Ms. Badalamenti and Mr.

7.50    150.00    1125.00

Lwyr
Date       Matter     Client
Entry #                Matter Description

Mungo Mungo PLLC
PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| | Task | Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| | | Mungo regarding the exhibits to Mayor Fouts' Motion for Protective Order; receipt and review of email from Mr. Acho with attached Re-Notice of Mr. Murray's Deposition; receipt and review of emails between Mr. Marko and Mr. Acho regarding Mr. Murray's continued deposition; receipt and review of email from Mr. Mungo regarding proposed email to Ms. Badalamenti; phone conference with Mr. Mungo regarding Ms. Badalamenti's refusal to provide unredacted exhibits and approach to preparing the response; continued preparation of response; phone conference with Mr. Mungo regarding preparation of response to motion for protective order. | | | | |
| AKW   Avery K. Williams Jul 12/2018  969-17 489069 No Hold        BW | | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of e-mail from (LG); office conference (LG). | corp | 0.50 | 200.00 | 100.00 |
| LG    Lisa Gardner Jul 13/2018  969-17 487955 No Hold        BW | | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding | corp | 6.25 | 150.00 | 937.50 |
| LG    Lisa Gardner Jul 16/2018  969-17 487989 No Hold        BW | | Mungo, Esquire, Leonard Desheila C. Howlett Revisions to response and preparation of email to Mr. Mungo with attached draft of response; receipt and review of electronic filing notification of Plaintiff's Response to Mayor Fouts' Motion to File Exhibits Under Seal; phone conference with Mr. Mungo regarding revisions to Plaintiff's response to Mayor Fouts' motion to seal exhibits; phone conference with Mr. Mungo regarding Mr. Wojno's request to adjourn deposition and the subpoena for records and deposition notice to Mr. Denton-Brown; review of Mayor Fouts' Motion for Protective Order. | corp | 6.25 | 150.00 | 937.50 |
| AKW   Avery K. Williams Jul 16/2018  969-17 489083 No Hold        BW | | Mungo, Esquire, Leonard Desheila C. Howlett Review and revision of response to motion. | corp | 2.00 | 200.00 | 400.00 |
| LG    Lisa Gardner Jul 17/2018  969-17 487994 No Hold        BW | | Mungo, Esquire, Leonard Desheila C. Howlett Receipt, review and response to email from Mr. Mungo regarding the subpoena to Mr. Denton-Brown; preparation of response to Mayor Fouts' motion for protective order; review of deposition transcripts in preparation of response to motion for protective order; phone conference with Mr. Mungo regarding dispatch logs, Mayor Fouts' motion for protective order and the date for Mayor Fouts' deposition and receipt and review of email from Mr. Mungo regarding supplementing discovery. | corp | 6.75 | 150.00 | 1012.50 |
| LG    Lisa Gardner Jul 18/2018  969-17 487996 No Hold        BW | | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Mungo regarding Ms. Badalamenti's representation of Mr. Wojno and her proposed stipulation regarding the transcript of Mr. Wojno's deposition; phone conference with Mr. Mungo regarding Ms. Badalamenti's request for a stipulated order regarding Mr. Wojno's deposition; continued preparation of response to motion for protective order; receipt and review of email from Mr. Mungo regarding supplemental witness list; and phone conference with Mr. Mungo regarding voice analysis and supplemental disclosures. | corp | 7.25 | 150.00 | 1087.50 |
| AKW   Avery K. Williams Jul 18/2018  969-17 489094 No Hold        BW | | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of e-mail from Mr. Mungo. | corp | 0.25 | 200.00 | 50.00 |
| LG    Lisa Gardner Jul 19/2018  969-17 487999 No Hold        BW | | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Mungo regarding a subpoena for Mr. Premiu's voice analysis report; receipt and review of email from Mr. Mungo regarding social media posts by Mayor Fouts; receipt and review of electronic filing notification of appearance of Ms. Badalamenti on behalf of Mr. Wojno; and continued preparation of response to motion for protective order. | corp | 6.00 | 150.00 | 900.00 |
| AKW   Avery K. Williams Jul 19/2018  969-17 488999 No Hold        BW | | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of notice to appeal. | corp | 0.25 | 200.00 | 50.00 |
| LG    Lisa Gardner Jul 20/2018  969-17 488003 No Hold        BW | | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Mungo with attached references from deposition testimony; continued preparation of Response to Mayor Fouts' Motion for Protective Order; receipt and review of email from Mr. Mungo regarding supplementing witness list; phone conference with Mr. Mungo regarding deposition testimony to include in response to | corp | 6.75 | 150.00 | 1012.50 |

| Lwyr | Lawyer | | | | | |
|---|---|---|---|---|---|---|
| Date | Matter | | | | | |
| Entry # | | Client | | | | |
| | Task | Matter Description | | | | |
| | | Explanation | Law Type | Hours | Rate | Total |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

motion for protective order and taking a video deposition of Mr. Wojno; preparation of email to Mr. Mungo with a copy of the supplemental disclosures sent out in May; receipt and review of email from Mr. Vinson regarding the change in location of Mr. Wojno's deposition; receipt and review of email from Ms. Badalamenti with attached proposed letter to the court regarding extending the time for discovery.

| LG | Lisa Gardner | | | | | |
|---|---|---|---|---|---|---|
| Jul 21/2018 | 969-17 | Mungo, Esquire, Leonard | | | | |
| 488006 | | Desheila C. Howlett | corp | | | |
| No Hold | BW | Completion of response to Mayor Fouts' Motion for Protective Order, and preparation of Exhibit List. | | 1.75 | 150.00 | 262.50 |

| AKW | Avery K. Williams | | | | | |
|---|---|---|---|---|---|---|
| Jul 21/2018 | 969-17 | Mungo, Esquire, Leonard | | | | |
| 488991 | | Desheila C. Howlett | corp | | | |
| No Hold | BW | Review and revision of response to motion for Protective order. | | 1.50 | 200.00 | 300.00 |

| AKW | Avery K. Williams | | | | | |
|---|---|---|---|---|---|---|
| Jul 23/2018 | 969-17 | Mungo, Esquire, Leonard | | | | |
| 488979 | | Desheila C. Howlett | corp | | | |
| No Hold | BW | Receipt and review of notice of filing; receipt and review of e-mail regarding Mungo changes. | | 0.50 | 200.00 | 100.00 |

| LG | Lisa Gardner | | | | | |
|---|---|---|---|---|---|---|
| Jul 24/2018 | 969-17 | Mungo, Esquire, Leonard | | | | |
| 488257 | | Desheila C. Howlett | corp | | | |
| No Hold | BW | Phone conference with Mr. Mungo regarding the discovery status and the deposition of Mr. Wojno; receipt and review of email from Mr. Marko regarding available dates for Mr. Murray's deposition; receipt and review of email from Ms. Williams with available dates for Mr. Marko and Mr. Murray for Mr. Murray's deposition; receipt and review of emails between Mr. Acho and Mr. Marko regarding the location of Mr. Murray's deposition; receipt and review of email from Ms. Canouts with re-notice of Mr. Murray's deposition. | | 3.00 | 150.00 | 450.00 |

| LG | Lisa Gardner | | | | | |
|---|---|---|---|---|---|---|
| Jul 27/2018 | 969-17 | Mungo, Esquire, Leonard | | | | |
| 488272 | | Desheila C. Howlett | corp | | | |
| No Hold | BW | Receipt and review of electronic filing notification regarding the hearing date for Mayor Fouts' Motion for Protective Order. | | 0.25 | 150.00 | 37.50 |

| AKW | Avery K. Williams | | | | | |
|---|---|---|---|---|---|---|
| Jul 27/2018 | 969-17 | Mungo, Esquire, Leonard | | | | |
| 488957 | | Desheila C. Howlett | corp | | | |
| No Hold | BW | Receipt and review of notice of hearing. | | 0.25 | 200.00 | 50.00 |

| LG | Lisa Gardner | | | | | |
|---|---|---|---|---|---|---|
| Jul 30/2018 | 969-17 | Mungo, Esquire, Leonard | | | | |
| 488275 | | Desheila C. Howlett | corp | | | |
| No Hold | BW | Receipt and review of email from Mr. Vinson with attached correspondence to Ms. Howlett regarding disability and workers compensation benefits; receipt and review of electronic filing notification of Mayor Fouts' Reply to Response to Motion for Protective Order; receipt and review of email from Mr. Mungo with attached postings from Mayor Fouts' Facebook account; phone conference with Mr. Mungo regarding Mayor Fouts' Facebook postings. | | 2.00 | 150.00 | 300.00 |

| AKW | Avery K. Williams | | | | | |
|---|---|---|---|---|---|---|
| Jul 30/2018 | 969-17 | Mungo, Esquire, Leonard | | | | |
| 488945 | | Desheila C. Howlett | corp | | | |
| No Hold | BW | Receipt and review of reply to response. | | 0.25 | 200.00 | 50.00 |

| LG | Lisa Gardner | | | | | |
|---|---|---|---|---|---|---|
| Jul 31/2018 | 969-17 | Mungo, Esquire, Leonard | | | | |
| 488278 | | Desheila C. Howlett | corp | | | |
| No Hold | BW | Phone conference with Mr. Mungo regarding Mayor Fouts' Reply to Response to Motion for Protective Order and the hearing on both of Mayor Fouts' motions and the cases cited by Ms. Badalamenti; receipt and review of email from Mr. Mungo regarding language for stipulation to extend discovery cutoff date; preparation of email to Mr. Mungo with attached link to a Detroit News article regarding Mayor Fouts' motion to vacate the court's previous order; review of Reply to Response to Motion for Protective Order; phone conference with Mr. Mungo regarding preparation of stipulation and order to extend discovery cutoff date; preparation of stipulation and order to extend discovery cutoff date; preparation of email to Mr. Mungo with attached stipulation and order to extend preparation cutoff date; receipt and review of email from Mr. Acho with attached correspondence regarding supplementing discovery with Ms. Howlett's new address; phone conference with Mr. Mungo regarding Mr. Acho's request to supplement discovery with Ms. Howlett's address;  and receipt and review of electronic filing notification regarding adjournment of hearing date for Mayor Fouts' Motion for Protective Order. | | 5.25 | 150.00 | 787.50 |

| LG | Lisa Gardner | | | | | |
|---|---|---|---|---|---|---|
| Aug 1/2018 | 969-17 | Mungo, Esquire, Leonard | | | | |
| 489288 | | Desheila C. Howlett | corp | | | |
| No Hold | BW | Receipt and review of emails between Mr. Acho and Mr. Mungo regarding Ms. Howlett's new address; review of Mayor Fouts' Reply to Response to Motion for Protective Order; receipt | | 5.75 | 150.00 | 862.50 |

| Lwyr<br>Date<br>Entry # | Lawyer<br>Matter | Task | Client<br>Matter Description<br>Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
|  |  |  | and review of email from Mr. Mungo to Mr. Acho and Ms. Badalamenti with attached proposed stipulated order to extend discovery and review of documents produced by Defendants. |  |  |  |  |
| AKW   Avery K. Williams<br>Aug 1/2018  969-17<br>489858<br>No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of stipulation and order. | corp | 0.25 | 200.00 | 50.00 |
| LG   Lisa Gardner<br>Aug 2/2018  969-17<br>489294<br>No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of cases cited by Defendants in their Reply to Plaintiff's Response to Motion for Protective Order. | corp | 1.75 | 150.00 | 262.50 |
| LG   Lisa Gardner<br>Aug 6/2018  969-17<br>489299<br>No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic filing notification regarding the transcript of the hearing on Plaintiff's Motion to Compel the Deposition of Mayor Fouts, Defendants' Motions to Change Venue and to Quash Subpoenas; receipt and review of electronic filing notification regarding telephonic hearing with the Court; phone conference with Mr. Mungo regarding the hearing on Mayor Fouts' Motion for Protective Order; receipt and review of electronic filing notification regarding bench order rendered at hearing denying Mayor Fouts' Motion to Seal and for Protective Order; receipt and review of email from Mr. Mungo with attached letter from Dr. Valivonis regarding releasing Plaintiff's address to Defendants; receipt and review of email from Mr. Mungo regarding preparation of a protective order to preclude disclosure of Plaintiff's address. | corp | 5.25 | 150.00 | 787.50 |
| AKW   Avery K. Williams<br>Aug 6/2018  969-17<br>489886<br>No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of notices from Court; receipt and review of order. | corp | 0.75 | 200.00 | 150.00 |
| LG   Lisa Gardner<br>Aug 7/2018  969-17<br>489301<br>No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding preparation of deposition notice and subpoena to WDIV for recordings aired regarding comments allegedly made by Mayor Fouts pertaining to African Americans and women; and ordering transcript of hearing; research recordings of who is alleged to be Mayor Fouts for preparation of subpoena. | corp | 3.25 | 150.00 | 487.50 |
| LG   Lisa Gardner<br>Aug 8/2018  969-17<br>489304<br>No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo to Messrs. Acho and Vinson and Ms. Badalamenti with attached re-notice of taking deposition;  receipt and review of electronic filing notification regarding the transcript of Mayor Fouts' Motions to Seal Exhibits and for Protective Order; receipt and review of email from Ms. Cavanaugh with attached transcript from hearing on Mayor Fouts' Motion to Seal Exhibits and for Protective Order; review of transcript of the hearing on Mayor Fouts' Motion to Seal Exhibits. | corp | 6.75 | 150.00 | 1012.50 |
| LG   Lisa Gardner<br>Aug 9/2018  969-17<br>489306<br>No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of emails between Mr. Marko and Mr. Acho regarding the witness fee for the continued deposition of Mr. Murray; research of the address for WDIV; preparation of Subpoena to Graham Media Group; preparation of email to Mr. Mungo with attached draft of Subpoena and response from Mr. Mungo; preparation of Exhibit to Re-Notice of Deposition to Mayor Fouts; preparation of email to Mr. Mungo with attached draft of Re-Notice of Deposition Duces Tecum of Mayor Fouts. | corp | 4.75 | 150.00 | 712.50 |
| LG   Lisa Gardner<br>Aug 10/2018  969-17<br>489311<br>No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo to opposing counsel with attached Subpoena to Graham Media Group; continued review of documents produced by Defendants. | corp | 3.75 | 150.00 | 562.50 |
| LG   Lisa Gardner<br>Aug 13/2018  969-17<br>489244<br>No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt, review and response of email from Mr. Mungo regarding the deposition of Ms. Barnwell; preparation of email to Messrs. Acho and Vinson and Ms. Badalamenti confirming the deposition of Ms. Barnwell; review of documents produced by Defendants and | corp | 6.00 | 150.00 | 900.00 |
| LG   Lisa Gardner<br>Aug 14/2018  969-17<br>489248<br>No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding providing Ms. Howlett's address; receipt and review of email from Mr. Mungo to Mr. Acho with Ms. Howlett's address; receipt and review of email from Mr. Acho seeking concurrence in his | corp | 5.00 | 150.00 | 750.00 |

| Lwyr<br>Date<br>Entry # | Lawyer<br>Matter<br>Task | Client<br>Matter Description<br>Explanation | PLLC Time Listing<br>Jan/ 1/2017 To Mar/31/2023<br>Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| | | motion to quash subpoena to WDIV; receipt and review of electronic mail notification of Defendants' Motion for Protective Order to Quash Subpoena Directed to Graham Media Group; receipt, review and response to Mr. Mungo's email regarding the response to Defendant's Motion for Protective Order; receipt and review of email from Us Legal Support with attached transcript of the continued deposition of Mr. Murray with exhibits; receipt and review of emails between Mr. Acho to Mr. Mungo regarding disclosure of Ms. Howlett's current address and supplemental responses to discovery requests; receipt and review of emails between Ms. Rae-O'Donnell and Mr. Mungo seeking concurrence in a motion to hold Dr. Valivonis in contempt for failure to provide subpoenaed documents; | | | | |
| AKW     Avery K. Williams<br>Aug 14/2018   **969-17**<br>489931<br>No Hold          BW | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of emails from Ms. Gardner; e-mail Ms. Gardner; receipt and review of motion for protective order. | corp | 1.25 | 200.00 | 250.00 |
| LG     Lisa Gardner<br>Aug 15/2018   **969-17**<br>489253<br>No Hold          BW | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of Mr. Glusac regarding in response to the Subpoena to WDIV; research of cases for preparation of response to Defendants' Motion to Quash Subpoena. | corp | 3.00 | 150.00 | 450.00 |
| LG     Lisa Gardner<br>Aug 16/2018   **969-17**<br>489256<br>No Hold          BW | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo regarding documents to be produced by Ms. Barnwell at her deposition; phone conference with Mr. Mungo regarding the deposition of Ms. Barnwell; review of transcript of Mr. Murray's continued deposition. | corp | 3.75 | 150.00 | 562.50 |
| LG     Lisa Gardner<br>Aug 17/2018   **969-17**<br>489260<br>No Hold          BW | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding his discussion with Mr. Primeau regarding voice analysis; receipt and review of email from Mr. Mungo with attached cases for preparation of response to Defendants' Motion to Quash Subpoena; and research of a party's standing to challenge a subpoena directed to third-party. | corp | 4.75 | 150.00 | 712.50 |
| LG     Lisa Gardner<br>Aug 20/2018   **969-17**<br>489267<br>No Hold          BW | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Research regarding a party's standing to challenge a subpoena directed to a third party in preparation of response to Defendants' Motion to Quash Subpoena; receipt and review of email from Mr. Glusac regarding information responsive to subpoena to WDIV; receipt and review of emails between Mr. Glusac and Mr. Acho regarding the pending motion to quash subpoena. | corp | 5.50 | 150.00 | 825.00 |
| LG     Lisa Gardner<br>Aug 21/2018   **969-17**<br>489268<br>No Hold          BW | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding listing Primeau as a witness and preparation of correspondence to Mr. Acho; research in preparation of correspondence to Mr. Acho requesting that he withdraw motion to quash subpoena and preparation of response to motion to quash; preparation of email to Mr. Mungo with attached letter to Mr. Acho; receipt and review of email from Mr. Mungo with attached curriculum vitae of Mr. Primeau; and receipt and review of email from Mr. Mungo regarding Warren City Charter provision; review of provisions of Charter in preparation of response to Defendants' Motion to Quash. | corp | 6.75 | 150.00 | 1012.50 |
| LG     Lisa Gardner<br>Aug 22/2018   **969-17**<br>489270<br>No Hold          BW | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Preparation of response to motion to quash subpoena; receipt and review of email from Mr. Mungo of Mr. Wojno's deposition transcript; phone conference with Mr. Mungo regarding the response to the motion to quash subpoena; receipt and review of email from Mr. Mungo regarding the court allowing additional time for discovery; phone conference with Mr. Mungo regarding Mayor Fouts' deposition; receipt and review of email from Ms. Stiller with attached transcript of Ms. Barnwell's deposition. | corp | 7.75 | 150.00 | 1162.50 |
| LG     Lisa Gardner<br>Aug 23/2018   **969-17**<br>489272<br>No Hold          BW | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Research and continued preparation of response to Defendants' Motion for Protective Order to Quash Subpoena. | corp | 7.00 | 150.00 | 1050.00 |
| LG     Lisa Gardner<br>Aug 24/2018   **969-17**<br>489273<br>No Hold          BW | | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding Mayor Fouts' deposition and preparation of a motion to compel his continued deposition; receipt and review of email from Mr. | corp | 7.50 | 150.00 | 1125.00 |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Lawyer<br>Date Matter<br>Entry # Task | Client<br>Matter Description<br>Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|
| | Mungo with attached excerpts from the transcript of Mayor Fouts' deposition; research and preparation of motion to compel Mayor Fouts' continued deposition; receipt and review of email from Mr. Mungo to Mr. Primeau regarding voice analysis; receipt and review of email from Mr. Mungo with additional excerpts from Mayor Fouts' deposition transcript for preparation of motion to compel his continued deposition; receipt and review of emails between Mr. Mungo and Ms. Badalamenti regarding Mayor Fouts' continued deposition; receipt and review of email from Ms. Chubb regarding the scheduling a conference with the court regarding discovery issues; and phone conference with MR. Mungo regarding a conference with Defendants' counsel before filing the motion to compel Mayor Fouts' deposition. | | | | |
| AKW Avery K. Williams<br>Aug 24/2018 **969-17**<br>489985<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of e-mail from Court. | corp | 0.25 | 200.00 | 50.00 |
| LG Lisa Gardner<br>Aug 27/2018 **969-17**<br>489276<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of full transcript of Mayor Fouts' deposition; review of transcript and continued preparation of motion to compel continued deposition; receipt and review of email from Mr. Acho regarding availability for a conference with the court; receipt and review of emails from Ms. Badalamenti regarding her availability for teleconference with the court; receipt and review of emails from Carroll Court Reporting with attached transcript of Mayor Fouts' deposition and exhibits; receipt and review of email from Mr. Acho with attached letter regarding supplementing discovery responses; receipt and review of email from Mr. Mungo to Messrs. Acho, Vinson and Ms. Badalamenti regarding the scheduled teleconference with the court; receipt and review of email from Ms. Chubb regarding the court's availability for a teleconference; receipt and review of email from Mr. Vinson regarding his availability for a teleconference with the court; receipt and review of electronic filing notification regarding notice to appear by telephone for a status conference; and preparation of email to Mr. Mungo with attached response to motion to quash subpoena. | corp | 5.75 | 150.00 | 862.50 |
| LG Lisa Gardner<br>Aug 28/2018 **969-17**<br>489280<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo with attached letter from Mr. Acho requesting Plaintiff supplement her answers to interrogatories; receipt and review of email from Mr. Mungo with attached letter regarding Ms. Badalamenti; receipt and review of email from Mr. Acho requesting teleconference call-in information; phone conference with Mr. Mungo regarding the response to Defendants' Motion for Protective Order to Quash Subpoena; receipt and review of emails between Mr. Acho and Mr. Mungo regarding supplemental responses to discovery; receipt and review of Minute Entry regarding the telephonic status conference held with the court; receipt and review of electronic filing notification of Plaintiff's response to Defendants' motion to quash subpoena; and receipt and review of email from Mr. Mungo regarding specific discovery requests that should be supplemented. | corp | 7.50 | 150.00 | 1125.00 |
| AKW Avery K. Williams<br>Aug 28/2018 **969-17**<br>490024<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of letters; review and revision of response; receipt and review of notice from Court. | corp | 2.00 | 200.00 | 400.00 |
| LG Lisa Gardner<br>Aug 29/2018 **969-17**<br>489285<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of correspondence from Mr. Acho regarding supplemental responses to discovery; phone conference with Mr. Mungo regarding supplementing discovery responses; review of Plaintiff's responses to interrogatories and preparation of supplemental responses. | corp | 5.75 | 150.00 | 862.50 |
| LG Lisa Gardner<br>Aug 30/2018 **969-17**<br>489286<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference regarding supplemental responses to discovery; receipt and review of electronic filing notification of an Order regarding status conference; receipt and review of emails from Mr. Mungo regarding documents from Ms. Howlett for supplemental responses to discovery; continued preparation of supplemental responses to discovery; receipt and review of email from Mungo regarding expert reports; receipt and review of emails from Mr. Mungo regarding Ms. Howlett's medical costs and additional information to supplement responses to discovery; preparation of email to Mr. Mungo with attached supplemental responses to discovery requests. | corp | 6.00 | 150.00 | 900.00 |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Date Entry # | Lawyer Matter Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| DW1 Aug 30/2018 489895 No Hold | David Webley 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Preparing Supplemental answer to Discovery request. | corp | 3.00 | 75.00 | 225.00 |
| AKW Aug 30/2018 490031 No Hold | Avery K. Williams 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of order. | corp | 0.75 | 200.00 | 150.00 |
| LG Sep 4/2018 490361 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of electronic filing notification of Defendant's Reply to Plaintiff's Response to Motion for Protective Order to Quash Subpoena; | corp | 1.25 | 150.00 | 187.50 |
| AKW Sep 5/2018 490269 No Hold | Avery K. Williams 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of concurrence in motion for protective order. | corp | 0.25 | 200.00 | 50.00 |
| LG Sep 5/2018 490363 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of electronic filing notification of Mayor Fout's response to Motion for Protective Order to Quash Subpoena; receipt and review of emails from Mr. Acho regarding supplemental discovery responses and medical records; and review of the supplemental responses. | corp | 2.75 | 150.00 | 412.50 |
| DW1 Sep 6/2018 489229 No Hold | David Webley 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Review supplemental responses sent to Mr. Acho for errors, bates stamp document to be produced. | corp | 1.00 | 75.00 | 75.00 |
| LG Sep 6/2018 490366 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding a motion for summary judgment that Defendant is likely to file and Acho's request for concurrence in motion to exceed the page limit; receipt and review of e-mail from Mr. Acho confirming concurrence in Motion to Exceed Page Limitations; receipt and review of electronic mail notification regarding Defendant's Ex Parte Motion to File Excess Pages for Defendant's Brief in Support of Motion for Summary Judgment; | corp | 2.25 | 150.00 | 337.50 |
| AKW Sep 7/2018 490274 No Hold | Avery K. Williams 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of e-mail from Ms. Cummings; e-mail Ms. Cummings. | corp | 0.50 | 200.00 | 100.00 |
| LG Sep 7/2018 490368 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of electronic filing notification of Order Granting Leave to File Briefs in Support up to Thirty Pages in Length. | corp | 0.25 | 150.00 | 37.50 |
| LG Sep 10/2018 490372 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of e-mail from Mr. Mungo with attached correspondence regarding Mr. Primeau. | corp | 0.25 | 150.00 | 37.50 |
| LG Sep 13/2018 490383 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Research and review of deposition transcripts in preparation of motion for partial summary judgment. | corp | 2.75 | 150.00 | 412.50 |
| LG Sep 17/2018 490419 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of e-mail from Mr. Mungo with attached affidavit of Ms. Howlett in support of motion for partial summary disposition and review of affidavit; phone conference with Mr. Mungo regarding preparation of motion for partial summary disposition; receipt and review of e-mail from Mr. Mungo regarding an adverse inference argument; review of transcripts in preparation of motion for partial summary disposition and preparation of motion for partial summary disposition. | corp | 6.75 | 150.00 | 1012.50 |
| LG Sep 18/2018 490421 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Continued preparation of motion for partial summary disposition and phone conferences with Mr. Mungo. | corp | 7.75 | 150.00 | 1162.50 |
| LG Sep 19/2018 490422 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Continued preparation of motion for partial disposition; receipt and review of e-mail from Mr. Mungo with attached training schedule produced by Ms. McLane and review of Ms. McLane's deposition transcript; receipt and review of e-mail from Mr. Mungo with attached news story regarding Deputy | corp | 7.75 | 150.00 | 1162.50 |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr | Lawyer | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | Matter | | Client | | | | |
| Entry # | | | Matter Description | | | | |
| | | Task | Explanation | Law Type | Hours | Rate | Total |

Commissioner Matthew Nichols;.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| DW1 | David Webley | | | | | | |
| Sep 20/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 489846 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Review and prepare exhibits for MSD Motion. | | 1.50 | 75.00 | 112.50 |
| AKW | Avery K. Williams | | | | | | |
| Sep 20/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 490342 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Review and revision of brief; receipt and review of motion for summary judgment. | | 1.50 | 200.00 | 300.00 |
| LG | Lisa Gardner | | | | | | |
| Sep 20/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 490423 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Completion of motion for partial summary disposition, phone conferences with Mr. Mungo regarding brief in support of motion for partial summary disposition and the protective orders; preparation of e-mail to Mr. Mungo with attached motion for partial summary disposition; revisions to affidavit of Ms. Howlett and preparation of e-mail to Mr. Mungo with attached affidavit of Ms. Howlett; preparation of exhibit list, receipt and review of electronic filing notification of Defendants' motion for summary disposition; receipt and review of e-mail from Ms. Rae-O'Donnell regarding the protective order; receipt and review of e-mail from Mr. Mungo with attached Exhibit of Dispatch Table; receipt and review of e-mail from Mr. Mungo with attached signed affidavit of Ms. Howlett; and receipt and review of Order Denying Motion for Protective Order to Quash Subpoena. | | 8.75 | 150.00 | 1312.50 |
| LG | Lisa Gardner | | | | | | |
| Sep 21/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 490427 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of emails between Mr. Acho and Ms. Chubb regarding the case caption. | | 0.25 | 150.00 | 37.50 |
| LG | Lisa Gardner | | | | | | |
| Sep 24/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 490430 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of e-mail from Ms. O'Donnell regarding picking up records subject to protective order. | | 0.25 | 150.00 | 37.50 |
| LG | Lisa Gardner | | | | | | |
| Sep 26/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 490436 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Review of documents and transcripts in preparation of response to motion for summary judgment. | | 4.75 | 150.00 | 712.50 |
| LG | Lisa Gardner | | | | | | |
| Sep 27/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 490438 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of emails from Mr. Mungo regarding comments by Mayor Fouts to a news reporter; receipt, review and response to e-mail from Mr. Mungo regarding the transcripts of the hearings on June 11, 2018 and August 6, 2018; review of motion for summary disposition in preparation of response. | | 3.50 | 150.00 | 525.00 |
| AKW | Avery K. Williams | | | | | | |
| Sep 27/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 490556 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of e-mail regarding motion for sanctions. | | 1.00 | 200.00 | 200.00 |
| LG | Lisa Gardner | | | | | | |
| Sep 28/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 490440 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of electronic filing notifications of Defendants' motion for sanctions; phone conferences with Mr. Mungo regarding the motion for sanctions filed by Defendants; when responses to pending motions are due; review of the motion for sanctions in preparation of response. | | 4.25 | 150.00 | 637.50 |
| AKW | Avery K. Williams | | | | | | |
| Sep 28/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 490557 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of motion for sanctions. | | 1.00 | 200.00 | 200.00 |
| LG | Lisa Gardner | | | | | | |
| Oct 1/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 490479 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Phone conference with Mr. Mungo regarding preparation of response to motion for sanctions; review of emails from Mr. Acho and phone conference with Mr. Mungo regarding the court's practice guidelines; preparation of motion for leave to amend motion for summary judgment. | | 5.25 | 150.00 | 787.50 |
| LG | Lisa Gardner | | | | | | |
| Oct 2/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 490483 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Preparation of motion for partial summary disposition and phone conferences with Mr. Mungo. | | 8.50 | 150.00 | 1275.00 |
| AKW | Avery K. Williams | | | | | | |
| Oct 2/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 491220 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of order; review and revision of motion and amended brief. | | 1.00 | 200.00 | 200.00 |
| LG | Lisa Gardner | | | | | | |
| Oct 3/2018 | **969-17** | | **Mungo, Esquire, Leonard** | | | | |
| 490484 | | | Desheila C. Howlett | corp | | | |

| Lwyr  Lawyer | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | | | Client | | | | |
| Entry # | Matter | | Matter Description | Law Type | | | |
| | | Task | Explanation | | Hours | Rate | Total |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| No Hold | | BW | Continued preparation of motion for partial summary judgment and Appendi::; receipt and review of electronic filing notification. | | 7.75 | 150.00 | 1162.50 |
| **AKW    Avery K. Williams** | | | | | | | |
| Oct  3/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491332 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of Motion for partial summary judgment. | | 0.25 | 200.00 | 50.00 |
| **LG    Lisa Gardner** | | | | | | | |
| Oct  4/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 490485 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Review of transcripts of named defendants for preparation of response to motion for summary judgment. | | 6.25 | 150.00 | 937.50 |
| **LG    Lisa Gardner** | | | | | | | |
| Oct  8/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491000 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Phone conference with Mr. Mungo regarding the response to Defendants' Motion for Sanctions; research in preparation of response to Defendants' Motion for Summary Judgment. | | 7.75 | 150.00 | 1162.50 |
| **LG    Lisa Gardner** | | | | | | | |
| Oct  9/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491002 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Phone conference with Mr. Mungo regarding the responses to statement of undisputed facts and preparation of Response to Defendants' Motion for Summary Judgment. | | 8.50 | 150.00 | 1275.00 |
| **LG    Lisa Gardner** | | | | | | | |
| Oct 10/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491004 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Continued preparation of the Response to Motion for Summary Judgment and List of Exhibits receipt and review of electronic filing notification and receipt and review of email from Mr. Mungo the response to Defendants' Motion for Summary Judgment. | | 10.25 | 150.00 | 1537.50 |
| **LG    Lisa Gardner** | | | | | | | |
| Oct 11/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491005 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Review of transcripts of named defendants for preparation of response to motion for summary judgment; receipt and review of email from Mr. Mungo regarding citations to responses to statement of undisputed facts; phone conferences with Mr. Mungo regarding the response to motion for summary judgment. | | 14.50 | 150.00 | 2175.00 |
| **AKW    Avery K. Williams** | | | | | | | |
| Oct 11/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491286 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Office conferences regarding response to motion. | | 0.50 | 200.00 | 100.00 |
| **LG    Lisa Gardner** | | | | | | | |
| Oct 12/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491007 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Preparation of Response to Motion for Sanctions; phone conferences with Mr. Mungo regarding response. | | 10.00 | 150.00 | 1500.00 |
| **AKW    Avery K. Williams** | | | | | | | |
| Oct 12/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491270 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Research regarding motion for sanctions; office conference LG. | | 1.00 | 200.00 | 200.00 |
| **LG    Lisa Gardner** | | | | | | | |
| Oct 15/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491310 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of email from Mr. Mungo regarding news article about the Howlett case; and review of article. | | 0.50 | 150.00 | 75.00 |
| **LG    Lisa Gardner** | | | | | | | |
| Oct 16/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491314 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Phone conference with Mr. Mungo regarding an email from Mr. Acho. | | 0.25 | 150.00 | 37.50 |
| **AKW    Avery K. Williams** | | | | | | | |
| Oct 16/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491363 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Office conference LG regarding motion; review of correspondence from Mr. Acho. | | 0.50 | 200.00 | 100.00 |
| **AKW    Avery K. Williams** | | | | | | | |
| Oct 18/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491383 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of motion for leave; receipt and review of reply brief. | | 0.75 | 200.00 | 150.00 |
| **LG    Lisa Gardner** | | | | | | | |
| Oct 19/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491321 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of electronic filing of ex parte motion for leave to file e::hibit in traditional manner; receipt and review of electronic filing notification of reply to response to motion for sanctions, costs and attorney's fees. | | 0.50 | 150.00 | 75.00 |
| **AKW    Avery K. Williams** | | | | | | | |
| Oct 24/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491414 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of response; receipt and review of motion for leave. | | 0.50 | 200.00 | 100.00 |
| **AKW    Avery K. Williams** | | | | | | | |
| Oct 25/2018  **969-17** | | | **Mungo, Esquire, Leonard** | | | | |
| 491424 | | | Desheila C. Howlett | corp | | | |
| No Hold | | BW | Receipt and review of order. | | 0.25 | 200.00 | 50.00 |

Mungo & Mungo at Law,

| Lwyr Date Entry # | Matter Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| AKW    Avery K. Williams Oct 26/2018  **969-17** 491428 No Hold            BW | | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of reply brief. | corp | 0.25 | 200.00 | 50.00 |
| AKW    Avery K. Williams Oct 29/2018  **969-17** 491456 No Hold            BW | | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of notice. | corp | 0.25 | 200.00 | 50.00 |
| LG     Lisa Gardner Oct 29/2018  **969-17** 492661 No Hold            BW | | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of electronic filing notification of Notice of Filing Exhibit in the Traditional Manner; phone conference with Mr. Mungo regarding preparation of the reply to Defendants' response to Motion for Partial Summary Judgment and a possible motion to file exhibits under seal; receipt and review of email from Mr. Mungo with attached Defendant's Exhibits Filed Under Seal. | corp | 1.25 | 150.00 | 187.50 |
| LG     Lisa Gardner Oct 30/2018  **969-17** 492664 No Hold            BW | | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of email from Mr. Mungo with attached dispatch charts; review of exhibits to response to motion for partial summary judgment  in preparation of reply to response. | corp | 2.75 | 150.00 | 412.50 |
| LG     Lisa Gardner Nov 1/2018  **969-17** 492670 No Hold            BW | | **Mungo, Esquire, Leonard** Desheila C. Howlett Phone conference with Mr. Mungo regarding issues to address in Reply to Defendants' Response to Motion for Partial Summary Judgment; receipt and review of email from Mr. Acho with attached Offer of Judgment; phone conference with Mr. Mungo regarding the Offer of Judgment from Mr. Acho; | corp | 4.25 | 150.00 | 637.50 |
| LG     Lisa Gardner Nov 2/2018  **969-17** 492671 No Hold            BW | | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of email from Mr. Mungo with attached documents to attach as exhibits to Reply to Defendants' Response to Motion for Summary Judgment; review of deposition transcripts excerpts and research for preparation of reply. | corp | 3.75 | 150.00 | 562.50 |
| LG     Lisa Gardner Nov 5/2018  **969-17** 492674 No Hold            BW | | **Mungo, Esquire, Leonard** Desheila C. Howlett Phone conference with Mr. Mungo regarding the preparation of reply brief and the dispatch records that he proposes to file under seal. | corp | 0.25 | 150.00 | 37.50 |
| LG     Lisa Gardner Nov 6/2018  **969-17** 492676 No Hold            BW | | **Mungo, Esquire, Leonard** Desheila C. Howlett Preparation of Reply to Response to Motion for Partial Summary Judgment; receipt and review of email from Mr. Mungo with attached charts regarding dispatch; preparation of email to Mr. Mungo requesting a copy of the documents that he proposes to file under seal; office conference with Mr. Mungo regarding the dispatch records proposed for sealing; preparation of email to Mr. Mungo with attached draft of Reply to Defendants' Response to Motion for Partial Summary Judgment; | corp | 10.75 | 150.00 | 1612.50 |
| AKW    Avery K. Williams Nov 7/2018  **969-17** 492179 No Hold            BW | | **Mungo, Esquire, Leonard** Desheila C. Howlett Review and revision of reply brief; review and revision of draft motion to seal; office conference with Lisa Gardner regarding briefs | corp | 1.25 | 200.00 | 250.00 |
| LG     Lisa Gardner Nov 7/2018  **969-17** 492678 No Hold            BW | | **Mungo, Esquire, Leonard** Desheila C. Howlett Preparation of Motion to File Exhibits Under Seal; revisions to reply brief; phone conference Messrs. Mungo regarding the dispatch records to be sealed; preparation of index of exhibits; preparation of email to Mr. Mungo receipt and review of electronic filing notices of reply brief and motion to file exhibits under seal. | corp | 9.75 | 150.00 | 1462.50 |
| AKW    Avery K. Williams Nov 8/2018  **969-17** 492188 No Hold            BW | | **Mungo, Esquire, Leonard** Desheila C. Howlett Review of Notice of Hearing | corp | 0.25 | 200.00 | 50.00 |
| LG     Lisa Gardner Nov 8/2018  **969-17** 492679 No Hold            BW | | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of electronic filing notice of hearing date for Motion for Partial Summary Judgment; Motion for Summary Judgment and Motion for Sanctions and Costs and Attorney's Fees; phone conference with Mr. Mungo regarding the documents the charts that were filed as exhibits; receipt and review of electronic filing notification of order granting motion for leave to file exhibits under seal. | corp | 2.00 | 150.00 | 300.00 |
| LG     Lisa Gardner | | | | | | |

| Lwyr | Lawyer | | | | | |
|------|--------|------|-------------|----------|-------|-------|
| Date | Matter | | Client | | | |
| Entry # | | | Matter Description | Law Type | | |
| | | Task | Explanation | Hours | Rate | Total |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| | | | | | | |
|---|---|---|---|---|---|---|
| Nov 9/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 492683 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Phone conference with Mr. Mungo regarding the order granting motion to file exhibits under seal, the dispatch records he previously provided for filing under seal and the specific dispatch records to be filed under seal and review of the 2010 dispatch records filed under seal by Defendants. | 2.00 | 150.00 | 300.00 |
| LG | Lisa Gardner | | | | | |
| Nov 12/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 492684 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Receipt and review of email from Mr. Mungo with attached documents to file under seal; review of documents proposed for filing under seal; phone conference with Mr. Mungo regarding the hearing on the motions for summary judgment. | 2.50 | 150.00 | 375.00 |
| LG | Lisa Gardner | | | | | |
| Nov 13/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 492687 | | | Desheila C. Howlett | corp · | | |
| No Hold | | BW | Phone conference with Mr. Mungo regarding the documents to file under seal; office meeting with Mr. Mungo in preparation of filing documents under seal. | 2.75 | 150.00 | 412.50 |
| LG | Lisa Gardner | | | | | |
| Nov 14/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 492689 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Receipt and review of email from Ms. Chubb regarding documents filed under seal; office conference with Mr. Webley regarding filing documents under seal; receipt and review of electronic filing notification of documents filed under seal; | 1.00 | 150.00 | 150.00 |
| LG | Lisa Gardner | | | | | |
| Nov 15/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 492692 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Receipt, review and response to email from Mr. Mungo regarding the sealed exhibits served on Messrs. Acho and Vinson. | 0.25 | 150.00 | 37.50 |
| LG | Lisa Gardner | | | | | |
| Nov 16/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 492701 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Phone conference with Mr. Mungo regarding hearing on motions and status of case. | 0.25 | 150.00 | 37.50 |
| LG | Lisa Gardner | | | | | |
| Nov 19/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 492703 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Receipt and review of email from Mr. Mungo with attached preliminary report. | 0.25 | 150.00 | 37.50 |
| LG | Lisa Gardner | | | | | |
| Nov 20/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 492709 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Receipt and review of electronic notification of Notice to Withdraw as Attorney of Records and review of report of audio analysis. | 0.75 | 150.00 | 112.50 |
| LG | Lisa Gardner | | | | | |
| Nov 21/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 492712 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Receipt and review of electronic filing notification of order of withdrawal of Ms. Rae-O'Donnell. | 0.25 | 150.00 | 37.50 |
| LG | Lisa Gardner | | | | | |
| Nov 30/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 492726 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Receipt and review of electronic filing notification of Defendants' Supplemental Brief with Supplemental Authority and review of supplemental authority; phone conference with Mr. Mungo regarding the supplemental filing and office conference with Mr. Williams regarding the supplemental authority. | 2.00 | 150.00 | 300.00 |
| AKW | Avery K. Williams | | | | | |
| Nov 30/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 492921 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Review of Supplemental Brief | 0.25 | 200.00 | 50.00 |
| LG | Lisa Gardner | | | | | |
| Dec 4/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 493938 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Phone conference with Mr. Mungo regarding the witnesses list; and review of briefs and transcripts in preparation of memorandum for preparation of oral argument; receipt and review of email from Mr. Mungo with attached screenshots of a Facebook postings referencing the "Chimp Cage". | 3.50 | 150.00 | 525.00 |
| LG | Lisa Gardner | | | | | |
| Dec 5/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 493941 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Continued review of briefs and deposition transcripts in preparation of memorandum for oral argument. | 1.50 | 150.00 | 225.00 |
| LG | Lisa Gardner | | | | | |
| Dec 7/2018 | 969-17 | | **Mungo, Esquire, Leonard** | | | |
| 493944 | | | Desheila C. Howlett | corp | | |
| No Hold | | BW | Receipt and review of electronic filing notification regarding adjournment of hearing date; phone conference with Mr. Mungo regarding the adjournment of hearing on pending motions. | 0.00 | 150.00 | 0.00 |
| LG | Lisa Gardner | | | | | |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Lawyer Date Matter Entry # Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|
| Dec 10/2018 **969-17** 493952 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of email from Mr. Mungo with attached memorandum from Mr. Maveal regarding Defendant's submission of recent unpublished decision. | corp | 0.75 | 150.00 | 112.50 |
| LG Lisa Gardner Dec 13/2018 **969-17** 493959 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of email from Mr. Acho with attached letter to the court requesting a special master; research regarding referrals to magistrate and appointment of masters. | corp | 1.25 | 150.00 | 187.50 |
| LG Lisa Gardner Dec 14/2018 **969-17** 493961 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of emails between Mr. Mungo and Mr. Acho regarding Defendants' request for a special master; receipt and review of email from Ms. Chubb that the court will take no action regarding Defendants' request for a special master. | corp | 0.25 | 150.00 | 37.50 |
| AKW Avery K. Williams Dec 19/2018 **969-17** 493891 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Review of email from Mr. Mungo. | corp | 0.25 | 200.00 | 50.00 |
| LG Lisa Gardner Dec 19/2018 **969-17** 493973 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Phone conference with Mr. Mungo regarding Defendants' request for a special master; research regarding appointment of special masters; office conference with Mr. Williams regarding Defendant's request for a special master. | corp | 2.50 | 150.00 | 375.00 |
| LG Lisa Gardner Dec 20/2018 **969-17** 493981 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Phone conference with Mr. Mungo regarding Mr. Acho's request for a special master. | corp | 0.25 | 150.00 | 37.50 |
| LG Lisa Gardner Dec 21/2018 **969-17** 493983 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of electronic filing notification of Defendant's Motion for Order to Refer Matter to Magistrate or to Appoint a Special Master and phone conference with Mr. Mungo regarding Defendants' motion to refer case to magistrate or appoint special master. | corp | 1.50 | 150.00 | 225.00 |
| LG Lisa Gardner Dec 27/2018 **969-17** 493987 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of email from Mr. Mungo with link to article regarding lawsuit against the City of Warren. | corp | 0.25 | 150.00 | 37.50 |
| LG Lisa Gardner Dec 28/2018 **969-17** 493992 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of email chain from Mr. Mungo with email from Mr. Maveal regarding Defendant's motion for order to refer matter to magistrate or appoint special master and receipt and receipt and review of email from Mr. Mungo with attached complaint in the case of Nichols v Dwyer. | corp | 1.25 | 150.00 | 187.50 |
| LG Lisa Gardner Jan 3/2019 **969-17** 494711 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Phone conference with Mr. Mungo regarding stipulation and order extending time to file response; Receipt and review of email from Mr. Mungo with attached proposed stipulated order extending dates for filing response and reply brief. | corp | 0.25 | 150.00 | 37.50 |
| LG Lisa Gardner Jan 7/2019 **969-17** 494716 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of email from Mr. Mungo with attached | corp | 0.25 | 150.00 | 37.50 |
| LG Lisa Gardner Jan 8/2019 **969-17** 494718 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of electronic filing notification of Stipulation and Order to Extend Time to Respond to Motion; research regarding appointment of special master; | corp | 2.75 | 150.00 | 412.50 |
| LG Lisa Gardner Jan 9/2019 **969-17** 494724 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Receipt and review of email from Mr. Mungo with attached documents; | corp | 0.50 | 150.00 | 75.00 |
| LG Lisa Gardner Jan 10/2019 **969-17** 494728 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Review of supplements received from Mr. Mungo in preparation of response to Defendant's motion to refer matter to magistrate or appoint special master. | corp | 1.50 | 150.00 | 225.00 |
| LG Lisa Gardner Jan 14/2019 **969-17** 494733 No Hold BW | **Mungo, Esquire, Leonard** Desheila C. Howlett Research and preparation of response to Defendants' motion to refer matter to magistrate or appoint special master; preparation of email to Mr. Mungo regarding article about | corp | 3.75 | 150.00 | 562.50 |

Page: 2.

Mungo, Mungo & Law,
PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr   Lawyer | | | |
|---|---|---|---|
| Date    Matter | Client | | |
| Entry # | Matter Description | Law Type | |
| Task | Explanation | Hours | Rate | Total |

| Lwyr Date Matter Task Entry # | Client / Matter Description / Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|
| | Mayor Fouts. | | | | |
| LG    Lisa Gardner<br>Jan 16/2019  969-17<br>494739<br>No Hold         BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Research regarding referrals to magistrates; receipt and review of email from Mr. Mungo with attached argument section of brief in support of response to Defendants' motion; receipt, review and response to Mr. Mungo's motion regarding incorporation of argument into brief; revisions to brief; review of exhibits to attach to brief. | corp | 6.75 | 150.00 | 1012.50 |
| LG    Lisa Gardner<br>Jan 17/2019  969-17<br>494740<br>No Hold         BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Continued research and preparation of response to Defendants' motion to refer matter to magistrate or appoint a special master and preparation of email to Mr. Mungo with attached draft of response to Defendants' motion. | corp | 7.00 | 150.00 | 1050.00 |
| LG    Lisa Gardner<br>Jan 18/2019  969-17<br>494741<br>No Hold         BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo; revisions to response to Defendant's motion to refer matter to magistrate or appoint a special master; receipt and review of email from Mr. Mungo with attached exhibits preparation of exhibits and exhibit index, receipt and review of electronic filing notification of response to Defendant's motion to refer matter to magistrate or appoint a special master. | corp | 6.50 | 150.00 | 975.00 |
| LG    Lisa Gardner<br>Jan 23/2019  969-17<br>494746<br>No Hold         BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Acho requesting concurrence in a motion to supplement motion for sanctions; phone conference with Mr. Mungo regarding Mr. Acho's request of concurrence in Defendants' motion for leave to supplement motion for sanctions; receipt and review of Mr. Mungo's email to Mr. Acho and Mr. Acho's response regarding concurrence in motion. | corp | 1.50 | 150.00 | 225.00 |
| LG    Lisa Gardner<br>Jan 29/2019  969-17<br>494756<br>No Hold         BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of Defendant's Motion for Leave to Supplement Motion for Sanctions and review of transcript from previous hearings. | corp | 1.25 | 150.00 | 187.50 |
| LG    Lisa Gardner<br>Jan 31/2019  969-17<br>494761<br>No Hold         BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo with email chain with Mr. Acho to use as exhibit to response to Defendants' Motion for Leave to File Supplement to Motion for Sanctions. | corp | 0.25 | 150.00 | 37.50 |
| LG    Lisa Gardner<br>Feb  1/2019  969-17<br>494929<br>No Hold         BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic filing notification of Defendants' Reply to Plaintiff's Response to Defendants' Motion to Refer | corp | 0.25 | 150.00 | 37.50 |
| AKW    Avery K. Williams<br>Feb  1/2019  969-17<br>495541<br>No Hold         BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of reply. | corp | 0.25 | 200.00 | 50.00 |
| LG    Lisa Gardner<br>Feb  4/2019  969-17<br>494931<br>No Hold         BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conferences with Mr. Mungo regarding responding to Defendant's Motion for Leave to Supplement Motion for Sanctions; and preparation of response to Defendant's Motion for Leave to File Supplement to Motion for Sanctions; receipt and review of email from Mr. Mungo with attached exhibits to Plaintiff's Response to Defendant's Motion for Leave to File Supplement to Motion for Sanctions. | corp | 3.75 | 150.00 | 562.50 |
| LG    Lisa Gardner<br>Feb  5/2019  969-17<br>494934<br>No Hold         BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Preparation of response to Motion for Leave to Supplement Motion for Sanctions. | corp | 3.50 | 150.00 | 525.00 |
| LG    Lisa Gardner<br>Feb  6/2019  969-17<br>494936<br>No Hold         BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Research and search of news websites for coverage of the case, review of interview of Mr. DiSano and review of transcripts from previous hearings and previous orders in preparation of response to Defendants' Motion for Leave to Supplement Motion for Sanctions. | corp | 5.75 | 150.00 | 862.50 |
| LG    Lisa Gardner<br>Feb  7/2019  969-17<br>494938<br>No Hold         BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Preparation of response to Defendant's Motion for Leave to Supplement Motion for Sanctions | corp | 5.50 | 150.00 | 825.00 |
| LG    Lisa Gardner<br>Feb  8/2019  969-17 | Mungo, Esquire, Leonard | | | | |

| Lwyr<br>Date<br>Entry # | Lawyer<br>Matter<br>Task | Client<br>Matter Description<br>Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| 494939<br>No Hold | BW | Desheila C. Howlett<br>Continued preparation of response to Defendant's Motion for Leave to Supplement their Motion for Sanctions; preparation of email to Mr. Mungo with attached response | corp | 5.25 | 150.00 | 787.50 |
| LG    Lisa Gardner<br>Feb 11/2019  969-17<br>494942<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo regarding a revision to Plaintiff's Response to Defendants' Motion for Leave to Supplement their Motion for Sanctions; revisions to response; preparation of exhibit index; and phone conference with Mr. Mungo regarding the response to Defendants' Motion for Leave to Supplement Motion to Sanctions; | corp | 5.75 | 150.00 | 862.50 |
| AKW    Avery K. Williams<br>Feb 11/2019  969-17<br>495604<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review and revision of response to motion. | corp | 1.50 | 200.00 | 300.00 |
| LG    Lisa Gardner<br>Feb 15/2019  969-17<br>494951<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of Phone conference with Mr. Mungo regarding Defendant's Reply Brief and an email from Ms. Tofil and phone conference with Mr. Webley regarding Ms. Tofil's email and delivery of judge's copy of reply brief to the court. | corp | 0.50 | 150.00 | 75.00 |
| LG    Lisa Gardner<br>Feb 20/2019  969-17<br>495360<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of Defendants' Reply to Motion for Leave to Supplement Motion for Sanctions. | corp | 0.75 | 150.00 | 112.50 |
| LG    Lisa Gardner<br>Mar  5/2019  969-17<br>496000<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding supplementing initial disclosures. | corp | 0.25 | 150.00 | 37.50 |
| LG    Lisa Gardner<br>Mar 15/2019  969-17<br>496017<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of motions for summary judgment and transcripts in preparation of memorandum to Mr. Mungo. | corp | 5.25 | 150.00 | 787.50 |
| LG    Lisa Gardner<br>Mar 18/2019  969-17<br>496444<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Continued review of motions, responses and preparation of memorandum. | corp | 4.75 | 150.00 | 712.50 |
| LG    Lisa Gardner<br>Mar 21/2019  969-17<br>496452<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Continued review of briefs and preparation of memorandum. | corp | 4.25 | 150.00 | 637.50 |
| LG    Lisa Gardner<br>Mar 25/2019  969-17<br>496459<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Continued review of hearing transcripts and exhibits to motions in preparation of memorandum. | corp | 2.00 | 150.00 | 300.00 |
| LG    Lisa Gardner<br>Apr 10/2019  969-17<br>496706<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Continued review of briefs and exhibits in preparation of memorandum. | corp | 2.00 | 150.00 | 300.00 |
| LG    Lisa Gardner<br>May 17/2019  969-17<br>496949<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding the status of the case. | corp | 0.75 | 150.00 | 112.50 |
| LG    Lisa Gardner<br>May 22/2019  969-17<br>497060<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic filing of order denying defendants' motions for sanctions and fore referral to special master or magistrate and scheduling hearing for motions for summary judgment; and phone conference with Mr. Mungo regarding the order. | corp | 1.75 | 150.00 | 262.50 |
| LG    Lisa Gardner<br>May 29/2019  969-17<br>497152<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of emails between Mr. Acho and Mr. Mungo; receipt and review of email from Ms. Chubb regarding rescheduling the hearing on motions for summary judgment; receipt and review of electronic filing notification of reset hearing date for motions for summary judgment. | corp | 0.50 | 150.00 | 75.00 |
| LG    Lisa Gardner<br>Jun  3/2019  969-17<br>497229<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding the scheduling order. | corp | 0.25 | 150.00 | 37.50 |
| LG    Lisa Gardner<br>Jun  6/2019  969-17<br>497237<br>No Hold | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding the hearing on the | corp | 0.25 | 150.00 | 37.50 |

| Lwyr<br>Date<br>Entry # | Lawyer<br><br>Matter<br>Task | Client<br>Matter Description<br>Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| | | motions for summary judgment. | | | | |
| LG   Lisa Gardner<br>Jun  7/2019  **969-17**<br>497239<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Continued preparation of memorandum for Mr. Mungo's hearing preparation. | corp | 1.75 | 150.00 | 262.50 |
| LG   Lisa Gardner<br>Jun 10/2019  **969-17**<br>497476<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding hearing on motions for summary judgment; continued preparation of memorandum to Mr. Mungo regarding motions for summary judgment; and preparation of email to Mr. Mungo with attached memorandum. | corp | 5.75 | 150.00 | 862.50 |
| LG   Lisa Gardner<br>Jun 11/2019  **969-17**<br>497479<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding the hearing on the parties' motions for summary judgment; preparation of email to Mr. Mungo with attached cases. | corp | 0.75 | 150.00 | 112.50 |
| LG   Lisa Gardner<br>Jun 12/2019  **969-17**<br>497482<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic filing notification regarding motions for summary judgment; phone conference with Mr. Mungo regarding the court's ruling on the parties' motions for summary judgment. | corp | 0.75 | 150.00 | 112.50 |
| AKW   Avery K. Williams<br>Jun 13/2019  **969-17**<br>498411<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of minute entry. | corp | 0.25 | 200.00 | 50.00 |
| LG   Lisa Gardner<br>Jun 17/2019  **969-17**<br>497722<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of emails between Mr. Mungo, Mr. Acho Ms. Chubb and Mr. Vinson regarding selection of mediator. | corp | 0.50 | 150.00 | 75.00 |
| LG   Lisa Gardner<br>Jun 19/2019  **969-17**<br>497732<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic filing notification of order referring matters to Magistrate Judge Majzoub; receipt and review of email from Ms. Hosking with available dates for Judge Majzoub; and receipt and review of email from Mr. Acho with an available date for Defendants and receipt and review of electronic notification of settlement conference date. | corp | 0.25 | 150.00 | 37.50 |
| LG   Lisa Gardner<br>Jul  1/2019  **969-17**<br>497892<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding his preparation for mediation. | corp | 0.25 | 150.00 | 37.50 |
| LG   Lisa Gardner<br>Jul  2/2019  **969-17**<br>497898<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email from Ms. Osorio regarding submission of statement to Judge Majzoub; receipt and review of notice and order to appear for settlement conference. phone conference; phone conference with Mr. Mungo regarding preparation of statement for settlement conference. | corp | 1.25 | 150.00 | 187.50 |
| LG   Lisa Gardner<br>Jul  3/2019  **969-17**<br>497900<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Preparation of concise statement for settlement conference; phone conferences with Mr. Mungo receipt and review of emails from Mr. Mungo with attached expert reports; review of the City of Warren's insurance policy. | corp | 6.25 | 150.00 | 937.50 |
| AKW   Avery K. Williams<br>Jul  5/2019  **969-17**<br>499773<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Preparation of summary of billings; phone conference Mr. Mungo. | corp | 0.75 | 200.00 | 150.00 |
| LG   Lisa Gardner<br>Jul  8/2019  **969-17**<br>498608<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic filing notification regarding settlement conference. | corp | 0.25 | 150.00 | 37.50 |
| LG   Lisa Gardner<br>Aug 28/2019  **969-17**<br>499498<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email with attached transcript of motion for summary judgment hearing. | corp | 0.25 | 150.00 | 37.50 |
| AKW   Avery K. Williams<br>Sep  3/2019  **969-17**<br>499481<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Courtesy Discount | corp | 0.00 | 0.00 | -33.39 |
| LG   Lisa Gardner<br>Sep  3/2019  **969-17**<br>499547<br>No Hold        BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of transcript of motion for summary judgment hearing. | corp | 1.00 | 150.00 | 150.00 |
| LG   Lisa Gardner<br>Sep 17/2019  **969-17** | | Mungo, Esquire, Leonard | | | | |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Lawyer Date Matter Entry # Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|
| 499725<br>No Hold    BW | Desheila C. Howlett<br>Receipt and review of order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, Denying Plaintiff's Motion for Partial Summary Judgment and Dismissing Certain Defendants. | corp | 1.50 | 150.00 | 225.00 |
| LG   Lisa Gardner<br>Sep 30/2019   969-17<br>500142<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding Mr. Acho's request that he concur in a motion for reconsideration; receipt and review of electronic filing notification of Defendants' motion for reconsideration. | corp | 0.75 | 150.00 | 112.50 |
| LG   Lisa Gardner<br>Oct 4/2019   969-17<br>500152<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of motion for reconsideration and court's opinion | corp | 1.75 | 150.00 | 262.50 |
| LG   Lisa Gardner<br>Oct 23/2019   969-17<br>500606<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Received and review of email from Mr. Mungo with attached documents to supplement initial disclosures; phone conference with Mr. Mungo regarding supplementing disclosures; review of documents previous disclosed. | corp | 2.25 | 150.00 | 337.50 |
| LG   Lisa Gardner<br>Oct 25/2019   969-17<br>500614<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of documents and other information included in supplemental disclosures. | corp | 0.75 | 150.00 | 112.50 |
| LG   Lisa Gardner<br>Nov 5/2019   969-17<br>501260<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Research regarding the supplemental disclosures to make before trial. | corp | 1.25 | 150.00 | 187.50 |
| DW1   David Webley<br>Nov 19/2019   969-17<br>501231<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Leonard regarding the transfer of the Howlett file to a flash drive and external hard drive. | corp | 0.25 | 75.00 | 18.75 |
| LG   Lisa Gardner<br>Nov 19/2019   969-17<br>501374<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Reviewing documents for supplemental disclosures. | corp | 2.25 | 150.00 | 337.50 |
| LG   Lisa Gardner<br>Nov 21/2019   969-17<br>501379<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding preparation for trial, joint jury instructions, voir dire questions and preparation of Final Pretrial Order, review of scheduling order and local court rules. | corp | 2.75 | 150.00 | 412.50 |
| LG   Lisa Gardner<br>Nov 22/2019   969-17<br>501385<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of file in preparation of Final Pretrial Order. | corp | 2.00 | 150.00 | 300.00 |
| LG   Lisa Gardner<br>Dec 2/2019   969-17<br>503779<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of the trial order and local court rules and preparation of proposed joint pretrial order. | corp | 5.25 | 150.00 | 787.50 |
| LG   Lisa Gardner<br>Dec 3/2019   969-17<br>503782<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of filings for preparation of proposed stipulated facts, issues of fact and issues of law for proposed joint pretrial order. | corp | 5.75 | 150.00 | 862.50 |
| LG   Lisa Gardner<br>Dec 4/2019   969-17<br>503784<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of transcripts in preparation of listing witnesses for joint pretrial order. | corp | 5.50 | 150.00 | 825.00 |
| LG   Lisa Gardner<br>Dec 5/2019   969-17<br>503786<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of the parties' disclosures regarding witnesses that Plaintiff will call and those she may call and exhibits in preparation of joint final pretrial order and research in preparation of proposed joint jury instructions. | corp | 6.75 | 150.00 | 1012.50 |
| LG   Lisa Gardner<br>Dec 6/2019   969-17<br>503788<br>No Hold    BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding the Joint Pretrial Order, witnesses to be listed who Plaintiff will call and those she may call and stipulations of fact, upcoming dates for submission of proposed joint jury instructions and verdict form and marked exhibits; continued preparation of pretrial order; review of email from Mr. Acho regarding joint pretrial order. | corp | 5.25 | 150.00 | 787.50 |
| LG   Lisa Gardner<br>Dec 9/2019   969-17<br>503794 | Mungo, Esquire, Leonard<br>Desheila C. Howlett | corp | | | |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Lawyer Date Matter Entry # | Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| No Hold | BW | Continued preparation of final joint pretrial order, witnesses that Plaintiff will call and witnesses that Plaintiff may call. | | 5.75 | 150.00 | 862.50 |
| LG   Lisa Gardner Dec 10/2019  969-17 503795 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Mungo with documents for Joint Pretrial Order; continued preparation of proposed joint pretrial order; receipt and review of email from Mr. Mungo regarding disclosure supplements. | corp | 6.50 | 150.00 | 975.00 |
| LG   Lisa Gardner Dec 11/2019  969-17 503798 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Continued preparation of pretrial order. | corp | 5.75 | 150.00 | 862.50 |
| LG   Lisa Gardner Dec 12/2019  969-17 503800 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Review of pleadings and order denying motion for summary judgment, and research in preparation of proposed jury instruction, and continued preparation of joint pretrial order. | corp | 7.00 | 150.00 | 1050.00 |
| LG   Lisa Gardner Dec 13/2019  969-17 503801 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding proposed joint jury instructions and joint pretrial order; receipt and review of email from Mr. Mungo with attached template of a final pretrial order and proposed joint jury instructions; revisions to joint pretrial order, preparation of email to Mr. Mungo with attached draft of proposed joint pretrial order. | corp | 4.75 | 150.00 | 712.50 |
| AKW   Avery K. Williams Dec 16/2019  969-17 503598 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of order denying motion. | corp | 0.25 | 200.00 | 50.00 |
| LG   Lisa Gardner Dec 16/2019  969-17 503802 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding the Court's Order denying Defendants' Motion for Reconsideration; receipt and review of electronic notification of Order Denying Motion for Reconsideration; receipt and review of email from Mr. Mungo regarding the court's order, and review of order. | corp | 6.50 | 150.00 | 975.00 |
| DW1   David Webley Dec 17/2019  969-17 502540 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Review and receipt of Motion in Limine filed in District Court. | corp | 2.00 | 75.00 | 150.00 |
| AKW   Avery K. Williams Dec 17/2019  969-17 503600 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of motion in limine. | corp | 1.25 | 200.00 | 250.00 |
| LG   Lisa Gardner Dec 17/2019  969-17 503804 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Acho to Mr. Mungo requesting concurrence in the relief sought in seven motions in limine he intended to file; receipt and review of electronic filing notifications of seven motions in limine; review of motion in limine to exclude evidence of prior lawsuits against the City of Warren; phone conference with Mr. Mungo regarding preparation of responses to motions in limine; research in preparation of response to motion in limine to exclude evidence of prior lawsuits against the City of Warren; receipt and review of email from Mr. Acho to Mr. Mungo regarding settlement discussions; receipt and review of email from Mr. Acho regarding the joint final pretrial order. | corp | 7.25 | 150.00 | 1087.50 |
| LG   Lisa Gardner Dec 18/2019  969-17 503805 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Mungo with edits to the joint final pretrial order; revisions to joint final pretrial order; receipt and review of emails between Mr. Acho and Mr. Mungo regarding Defendants' intention to file a Notice of Appeal and aa Motion to Stay Proceedings Pending Interlocutory Appeal based on qualified immunity; receipt and review of electronic filing notification of a Notice of Appeal; phone conference with Mr. Mungo regarding the notice of appeal and Defendants' intention to file a motion to stay proceedings; preparation of email to Mr. Mungo with attached revised draft of joint final pretrial order and research in preparation of response to Defendants' motion in limine to exclude evidence. | corp | 7.75 | 150.00 | 1162.50 |
| AKW   Avery K. Williams Dec 19/2019  969-17 503725 No Hold | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of motion to stay; office conferences LG regarding Motion to Stay. | corp | 1.00 | 200.00 | 200.00 |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Date Entry # | Lawyer Matter Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| LG Dec 19/2019 503806 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Preparation of email to Mr. Mungo with the court's holiday calendar attached; preparation of response to motion in limine to exclude evidence of prior lawsuits filed against the City of Warren; receipt and review of electronic filing notification of motion to stay proceedings during interlocutory appeal; review of Defendants' motion seeking a stay of proceedings during interlocutory immunity appeal; phone conference with Mr. Mungo regarding preparation of response to motion for stay of proceedings. | corp | 7.50 | 150.00 | 1125.00 |
| AKW Dec 20/2019 503718 No Hold | Avery K. Williams 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of text only order; receipt and review of notice of appeal. | corp | 0.50 | 200.00 | 100.00 |
| LG Dec 20/2019 503807 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Review of Defendants' Motion to Exclude Evidence and Testimony Relating to Arthur Gill; research in preparation of response to Motion to Exclude Evidence and Testimony Relating to Arthur Gill; preparation of email to Mr. Mungo with attached Macomb Daily news article regarding Arthur Gill; phone conference with Mr. Mungo regarding Plaintiff's response to Defendants' Motion Seeking Stay of Proceedings during Interlocutory Appeal; receipt and review of email from Mr. Mungo with attached case law regarding the circuit court's jurisdiction to hear Defendants' appeal; receipt and review of email from Mr. Mungo with attached list of documents to add to proposed joint final pretrial order; revisions to proposed joint final pretrial order; phone conference with Mr. Mungo regarding exhibits to add to joint final pretrial order; preparation of email to Mr. Mungo with attached revised joint final pretrial order. | corp | 7.75 | 150.00 | 1162.50 |
| LG Dec 21/2019 503807 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Research in preparation and preparation of response to Defendant's Motion to Stay Proceedings During Interlocutory Immunity Appeal. | corp | 2.00 | 150.00 | 300.00 |
| DW1 Dec 23/2019 502618 No Hold | David Webley 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Prepare table of authorities; prepare table of contents. | corp | 1.00 | 75.00 | 75.00 |
| AKW Dec 23/2019 503706 No Hold | Avery K. Williams 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of response to motion to stay; receipt and review of notice of from Court of Appeals. | corp | 0.75 | 200.00 | 150.00 |
| LG Dec 23/2019 503809 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Research and preparation of response to Defendant's Motion to Stay Proceedings During Interlocutory Immunity Appeal; phone conferences with Mr. Mungo regarding response to motion; revisions to response to motion; preparation of email to Mr. Mungo with attached draft of response to motion; receipt and review of electronic filing notification of response to motion. | corp | 7.50 | 150.00 | 1125.00 |
| AKW Dec 27/2019 503694 No Hold | Avery K. Williams 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of appearance. | corp | 0.25 | 200.00 | 50.00 |
| AKW Dec 30/2019 503681 No Hold | Avery K. Williams 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of notices form Court of Appeals. | corp | 0.75 | 200.00 | 150.00 |
| AKW Dec 30/2019 503689 No Hold | Avery K. Williams 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of motion for stay; office conferences (LG) regarding same. | corp | 1.25 | 200.00 | 250.00 |
| AKW Dec 31/2019 503679 No Hold | Avery K. Williams 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of notices. | corp | 0.50 | 200.00 | 100.00 |
| LG Dec 31/2019 503812 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding Defendant's Reply to Response to Motion to Stay Proceedings and preparation of motion to dismiss appeal; research in preparation of motion to dismiss appeal; receipt and review of electronic filing notifications of appearance of Stanley Okoli; and Plaintiff's Corporate Disclosure Statement. | corp | 2.75 | 150.00 | 412.50 |
| LG Jan 2/2020 | Lisa Gardner 969-17 | Mungo, Esquire, Leonard | | | | |

Mungo & Mungo at Law, PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Date Entry # | Lawyer Matter | Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|
| 504239 No Hold | | BW | Desheila C. Howlett<br>Receipt and review of electronic filing notification of corporate disclosure; research for preparation of motion to dismiss appeal. | corp | 3.25 | 150.00 | 487.50 |
| LG   Lisa Gardner<br>Jan 3/2020  969-17<br>504242 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of Defendants' Reply to Plaintiff's Response to Motion Seeking a Stay of Proceedings during Interlocutory Appeal; receipt and review of email from Mr. McFaull to Mr. Mungo regarding a mediation conference; research for preparation of motion to dismiss appeal for lack of jurisdiction; | corp | 6.50 | 150.00 | 975.00 |
| LG   Lisa Gardner<br>Jan 9/2020  969-17<br>504249 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Research and preparation of response to motion in limine to preclude evidence of failure to provide back up. | corp | 4.75 | 150.00 | 712.50 |
| LG   Lisa Gardner<br>Jan 10/2020  969-17<br>504250 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic filing notification of appearance of Mr. Okoli for Defendants; phone conference with Mr. Mungo regarding preparation of a motion to dismiss appeal; research regarding jurisdiction for interlocutory appeals. | corp | 4.25 | 150.00 | 637.50 |
| LG   Lisa Gardner<br>Jan 13/2020  969-17<br>504253 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Research regarding preparation of motion to dismiss appeal for lack of jurisdiction. | corp | 4.75 | 150.00 | 712.50 |
| LG   Lisa Gardner<br>Jan 14/2020  969-17<br>504256 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Preparation of Motion to Dismiss Appeal for Lack of Jurisdiction. | corp | 6.75 | 150.00 | 1012.50 |
| DW1   David Webley<br>Jan 15/2020  969-17<br>502861 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Prepare letter to clerk of judge Berg for Motion to Dismiss Appeal in 6th Circuit Court. | corp | 0.50 | 75.00 | 37.50 |
| LG   Lisa Gardner<br>Jan 15/2020  969-17<br>504258 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Continued preparation of motion to dismiss for lack of jurisdiction; receipt and review of email with attached correspondence from the Sixth Circuit Court regarding mediation; preparation of email to Mr. Mungo with attached motion for review. | corp | 6.25 | 150.00 | 937.50 |
| LG   Lisa Gardner<br>Jan 16/2020  969-17<br>504261 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding motion to dismiss appeal; revisions to motion; preparation of email to Mr. Mungo with attached revised draft of motion to dismiss appeal. | corp | 6.00 | 150.00 | 900.00 |
| AKW   Avery K. Williams<br>Jan 17/2020  969-17<br>504105 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of notices from court. | corp | 1.00 | 200.00 | 200.00 |
| AKW   Avery K. Williams<br>Jan 17/2020  969-17<br>504110 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of notice from Court of Appeals. | corp | 0.25 | 200.00 | 50.00 |
| LG   Lisa Gardner<br>Jan 17/2020  969-17<br>504262 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of correspondence from the court that briefing will be held in abeyance due to Motion to Dismiss Appeal; receipt and review of email from Court to refile motion with title Motion to Dismiss Appeal for Lack of Jurisdiction; receipt and review of electronic filing notification of motion to dismiss for lack of jurisdiction; receipt and review of electronic notification of letter from mediation office that the mediation conference is canceled; and receipt and review of electronic notification from the court that the meditation office is no longer involved in the appeal. | corp | 1.00 | 150.00 | 150.00 |
| LG   Lisa Gardner<br>Jan 24/2020  969-17<br>504274 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Revisions to response to Motion in Limine #1 to Exclude Evidence of Prior Lawsuits against the City of Detroit and receipt and review of electronic notification of Defendants' Response to Defendant's Motion to Dismiss. | corp | 4.25 | 150.00 | 637.50 |
| LG   Lisa Gardner<br>Jan 27/2020  969-17<br>504275 No Hold | | BW | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo regarding preparation of a reply to Defendant's Response to Motion to | corp | 5.50 | 150.00 | 825.00 |

| Lwyr<br>Date<br>Entry # | Lawyer<br>Matter<br>Task | Client<br>Matter Description<br>Explanation | PLLC Time Listing<br>Jan/ 1/2017 To Mar/31/2023<br>Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| | | Dismiss Appeal; phone conference with Mr. Mungo regarding preparation of a reply to response to motion to dismiss appeal; receipt and review of email from Mr. Mungo with attached copy of Defendants' Response to Motion to Dismiss Appeal; review of Response to Motion to Dismiss Appeal and research for reply | | | | |
| LG     Lisa Gardner<br>Jan 28/2020   969-17<br>504279<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of motions in limine to exclude testimony on hostile work environment and to exclude affidavit and testimony of Mr. Murray and Research for preparation of reply brief | corp | 6.50 | 150.00 | 975.00 |
| LG     Lisa Gardner<br>Jan 29/2020   969-17<br>504284<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Research and preparation of reply brief. | corp | 5.00 | 150.00 | 750.00 |
| LG     Lisa Gardner<br>Jan 30/2020   969-17<br>504285<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Preparation of reply brief; preparation of email to Mr. Mungo with attached draft of reply brief; phone conference with Mr. Mungo regarding reply brief. | corp | 6.50 | 150.00 | 975.00 |
| LG     Lisa Gardner<br>Jan 31/2020   969-17<br>504288<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Revisions to reply brief; preparation of email to Mr. Mungo with attached draft of revised reply brief; phone conference with Mr. Mungo regarding edits to reply brief; receipt and review of electronic filing notification of Reply Brief. | corp | 6.75 | 150.00 | 1012.50 |
| LG     Lisa Gardner<br>Feb  7/2020   969-17<br>504442<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding preparation of response to motion in limine regarding mitigation of damages. | corp | 0.25 | 150.00 | 37.50 |
| LG     Lisa Gardner<br>Mar  5/2020   969-17<br>504920<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of e-mail from Mr. Mungo regarding letter from Mr. Acho offering a settlement; phone conference with Mr. Mungo regarding the correspondence from Mr. Acho. | corp | 0.75 | 150.00 | 112.50 |
| AKW    Avery K. Williams<br>Mar  5/2020   969-17<br>505245<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of e-mail from Mr. Mungo; receipt and review of e-mail from Ms. Gardner; e-mail Ms. Gardner. | corp | 0.75 | 200.00 | 150.00 |
| LG     Lisa Gardner<br>May 18/2020   969-17<br>505963<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic filing notification of supplemental authority in Howlett matter and emails from Ms. Callahan and Ms. Chubb regarding the filing and review of supplemental authority to Defendant's Motion in Limine #5 to Exclude Evidence relating to hostile work environment. | corp | 1.75 | 150.00 | 262.50 |
| LG     Lisa Gardner<br>Jun 17/2020   969-17<br>506452<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of e-mail from Mr. Vinson with attached letter to Ms. Howlett from Mr. Dwyer regarding returning to work. | corp | 0.25 | 150.00 | 37.50 |
| LG     Lisa Gardner<br>Jun 22/2020   969-17<br>506457<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic filing notification of supplemental authority to Defendants' motion in limine # 5. | corp | 0.25 | 150.00 | 37.50 |
| LG     Lisa Gardner<br>Jul  1/2020   969-17<br>506791<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of defendants' motion for reconsideration and court's order denying reconsideration regarding Plaintiff's hostile work environment claim for preparation of response to motion in limine and preparation of response to motion. | corp | 6.50 | 150.00 | 975.00 |
| LG     Lisa Gardner<br>Jul  2/2020   969-17<br>506792<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Continued research and preparation of response to motion in limine; phone conference with Mr. Mungo regarding motions in limine. | corp | 5.70 | 150.00 | 855.00 |
| LG     Lisa Gardner<br>Jul  6/2020   969-17<br>506795<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Revisions to draft of response to motion in limine to exclude testimony | corp | 4.50 | 150.00 | 675.00 |
| LG     Lisa Gardner<br>Jul  7/2020   969-17<br>506796<br>No Hold          BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conferences with Mr. Mungo regarding late reply filed by Defendants and revisions to response to motion and review of motion in limine # 6 in preparation of response. | corp | 3.25 | 150.00 | 487.50 |
| LG     Lisa Gardner | | | | | | |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Lawyer Date Matter Entry # Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|
| Jul 7/2020 969-17 506797 No Hold BW LG Lisa Gardner | Mungo, Esquire, Leonard Desheila C. Howlett Research in preparation of response to order to show cause. | corp | 3.75 | 150.00 | 562.50 |
| Jul 9/2020 969-17 506802 No Hold BW LG Lisa Gardner | Mungo, Esquire, Leonard Desheila C. Howlett Research and preparation of response to show cause. | corp | 4.75 | 150.00 | 712.50 |
| Jul 22/2020 969-17 506827 No Hold BW AKW Avery K. Williams | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of electronic filing notification of defendant's supplement to motion in limine #5. | corp | 0.25 | 150.00 | 37.50 |
| Jul 22/2020 969-17 507000 No Hold BW LG Lisa Gardner | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of Supplemental Brief. | corp | 0.25 | 200.00 | 50.00 |
| Jul 23/2020 969-17 506831 No Hold BW | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding the supplemental authority filed by Defendants; review of supplement filed by Defendants and review of status of case in trial court while appeal pending in Sixth Circuit Court of Appeals. | corp | 1.25 | 150.00 | 187.50 |
| LG Lisa Gardner Aug 11/2020 969-17 507438 No Hold BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Ms. Decker with attached correspondence from the City of Warren regarding Ms. Howlett returning to work. | corp | 0.25 | 150.00 | 37.50 |
| LG Lisa Gardner Aug 19/2020 969-17 507836 No Hold BW | Mungo, Esquire, Leonard Desheila C. Howlett Review of motions in limine in preparation of responses and revisions to response to motion in limine #5. | corp | 2.25 | 150.00 | 337.50 |
| AKW Avery K. Williams Aug 20/2020 969-17 507900 No Hold BW LG Lisa Gardner | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of notices from 6th Circuit Court. | corp | 0.25 | 200.00 | 50.00 |
| Aug 24/2020 969-17 507842 No Hold BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of letter from the Sixth Circuit Court of Appeals with briefing schedule; continued review of motions in limine in preparation of response. | corp | 6.75 | 150.00 | 1012.50 |
| LG Lisa Gardner Aug 25/2020 969-17 507844 No Hold BW | Mungo, Esquire, Leonard Desheila C. Howlett Review of Sixth Circuit's Order referring case to merits panel and review of Plaintiff's Motion to Dismiss Appeal and review of court's opinion denying motion for summary judgment. | corp | 4.25 | 150.00 | 637.50 |
| LG Lisa Gardner Aug 26/2020 969-17 507846 No Hold BW LG Lisa Gardner | Mungo, Esquire, Leonard Desheila C. Howlett Revisions to response to motion in limine #5. | corp | 2.75 | 150.00 | 412.50 |
| Aug 27/2020 969-17 507850 No Hold BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Mungo to Mr. Mungo to Mr. Acho regarding Ms. Howlett's condition and continued treatment; research and review of documents in preparation of responses to motions in limine. | corp | 4.75 | 150.00 | 712.50 |
| LG Lisa Gardner Aug 28/2020 969-17 507852 No Hold BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Mungo to Mr. Acho regarding an update of Ms. Howlett's condition; research in preparation of responses to motions in limine; revisions to response to motion in limine # 1 to exclude evidence of prior lawsuits; Review of Motion in Limine #2 to Exclude Evidence and Testimony of Arthur Gill; research in preparation of response to motion; and receipt and review of email from Mr. Mungo to Mr. Acho regarding an email from Dr. Valivonis explaining Ms. Howlett's current psychological condition. | corp | 6.50 | 150.00 | 975.00 |
| AKW Avery K. Williams Aug 28/2020 969-17 508003 No Hold BW LG Lisa Gardner | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of order granting Motion to Stay. | corp | 0.25 | 200.00 | 50.00 |
| Aug 31/2020 969-17 507854 No Hold BW | Mungo, Esquire, Leonard Desheila C. Howlett Review of order granting motion for stay and dismissing motions in limine. | corp | 0.75 | 150.00 | 112.50 |
| LG Lisa Gardner Sep 1/2020 969-17 508497 No Hold BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of email from Mr. Mungo to Mr. Acho regarding attached letter from Dr. Valivonis regarding Ms. Howlett's condition; | corp | 4.75 | 150.00 | 712.50 |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Lawyer<br>Date Matter<br>Entry #<br>Task | Client<br>Matter Description<br>Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|
| LG Lisa Gardner<br>Sep 2/2020 **969-17**<br>508500<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review of order and cases regarding the issues on appeal. | corp | 1.75 | 150.00 | 262.50 |
| LG Lisa Gardner<br>Sep 4/2020 **969-17**<br>508504<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review of district court's order DENYING Defendant's motion<br>for summary judgment, motion for reconsideration and cases<br>in preparation of brief on appeal. | corp | 3.75 | 150.00 | 562.50 |
| AKW Avery K. Williams<br>Sep 9/2020 **969-17**<br>508484<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of e-mail from Ms. Gardner. | corp | 0.25 | 200.00 | 50.00 |
| LG Lisa Gardner<br>Sep 9/2020 **969-17**<br>508663<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference with Mungo regarding correspondence from<br>Acho of an offer of unconditional employment; receipt and<br>review of email from Mr. Mungo with attached March 5, 2020<br>letter with offer of judgment; receipt and review of email<br>from Mr. Mungo with attached letter from Dr. Valivonis<br>regarding Ms. Howlett's inability to work; research<br>regarding offers to return to work. | corp | 5.50 | 150.00 | 825.00 |
| LG Lisa Gardner<br>Sep 10/2020 **969-17**<br>508666<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review of memorandum from Mr. Mungo regarding the City of<br>Warren's unconditional offer to return to work; research<br>regarding rejecting offers to return to work | corp | 4.75 | 150.00 | 712.50 |
| LG Lisa Gardner<br>Sep 11/2020 **969-17**<br>508669<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Continued research regarding mitigating damages and return to<br>work. | corp | 3.00 | 150.00 | 450.00 |
| LG Lisa Gardner<br>Sep 14/2020 **969-17**<br>508670<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Continued research including mitigation defense. | corp | 4.25 | 150.00 | 637.50 |
| LG Lisa Gardner<br>Sep 18/2020 **969-17**<br>508676<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of electronic notification of appearance<br>filed by Mr. Acho. | corp | 0.25 | 150.00 | 37.50 |
| DW1 David Webley<br>Sep 21/2020 **969-17**<br>508212<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Phone conference with Brandon Mungo. | corp | 1.00 | 75.00 | 75.00 |
| AKW Avery K. Williams<br>Sep 29/2020 **969-17**<br>508764<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of Brief. | corp | 0.25 | 200.00 | 50.00 |
| LG Lisa Gardner<br>Sep 29/2020 **969-17**<br>508782<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of electronic filing notification of<br>Defendants' Brief on Appeal. | corp | 0.25 | 150.00 | 37.50 |
| LG Lisa Gardner<br>Oct 5/2020 **969-17**<br>509371<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review of Defendants' brief on appeal and issues raised;<br>review of notice of appeal and Plaintiff's motion to dismiss<br>appeal. | corp | 2.00 | 150.00 | 300.00 |
| LG Lisa Gardner<br>Oct 6/2020 **969-17**<br>509374<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Research regarding jurisdiction in preparation of brief. | corp | 4.75 | 150.00 | 712.50 |
| LG Lisa Gardner<br>Oct 7/2020 **969-17**<br>509375<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Research regarding jurisdiction for preparation of brief. | corp | 5.75 | 150.00 | 862.50 |
| LG Lisa Gardner<br>Oct 8/2020 **969-17**<br>509379<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Research of issues presented in brief. | corp | 4.75 | 150.00 | 712.50 |
| LG Lisa Gardner<br>Oct 9/2020 **969-17**<br>509381<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Review of Defendant's brief; research in preparation of brief<br>on appeal. | corp | 6.25 | 150.00 | 937.50 |
| LG Lisa Gardner<br>Oct 12/2020 **969-17**<br>509383<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Receipt and review of e-mail from Mr. Acho regarding<br>scheduling an examination for Ms. Howlett. | corp | 0.25 | 150.00 | 37.50 |
| LG Lisa Gardner<br>Oct 16/2020 **969-17**<br>509394<br>No Hold BW | **Mungo, Esquire, Leonard**<br>Desheila C. Howlett<br>Continued preparation of brief. | corp | 6.25 | 150.00 | 937.50 |

PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Date Entry # | Lawyer Matter Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| LG Oct 20/2020 509398 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Research and preparation of brief. | corp | 6.25 | 150.00 | 937.50 |
| LG Oct 21/2020 509400 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Review of the parties' motions for summary judgment, exhibits and the district court's order; and preparation of appeal brief. | corp | 6.75 | 150.00 | 1012.50 |
| LG Oct 22/2020 509402 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Continued research and preparation of appeal brief. | corp | 7.25 | 150.00 | 1087.50 |
| LG Oct 23/2020 509404 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding issues raised in the brief and research in preparation of the brief. | corp | 2.00 | 150.00 | 300.00 |
| LG Nov 4/2020 509693 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of electronic notification of filing of brief on appeal. | corp | 0.25 | 150.00 | 37.50 |
| LG Nov 5/2020 509696 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding a subpoena for records he received regarding Mr. Murray. | corp | 0.25 | 150.00 | 37.50 |
| LG Nov 6/2020 509697 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Research regarding the subpoena for documents served on Mr. Mungo and Ms. Edwards. | corp | 6.75 | 150.00 | 1012.50 |
| LG Nov 9/2020 509675 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of subpoena for documents to the Sunshine Agency; research regarding subpoena; phone conference with Mr. Mungo regarding the subpoena for documents to the Sunshine Agency and Mungo & Mungo at Law, PLLC; preparation of email to Mr. Mungo with attached caselaw regarding response to subpoena and phone conference with Mr. Mungo regarding response to subpoena for documents relating to Mr. Murray. | corp | 6.50 | 150.00 | 975.00 |
| LG Nov 10/2020 509678 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of emails between Mr. Mungo and Ms. Badalamenti regarding the response to subpoena to Ms. Edwards. | corp | 0.50 | 150.00 | 75.00 |
| LG Nov 19/2020 510206 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of electronic filing notification of filed reply brief. | corp | 0.25 | 150.00 | 37.50 |
| LG Nov 23/2020 510213 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Review of reply brief. | corp | 1.25 | 150.00 | 187.50 |
| LG Nov 25/2020 510215 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding the reply brief filed by the City of Warren. | corp | 0.25 | 150.00 | 37.50 |
| LG Dec 3/2020 511018 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding supplemental disclosures; receipt and review of e-mail from Mr. Mungo with attached updated reports of Dr. Shiener and Dr. Valivonis for preparation of supplemental disclosures. | corp | 2.75 | 150.00 | 412.50 |
| LG Dec 4/2020 511005 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Preparation of supplemental initial disclosures and supplemental expert disclosures; preparation of e-mail to Mr. Mungo with attached supplemental disclosures; receipt and review of e-mail from Mr. Mungo with attached police report regarding Anwar Khan; revisions to supplemental disclosures; | corp | 2.50 | 150.00 | 375.00 |
| LG Dec 8/2020 511019 No Hold | Lisa Gardner 969-17 BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of emails from Mr. Mungo with attached documents to include in supplemental disclosures; revisions to supplemental disclosures; preparation of e-mail to Mr. Mungo with attached supplement disclosures; phone conference with Ms. | corp | 2.00 | 150.00 | 300.00 |

Mungo & Mungo at Law,
PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr<br>Date<br>Entry #<br>Task | Lawyer<br>Matter | Client<br>Matter Description<br>Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| LG       Lisa Gardner<br>Jan  6/2021  969-17<br>511342                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo to Mr. Acho regarding Plaintiff's updated expert reports and Plaintiff's availability for a follow up medical exam if requested by defendants. | corp | 0.25 | 150.00 | 37.50 |
| LG       Lisa Gardner<br>Jan  7/2021  969-17<br>511343                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of emails between Messrs. Mungo and Acho regarding scheduling an examination of Plaintiff. | corp | 0.25 | 150.00 | 37.50 |
| LG       Lisa Gardner<br>Jan 11/2021  969-17<br>511348                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of notification of oral argument date and time. | corp | 0.25 | 150.00 | 37.50 |
| DW1      David Webley<br>Jan 14/2021  969-17<br>511251                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Leonard; Prepare Oral Argument acknowledgement and file | corp | 0.75 | 75.00 | 56.25 |
| LG       Lisa Gardner<br>Jan 14/2021  969-17<br>511356                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic notifications of argument acknowledgments filed by Mr. Mungo and the attorney for Defendants | corp | 0.25 | 150.00 | 37.50 |
| LG       Lisa Gardner<br>Feb  5/2021  969-17<br>512130                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of electronic notification of date and time for oral argument. | corp | 0.25 | 150.00 | 37.50 |
| LG       Lisa Gardner<br>Feb 15/2021  969-17<br>512134                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Receipt and review of email from Mr. Mungo regarding date of video argument; phone conference with Mr. Mungo regarding filing argument acknowledgment. | corp | 0.25 | 150.00 | 37.50 |
| DW1      David Webley<br>Feb 23/2021  969-17<br>512058                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>erence with 6th COA clerk re: orientation. Email to Mr. Mungo. | corp | 0.45 | 75.00 | 33.75 |
| LG       Lisa Gardner<br>Feb 23/2021  969-17<br>512146                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone conference with Mr. Mungo regarding Orientation Acknowledgement; reviewed Orientation Acknowledgement form for preparation and filing. | corp | 0.50 | 150.00 | 75.00 |
| LG       Lisa Gardner<br>Mar  3/2021  969-17<br>512670                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of briefs and preparation of outline for oral argument; phone conference with Mr. Mungo regarding the oral argument and | corp | 5.00 | 150.00 | 750.00 |
| LG       Lisa Gardner<br>Mar  4/2021  969-17<br>512672                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of briefs in preparation of outline for oral argument; receipt and review of electronic filing notification that the video conference is canceled; phone conference with Mr. Mungo regarding notice from the court canceling video conference. | corp | 5.75 | 150.00 | 862.50 |
| LG       Lisa Gardner<br>Mar 11/2021  969-17<br>512717                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Phone call with Mr. Mungo regarding the death Dr. Robert Ancell and preparation of motion to | corp | 0.25 | 150.00 | 37.50 |
| LG       Lisa Gardner<br>Mar 15/2021  969-17<br>512724                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Research regarding supplementing disclosures and retention of new vocational rehabilitation expert; receipt and review of emails between Messrs. Acho and Mungo regarding the death of Dr. Ancell and the retention of another vocation rehabilitation expert and the deposition of the expert. | corp | 2.00 | 150.00 | 300.00 |
| LG       Lisa Gardner<br>Mar 18/2021  969-17<br>512730                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Review of file and previous disclosures and continued research in preparation of supplemental disclosures. | corp | 1.75 | 150.00 | 262.50 |
| LG       Lisa Gardner<br>Mar 19/2021  969-17<br>512733                    BW | | Mungo, Esquire, Leonard<br>Desheila C. Howlett<br>Research and review of curriculum vitae of Dr. Nay, preparation of draft of supplemental disclosure of a vocational rehabilitation expert. | corp | 1.25 | 150.00 | 187.50 |
| AKW      Avery K. Williams<br>Mar 25/2021  969-17<br>512971 | | Mungo, Esquire, Leonard<br>Desheila C. Howlett | corp | | | |

Mungo v. Mungo, Esquire,
PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Date Entry # | Lawyer Matter | Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|
| No Hold | | BW | Receipt and review of opinio and order. | | 0.25 | 200.00 | 50.00 |
| LG Mar 25/2021 513059 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of electronic filing notification of order dismissing appeal for lack of jurisdiction; review of order and cases cited by the court; phone conference with Mr. Mungo regarding order and preparation of affidavit of costs and attorney's fees, status of case, and preparation of responses to motions in limine; receipt and review of electronic notification of order filed in the district court. | corp | 4.75 | 150.00 | 712.50 |
| LG Mar 26/2021 513063 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Review of file and motions in limine for preparation of responses. | corp | 1.25 | 150.00 | 187.50 |
| LG Mar 30/2021 513064 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Continued review of motions in limine in preparation of response and research for preparation of responses. | corp | 6.25 | 150.00 | 937.50 |
| LG Mar 30/2021 513066 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Continued research in preparation of response to motion in limine #6 and review of transcripts and documents for response to motion. | corp | 7.25 | 150.00 | 1087.50 |
| LG Mar 31/2021 513067 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Review of Mr. Murray's deposition transcript in preparation of response to motion in limine #6, receipt and review of | corp | 3.50 | 150.00 | 525.00 |
| LG Apr 1/2021 513540 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Research and review of documents in preparation of motion in limine to exclude. | corp | 3.25 | 150.00 | 487.50 |
| LG Apr 2/2021 513543 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Review of time-billed and invoices related to the appeal in preparation of Affidavit; research regarding mitigation in preparation of response to motion in limine. | corp | 4.25 | 150.00 | 637.50 |
| LG Apr 5/2021 513545 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Preparation of Affidavit of Costs and attorney fees. | corp | 2.75 | 150.00 | 412.50 |
| LG Apr 6/2021 513549 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Continued preparation of Affidavit and preparation of chart of detailed description of work performed for appeal. | corp | 4.75 | 150.00 | 712.50 |
| LG Apr 7/2021 513552 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Revisions to Affidavit and chart of detailed description of attorney fees; preparation of e-mail to Mr. Mungo with attached Affidavit and description of attorney fees; phone conference with Mr. Mungo regarding the Affidavit and description of attorney fees; receipt and review of electronic filing notification of Affidavit of fees and costs. | corp | 3.75 | 150.00 | 562.50 |
| LG Apr 8/2021 513556 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Preparation of response to motion in limine. | corp | 2.25 | 150.00 | 337.50 |
| LG Apr 9/2021 513558 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Research and review of the Warren Collective Bargaining Agreement regarding disability benefits and research in preparation of response to motion in limine; research in preparation of response to motion in limine to exclude testimony related to damages for failure to mitigate damages. | corp | 7.25 | 150.00 | 1087.50 |
| LG Apr 12/2021 513559 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of electronic notification of notice to appear for status conference by phone; review of caselaw cited by the court in its order. | corp | 4.75 | 150.00 | 712.50 |
| LG Apr 13/2021 513566 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Continued preparation of response to motion in limine. | corp | 1.00 | 150.00 | 150.00 |
| LG Apr 19/2021 513611 No Hold | Lisa Gardner 969-17 | BW | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of electronic filing notification of response to show cause order; receipt and review of email | corp | 2.75 | 150.00 | 412.50 |

Mungo, Mungo & Law, PLLC Time Listing
Jan/ 1/2017 To Mar/31/2023

| Lwyr Lawyer | | | |
|---|---|---|---|
| Date Matter | Client | Law Type | Hours | Rate | Total |
| Entry # Task | Matter Description | | | | |
| | Explanation | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | from Mr. Mungo with attached response to show cause order and phone conference with Mr. Mungo regarding the City of Warren's response to show cause order. | | | | |

**LG      Lisa Gardner**
Apr 20/2021  **969-17**
513615
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Review of documents and research regarding mitigation of damages for response to motion.

corp

2.75     150.00     412.50

**LG      Lisa Gardner**
Apr 21/2021  **969-17**
513617
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Continued research and preparation of response to pending motions.

corp

4.50     150.00     675.00

**LG      Lisa Gardner**
Apr 22/2021  **969-17**
513620
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Phone conference with Mr. Mungo regarding a Sixth Circuit opinion in another matter addressing relevant issues and the upcoming telephonic conference; receipt and review of email from Mr. Mungo with attached Sixth Circuit Court opinion and continued research for responses to motions.

corp

2.75     150.00     412.50

**LG      Lisa Gardner**
Apr 26/2021  **969-17**
513708
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Phone conference with Mr. Mungo regarding telephonic status conference and outstanding issues; phone conference with Mr. Mungo regarding preparation of a proposed scheduling order including expert depositions, and motions in limine; review of file in preparation of proposed stipulated scheduling order.

corp

2.75     150.00     412.50

**LG      Lisa Gardner**
Apr 27/2021  **969-17**
513714
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Research regarding damages and employment benefits.

corp

2.75     150.00     412.50

**LG      Lisa Gardner**
Apr 28/2021  **969-17**
513718
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Preparation of draft of scheduling order.

corp

1.75     150.00     262.50

**LG      Lisa Gardner**
Apr 30/2021  **969-17**
513723
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Research regarding motions in limine.

corp

1.75     150.00     262.50

**LG      Lisa Gardner**
May  3/2021  **969-17**
513829
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Phone conference with Mr. Mungo regarding scheduling order and expert reports; preparation of proposed scheduling order; phone conference with Mr. Mungo regarding adding expert witness list to scheduling order and review of previous orders and register of actions for any prior scheduling orders; preparation of e-mail to Mr. Mungo with attached current register of actions; phone conference with Mr. Mungo regarding dispatch records; and phone conference with Mr. Mungo regarding testimony pertaining to the failure to back up Ms. Howlett; receipt and review of electronic notification of due date of proposed joint scheduling order.

corp

5.25     150.00     787.50

**LG      Lisa Gardner**
May  4/2021  **969-17**
513831
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Review of local rules; revisions to proposed joint scheduling order; phone conference with Mr. Mungo regarding discussion with the court clerk about whether to include future dates in the proposed joint scheduling order; receipt and review of e-mail from Mr. Acho regarding the proposed joint scheduling order; preparation of e-mail to Mr. Mungo with attached proposed joint scheduling order.

corp

5.50     150.00     825.00

**LG      Lisa Gardner**
May  5/2021  **969-17**
513833
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Research and revisions to responses to motions in limine #1 and 2.

corp

5.75     150.00     862.50

**LG      Lisa Gardner**
May  6/2021  **969-17**
513837
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Revisions to drafts of responses to motions in limine.

corp

1.25     150.00     187.50

**LG      Lisa Gardner**
May  7/2021  **969-17**
513838
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Receipt and review of e-mail with attached proposed joint scheduling order with the City of Warren's proposed dates; phone conference with Mr. Mungo regarding the scheduling order and Plaintiff's position concerning the City of Warren's proposed dates.

corp

1.00     150.00     150.00

**LG      Lisa Gardner**
May 10/2021  **969-17**
513877
**No Hold**           BW

Mungo, Esquire, Leonard
Desheila C. Howlett
Phone conference with Mr. Mungo regarding Defendants' version of proposed scheduling order and Plaintiff's position regarding Defendant's proposed timeline; revisions to

corp

2.75     150.00     412.50

| Lwyr Date Entry # | Lawyer Matter Task | Client Matter Description Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| | | proposed scheduling order; preparation of emails to Mr. Mungo with attached responses to discovery and disclosures; preparation of e-mail to Mr. Mungo with attached revised proposed scheduling order. | | | | |
| LG        Lisa Gardner May 13/2021  969-17 513886 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding case involving single use of the n-word. | corp | 0.50 | 150.00 | 75.00 |
| LG        Lisa Gardner May 18/2021  969-17 514001 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding disclosures and reports previously produced; receipt and review of Mr. Mungo with attached copy of Mr. Dickey's report. | corp | 0.75 | 150.00 | 112.50 |
| LG        Lisa Gardner May 21/2021  969-17 513994 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Review of all previous disclosures and reports; review of documents disclosed and proposed remaining pretrial dates. | corp | 1.75 | 150.00 | 262.50 |
| LG        Lisa Gardner May 24/2021  969-17 514522 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Research for response of motions in limine. | corp | 2.75 | 150.00 | 412.50 |
| LG        Lisa Gardner May 25/2021  969-17 514524 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Mr. Mungo regarding the status of the proposed scheduling order filed with the court; review of disclosures made to date and Mr. Dickey's report. | corp | 3.25 | 150.00 | 487.50 |
| LG        Lisa Gardner Jun  4/2021  969-17 514540 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of e-mail from Mr. Mungo regarding Mr. Acho's request for expert reports; phone conference with Mr. Mungo regarding the date that the parties agreed upon for the exchange of expert reports and review of file for all reports produced to date. | corp | 1.25 | 150.00 | 187.50 |
| DW1       David Webley Jun  9/2021  969-17 514506 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Phone conference with Ms. Gardner and review of register of actions from US District Court. | corp | 0.50 | 75.00 | 37.50 |
| LG        Lisa Gardner Jun  9/2021  969-17 515993 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of text message from Mr. Mungo regarding scheduling order and whether Defendants filed witness/exhibit lists should be filed; receipt and review of e-mail from Mr. Mungo regarding proposed scheduling order; review of register of actions and preparation of e-mail to Mr. Mungo with attached copy of register of actions. | corp | 0.75 | 150.00 | 112.50 |
| LG        Lisa Gardner Jun 10/2021  969-17 515995 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Review of e-mail from Mr. Acho to Mr. Mungo regarding information pertaining to Plaintiff's experts. | corp | 0.25 | 150.00 | 37.50 |
| LG        Lisa Gardner Jun 15/2021  969-17 516003 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Continued research in preparation of responses. | corp | 2.75 | 150.00 | 412.50 |
| LG        Lisa Gardner Jun 17/2021  969-17 516005 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Research in preparation of motions in limine; receipt and review of e-mail from Mr. Mungo to Mr. Acho regarding status of experts. | corp | 5.75 | 150.00 | 862.50 |
| LG        Lisa Gardner Jun 22/2021  969-17 516008 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Preparation of draft of Witness List under Fed. R. Civ. P. 26(a)(3), phone conference with Mr. Mungo regarding termination of Anwar Khan; research in preparation of responses to motions in limine. | corp | 2.25 | 150.00 | 337.50 |
| LG        Lisa Gardner Jul  6/2021  969-17 516022 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of e-mail from Mr. Acho regarding the proposed scheduling order submitted to the court. | corp | 0.25 | 150.00 | 37.50 |
| LG        Lisa Gardner Jul  7/2021  969-17 516023 No Hold            BW | | Mungo, Esquire, Leonard Desheila C. Howlett Receipt and review of e-mail from Mr. Acho regarding contacting the court. | corp | 0.25 | 150.00 | 37.50 |

*** Summary by Task Code ***

| Task Code | Hours | Amount |
|---|---|---|
| | | |

*** Billable ***

| Lwyr<br>Date    Matter    Client<br>Entry #         Matter Description<br>         Task    Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|
| BW    - Billable Work | | 1327.15 | 195467.86 | |
| Total Billable | | 1327.15 | 195467.86 | |
| | | | | |
| Total: | | 1327.15 | 195467.86 | |

*** Summary by Working Lawyer ***

| Working Lawyer | Hours | Amount |
|---|---|---|
| AKW  - Avery K. Williams | 84.75 | 16916.61 |
| LG   - Lisa Gardner | 1149.95 | 171617.50 |
| DW1  - David Webley | 29.45 | 2208.75 |
| SC   - Shantelle J. Cranford | 63.00 | 4725.00 |
| Total: | 1327.15 | 195467.86 |

| REPORT SELECTIONS - Time Listing | |
|---|---|
| Layout Template | Default |
| Advanced Search Filter | None |
| Requested by | David W |
| Finished | Monday, March 20, 2023 at 11:22:02 AM |
| Ver | 14.4.1 (14.4.20201212) |
| Date Range | Jan/ 1/2017 To Mar/31/2023 |
| Matters | 969-17 |
| Clients | All |
| Major Clients | All |
| Client Intro Lawyer | All |
| Matter Intro Lawyer | All |
| Responsible Lawyer | All |
| Type of Law | All |
| Select From | Active, Inactive, Archived Matters |
| Working Lawyer | All |
| Task | All |
| Summarize by Type of Law | No |
| Sorted by | Order Entered |
| Time/Fee | Both |
| Include Daily totals | No |
| Include Held Items only | No |
| Matter Security Enabled | No |
| Printed from | Register |

FEES BILLED FOR SERVICES PROVIDED
BY LEONARD MUNGO, BY ASPECT OF CASE

(Time Records with Date and Full Description,
Subject to Attorney-Client Privilege, Are Available for *In Camera* Review)
*DeSheila C. Howlett v. City of Warren, et al*; Case No. 17-11260

| Aspect of Case | Hrs. | Time Period | Description |
|---|---|---|---|
| Post-Decision and Commencement of Appeal | 22 | December 20, 2019 – December 30, 2019 | Receipt and review of notice of appeal; review of orders denying Defendants' Motion for Summary Judgment and Motion for Reconsideration; review of order denying motion for reconsideration; receipt and review of Defendants' Motion for Stay Pending Interlocutory Appeal; research regarding jurisdiction; research and preparation of response to motion for stay pending appeal; receipt and review of reply to response to motion to stay proceedings pending appeal. |
| Appellate Phase | 63 | January 2, 2020 – January 31, 2020 | Receipt and review of electronic notifications of civil appeal statement of parties, corporate disclosure statement and briefing letter; preparation of corporate disclosure statement and appearance. Research and preparation of motion to dismiss appeal for lack of jurisdiction; receipt and review of correspondence regarding mediation; receipt and review of response to motion to dismissal appeal, preparation of reply in response to motion to dismiss appeal. |
| Appellate Briefing and Decision Phase | 65 | February 1, 2020 – April 7, 2021 | Receipt and review of notices and briefing schedule from the Sixth Circuit Court of Appeals, review of order referring case to merits panel; research and review of preparation of brief; receipt and review of reply brief; receipt and review of order issued by the Sixth Circuit Court of Appeals; preparation of affidavit of costs and attorney's fees. |

1

| Aspect of Case | Hrs. | Time Period | Description |
|---|---|---|---|
| TOTAL | 150 | | 150 hrs. x $300 = $45,000.00 plus disbursements. |

2

# EX. B

McClusky v. Lake Hosp. Systems, Inc., Not Reported in F.Supp.3d (2015)
2015 Fair Empl.Prac.Cas. (BNA) 187,122

2015 WL 4629251
United States District Court,
N.D. Ohio,
Eastern Division.

Robert McCLUSKY, Plaintiff,
v.
LAKE HOSPITAL SYSTEM, INC., Defendant.

No. 1:14–CV–519.
|
Signed Aug. 3, 2015.

**Attorneys and Law Firms**

Ariana M. Kraus, Richard N. Selby, II, Dworken
& Bernstein, Painesville, OH, for Plaintiff.

Christopher B. Congeni, Daniel I. Rudary,
Brennan, Manna & Diamond, Akron, OH, for
Defendant.

**MEMORANDUM OPINION & ORDER**

KENNETH S. McHARGH, United States
Magistrate Judge.

*1 Before the Court is Plaintiff Robert McClusky's
Motion to Approve Attorney Fees and Costs. (Doc.
No. 36). Defendant, Lake Hospital System, Inc.,
has filed its Opposition to Plaintiff's motion (Doc.
No. 37), and Plaintiff has filed a Reply. (Doc.
No. 39). Shortly after Plaintiff filed his motion
requesting fees and costs, Defendant filed a Motion
for Sanctions. (Doc. No. 38). McClusky opposed
the motion and Defendant replied. (Doc. Nos.40,
41).

For the reasons set forth below, Plaintiff is not
entitled to an award of attorney's fees or costs.
The Court also concludes that the imposition of
sanctions is not appropriate.

**I. PROCEDURAL BACKGROUND**

On January 11, 2013, Plaintiff filed an action
against Defendant in the Lake County Court

of Common Pleas alleging gender discrimination
and retaliation in violation of Ohio Revised
Code Chapter 4112.02 and wrongful discharge in
violation of Ohio public policy. (Doc. No. 1–2).
Defendant filed a motion for summary judgment
as to all of Plaintiff's claims, which the state court
denied in its entirety on November 13, 2013. (Doc.
No. 1–5). At Plaintiff's request, the state court
granted leave to amend the complaint to include
claims for gender discrimination and retaliation
under Title VII of the Civil Rights Act of 1964. (*Id.*).
Following the amendment, Defendant removed the
suit to this Court.

On March 3, 2015, the Court denied Defendant's
second motion for summary judgment. (Doc. No.
16). A trial was held in May 2015. The Court
granted Defendant's motion for judgment on the
pleadings as to Plaintiff's discrimination claims
and Ohio public policy claim. (Doc. No. 34). The
jury returned a verdict in favor of Plaintiff on
his state and federal claims of retaliation in which
he alleged he was terminated because he retained
an attorney to oppose what he believed to be
gender discrimination. (Doc. Nos.33, 35). The jury
awarded only one dollar in damages. (*Id.*). On May
28, 2015, Plaintiff moved to recover attorney's fees
and costs. (Doc. No. 36). Thereafter, on June 4,
2015, Defendant requested that the Court impose
sanctions on Plaintiff's counsel. (Doc. No. 38).

**II. LAW & ANALYSIS**

**A. Attorney's Fees**
Plaintiff requests $88,523.75 in attorney's fees
following a jury verdict of one dollar in his favor
on his claim for retaliation. Despite his status as a
nominally prevailing party, Plaintiff asserts that the
circumstances warrant an award of fees.

Federal law grants a district court the discretion to
award the "prevailing party" in a Title VII action
"reasonable" attorney's fees as part of the costs.
42 U.S.C. § 2000e-5(k). Thus, the determination
of whether an attorney's fee award is appropriate
requires two inquiries. First, the party seeking to
recover must be a "prevailing party." *Farrar v.
Hobby*, 506 U.S. 103, 109, 113 S.Ct. 566, 121

McClusky v. Lake Hosp. Systems, Inc., Not Reported in F.Supp.3d (2015)

2015 Fair Empl.Prac.Cas. (BNA) 187,122

L.Ed.2d 494 (1992). Additionally, if a party prevails, then the requested fee must be deemed reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

**\*2** In *Farrar* the Supreme Court addressed the evaluation of attorney's fee requests when plaintiffs have won only nominal damages. 506 U.S. at 112–15. Plaintiffs, like McClusky, who are awarded nominal damages, are nevertheless considered prevailing parties and at least eligible for an award of fees. *Id. at 112*. When addressing the reasonableness prong, however, the degree of a prevailing party's success is a factor that courts must consider. *Id. at 114*. ("Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of the fees awarded under § 1988."[1] ). Indeed, the "most critical factor in determining the reasonableness of an attorney's fee award is the degree of success obtained." *Id.*

As a result, "[i]n some circumstances, even a plaintiff who formally 'prevails' ... should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Id. at 115*. The Supreme Court reiterated that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is *usually no fee at all.*" *Id.* (internal citations omitted) (emphasis added). District courts may "lawfully award low fees or no fees" in cases where only nominal damages are awarded, without considering the other factors that normally bear on the reasonableness of a fee award. *Id.* The *Farrar* Court ultimately rejected an award of attorney's fees to a plaintiff who requested $17 million in compensatory damages but won only nominal damages. *Id. at 114–15*.

McClusky requests that the Court apply the three factor test Justice O'Connor articulated in her concurring opinion in *Farrar* to evaluate the reasonableness a fee award here. Justice O'Connor's test also examines the degree of success a plaintiff obtained, but goes on to consider both (1) the

significance of the legal issues on which the plaintiff prevailed, and (2) whether the litigation served a public purpose, as opposed to simply vindicating the plaintiff's individual rights. *Id. at 121–22* (O'Connor, J., concurring). Plaintiff asserts that one district court in this jurisdiction has found Justice O'Connor's criteria useful to distinguish between "the usual nominal-damage case, which warrants no fee award, from the unusual case that does warrant an award of attorney's fees." *Layman Lessons, Inc. v. City of Millersville, Tenn.*, 550 F.Supp.2d 754, 762 (M.D.Tenn.2008) (*quoting Mercer v. Duke*, 401 F.3d 199, 204 (4th Cir.2005)). Plaintiff relies heavily on the Tenth Circuit's adoption and application of Justice O'Connor's approach as set forth in *Brandau v. State of Kansas*, 242 F.3d 1179 (10th Cir.1991) and urges the Court to do the same.[2]

Unlike a number of other jurisdictions, the Sixth Circuit has not expressly adopted or rejected Justice O'Connor's approach. *Glowacki v. Howell Pub. Sch. Dist.*, 566 F. App'x 451, 454 n. 1 (6th Cir.2014). Recently, in *Glowacki*, the Sixth Circuit reviewed a district court's application of this test and acknowledged that the Third, Seventh, Eighth, Ninth, and Tenth Circuits had adopted it. *Id.* Nevertheless, the court refused to require lower courts to apply the expanded assessment, because under the facts of the case before it, all considerations pointed to awarding no attorney's fees. *Id.* Additionally, in *Petrimoulx v. City of Saginaw*, 753 F.3d 318, 323 (6th Cir.2014), the Sixth Circuit questioned whether the use of the expanded test was proper, given that the controlling opinion of the Supreme Court did not embrace it. In disputes over attorney's fees with nominally prevailing parties, the Sixth Circuit has focused on the relationship between the relief sought and the relief awarded. *See, e.g.*, *DiLaura v. Michigan Dep't of Treasury*, 259 F. App'x 608 (6th Cir.2007) (denying an award of attorney's fees and costs where employee prevailed on Title VII retaliation claim, but was awarded only one dollar and had sought to obtain damages of $500,000); *Cramblit v. Fikse*, 336 F.2d 743 (6th Cir.2003); (plaintiff's nominal damages award for civil rights claim insufficient to justify an award of attorney's fees); *Vinson v. Liberty Twp. Police Dept./Trustees*, 34 F. App'x

McClusky v. Lake Hosp. Systems, Inc., Not Reported in F.Supp.3d (2015)
2015 Fair Empl.Prac.Cas. (BNA) 187,122

493 (6th Cir. 2001); (Title VII nominally prevailing plaintiff not entitled to an award of fees and costs, particularly given plaintiff's failure to prove compensable injury, which was an essential element of her claim for compensatory damages); *Cramblit v. Fikse, 33 F.3d 633 (6th Cir 1994)* (plaintiff whose primary goal was to obtain monetary damages not granted attorney's fees after an award of only one dollar in compensatory and punitive damages). Given the circuit court's approach, the undersigned will focus on the *Farrar* majority's inquiry: the degree of success obtained.

**\*3** Lake Hospital argues that Plaintiff's success was minimal in that he requested compensatory and punitive damages, each in excess of $25,000, in his complaint but was only awarded nominal damages of one dollar. On the other hand, in his affidavit in support of fees, Plaintiff states that "[m]y primary motivation for bringing this suit was to vindicate my reputation and prove that I was wrongfully terminated." (Affidavit of Robert McClusky, Doc. No. 36-3, at ¶ 4). Plaintiff maintains that his requests for monetary damages were not significant in value, particularly when compared to the amount of attorney's fees he expended. According to McClusky, his low demands, along with his counsel's decision not to ask for a specific monetary amount in closing arguments, demonstrate that the primary purpose of the litigation was to vindicate his termination and recover attorney's fees.

When assessing the extent of the relief obtained, the court must compare the amount of damages sought to the amount awarded. *Farrar, 506 U.S. at 114.* Plaintiff's request for damages was not as excessive as requests made in *Farrar* and some Sixth Circuit cases. Nonetheless, comparing the relief McClusky obtained to the relief sought at the outset and during the course of the litigation, leads to the conclusion that the ultimate award was quite limited. Plaintiff's prayer for relief focused almost entirely on monetary damages, primarily in the form of compensatory and punitive damages, both of which he wished to recover in excess of $25,000.[3] (Doc. No. 1-6). Prior to trial, Plaintiff requested a settlement of $65,000, which considerably exceeded his attorney's fees

amounting to approximately $34,500 at that time. (Doc. Nos.39-1, 39-2). At trial, Plaintiff made various inadequate attempts to establish monetary loss due to his termination, even though his counsel did not request a specific dollar amount of damages in closing. Any alleged shift in the relief Plaintiff sought came at the eleventh hour in closing arguments. In the end, McClusky recovered neither compensatory nor punitive damages, but a significantly lower monetary sum than he desired.

Despite Plaintiff's subjective statements that his focus was to vindicate his rights, the strategy pursued and the evidence at trial contradict his representations. Additionally, "*Farrar* simply request courts to consider the relief that was *sought* by the plaintiff, not the relief that was *most important* to the plaintiff." *Aljreet v. Duke, 407 F.3d 191, 204 (6th Cir.2005) (citing Farrar 506 U.S. at 118-19).* "If the rule were otherwise, then every plaintiff recovering only nominal damages would claim that the only thing he was really ever interested in was a liability finding, a claim that the defendant would dispute," thus turning the inquiry about attorney's fees into a second major litigation. *Id.*

Based on how the case progressed, the nominal award signals the jury's belief that McClusky failed to prove he was injured as a result of the retaliatory employment action undertake by Lake Hospital. In reality, the litigation simply provided Plaintiff with "the moral satisfaction of knowing that a federal court concluded that [his] rights had been violated." *Farrar 506 U.S. at 114 (quoting Hewitt v. Helms, 482 U.S. 755, 762, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)).* Accordingly, McClusky's technical victory does not demonstrate a degree of success sufficient to justify an award of attorney's fees.

**\*4** Even if the Court were to apply Justice O'Connor's three factor inquiry, the analysis would not support an award. Under this test, the second factor—the significance of the legal issue on which the plaintiff claims to have prevailed—looks beyond the relief awarded to examine the extent to which a plaintiff succeeds on his theory of liability.[4] *Glowacki, 846 F. App'x at 453 (quoting Phelps v. Hamilton, 120 F.3d 1126, 1132 (10th*

McClusky v. Lake Hosp. Systems, Inc., Not Reported in F.Supp.3d (2015)

2015 Fair Empl.Prac.Cas. (BNA) 187,122

Cir.1997)). In *Glowacki* the court concluded that this factor weighed against the plaintiff, because he succeeded on a First Amendment liability issue against one defendant, but his primary claims of free expression and equal protection against a second defendant failed. *Id.* On the other hand, in *Beard v. State of Kansas, 168 F.3d 1178 (10th Cir.1999)*, the Tenth Circuit found this factor in favor of a plaintiff who succeeded on a claim of sexual harassment, though she lost on her retaliation and constructive discharge allegations.

Here, McClusky achieved technical success on his retaliation claim. His discrimination and public policy claims both failed upon Defendant's motion for judgment as a matter of law. Though this prong may weigh slightly in Plaintiff's favor, the remaining factor does not.

In regard to whether the litigation served a public purpose, Plaintiff submits that the verdict put Defendant on notice that it must investigate complaints of civil rights violations rather than retaliating against employees who exercise their rights. Yet, a similar conclusion can be drawn when any plaintiff succeeds on a retaliation claim. This factor cannot be satisfied when a plaintiff simply establishes that his rights have been infringed, because all Title VII claims seek to remedy against some type of discrimination or deprivation of rights. *See Glowacki, 500 F. App'x at 455* (recognizing that the plaintiff's vindication of First Amendment rights was not sufficient to satisfy the public-interest factor because all section 1983 claims seek to redress the deprivation of rights). As other jurisdictions have recognized, "litigation can accomplish much besides awarding money damages, [but] not every tangential ramification of civil rights litigation *ipso facto* confers a benefit on society." *Pino v. Locascio, 101 F.3d 235, 239 (2d Cir.1996)*.

The Court struggles to identify the public purpose vindicated by Plaintiff's action. McClusky did not seek equitable relief that would have extended beyond his case. Moreover, his retaliation claim was not the first of its kind nor did it serve to develop the law under Title VII. *See Mercer, 401 F.3d at 268* (explaining that because of our legal system's

reliance on *stare decisis* and precedent, a case that is the first of its kind, even without any request for wide-ranging declaratory or injunctive relief, "can have profound influence on the development of the law and on society"). McClusky's case ultimately failed to accomplish "some public goal other than occupying the time and energy of counsel, court, and client." *Farrar, 506 U.S. at 121-22* (O'Connor, J., concurring).

**\*5** *Farrar* explained that attorney's fees are usually not appropriate when a party recovers only nominal damages. While there may be situations where an award is appropriate, the present record does not show that this is the unusual case that warrants fees.

### B. Costs

Plaintiff also moves to recover costs in the amount of \$2,209.70. For reasons similar to the denial of attorney's fees, an award of costs is not justified.

Federal Rule of Civil Procedure 54(d) provides that costs, other than attorney's fees, "should be allowed to the prevailing party." *Fed.R.Civ.P. 54(d).* The Sixth Circuit has interpreted this language to mean that a presumption favors awarding costs, but the award remains at the court's discretion. *Cohen v. Davis Performance Tools, Inc. 436 F.3d 824, 836 (6th Cir.2006) (quoting White & Wyllie, Inc. v. Am. Nuts. Supply Corp., 786 F.2d 728, 730 (6th Cir.1986)).* The unsuccessful party must show circumstances sufficient to overcome the presumption. *Lewis v. Pennington, 400 F.2d 806, 819 (6th Cir.1968).*

The Sixth Circuit has identified factors that courts should consider when evaluating whether to award costs. *Rosinger Inc. v. Indaga Chrome's Co., L.P., 460 F.3d 733, 729 (6th Cir.2006).* These factors are sufficient as a basis for denying costs and include: whether the taxable expenditures were unnecessary to the case or unreasonably large; whether the prevailing party should be penalized for unnecessarily prolonging the trial or for injecting unmeritorious issues; whether the prevailing party's victory was so insignificant that the judgment amounted to a victory for the opponent; whether the case was close and difficult; whether the losing party acted reasonably and in good faith

McClusky v. Lake Hosp. Systems, Inc., Not Reported in F.Supp.3d (2015)
2015 Fair Empl.Prac.Cas. (BNA) 187,122

in defending the case; whether the losing party conducted the case with propriety; whether other courts have denied costs to prevailing parties in similar cases; whether the prevailing party or the public benefitted from the case; and whether the case resulted in a profound reformation of current practices. *Id. at 778, 79; Lewis, 480 F.3d at 619.*

The Court finds that the presumption in favor of awarding costs to Plaintiff has been overcome. As previously stated, the judgment McClusky recovered was not significant when compared to the monetary damages he sought to obtain. Despite a verdict in Plaintiff's favor, the jury's failure to award damages resulted in a victory for Defendant. *See Virostek, '4 X. App'x at 520* (holding that the district court's denial of costs was proper where it was found that the "the prevailing party's recovery [was] so insignificant that the judgment amount[ed] to a victory for the defendant"). No identifiable public benefit resulted from the case nor was there a profound reformation of practices. As a result, the Court finds that an award is not appropriate here.

### C. Sanctions

Prompted by Plaintiff's motion to recover attorney's fees and costs, Lake Hospital moved for an award of sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. Defendant argues that Plaintiff's motion was frivolous, given that Sixth Circuit precedent precludes an award of fees and costs in this case.

**\*6** Defendant also takes issue with opposing counsel's failure, in the initial motion for an award, to cite Sixth Circuit decisions addressing fee awards where plaintiffs obtained only nominal damages. Plaintiff's counsel instead relied almost exclusively on out of circuit precedent. More specifically, Defendant points out that counsel failed to cite *Cramblit, Virostek, Pouillon,* or *McBurrows,* which recount the principle from *Farrar* that a plaintiff whose recovery is limited to nominal damages is "usually not" entitled to an award of fees and costs. Defendant maintains that Plaintiff's counsel was aware of these cases and fell short of their ethical obligation to disclose controlling precedent adverse to their client's position. Lake Health requests

payment for the costs expended in opposing the motion for attorney's fees and costs.

Pursuant to 28 U.S.C. § 1927, courts may impose sanctions personally upon an attorney who unreasonably and vexatiously multiplies the proceedings in a case. Attorneys may be required to satisfy the excess costs, expenses, and attorney's fees reasonably incurred due to their conduct. *Id.* Sanctions are "warranted when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Cook v. Am. S.S. Co., 134 F.3d 771, 774 (6th Cir.1998)* (internal quotations and citations omitted). When evaluating sanctions,

> [t]he proper inquiry is not whether an attorney acted in bad faith; rather, a court should consider whether an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims. An award of fees under the statute thus requires a showing of something less than subjective bad faith, but something more than negligence or incompetence.

*Hall v. Liberty Mut. Ins. Co. Of Boston, 595 F.3d 270, 275-76 (6th Cir.2010)* (internal quotations and citations omitted).

Before the imposition of sanctions, an attorney must be given notice and an opportunity to be heard. *Cook, 134 F.3d at 774.* The Sixth Circuit does not require a full evidentiary hearing when imposing sanctions. *Id.* Here, Plaintiff's counsel was aware of the motion for sanctions and had an opportunity to respond. The issue has been fully and thoroughly briefed. As a result, the Court does not feel that an evidentiary hearing would assist in its decision.

McClusky v. Lake Hosp. Systems, Inc., Not Reported in F.Supp.3d (2015)
2015 Fair Empl.Prac.Cas. (BNA) 187,122

The filing of the motion for attorney's fees, in itself, is not sanctionable conduct. The Supreme Court's decision in *Farrar* certainly did not preclude a nominally prevailing plaintiff from seeking fees, and McClusky relies on this fact in his motion. *Farrar* indicates that the award of fees to a plaintiff recovering nominal damages will be unusual, but there is no per se rule that nominally prevailing plaintiffs can never recover fees. *See Mercer, 401 F.3d at 203* ("Because the Court in *Farrar* held that plaintiffs recovering only nominal damages *usually* or *often* will not be entitled to an award of attorney's fees, it is clear that such plaintiffs will at least *sometimes* be entitled to a fee award."). Cases in the Sixth Circuit have recognized that the application of *Farrar* is fact-specific. *See, e.g., McBurrows, 159 F. App'x at 640 41* (considering an attorney's fee request by a plaintiff who was awarded only nominal damages). McClusky's pursuit of attorney fees as the "prevailing party" is reasonable, given the door opening provided by the jury, as well as the fact that McClusky invested much in his effort to prevail.

*7 Yet, Plaintiff's decision to ignore or fail to bring to the Court's attention Sixth Circuit authority interpreting the relevant portions of *Farrah*, while citing primarily precedent from outside the circuit that examines the case, is inexplicable. This is particularly concerning because it appears that Plaintiff's counsel was aware of the omitted case law prior to the filing of the motion for fees and costs. (Declaration of Christopher Congeni, Doc. No. 38-1 at ¶ 8).

It is well established that counsel may not knowingly fail to "disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." *United States v. Marks, 209 F.3d 577, 585 (6th Cir.2000)* (quoting Model Rule of Professional Conduct Rule 3.3 and noting its applicability in this circuit); *Thompson v. Parkes, 953 F.2d 885, 888 n. 1 (6th Cir.1992)*. Sixth Circuit authority relating to fee awards for nominally prevailing parties does not prohibit McClusky's pursuit of fees, but its relevance to the consideration is obvious. As a result, the Court finds the omission disturbing. At this time, the Court elects to warn Plaintiff's counsel that it would expect disclosure in an opening brief under similar circumstances in the future. Such would be consistent with the overall professionalism otherwise exhibited by counsel during the course of the litigation.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Approve Attorney Fees and Costs (Doc. No. 36) and Defendant's Motion for Sanctions. (Doc. No. 38).

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 4629251, 2015 Fair Empl.Prac.Cas. (BNA) 187,122

Footnotes

[1]   The standard applied to attorney fee requests under 42 U.S.C. § 1988, the fee shifting statute for federal civil rights claims brought pursuant to 42 U.S.C. § 1983, is the same as that which controls requests made under 42 U.S.C. § 2000e–5(k). *Virostek v. Liberty Twp. Police Dep't/Trustees, 14 F. App'x 493, 510 (6th Cir.2001) (citing Hensley v. Eckerhart, 461 U.S. 424, 427 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983))*.

[2]   In his reply brief, Plaintiff also directs the Court to the Sixth Circuit's decisions in *DiLaura v. Twp. of Ann Arbor, 471 F.3d 666 (6th Cir.2006)* and *Hescott v. City of Saginaw, 757 F.3d 518 (6th Cir.2014)*. Both cases are distinguishable from the case at bar in that they did not involve plaintiffs like McClusky who obtained only nominal damage awards. In *DiLaura* the plaintiff succeeded in obtaining a ruling that in effect prohibited the defendant from enforcing a zoning ordinance and which the Court characterized as "complete" relief. *DiLaura, 417 F.3d at 673*. The *Hescott* plaintiffs proved actual compensable injury and were awarded $5,000. *Hescott, 757 F.3d at 524*.

McClusky v. Lake Hosp. Systems, Inc., Not Reported in F.Supp.3d (2015)

2015 Fair Empl.Prac.Cas. (BNA) 187,122

3    Plaintiff also requested attorney's fees and costs, pre- and post-judgment interest, and "[s]uch other and further relief" as the Court might deem appropriate.

4    Other courts have interpreted this factor in a somewhat different manner than the Sixth Circuit in *Glowacki*. They have explained that the factor addresses the general legal importance of the issue on which the plaintiff prevailed. *See, e.g., Mercer v. Duke Univ., 401 F.3d 199, 209 (4th Cir. 2005); Maul v. Constan, 23 F.3d 143, 145 (7th Cir. 1994)* ( "[T]he degree of plaintiff's success-whether plaintiff's victory is significant or merely *de minimis*—is the ultimate question on which the reasonableness of an award of attorney's fees turns. Thus we understand the second *Farrar* factor to address the legal import of the constitutional claim on which plaintiff prevailed.").

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

# EX. C

STATE BAR OF MICHIGAN

2020 Economics of Law Practice

Attorney Income and Billing Rate Summary Report

SBM
State Bar of Michigan

## Contents

# Economics of Law Practice in Michigan
2020 Attorney Income and Billing Rate Summary Report

Methods and Measures ........................................................................................................... 1

I 2019 Attorney Income ......................................................................................................... 3

Table 1–2019 Reported Attorney Gross Income—Private Practitioners ................................... 3

Table 2–2019 Reported Attorney Gross Income—Non-Private Practitioners ........................... 3

II Attorney Hourly Billing Rates .............................................................................................. 4

Table 3–2020 Attorney Hourly Billing Rates by Practice Classification .................................. 4

Table 4–2020 Reported Attorney Hourly Billing Rates by Years in Practice—Private Practitioners ...... 4

Table 5–2020 Reported Attorney Hourly Billing Rates by Firm Size in a Single Location
—Private Practitioners ............................................................................................................. 5

Table 6–2020 Reported Attorney Hourly Billing Rates by Office Location—Private Practitioners ........ 5

Table 7–2020 Hourly Billing Rates by Field of Practice .......................................................... 6

Table 8–2020 Attorney Hourly Billing Rate by County ............................................................ 7

Table 9–2020 Attorney Hourly Billing Rates by Circuit ........................................................... 10

# 2020 Economics of Law Practice in Michigan

### 2020 Attorney Income and Billing Rate Summary Report

The survey was conducted in 2020 and requested 2019 income and 2020 billing rate information

The State Bar of Michigan Economics of Law Practice Survey provides Michigan attorneys with a resource that allows access to the most current law practice economic information available. The survey results are provided as a service to members of the State Bar of Michigan.

The survey has two primary objectives:

- To provide timely, relevant, and accurate information to inform and guide the practical management decisions of Michigan attorneys
- To track and illustrate changes and trends within the legal profession

The survey monitors and reports on several points of information useful to attorneys:

- Attorney income
- Prevailing average hourly billing rates by several indicators including fields of practice, judicial circuit, and geographic location
- Time allocated to billable and non-billable professional activities
- Management practices
- Perceptions regarding current and future economic circumstances related to the practice of law

The key finding report contains information pertaining to attorney income and billing rates. It is produced as an early and separate report to provide attorneys with this target information as quickly as possible, as it is the most requested information from all attorneys. All other information will be contained in the full 2020 Economics of Law Practice Summary Report that will follow.

## Methods and Measures

The 2020 Economics of Law Practice Survey was conducted in 2020. In 2020 45.9 percent of active members were private practitioners and 54.1 percent were non-private practitioners. Based on the proportions of both groups of active members an electronic survey was emailed to approximately 18,888 private practitioners and 22,241 non-private practice members of the State Bar of Michigan, inviting their participation. 2,983 completed questionnaires were returned by private practitioners (a 15.8 percent response rate) and 1,337 completed questionnaires were returned by non-private practitioners (a 6.0 percent response rate). Questionnaires were tabulated by Dr. James McComb, an independent consultant statistician. The economic data provides measures of central tendency and spread.

To help interpret the information presented in the surveys the following is a brief description of statistical terms of measures of central tendency (median and mean) and measures of dispersion (spread).

**Mean**—The mean (also called the average) is calculated by adding the values of all responses then dividing by the number of responses. Example: Three responses (30, 1, 2) are reported. The average or mean is calculated by adding 30+1+2=33 and then by dividing by 3 = 11.

**Median**—The median is the middle value in a series or distribution of values (50th percentile, which is initially rank-ordered from low to high or vice versa). By definition half of the numbers are greater, and half are less than the median. Example: Three responses (30, 1, 2) are reported. The median is the middle number of the order of distribution (1, 2, 30), or 2. By comparison, the average of this distribution as shown above is 11. Use of the median as a statistical metric of central tendency reduces the effects of 'outliers'

STATE BAR OF MICHIGAN                    ECONOMICS OF LAW PRACTICE 2020

(extremely high or low values, such as the data point of 30 in the previous example) while the average does not. Median values are utilized throughout the survey results to denote the measure of central tendency.

**Percentiles**—In addition to the median, four other percentile values are used in the survey results to reveal the spread of a particular data distribution. The percentiles include:

- 25th percentile—Also referred to as the "lower quartile." One-fourth of the values are less, and three-fourths are more than this value.
- Median or 50th percentile—Half of the values are less, and half are more than the "median" value.
- 75th percentile—Also referred to as the "upper quartile." Three-fourths of the values are less, and one-fourth are more than this value.
- 95th percentile—Ninety five percent of the values are less, and five percent of the values are more than this value.

**Note of clarification:** Extreme values were excluded due to their unrepresentative qualities. Forty-seven cases where private practitioners reported gross income over $2,000,000 and two cases in non-private practitioners were not included in the salary distributions because they were not typical of the population and skewed the distributions.

STATE BAR OF MICHIGAN                    ECONOMICS OF LAW PRACTICE 2020

# I 2019 Attorney Income

## Table 1—2019 Reported Attorney Gross Income—Private Practitioners

| | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Sole Practitioner, office outside of home | 592 | 75,000 | 144,500 | 192,098 | 250,000 | 512,000 |
| Sole Practitioner, working out of home office | 301 | 20,000 | 50,000 | 86,582 | 105,000 | 283,000 |
| Sole Practitioner, sharing space | 122 | 63,000 | 125,500 | 152,910 | 200,000 | 400,000 |
| Managing Partner | 195 | 200,000 | 300,000 | 438,053 | 540,000 | 1,300,000 |
| Equity Partner/Shareholder | 544 | 180,000 | 280,000 | 365,089 | 440,000 | 1,000,000 |
| Non-Equity Partner | 165 | 140,000 | 195,000 | 228,774 | 275,000 | 500,000 |
| Of Counsel | 63 | 65,000 | 125,000 | 138,993 | 175,000 | 340,000 |
| Senior Associate | 137 | 99,000 | 120,000 | 148,464 | 158,000 | 350,000 |
| Associate | 314 | 65,000 | 92,000 | 121,138 | 125,000 | 287,742 |
| Arbitrator/Mediator | 12 | 13,340 | 107,500 | 140,682 | 254,000 | 393,000 |
| Assigned Counsel | 2 | 163,000 | 169,000 | 169,000 | 175,000 | 175,000 |
| Other | 74 | 67,000 | 120,000 | 189,983 | 225,000 | 560,000 |
| **Total** | **2,521** | **80,000** | **150,000** | **223,496** | **285,000** | **670,000** |

## Table 2—2019 Reported Attorney Gross Income—Non-Private Practitioners

| | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Academia | 56 | 64,750 | 78,000 | 95,277 | 107,000 | 215,000 |
| Federal Government | 74 | 95,000 | 135,750 | 130,025 | 162,000 | 181,400 |
| Governmental Relations | 5 | 118,549 | 140,000 | 304,710 | 200,000 | 1,000,000 |
| In-House Counsel | 289 | 110,000 | 150,000 | 163,886 | 200,000 | 325,000 |
| Judge | 68 | 145,000 | 150,000 | 148,936 | 153,000 | 190,000 |
| Law School | 11 | 50,000 | 60,000 | 83,273 | 120,000 | 160,000 |
| Legal Service Agency | 101 | 54,000 | 63,000 | 69,882 | 78,000 | 105,000 |
| Local Government | 187 | 64,804 | 84,000 | 86,543 | 107,000 | 133,000 |
| Military | 4 | 106,000 | 125,000 | 119,004 | 132,008 | 134,015 |
| Non-Law Related | 33 | 61,000 | 84,000 | 120,352 | 120,000 | 400,000 |
| Non-Profit Org | 58 | 60,000 | 74,500 | 82,209 | 90,000 | 174,000 |
| Other Judiciary | 77 | 75,000 | 91,000 | 90,063 | 104,000 | 140,000 |
| Retired | 22 | 16,000 | 85,000 | 133,935 | 140,000 | 612,000 |
| State Government | 163 | 75,000 | 100,000 | 103,338 | 121,222 | 150,000 |
| **Total** | **1,148** | **71,002** | **100,000** | **116,786** | **148,000** | **226,000** |

STATE BAR OF MICHIGAN                    ECONOMICS OF LAW PRACTICE 2020

## II Attorney Hourly Billing Rates

Table 3—2020 Attorney Hourly Billing Rates by Practice Classification

|  | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Sole Practitioner, office outside of home | 630 | 200 | 250 | 268 | 300 | 433 |
| Sole Practitioner, working out of home office | 345 | 150 | 225 | 227 | 300 | 400 |
| Sole Practitioner, sharing space | 128 | 225 | 250 | 265 | 300 | 400 |
| Managing Partner | 236 | 250 | 300 | 327 | 398 | 560 |
| Equity Partner/Shareholder | 605 | 250 | 330 | 349 | 425 | 620 |
| Non-Equity Partner | 183 | 275 | 350 | 358 | 435 | 568 |
| Of Counsel | 70 | 265 | 350 | 341 | 412 | 600 |
| Senior Associate | 157 | 200 | 253 | 248 | 300 | 450 |
| Associate | 360 | 190 | 250 | 250 | 300 | 388 |
| Arbitrator/Mediator | 12 | 188 | 250 | 267 | 350 | 600 |
| Assigned Counsel | 2 | 150 | 163 | 163 | 175 | 175 |
| Other | 111 | -1 | 175 | 179 | 315 | 465 |
| **Total** | **2,839** | **200** | **267** | **286** | **350** | **546** |

Table 4—2020 Reported Attorney Hourly Billing Rates by Years in Practice—Private Practitioners

|  | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| <1 | 4 | 195 | 238 | 252 | 309 | 368 |
| 1 to 2 | 75 | 190 | 217 | 233 | 265 | 350 |
| 3 to 5 | 145 | 195 | 242 | 242 | 275 | 365 |
| 6 to 10 | 325 | 200 | 250 | 285 | 310 | 413 |
| 11 to 15 | 333 | 225 | 280 | 297 | 350 | 475 |
| 16 to 25 | 554 | 230 | 300 | 315 | 367 | 546 |
| 26 to 30 | 285 | 245 | 297 | 337 | 400 | 620 |
| 31 to 35 | 266 | 225 | 300 | 310 | 365 | 565 |
| >35 | 779 | 225 | 295 | 317 | 367 | 600 |
| **Total** | **2,766** | **225** | **275** | **305** | **350** | **550** |

STATE BAR OF MICHIGAN                    ECONOMICS OF LAW PRACTICE 2020

Table 5–2020 Reported Attorney Hourly Billing Rates by Firm Size in a Single Location–Private Practitioners

|  | Number | Percent |
|---|---|---|
| 1 | 1,097 | 38.0 |
| 2 | 297 | 10.3 |
| 3 | 199 | 6.9 |
| 4 to 6 | 329 | 11.4 |
| 7 to 10 | 226 | 7.8 |
| 11 to 20 | 205 | 7.1 |
| 21 to 50 | 257 | 8.9 |
| > 50 | 277 | 9.6 |
| **Total** | **2,887** | **100.0** |

Table 6–2020 Reported Attorney Hourly Billing Rates by Office Location—Private Practitioners

|  | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Ann Arbor area | 143 | 260 | 300 | 362 | 400 | 785 |
| Battle Creek area | 13 | 250 | 280 | 275 | 300 | 318 |
| Bay City/Midland/Saginaw area | 50 | 200 | 243 | 237 | 250 | 383 |
| Detroit, not downtown | 72 | 200 | 250 | 267 | 325 | 435 |
| Downtown Detroit & New Center area | 172 | 218 | 308 | 343 | 445 | 630 |
| Flint area | 76 | 200 | 250 | 267 | 288 | 500 |
| Grand Rapids area | 331 | 245 | 300 | 312 | 375 | 545 |
| Jackson area | 30 | 200 | 232 | 249 | 300 | 400 |
| Kalamazoo area | 73 | 225 | 263 | 284 | 330 | 465 |
| Lansing area | 141 | 217 | 265 | 284 | 345 | 450 |
| Livingston County | 35 | 225 | 250 | 401 | 275 | 300 |
| Mid-Michigan area (not Lansing) | 30 | 180 | 238 | 245 | 300 | 350 |
| Mount Clemens area | 62 | 205 | 275 | 293 | 317 | 450 |
| Muskegon area | 38 | 175 | 228 | 261 | 292 | 533 |
| Northern Michigan, Lower Peninsula | 57 | 185 | 225 | 215 | 250 | 317 |
| Oakland County (north of M-59) | 78 | 225 | 283 | 299 | 350 | 550 |
| Oakland County (south of M-59) | 730 | 245 | 300 | 320 | 375 | 575 |
| Other metro areas | 14 | 200 | 229 | 250 | 263 | 500 |
| Out of state | 135 | 250 | 335 | 352 | 400 | 650 |
| Out state, Lower Peninsula | 19 | 200 | 215 | 226 | 275 | 350 |
| Remainder Macomb County | 57 | 233 | 275 | 297 | 325 | 450 |
| Remainder Wayne County | 97 | 215 | 250 | 291 | 298 | 400 |
| Southfield | 98 | 265 | 339 | 350 | 400 | 615 |
| Traverse City area | 60 | 218 | 250 | 255 | 293 | 360 |
| Upper Peninsula | 38 | 190 | 225 | 231 | 250 | 383 |
| Southeastern Michigan | 55 | 200 | 250 | 245 | 300 | 350 |
| Western Michigan | 63 | 200 | 250 | 272 | 300 | 465 |
| **Total** | **2,767** | **225** | **275** | **305** | **350** | **550** |

STATE BAR OF MICHIGAN                    ECONOMICS OF LAW PRACTICE 2020

## Table 7—2020 Hourly Billing Rates by Field of Practice

| | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Administrative Law | 74 | 250 | 296 | 306 | 375 | 500 |
| Appellate Law | 119 | 200 | 300 | 307 | 400 | 545 |
| Arbitration/Mediation | 84 | 250 | 305 | 331 | 398 | 590 |
| Auto (not lemon) Law | 34 | 300 | 425 | 419 | 500 | 750 |
| Auto No Fault | 139 | 170 | 250 | 315 | 450 | 750 |
| Bankruptcy, Creditor | 56 | 250 | 298 | 304 | 350 | 465 |
| Bankruptcy, Debtor | 104 | 218 | 250 | 278 | 300 | 400 |
| Business/Commercial Litigation | 383 | 265 | 310 | 341 | 395 | 565 |
| Civil Litigation | 445 | 225 | 300 | 324 | 375 | 600 |
| Civil Rights | 83 | 225 | 305 | 332 | 400 | 550 |
| Collections, Creditor | 68 | 200 | 250 | 250 | 283 | 350 |
| Collections, Debtor | 17 | 100 | 250 | 226 | 325 | 400 |
| Condemnation Law | 7 | 260 | 350 | 366 | 500 | 500 |
| Construction Law | 80 | 250 | 300 | 307 | 375 | 435 |
| Consumer Law (including lemon law) | 29 | 220 | 300 | 336 | 425 | 600 |
| Contracts | 172 | 240 | 298 | 302 | 355 | 500 |
| Corporate and Business | 435 | 250 | 300 | 327 | 375 | 600 |
| Criminal (Misdemeanor) | 221 | 185 | 250 | 238 | 275 | 400 |
| Criminal (Felony) | 199 | 200 | 250 | 264 | 300 | 450 |
| Drivers License Revocation Restoration | 23 | 200 | 250 | 350 | 350 | 450 |
| Elder Law | 92 | 238 | 250 | 268 | 300 | 400 |
| Election Law | 9 | 225 | 250 | 298 | 300 | 635 |
| Employment Law (plaintiff) | 76 | 281 | 350 | 345 | 400 | 525 |
| Employment Law (defense) | 106 | 250 | 310 | 318 | 365 | 500 |
| Entertainment Law | 7 | 200 | 350 | 359 | 495 | 800 |
| Environmental Law | 24 | 200 | 373 | 332 | 448 | 495 |
| Family Law | 543 | 200 | 250 | 268 | 300 | 400 |
| Foreclosure, Debtor | 3 | 220 | 350 | 307 | 350 | 350 |
| Foreclosure, Lender | 18 | 215 | 225 | 235 | 250 | 330 |
| General Civil | 127 | 200 | 250 | 275 | 300 | 500 |
| Health & Hospital Law | 54 | 230 | 300 | 337 | 425 | 505 |
| Immigration Law | 49 | 250 | 300 | 302 | 350 | 550 |
| Indian Law | 10 | 200 | 325 | 301 | 350 | 508 |
| Insurance Law (plaintiff) | 34 | 350 | 400 | 454 | 550 | 750 |
| Insurance Law (defense) | 136 | 155 | 180 | 207 | 225 | 380 |
| Intellectual Property | 98 | 290 | 368 | 377 | 445 | 595 |
| Labor and Employment | 75 | 200 | 275 | 288 | 375 | 500 |
| Landlord/Tenant (commercial) | 24 | 200 | 250 | 279 | 350 | 415 |
| Landlord/Tenant (residential) | 45 | 175 | 200 | 201 | 225 | 300 |
| Libel, Slander and Defamation | 4 | 283 | 395 | 410 | 538 | 650 |
| Marijuana Law | 15 | 200 | 300 | 307 | 415 | 565 |

**Contents**      ◀ **Back**      **Next** ▶

STATE BAR OF MICHIGAN                 ECONOMICS OF LAW PRACTICE 2020

Table 7–2020 Hourly Billing Rates by Field of Practice

| | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Medical Malpractice (plaintiff) | 38 | 350 | 575 | 621 | 900 | 1,500 |
| Medical Malpractice (defendant) | 59 | 175 | 200 | 205 | 225 | 275 |
| Municipal Law | 95 | 165 | 200 | 224 | 250 | 400 |
| Veterans and Military Law | 2 | 200 | 225 | 225 | 250 | 250 |
| Other Civil law | 73 | 225 | 265 | 285 | 350 | 565 |
| Other Professional Liability | 22 | 220 | 325 | 318 | 400 | 500 |
| Personal Injury (defendant) | 86 | 160 | 180 | 196 | 200 | 300 |
| Personal Injury (plaintiff) | 164 | 300 | 400 | 439 | 500 | 750 |
| Probate Litigation | 127 | 250 | 300 | 301 | 350 | 450 |
| Guardianship & Conservatorship | 104 | 200 | 250 | 243 | 300 | 350 |
| Probate, Trust Administration | 261 | 250 | 275 | 297 | 325 | 445 |
| Probate Estate Planning, Wills, and Trusts | 577 | 225 | 250 | 288 | 300 | 430 |
| Product Liability | 20 | 245 | 308 | 341 | 450 | 638 |
| Property Damage | 6 | 165 | 260 | 304 | 450 | 550 |
| Public Benefits | 5 | 150 | 175 | 208 | 265 | 350 |
| Real Estate | 461 | 240 | 270 | 286 | 325 | 445 |
| Schools and Education | 19 | 175 | 250 | 251 | 305 | 520 |
| Securities Law | 22 | 245 | 325 | 388 | 580 | 675 |
| Tax Law | 86 | 250 | 350 | 361 | 435 | 585 |
| Workers' Compensation (employee) | 19 | 250 | 250 | 310 | 400 | 600 |
| Workers' Compensation (employer) | 14 | 115 | 128 | 139 | 155 | 250 |
| **Total** | **6,581** | **225** | **275** | **300** | **350** | **525** |

Table 8–2020 Attorney Hourly Billing Rate by County

| | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Alcona | 5 | 175 | 200 | 190 | 200 | 200 |
| Alger | 3 | 135 | 175 | 187 | 250 | 250 |
| Allegan | 62 | 217 | 275 | 285 | 325 | 420 |
| Alpena | 8 | 187 | 200 | 208 | 224 | 300 |
| Antrim | 20 | 202 | 250 | 238 | 268 | 338 |
| Arenac | 2 | 150 | 240 | 240 | 330 | 330 |
| Baraga | 4 | 238 | 250 | 256 | 275 | 300 |
| Barry | 11 | 250 | 300 | 302 | 350 | 400 |
| Bay | 49 | 200 | 250 | 257 | 280 | 455 |
| Benzie | 27 | 200 | 250 | 239 | 267 | 350 |
| Berrien | 38 | 217 | 267 | 289 | 325 | 490 |
| Branch | 12 | 200 | 218 | 229 | 269 | 300 |
| Calhoun | 45 | 230 | 250 | 270 | 300 | 425 |
| Cass | 17 | 225 | 250 | 263 | 300 | 405 |
| Charlevoix | 21 | 192 | 250 | 229 | 250 | 300 |

STATE BAR OF MICHIGAN                    ECONOMICS OF LAW PRACTICE 2020

## Table 8—2020 Attorney Hourly Billing Rate by County

| | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Cheboygan | 7 | 175 | 250 | 229 | 250 | 300 |
| Chippewa | 9 | 180 | 185 | 188 | 200 | 233 |
| Clare | 14 | 150 | 250 | 233 | 300 | 375 |
| Clinton | 59 | 200 | 250 | 260 | 300 | 400 |
| Crawford | 7 | 157 | 250 | 243 | 250 | 497 |
| Delta | 12 | 181 | 195 | 236 | 275 | 465 |
| Dickinson | 7 | 200 | 250 | 299 | 300 | 650 |
| Eaton | 80 | 200 | 250 | 254 | 300 | 358 |
| Emmet | 22 | 225 | 250 | 268 | 300 | 505 |
| Genesee | 130 | 216 | 250 | 277 | 317 | 500 |
| Gladwin | 5 | 150 | 200 | 200 | 250 | 300 |
| Gogebic | 1 | 350 | 350 | 350 | 350 | 350 |
| Grand Traverse | 66 | 210 | 250 | 262 | 300 | 400 |
| Gratiot | 14 | 217 | 300 | 268 | 300 | 375 |
| Hillsdale | 15 | 200 | 250 | 235 | 267 | 300 |
| Houghton | 13 | 237 | 250 | 275 | 300 | 395 |
| Huron | 5 | 200 | 200 | 225 | 275 | 300 |
| Ingham | 198 | 210 | 275 | 301 | 350 | 546 |
| Ionia | 19 | 200 | 250 | 254 | 300 | 400 |
| Iosco | 2 | 125 | 213 | 213 | 300 | 300 |
| Iron | 4 | 192 | 197 | 208 | 225 | 250 |
| Isabella | 23 | 183 | 250 | 249 | 300 | 350 |
| Jackson | 46 | 200 | 250 | 254 | 300 | 400 |
| Kalamazoo | 125 | 220 | 267 | 286 | 350 | 465 |
| Kalkaska | 5 | 175 | 210 | 208 | 275 | 300 |
| Kent | 403 | 250 | 305 | 324 | 375 | 550 |
| Keweenaw | 3 | 250 | 250 | 287 | 360 | 360 |
| Lake | 7 | 153 | 200 | 202 | 250 | 360 |
| Lapeer | 33 | 200 | 250 | 268 | 300 | 500 |
| Leelanau | 37 | 240 | 250 | 268 | 300 | 370 |
| Lenawee | 32 | 208 | 250 | 260 | 300 | 450 |
| Livingston | 88 | 232 | 252 | 353 | 305 | 400 |
| Luce | 2 | 140 | 178 | 178 | 217 | 217 |
| Mackinac | 7 | 150 | 183 | 195 | 250 | 250 |
| Macomb | 673 | 217 | 280 | 311 | 350 | 550 |
| Manistee | 11 | 210 | 225 | 248 | 285 | 350 |
| Marquette | 27 | 193 | 237 | 240 | 250 | 383 |
| Mason | 12 | 200 | 223 | 222 | 250 | 333 |
| Mecosta | 7 | 225 | 250 | 265 | 300 | 385 |
| Menominee | 2 | 250 | 250 | 250 | 250 | 250 |
| Midland | 27 | 200 | 250 | 280 | 300 | 550 |

**Contents**      ◀ **Back**      **Next** ▶

STATE BAR OF MICHIGAN                    ECONOMICS OF LAW PRACTICE 2020

Table 8—2020 Attorney Hourly Billing Rate by County

|  | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| Missaukee | 4 | 242 | 250 | 263 | 283 | 317 |
| Monroe | 40 | 200 | 250 | 285 | 280 | 431 |
| Montcalm | 14 | 200 | 258 | 297 | 325 | 863 |
| Montmorency | 5 | 173 | 185 | 185 | 200 | 220 |
| Muskegon | 80 | 213 | 275 | 275 | 329 | 463 |
| Newaygo | 15 | 230 | 275 | 324 | 390 | 863 |
| Oakland | 1,342 | 233 | 300 | 321 | 375 | 567 |
| Oceana | 14 | 183 | 228 | 226 | 250 | 325 |
| Ogemaw | 4 | 188 | 250 | 225 | 263 | 275 |
| Ontonagon | 1 | 177 | 177 | 177 | 177 | 177 |
| Osceola | 10 | 233 | 250 | 249 | 250 | 317 |
| Oscoda | 1 | 400 | 400 | 400 | 400 | 400 |
| Otsego | 9 | 200 | 200 | 241 | 250 | 450 |
| Ottawa | 221 | 250 | 300 | 307 | 360 | 475 |
| Presque Isle | 5 | 200 | 200 | 203 | 220 | 250 |
| Roscommon | 8 | 146 | 200 | 186 | 250 | 250 |
| Saginaw | 53 | 163 | 245 | 241 | 283 | 450 |
| Sanilac | 10 | 175 | 200 | 208 | 200 | 400 |
| Schoolcraft | 0 | . | . | . | . | . |
| Shiawassee | 18 | 192 | 218 | 265 | 350 | 600 |
| St. Clair | 27 | 200 | 250 | 259 | 300 | 450 |
| St. Joseph | 16 | 213 | 250 | 243 | 269 | 375 |
| Tuscola | 20 | 200 | 230 | 261 | 288 | 499 |
| Van Buren | 40 | 200 | 250 | 246 | 282 | 358 |
| Washtenaw | 302 | 248 | 296 | 331 | 383 | 615 |
| Wayne | 1,281 | 225 | 295 | 320 | 375 | 583 |
| Wexford | 11 | 175 | 233 | 232 | 250 | 328 |
| Statewide Practice | 37 | 250 | 340 | 326 | 410 | 545 |
| Out of state practice | 166 | 245 | 341 | 338 | 395 | 642 |
| **Total** | **6,337** | **225** | **275** | **305** | **350** | **545** |

STATE BAR OF MICHIGAN                    ECONOMICS OF LAW PRACTICE 2020

Table 9—2020 Attorney Hourly Billing Rates by Circuit

| | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| 1 Hillsdale | 15 | 200 | 250 | 235 | 267 | 300 |
| 2 Berrien | 38 | 217 | 267 | 289 | 325 | 490 |
| 3 Wayne | 1,281 | 225 | 295 | 320 | 375 | 583 |
| 4 Jackson | 46 | 200 | 250 | 254 | 300 | 400 |
| 5 Barry | 11 | 250 | 300 | 302 | 350 | 400 |
| 6 Oakland | 1,342 | 233 | 300 | 321 | 375 | 567 |
| 7 Genesee | 130 | 216 | 250 | 277 | 317 | 500 |
| 8 Ionia, Montcalm | 33 | 200 | 250 | 272 | 300 | 400 |
| 9 Kalamazoo | 125 | 220 | 267 | 286 | 350 | 465 |
| 10 Saginaw | 53 | 163 | 245 | 241 | 283 | 450 |
| 11 Alger, Luce, Mackinac, Schoolcraft | 12 | 145 | 179 | 190 | 233 | 250 |
| 12 Baraga, Houghton, Keweenaw | 20 | 243 | 250 | 273 | 300 | 389 |
| 13 Antrim, Grand Traverse, Leelanau | 123 | 217 | 250 | 260 | 300 | 395 |
| 14 Muskegon | 80 | 213 | 275 | 275 | 329 | 463 |
| 15 Branch | 12 | 200 | 218 | 229 | 269 | 300 |
| 16 Macomb | 673 | 217 | 280 | 311 | 350 | 550 |
| 17 Kent | 403 | 250 | 305 | 324 | 375 | 550 |
| 18 Bay | 49 | 200 | 250 | 257 | 280 | 455 |
| 19 Benzie, Manistee | 38 | 208 | 238 | 241 | 267 | 350 |
| 20 Ottawa | 221 | 250 | 300 | 307 | 360 | 475 |
| 21 Isabella | 23 | 183 | 250 | 249 | 300 | 350 |
| 22 Washtenaw | 302 | 248 | 296 | 331 | 383 | 615 |
| 23 Alcona, Arenac, Iosco, Oscoda | 19 | 175 | 200 | 233 | 275 | 450 |
| 24 Sanilac | 10 | 175 | 200 | 208 | 200 | 400 |
| 25 Marquette | 27 | 193 | 237 | 240 | 250 | 383 |
| 26 Alpena, Montmorency | 13 | 173 | 200 | 199 | 220 | 300 |
| 27 Newaygo, Oceana | 29 | 200 | 250 | 277 | 300 | 550 |
| 28 Missaukee, Wexford | 15 | 200 | 250 | 240 | 250 | 328 |
| 29 Clinton, Gratiot | 73 | 200 | 250 | 261 | 300 | 380 |
| 30 Ingham | 198 | 210 | 275 | 301 | 350 | 546 |
| 31 St. Clair | 27 | 200 | 250 | 259 | 300 | 450 |
| 32 Gogebic, Ontonagon | 2 | 177 | 263 | 263 | 350 | 350 |
| 33 Charlevoix | 21 | 192 | 250 | 229 | 250 | 300 |
| 34 Ogemaw, Roscommon | 12 | 158 | 225 | 199 | 250 | 275 |
| 35 Shiawassee | 18 | 192 | 218 | 265 | 350 | 600 |
| 36 Van Buren | 40 | 200 | 250 | 246 | 282 | 358 |
| 37 Calhoun | 45 | 230 | 250 | 270 | 300 | 425 |
| 38 Monroe | 40 | 200 | 250 | 285 | 280 | 431 |
| 39 Lenawee | 32 | 208 | 250 | 260 | 300 | 450 |
| 40 Lapeer | 33 | 200 | 250 | 268 | 300 | 500 |
| 41 Dickinson, Iron, Menominee | 13 | 200 | 250 | 263 | 250 | 650 |

STATE BAR OF MICHIGAN                    ECONOMICS OF LAW PRACTICE 2020

Table 9—2020 Attorney Hourly Billing Rates by Circuit

|  | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| 42 Midland | 27 | 200 | 250 | 280 | 300 | 550 |
| 43 Cass | 17 | 225 | 250 | 263 | 300 | 405 |
| 44 Livingston | 88 | 232 | 252 | 353 | 305 | 400 |
| 45 St. Joseph | 16 | 213 | 250 | 243 | 269 | 375 |
| 46 Crawford, Kalkaska, Otsego | 12 | 166 | 230 | 228 | 263 | 497 |
| 47 Delta | 12 | 181 | 195 | 236 | 275 | 465 |
| 48 Allegan | 62 | 217 | 275 | 285 | 325 | 420 |
| 49 Mecosta, Osceola | 17 | 233 | 250 | 256 | 250 | 385 |
| 50 Chippewa | 9 | 180 | 185 | 188 | 200 | 233 |
| 51 Lake, Mason | 19 | 173 | 220 | 215 | 250 | 360 |
| 52 Huron | 5 | 200 | 200 | 225 | 275 | 300 |
| 53 Cheboygan, Presque Isle | 12 | 188 | 223 | 218 | 250 | 300 |
| 54 Tuscola | 20 | 200 | 230 | 261 | 288 | 499 |
| 55 Clare, Gladwin | 19 | 150 | 250 | 224 | 300 | 375 |
| 56 Eaton | 80 | 200 | 250 | 254 | 300 | 358 |
| 57 Emmet | 22 | 225 | 250 | 268 | 300 | 505 |
| 84 Statewide Practice | 37 | 250 | 340 | 326 | 410 | 545 |
| 85 Out of State Practice | 166 | 245 | 341 | 338 | 395 | 642 |
| **Total** | **6,337** | **225** | **275** | **305** | **350** | **545** |

# EX. D

2016 WL 6524144
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan, Southern Division.

Yasin Reeder, Plaintiff,
v.
County of Wayne, Defendant.

Case No. 15-cv-10177
|
Signed 11/03/2016

**Attorneys and Law Firms**

Adam Michael Taub, Keith D. Flynn, Miller Cohen
P.L.C., Detroit, MI, for Plaintiff.

Cheryl Yapo, Wayne County Corporation
Counsel, Detroit, MI, Randal M. Brown, Wayne
County Corporation Counsel, 500 Griswold, FL,
for Defendant.

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES
[62] AND DENYING DEFENDANT'S
MOTION FOR ATTORNEYS' FEES [70]**

Hon. Gershwin A. Drain, United States District
Court Judge

**I. INTRODUCTION**

*1 This Family and Medical Leave Act (FMLA)
case was tried before a jury in July 2016. At the
conclusion of the six-day trial, the jury returned a
verdict in favor of the Plaintiff on one count of
FMLA Interference and awarded him $187,500.00
in past economic damages. Dkt. No. 58.

This matter is now before the Court on Plaintiff's
and Defendant's post-trial motions for attorneys'
fees and costs, accrued pre-judgment interest and
post-judgment interest. *See* Dkt. No. 62, 70.
Defendant responded in opposition to Plaintiff's
Motion, to which Plaintiff replied. *See* Dkt. No. 64,
67. Similarly, Plaintiff responded in opposition to

Defendant's Motion. *See* Dkt. No. 74. Defendant
did not reply to Plaintiff's response.

The Court heard oral argument on this matter on
October 31, 2016, and at the conclusion of the
hearing, took the matter under advisement. Having
had the opportunity to review the parties' briefs,
supporting documents, and the entire record of
this matter, and having reviewed and considered
the oral arguments of counsel, the Court is now
prepared to rule on this matter. For the reasons
stated below, the Court grants Plaintiff's Motion
and denies Defendant's Motion.

**II. DISCUSSION**

Under the American Rule, "parties are ordinarily
required to bear their own attorney's fees,"
"absent explicit statutory authority." *Buckhannon
Bd. & Care Home, Inc. v. W. Virginia Dep't of
Health & Human Res.*, 532 U.S. 598, 602-03.
(2001). Nevertheless, Congress has provided that
a "prevailing party" may be awarded attorney's
fees under numerous statutes, including the Civil
Rights Act of 1964, 78 Stat. 259, 42 U.S.C. §
2000e-5(k), and the Americans with Disabilities
Act of 1990 (ADA), 104 Stat. 327, 42 U.S.C.
§ 12205. Whether fees are awarded is a matter
within the Court's discretion. *See id.* Additionally,
Congress designated that an award of attorney's
fees, reasonable expert witness fees, and other costs
is mandatory when the plaintiff has proved that the
defendant violated the Family Medical Leave Act
(FMLA). *See* 29 U.S.C. § 2617(a)(3); *Bond v. Abbott
Labs.*, 188 F.3d 506 (6th Cir. 1999) (per curiam).

**A. Defendant's Motion for Attorneys' Fees**
Defendant seeks attorneys' fees under 42 U.S.C. §
2000e-5(k) and 42 U.S.C. § 12205. The Court, "in
its discretion, may allow the prevailing party, other
than the United States, a reasonable attorney's
fee, including litigation expenses, and costs" for
claims brought under the ADA. 42 U.S.C. § 12205.
Similarly, the Court, "in its discretion, may allow
the prevailing party, other than the Commission
or the United States, a reasonable attorney's fee

Reeder v. County of Wayne, Slip Copy (2016)

(including expert fees) as part of the costs," for claims under Title VII. 42 U.S.C. § 2000e-5(k).

Defendant asserts that because Plaintiff's Title VII, ADA, and FMLA retaliation claims did not result in a favorable jury verdict, it is entitled to attorneys' fees in the amount of $208,867.50. Dkt. No. 70, p. 3 (Pg. ID No. 1642).

A prevailing defendant must meet a stricter standard to qualify for a fee award than a prevailing plaintiff under civil rights statutes. *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980). A defendant is entitled to fees when the plaintiff's action was frivolous, unreasonable, or lacking foundation, even though it was not brought in subjective bad faith. *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Id.*

*2 The Supreme Court specifically cautioned against granting awards of attorneys' fees too freely to prevailing defendants:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until

discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). *See also Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1985) ("An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct.").

In the present case, Plaintiff's complaint originally alleged ten claims for discrimination arising out of his own disabilities of anxiety and depression, his employer's refusal to accommodate his medical restrictions, and claims that coworkers of other races with physical disabilities were granted accommodations. Dkt. No. 3.

Two of Plaintiff's claims—Counts V and IX [ ] for race discrimination under Title VII and the Elliot-Larsen Civil Rights Act (ELCRA)—were dismissed upon Defendant's Motion for Summary Judgment. Dkt. No. 28, p. 36 (Pg. ID No. 563). The Court came to this conclusion by finding that Plaintiff had not carried the burden of establishing he was treated differently than "similarly situated" employees, not by any finding that such claims were frivolous, unreasonable, or without foundation. *See id.*

At trial, the Court granted Defendant's Motion for a Directed Verdict on two more claims, Counts VI and X, finding that Plaintiff failed to satisfy his burden to establish a prima facie case of racial retaliation under Title VII and ELCRA, respectively. *See* Dkt. No. 56. Again, the Court did not find that these claims had been groundless or without foundation. Rather, the Court found that the evidence presented did not meet the minimum standard required to proceed.

After deliberation, the jury determined that Defendant had interfered with Plaintiff's FMLA rights, and awarded him $187,500.00 in past

economic damages. Dkt. No. 58. The jury returned a verdict in favor of Defendant on the five other remaining claims, arising under the ADA, Michigan Persons with Disabilities Civil Rights Act, and FMLA. *See id.*

*3 Defendant argues that the "only one claim [that was] assuredly not 'frivolous, unreasonable, or groundless,' " is the one "to which the jury returned a verdict in favor of Plaintiff." Dkt. No. 70, p. 8 (Pg. ID No. 1647). To accept such an argument would be to expressly disregard the Supreme Court's admonition that "a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment,* 434 U.S. at 421–22. The Court declines to engage in hindsight bias, particularly as the facts presented in this case do not warrant such an extreme sanction.

Plaintiff's conduct in filing and maintaining his civil rights claims does not rise to the level of a truly egregious case of misconduct that merits awarding attorney's fees to a defendant pursuant to 42 U.S.C. § 12205 and 42 U.S.C. § 2000e-5(k). Consequently, the Court DENIES Defendant's Motion for Attorneys' Fees [70].

### B. Plaintiff's Motion for Attorneys' Fees
Plaintiff seeks an award of $ 182,255.00 for attorneys' fees for 692.6 hours of attorney time. Dkt. No. 62, pp. 2, 12 (Pg. ID No. 1430, 1440).

The FMLA provides that the Court, "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). Thus, an award of attorney's fees to a prevailing plaintiff under the FMLA is mandatory, leaving only the amount of the award within the discretion of the judge. Despite the mandatory nature of the fees, courts analyze motions for attorney's fees under the FMLA the same way as motions for discretionary attorney's fees under other civil rights statutes. *Clemens v. Prudential Protective Servs., LLC,* 100 F. Supp. 3d 604, 613-14 (E.D. Mich. 2015), *aff'd,*

No. 15-1603, 2016 WL 4120679 (6th Cir. Aug. 3, 2016) (citing *Bell v. Prelis, Inc.,* 784 F.Supp.2d 778, 781 (E.D. Mich. 2011)).

The Sixth Circuit considers of the twelve-factor test first enunciated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), when analyzing the reasonableness of a requested fee. *Reed v. Rhodes,* 179 F.3d 453, 471–72 (6th Cir. 1999). The twelve Johnson factors are:

(1) The time and labor required;

(2) The novelty and difficulty of the questions;

(3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment by the attorney due to acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client or the circumstances;

(8) The amount involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case;

(11) The nature and length of the professional relationship with the client; and

(12) Awards in similar cases.

488 F.2d at 717-19. The Court will apply the foregoing standards in determining the amount of Plaintiff's award of attorneys' fees in this case.

### 1. Time and Labor
The Supreme Court has held that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). "The party seeking an award of fees should submit evidence supporting

the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

The present case spanned 18 months from the date of filing in January 2015, to the entry of the jury's verdict in July 2016. Defendant filed a motion for summary judgment in January 2016, which entailed briefing and oral argument. After the Court granted the motion in part and denied it in part, the parties were ordered to participate in private facilitation. After a settlement was unable to be reached, the parties took part in a six-day trial that resulted in a favorable verdict for Plaintiff and an award of $187,500.00. Plaintiff's attorneys report working a total of 692.6 hours on the case.

**\*4** Plaintiff's attorneys' records do not break down the time spent litigating each individual claim. There were several interrelated claims, asserting discrimination and denial of benefits based on disability and race. Although Plaintiff prevailed only on his FMLA claim, and not on his race and disability discrimination claims, there claims seemed to share a common core of facts with his FMLA interference claim from the beginning to the conclusion of the case. More specifically, Plaintiff seemed to consistently assert that he was denied FMLA benefits as a black employee with a mental disability, while white employees with physical disabilities were granted disability accommodations and FMLA benefits. Accordingly, his disability and discrimination claims were involved somewhat similar facts and evidence, all pertaining to Plaintiff's main claim that his employer interfered with his FMLA rights, which was the basis for the damages the jury awarded. Thus, it would be difficult for the Court to divide the hours expended, when it seems that counsel's time was "devoted generally to the litigation as a whole." *Barnes v. City of Cincinnati,* 401 F.3d 729, 745 (6th Cir. 2005) (quoting *Hensley,* 461 U.S. at 433).

The documentation of hours illustrates that Mr. Flynn engaged in "block billing," wherein long periods of multiple types of work are described in a single entry. *See, e.g.,* Dkt. No. 62-2, pp. 29– 32 (Pg. ID No. 1484–87) ("Reviewed pleadings and discovery responses in preparation for trial

and researched evidentiary issues re doctors' notes and edited motions in limine and discussed trial strategy with Adam Taub" for 8 hours; "Reviewed new documents from D, spoke with D, reviewed voir dire, verdict form, and jury instructions and drafting powerpoint presentation" for 8 hours). Even entries that do not combine many different tasks are labeled with brief descriptions that do not provide much aid in determining exactly what work was performed. *See id.* (describing over 50 hours' worth of entries with the words "prepped client" from June 21, 2016 to July 6, 2016). Such types of entries make it difficult for the Court to determine the number of hours expended on discrete tasks, and whether that number of hours is reasonable. *See Gratz v. Bollinger,* 353 F. Supp. 2d 929, 939 (E.D. Mich. 2005).

## 2. Novelty and Difficulty of the Questions

Here, the parties litigated a number of issues related to Plaintiff's case, with a focus on the FMLA claims throughout the entirety of the proceedings. Much of the proceedings dealt with whether the notice Plaintiff gave was adequate to apprise his employer of his request to take FMLA leave. Another issue that arose was the question of whether Plaintiff's prior arbitration precluded his ability to recover under federal civil rights statutes. The records submitted by Plaintiff's attorneys detail substantial preliminary research on the case, prior to even filing the complaint. *See* Dkt. No. 62, pp. 2–3, 24–25 (Pg. ID No. 1457–58, 1479–80).

## 3. Skill Required to Perform
## the Legal Service Properly

The FMLA is a complex and extensive statute. In the present case, the issues required better than average legal skills and the case required briefing on substantive motions, as well as trial skills. Plaintiff's attorneys exhibited the skills required and the jury awarded Plaintiff a considerable amount of damages. The verdict the jury rendered for past economic damages far exceeded the amount that Defendant had previously offered in settlement.

## 4. Preclusion of Other Employment

Reeder v. County of Wayne, Slip Copy (2016)

Plaintiff's attorneys assert that they work for a "well-renowned labor and employment law firm in Detroit representing numerous employees and labor unions in active litigation." [citation]

From the date of filing Plaintiff's complaint to the completion of the jury trial, the docket in the Eastern District of Michigan shows that Mr. Taub had at least three other cases and Mr. Flynn had at least six other cases in this Court. It is conceivable that had Plaintiff's attorneys not spent time on Plaintiff's case, they would have spent that time on other clients.

### 5. Customary Fee

*5  This district traditionally relies on State Bar of Michigan's Economics of Law Practice Survey ("the Survey") as evidence of a reasonable billing rate in this district. *Bell*, 784 F. Supp. 2d at 783 ("Michigan federal courts routinely use this publication as evidence of reasonableness in determining attorney's fees."). The most recent Survey was published in 2014.

According to the survey, the average billing rate for an associate is $218 per hour (25th percentile of $175 per hour; 75th percentile of $250 per hour). The average billing rate for a senior associate is $264 per hour (25th percentile of $200 per hour; 75th percentile of $300 per hour). This rate varies by the attorney's years of experience. An attorney who has practiced for one to two years makes an average of $189 per hour; an average of $205 per hour for three to five years of experience; and an average of $236 per hour for six to ten years of experience. The average billing rate for a law firm located in Downtown Detroit is $304 per hour. The average billing rate for a plaintiff's attorney practicing employment law is $274 per hour.

### 6. Fixed or Contingent Fee

Plaintiff had a contingency-based fee arrangement with his counsel. The Court does not believe that the contingency agreement should affect the award of statutory attorney's fee. Accordingly, using an hourly fee is appropriate to determine reasonable attorneys' fees in this case.

### 7. Time Limitations Imposed

Plaintiff's counsel asserts that this fact is not relevant to the present case.

### 8. Amount Involved and Results Obtained

"The extent of a plaintiff's overall success must be considered in making an award of attorney fees." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996). However, a reduction in fees based simply on a ratio of successful claims to claims raised is not permitted. *Id.* Indeed, the Sixth Circuit has "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed." *Deja Vu v. Metro. Gov't of Nashville & Davidson Cty., Tennessee*, 421 F.3d 417, 423 (6th Cir. 2005).

Yet, as the Supreme Court noted in *Hensley*, there are some cases where a plaintiff achieves only partial success on interrelated and nonfrivolous claims that were raised in good faith. 461 U.S. at 436. ("Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill."). "[T]he most critical factor [in determining a fee award] is the degree of success obtained," such that an attorney should recover a fully compensatory fee for excellent results. *Id.* at 435-36. *See also Waldo v. Consumers Energy Co.*, 726 F.3d 802 (6th Cir. 2013) (finding an award of $400,000 in compensatory damages and $7.5 million in punitive damages on one of seven discrimination claims, sharing a common core of facts, was an excellent result).

In the present case, the jury awarded Plaintiff $187,500 in economic damages. This amount exceeded any settlement proposal offered by Defendant and is also more than double the amount of the case evaluation award ($70,000). Although the jury's award was significantly less than Plaintiff requested, the award was far from nominal. Furthermore, given the Sixth Circuit's repeated admonition that "a reduction in attorney fees [awarded to a prevailing plaintiff] is to be applied only in rare and exceptional cases where specific evidence in the record requires it," the Court hesitates to reduce the fee based on this factor

in light of Plaintiff's success. *Waldo*, 726 F.3d at 822 (quoting *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2005)) (alteration in original). Finding this case is neither rare nor exceptional, the Court will not reduce the attorney's fee request based on the success Plaintiff achieved.

### 9. Experience, Reputation, and Ability of the Attorneys

*6 Keith Flynn, the lead attorney in this case, is requesting a rate of $275 per hour. Mr. Flynn has practiced in the state of Michigan for six years. Mr. Flynn has been counsel in one prior jury trial before the present case. The assisting attorney on this case, Adam Taub, is requesting a rate of $250 an hour. Mr. Taub graduated from law school in May 2013 and less than three years of practice in Michigan, Massachusetts, and Connecticut after passing the bar exam in each state. This case was Mr. Taub's first jury trial.

### 10. Undesirability of the Case

The Court finds no reason to assume that this case, an ordinary employment-discrimination case, is inherently undesirable. *See Bell*, 784 F. Supp. 2d at 782.

### 11. Nature and Length of the Professional Relationship

Plaintiff's counsel asserts that this fact is not relevant to the present case.

### 12. Awards in Similar Cases

Plaintiff argues that *Baier v. Rohr-Mont Motors, Inc.*, No. 12 C 8234, 2016 WL 1247451 (N.D. Ill. Mar. 30, 2016), is a similar case. In *Baier*, a district court approved $389,166.57 in attorneys' fees after a jury found for an employee on six counts and awarded over a million dollars in compensatory and punitive damages. *Id.* Examining the facts present in *Baier*, the Court does not find that it is a similar case. The next case Plaintiff argues is similar is *Gilster v. Primebank*, 884 F. Supp. 2d 811, 878 (N.D. Iowa 2012). In *Gilster*, a jury awarded an employee $900,301 in damages after finding that her employer discriminated against her on basis of her

sex and retaliated against her for reporting sexual harassment, in violation of Title VII and the Iowa Civil Rights Act. *Id.* The district court awarded the plaintiff a total of $161,418.24 in attorneys' fees on the case, "considering the exceptionally high 'degree of success obtained.' " *Id.* at 877–79. The Court also does not believe that *Gilster* is similar to the present case.

There are, however, several similar cases in the Eastern District of Michigan. In April 2015, following a jury award of $31,000 in damages in an employee's favor on a FMLA claim, this Court granted $77,233.50 in attorneys' fees. *Clemens*, 100 F. Supp. 3d 503. The Court reduced the requested attorneys' fees by 10% for the employee's failure to prevail on Title VII and Michigan Elliott–Larsen Civil Rights claims, where counsel's billing records did not segregate out time spent on those claims as opposed to the FMLA claim. *Id.* In April 2012, this Court awarded an employee's counsel $57,366.64 in attorney's fees after a jury awarded the employee $57,000 in damages on a FMLA interference claim. *Garcia v. Renaissance Glob. Logistics, L.L.C.* No. 10-13122, 2012 WL 1130543, at *1 (E.D. Mich. Apr. 4, 2012). In August 2009, this Court awarded slightly over $100,000.00 in attorneys' fees to an employee who had been awarded over $275,000.00 in damages by a jury on her FMLA claim. *Mary-Jo Hyldahl v. AT & T*, No. 07-14948BC, 2009 WL 2567197 (E.D. Mich. Aug. 17, 2009).

Attorneys' fees are to be awarded at a reasonable rate under the FMLA. *See* 29 U.S.C. § 2617. "[A] reasonable hourly rate should be sufficient to encourage competent lawyers in the relevant community to undertake legal representation." *Lamar Advert. Co. v. Charter Twp. of Van Buren*, 178 Fed.Appx. 498, 501 (6th Cir. 2006).

Based on the attorneys' years of practice, respective experience, location of practice, and area of practice, the Court will award Mr. Taub's hours at the rate of $175 per hour and Mr. Flynn's hours at the rate of $225 per hour. *See, e.g., Clemens*, LLC, 100 F. Supp. 3d at 517 (awarding a rate of $250 per hour for attorneys practicing nine and 26 years; a rate of $200 per hour for attorneys practicing five years; and a rate of $165 per hour for an

attorney practicing a few months in a FMLA case). The Court believes that such a rate is sufficient to encourage other competent attorneys to undertake similar legal representation and is commensurate with the skills and quality of lawyering provided.

*7 Additionally, the Court will reduce the time calculations slightly because some of the billing records utilize block billing instead of segregating out the work done on each specific claim. *See, e.g.*, *Clements*, 100 F. Supp. 3d at 618 (reducing the total amount of fees requested for 391 hours of work by 10% for block billing; *Auto Alliance Int'l v. U.S. Customs Serv.*, 155 Fed.Appx. 226, 228 (6th Cir. 2005) (affirming 25% overall reduction for excessive and block billing for 510.25 hours requested). A large reduction is not warranted, given the fact that only one of the attorneys in the case engaged in this practice. Accordingly, the Court will reduce the request for fees by ten percent for the nearly 700 hours Plaintiff's attorneys requested.

Based on the hours requested by Mr. Taub (328.4) and Mr. Flynn (364.2), the rates determined by the Court for Mr. Taub ($175 per hour) and Mr. Flynn ($225 per hour), and in light of the slight reduction for block billing (10%), the Court arrives at a fee award of $125,473.50.

### C. Costs
Plaintiff has also requested reimbursement of the costs incurred by his attorneys, which is contemplated under the FMLA. 29 U.S.C. § 2617(a) (3) ( "The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant."). Title 28, United States Code, Section 1920, circumscribes the types of costs district courts may tax. *See Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 295 (6th Cir. 2015).

In the present case, Plaintiff requests $7,038.95 in billable costs. Dkt. No. 65, p. 1 (Pg. ID No. 1565). As Defendant does not contest this amount, Dkt. No. 64, p. 4 (Pg. ID No. 1549), the Court will award Plaintiff costs in the full amount of costs requested, $7,038.95.

### D. Pre– And Post-Judgment Interest

#### (1) Pre–Judgment Interest
Under the FMLA, pre-judgment interest "at the prevailing rate" is mandatory. 29 U.S.C. § 2617(a) (1)(A)(ii); *Clements*, 100 F. Supp. 3d at 619. The determination of the "prevailing rate" is committed to the discretion of the Court because the term is not defined in the statute. *Id.*; *Bell v. Prefix, Inc.*, 500 Fed.Appx. 473, 474 (6th Cir. 2012) ("The statute does not define 'the prevailing rate,' and trial courts have exercised their discretion to find different methodologies of calculation in different contexts."). District courts in the Sixth Circuit generally use the state statutory rate in calculating pre-judgment interest in FMLA cases. *Clements*, 100 F. Supp. 3d at 619.

Defendant does not contest the amount Plaintiff seeks in prejudgment interest, $6,379.14. Dkt. No. 64, p. 4 (Pg. ID No. 1549). Therefore, the Judgment in this case will reflect an award of compensatory damages in the amount of $187,500 plus an award of prejudgment interest in the amount of $6,379.14.

#### (2) Post–Judgment Interest
Title 28, United States Code, Section 1961, governs interest on money judgments obtained in the federal district court. Subsection (a) of Section 1961 provides that, "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961 (a).

The Court takes notice that the published rate for the week ending August 12, 2016 was 0.56%. *See* Federal Reserve Board, Selected Interest Rates, *available at* http://www.federalreserve.gov/releases/h15/20160815/default.htm. Plaintiff shall be entitled to post-judgment interest in this case at that amount.

Reeder v. County of Wayne, Slip Copy (2016)

### III. CONCLUSION

**\*8** For all of the reasons set forth in this Opinion and Order, and for the further reasons stated by the Court on the record on October 31, 2016,

**IT IS HEREBY ORDERED** that Defendant's Motion for Attorneys' Fees [70] is **DENIED;**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees [62] is **GRANTED,** as follows:

**IT IS FURTHER ORDERED** that, in addition to the $187,500.00 compensatory damages awarded by the jury on July 12, 2016, Plaintiff shall be awarded pre-judgment interest in the amount of $6,379.14, for a total award of compensatory damages and pre-judgment interest in the amount of $193,879.14.

**IT IS FURTHER ORDERED** that Plaintiff shall also be awarded attorneys' fees in the amount of $125,473.50 and costs in the amount of $7,038.95, for a total award of fees and costs in the amount of $132,512.45.

**IT IS FURTHER ORDERED** that Plaintiff shall also be awarded post-judgment interest at the rate of 0.56% as provided in 28 U.S.C. § 1961.

Let Judgment be entered accordingly.

### IV. JUDGMENT

The Jury having rendered a verdict on July 12, 2016 in favor of Plaintiff Yasin Reeder and against Defendant Wayne County and awarding Plaintiff compensatory damages in the amount of $187,500.00; and the Court having this date entered an Opinion and Order Regarding Plaintiff's Motion for Attorneys' Fees and Prejudgment Interest, and being otherwise fully advised in the premises,

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that **JUDGMENT** is hereby entered, in favor of Plaintiff Yasin Reeder and against Defendant Wayne County for compensatory damages and pre-judgment interest in the total amount of $193,879.14, plus attorneys' fees and costs in the total amount of $132,512.45, plus post-judgment interest accruing from the date of judgment forward at the rate of 0.56% as provided in 28 U.S.C. § 1961.

Dated: November 3, 2016.

**All Citations**

Slip Copy, 2016 WL 6524144

Footnotes

1    Defendant claims in its motion that the Court granted its Motion for Summary Judgment as to Count IV, which is incorrect. Dkt. No. 70, pp. 6–7 (Pg. ID No. 1645–46) ("In its Opinion and Order, this Court granted Defendant's Motion for Summary Judgment as to Counts V and IV of Plaintiff's Complaint which were Plaintiff's claims of race discrimination in violation of Title VII and ELCRA.").

2    [ (328.4)($175) + (364.2)($225) ] x 0.9 = $139,415.00 x 0.9 = $125,473.50

    © 2016 Thomson Reuters. No claim to original U.S. Government Works.

# EX. E

2016 WL 5266524
Only the Westlaw citation is currently available.
United States District Court,
W.D. New York.

Christina Costa, Plaintiff,

v.

Sears Home Improvement Products, Inc. and
Sears Holdings Corporation, Defendants.

6:12-CV-6235 EAW
|
Signed September 22, 2016

## Synopsis

**Background:** Former employee brought action
against former employer and its holding
corporation, alleging Title VII retaliation.
Following transfer, jury trial, and settlement of
the substantive claims, former employee moved for
attorney fees and costs as the prevailing party.

**Holdings:** The District Court, Elizabeth A.
Wolford, J., held that:

[1] reduction of requested hourly rates was
warranted;

[2] across-the-board 40 percent reduction for the
number of hours expended was warranted;

[3] across-the-board reduction of 60 percent was
warranted for supplemental attorney fees for
motion to re-open discovery; and

[4] across-the-board 40 percent reduction was
warranted for costs associated with work
performed by national consulting firm for
assistance with jury selection and witness
questioning.

Motion granted in part and denied in part.

### Attorneys and Law Firms

Anthony J. Laduca, Luke Bennett Kalamas,
Laduca Law Firm LLP, Rochester, NY, Chad
W. Flansburg, Kevin Joseph Mulvehill, Michael
R. Law, Phillips Lytle LLP, Rochester, NY, for
Plaintiff.

Craig Ann Dendlec, Jacqueline Phipps Polito,
Patricia K.C. Reynolds, Littler Mendelson, P.C.,
Fairport, NY, for Defendants.

### DECISION AND ORDER

ELIZABETH A. WOLFORD, United States
District Judge

*1 This case involved a hotly-contested dispute
as to whether the plaintiff, Christina Costa,
was unlawfully retaliated against by her former
employer in violation of Title VII. After discovery
and dispositive motion practice, a jury trial
commenced in October 2015. Before the jury
rendered a final verdict, the parties resolved the
underlying substantive aspect of Plaintiff's claim,
but as in many of these cases, the sticking point with
the settlement was the amount of attorneys' fees and
costs that should be paid to Plaintiff's attorneys.
The parties agreed to leave that issue for resolution
by the Court, and what ensued was even further
litigation between the parties. Plaintiff's counsel
seeks a total of $785,652.75 in attorneys' fees, and
$31,892.96 in costs and disbursements, all in the
total amount of $817,545.71. Defendants oppose
the application, arguing that at best, Plaintiff's
counsel should recover only around $200,000.

For the reasons set forth below, the Court
determines that Plaintiff's attorneys are entitled to
recover $406,163.15 as the reasonable attorneys'
fees incurred in pursuing this matter, and costs and
disbursements of $20,174.76, for a total award of
$426,337.91.

## FACTUAL AND PROCEDURAL
## BACKGROUND

On April 30, 2012, Plaintiff Christina Costa ("Plaintiff") commenced this action alleging unlawful retaliation against Defendants Sears Home Improvement Products, Inc., and Sears Holdings Corporation (collectively "Defendants") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). (Dkt. 1). Plaintiff alleged Defendants terminated her employment in retaliation for her participation in various protected activities. (*Id.*). When she commenced this litigation, Plaintiff was represented solely by the LaDuca Law Firm LLP. (*Id.*).

After Defendants filed an answer, an initial scheduling order was entered on August 9, 2012, requiring the completion of all discovery by September 20, 2013. (Dkt. 11). That scheduling order was amended on August 9, 2013, extending the fact discovery deadline to September 16, 2013, and leaving all other deadlines in place. (Dkt. 16).

On December 31, 2013, Defendants moved for summary judgment. (Dkt. 18). Shortly thereafter, Michael R. Law, Esq., of the law firm Phillips Lytle LLP, filed a notice of appearance as co-counsel on behalf of Plaintiff. (Dkt. 20). On February 17, 2014, Plaintiff filed papers in opposition to the summary judgment motion (Dkt. 22), and she also filed a motion for sanctions and a motion to compel (Dkt. 23).

At this point, the case was transferred to the undersigned. (Dkt. 25).

On March 21, 2014, Defendants filed papers in opposition to the sanctions motion and motion to compel (Dkt. 28; Dkt. 32; Dkt. 34), wherein they also requested the imposition of Rule 11 sanctions against Plaintiff. On that same date, Defendants filed reply papers in further support of their summary judgment motion. (Dkt. 29–30). On April 11, 2014, Plaintiff filed reply papers in further support of her motion to compel and motion for sanctions. (Dkt. 37).

*2 Oral argument on the pending motions was held before the undersigned on May 14, 2014. (Dkt. 38). Appearing on behalf of Plaintiff at that motion argument were Mr. Law and Mr. LaDuca,

while Jacqueline Phipps Polito, Esq., and Pamela SC Reynolds, Esq., appeared from the Littler Mendelson, P.C. firm on behalf of Defendants. (*Id.*). The Court reserved decision after the oral argument, which lasted approximately one hour.

On December 15, 2014, the undersigned issued a Decision and Order denying all of the pending motions, including the summary judgment motion. (Dkt. 39). The Court referred the matter for mediation, which was unsuccessful (Dkt. 43–44), and at the same time scheduled a date for a jury trial. (Dkt. 42). That jury trial was subsequently adjourned due to the Court's conflicting criminal calendar, and a jury trial was scheduled to commence on October 16, 2015, with the final pretrial conference scheduled for October 5, 2015. (Dkt. 48–49).

Both parties filed numerous pretrial documents and motions in advance of the trial date. (*See, e.g.*, Dkt. 51–87). Among other issues raised were the following:

(1) Plaintiff's motion *in limine* to preclude Defendants from offering evidence regarding the ultimate disposition of a prior discrimination complaint against Defendants by Plaintiff's former co-worker, Michelle Kielbasinski (Dkt. 56);

(2) Plaintiff's motion *in limine* to preclude Defendants from offering evidence or testimony concerning Plaintiff's alleged tardiness (the reason presented by Defendants for terminating Plaintiff's employment prior to January 28, 2010 (*id.*);

(3) Plaintiff's motion *in limine* seeking to preclude any mention to the jury of compensatory and punitive damages limitations (*id.*);

(4) Plaintiff's motion *in limine* to preclude two emails (*id.*);

(5) Defendants' motion *in limine* to exclude evidence of alleged discrimination or retaliation against Kielbasinski (Dkt. 60);

(6) Defendants' motion *in limine* to exclude evidence of other lawsuits filed against Defendants (*id.*);

(7) Defendants' motion *in limine* to exclude evidence of alleged disparate treatment of Plaintiff's co-worker, Maria Paris (Dkt. 62);

(8) Defendants' motion *in limine* to exclude all stray remarks or other hearsay testimony (Dkt. 63);

(9) Defendants' motion *in limine* to exclude and/or limit evidence of damages (Dkt. 64);

(10) Defendants' motion *in limine* to exclude all evidentiary references that Plaintiff's performance plan for improvement was retaliatory and to limit Plaintiff to the factual allegations contained in her complaint (Dkt. 66);

(11) Defendants' motion *in limine* to exclude lay witness testimony regarding Plaintiff's alleged emotional injuries (Dkt. 72);

(12) Plaintiff's motion to submit questions concerning front and back pay to the jury for advisory findings pursuant to Fed. R. Civ. P. 39(c)(1) (Dkt. 76); and,

(13) Defendants' motion to quash a subpoena issued by Plaintiff (Dkt. 95).

A jury was selected on October 16, 2015, and the trial commenced on October 19, 2014, with opening statements and the presentation of witnesses. Plaintiff called a total of ten witnesses, and she completed her proof on October 21, 2015. Defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 at the close of Plaintiff's proof (Dkt. 107), and the Court reserved decision. Between October 21 and 22, 2015, Defendants presented a total of five witnesses (two of whom had already been called by Plaintiff). On October 23, 2015, closing arguments were made and the jury commenced its deliberations. The jury deliberations continued on October 26, 2015. Before the jury reached a final verdict, the Court worked with the parties to settle

the case, which resulted in a confidential settlement. The parties were not able to resolve the issue as to the amount of attorneys' fees recoverable by Plaintiff as the prevailing party,[1] and therefore it was agreed that the Court would resolve that issue through supplemental submissions.

**\*3** Pursuant to the schedule established by the Court, Plaintiff's counsel submitted its application for attorneys' fees on November 30, 2015. (Dkt. 123; Dkt. 125).[2] On December 30, 2015, Defendants submitted their papers in opposition to the fee application. (Dkt. 126). Then, on January 14, 2016, Plaintiff moved to re-open discovery so that Plaintiff could obtain and review information regarding Defendants' attorneys' fees. (Dkt. 129). The Court stayed any further briefing on the attorney fee application, and set a schedule for the submission of papers on the motion to re-open discovery. (Dkt. 131). Pursuant to that schedule, Defendants filed papers in opposition to the motion to re-open discovery (Dkt. 132), and also filed their own cross-motion to re-open discovery (Dkt. 133). Plaintiff filed papers in further support of her motion to re-open discovery (Dkt. 135), and papers in opposition to Defendants' cross-motion to re-open discovery (Dkt. 137). Finally, Defendants filed reply papers in support of their cross-motion. (Dkt. 138).

By Decision and Order filed April 18, 2016, this Court denied Plaintiff's motion to re-open discovery, and denied as moot the cross-motion to re-open discovery. (Dkt. 138). The Court also granted Plaintiff permission to file on or before May 2, 2016, any papers in further support of the fee application, and Defendants were allowed to file any further papers in opposition on or before May 13, 2016. (*Id.*). Plaintiff filed her papers on May 2, 2016 (Dkt. 140), and Defendants filed opposition papers on May 13, 2016 (Dkt. 141).

On May 17, 2016, a status conference was held, at which counsel for both parties confirmed that they did not believe an evidentiary hearing was required with respect to the pending fee application. Accordingly, the Court indicated that it reserved decision concerning the fee application.

## DISCUSSION

[1] Title VII of the Civil Rights Act of 1964 authorizes a court, in its discretion, to award the reasonable attorneys' fees and expenses to a prevailing party. 42 U.S.C. § 2000e-5(k). To determine the amount of attorneys' fees, a court must calculate the "presumptively reasonable fee," which the Second Circuit has instructed requires consideration of "the case-specific variables" to ascertain a reasonable hourly rate and the reasonable number of hours required by the case. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Here, Plaintiff as the prevailing party "bears the burden of 'establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.' " *Glenn v. Sqfi Grill Niagara Falls LLC*, 4:-CV-380C, 2015 WL 155775, at *6 (W.D.N.Y. Apr. 13, 2015) (quoting *Savoie v. Merchants Bank*, 166 F.3d 456, 463 (2d Cir. 1999)).

## A. CALCULATION OF REASONABLE HOURLY RATES

According to Plaintiff's fee application, two separate law firms and a total of 12 different timekeepers worked on the case. Plaintiff sets forth the hourly rates of the various timekeepers involved in prosecuting the litigation on her behalf as follows:

| TIMEKEEPER | YEARS OF PRACTICE | HOURLY RATE |
|---|---|---|
| | *Rates of Phillips Lytle LLP* | |
| | PARTNERS | |
| Michael X. Law | 26 | $410 |
| Linda T. Prestegaard | 37 | $376 |
| James R. Grasso | 34 | $415 |
| Kelly W. Marks | 25 | $390 |
| Kevin J. Mulvehill | 16 | $396 |
| | ASSOCIATES | |

| | | |
|---|---|---|
| Chad W. Flansburg | 13 | $295 |
| Joshua T. Feder | 5 | $260 |
| Elizabeth Vanderlinde | 12 | $335 |
| | PARALEGAL | |
| Christine S. Reynolds | | $175 |
| | *Rates of LaDuca Law Firm* | |
| Stephen J. LaDuca | 31 | $300 |
| Luke O. Kalamas | Law School Graduate / Senior Associate / Paralegal | $175 |
| Scott Marks | | $125 |

(Dkt. 123-1 at 4–5; Dkt. 123-9 at 3).

Plaintiff's counsel has not submitted any affidavits from attorneys within the community attesting to the reasonableness of the above hourly rates. Instead, Plaintiff's counsel attaches a *National Law Journal* billing survey from 2013 and a *New York Law Journal* article from June 2015, purportedly reporting the range of hourly rates of three law firms that are comparably sized to Phillips Lytle. (Dkt. 123-4; Dkt. 123-5).

*4 As an initial matter, as discussed in Part B of this Decision and Order, the Court declines to award fees for the work performed by the individuals referenced above who were only peripherally involved in the case (Linda T. Prestegaard, James R. Grasso, Kelly E. Marks, and Richard T. Tucker). As a result, the Court will not consider the reasonableness of the hourly rates charged by those individuals, as any such consideration is unnecessary to the Court's analysis.

Defendants contend that the hourly rates sought by Plaintiff's counsel are unreasonable. Defendants argue that Mr. Law's hourly rate should be reduced to $300, Mr. Mulvehill's hourly rate should be reduced to $250, Mr. Flansburg's hourly rate should be reduced to $200, Mr. Kalamas' hourly rate should be reduced to $100, and that the paralegal hourly rates should be reduced to $75. (Dkt. 126 at 25).[3] Defendants do not request any reduction in the hourly rates charged by Mr. LaDuca or Ms. Vanderlinde. (*Id.*; Dkt. 126-2 at 44).

[2] [3] [4] In calculating a presumptively reasonable fee, the Court must ascertain the "rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. That rate must account for, among others, the so-called *Johnson* factors, based upon the decision in *Johnson v. Georgia Highway Exp.,*

*Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). *Arbor Hill*, 522 F.3d at 190. Those variables include the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Amelio v. Kurland*, F.Supp.3d , 09-CV-7152, 2015 WL 3821983, at *11 (W.D.N.Y. June 9, 2015). The Court "should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." *Arbor Hill*, 522 F.3d at 190.

[5]  [6]  This Court considers all of those necessary variables in setting the reasonable hourly rates with respect to Plaintiff's counsel's fee application. This case was not particularly complex. It involved a single cause of action for retaliation in violation of Title VII. Both law firms' retainer agreements were contingent in nature, providing for recovery

of attorneys' fees in the amount of one-third of Plaintiff's recovery. (Dkt. 74–3; Dkt. 140–1 at 3). Defendants argue that this means that under their contingent fee arrangements, Plaintiff's counsel would not have been entitled to recover more than about $130,000, since Plaintiff's maximum recovery under Title VII was $393,000.[4] (Dkt. 141 at 5). However, the limits on a potential award should not necessarily restrict the fees sought by Plaintiff. *See Rossin v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir.2005) ("[W]e have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation."). Indeed, Plaintiff's counsel achieved a high degree of success on behalf of their client. Moreover, while the legal issues were not particularly complex, the litigation was hotly contested and aggressively litigated by both sides. Title VII places a statutory cap on the damages recoverable by a plaintiff, but its only restriction on the attorneys' fee to be paid to a prevailing party is that the amount must be reasonable.

**\*5** The Court has considered the attorneys' customary hourly rates as reflected by their fee application. The Court does not question that all of the attorneys involved in this case were skilled, nor does the Court question that the rates reflected in the fee application are charged by Plaintiff's counsel to paying clients. However, according to the attorneys' own biographical information, with the exception of Mr. Mulvchill and Ms. Vanderlinde, none of Plaintiff's attorneys concentrated their practices in the area of labor and employment litigation. Mr. Law's biography indicates that he concentrated his practice in the areas of "personal injury, product liability, toxic tort or industrial exposure, construction accidents, professional malpractice, insurance, contract and commercial law. ..." (Dkt. 123–2 at 7). Mr. Flansburg's biography indicates that he focuses "in the area of civil litigation with an emphasis on contractual disputes, real property, personal injury, products liability and collection enforcement. He also focuses his practice on criminal defense matters." (*Id.* at 2). Mr. LaDuca's "practice has mainly focused on personal injury matters." (Dkt. 123–10).

Moreover, while Mr. Mulvehill and Ms. Vanderlinde focus their practices in the area of labor and employment litigation, their biographies represent that they represent "public and private sector employers." (Dkt. 123–2 at 4, 17). In other words, they do not typically represent plaintiffs in an employment discrimination context. By no means does this mean that they are not capable of doing so, but the fact is that their customary hourly rates are set with the representation of employers in mind, which necessarily involves consideration of different factors than a rate typically charged by an attorney representing a Title VII plaintiff.

In this District, the rates sought by Plaintiff's counsel are higher than the rates typically allowed for representation of a plaintiff in this context. Plaintiff's counsel has not cited any case from this District allowing hourly rates at the level they seek in a case of this nature. [5]

The hourly rates generally allowed in this District for a case such as this are in the range of $225-$250 for partner time or senior associate time, $150-$175 for junior associate time, and $75 for paralegal time. Indeed, while Defendants do not contest an award of $300 for senior partner time in this case, that rate is at the high end of what has typically been awarded in this District for similar types of cases. *See Aiello,* --- F.Supp.3d at ----, 2016 WL 3221862, at *12 (applying rate of $225 per hour for partner, $150-175 per hour for associate, and $75 per hour for paralegal, in addition to hourly rates of $200-250 for trial counsel, in § 1983 action); *Olexa,* 2016 WL 1557751 at *7 (finding, in Title VII action, prevailing party entitled to attorneys' fees based upon hourly rate of $250 for senior associate with 11 years' experience and $75 for paralegal, as rates were "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" (quotation omitted)); *Two v. Lakeshore Hockey Arena, Inc.,* No. 11-CV-8239-CJS-MWP, 2014 WL 2533447, at *3 (W.D.N.Y. June 5, 2014) (hourly rate of $250 reasonable for lawyers with 15 and 25 years' experience in labor and employment law); *Disabled Patriots of Am., Inc. v. Niagara Sqr. Devel. LLC,* 688 F.Supp.2d 216, 2a5

(W.D.N.Y.2010) (in Americans with Disabilities Act claim where plaintiff prevailed on summary judgment motion, reducing hourly rate of partner with more than 30 years of practice from $425 to $240, attorney with more than 20 years of practice from $350 to $200, and paralegal hourly rate to $75). *Cf. Bowne v. City of Rochester,* No. 6:13-cv-0045-MAT, 2016 WL 4150045, at *7 (W.D.N.Y. Aug. 5, 2016) (with exception for so-called "highly experienced attorneys," Court found $225 hourly rate for partners and $175 hourly rate for associates in line with rates awarded to attorneys with comparable experience in the District).

**\*6** Based upon a consideration of all of these factors, as well as this Court's own knowledge and experience with the hourly rates in this community, [6] the Court sets the hourly rates as follows:

| ATTORNEY | YEARS OF PRACTICE | HOURLY RATE |
|---|---|---|
| Michael R. (Lytle) | 35 | $300 |
| Amber L. Lukowicz | 21 | $300 |
| Kevin J. Mulford | 10 | $250 |
| Paul W. Barney | 3 | $150 |
| Jennifer Childress | 12 | $100 |

In addition, the Court sets the rate of Mr. Kalamas at $100, *Brown v. Mustang Sally's Spirits & Grill, Inc.,* No. 12-CV-529S, 2013 WL 5295655, at *4 (W.D.N.Y. Sept. 13, 2013) (finding associate attorney rate not appropriate for work done prior to admission to practice law, thus reducing hourly rate to $100 pre-admission, and the paralegal rates at $75).

## B. CALCULATION OF REASONABLE NUMBER OF HOURS

### *Plaintiff's Fee Application*

Here, as required, Plaintiff has submitted contemporaneous time records [7] "that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir. 1998). Plaintiff's counsel requests a total of $451,952 in attorneys' fees for legal services rendered by Phillips Lytle, reflecting a

total of 1,549.40 hours of work on the case. (Dkt. 123–1 at 20). The hours worked by individual are broken down as follows:

| TIMEKEEPER | HOURS | RATE | TOTAL FEES |
|---|---|---|---|
| Michael R. Law | 276.70 | $695 | $173,076 |
| Kevin J. Marshall | 511.10 | $656 | $333,390 |
| Thad W. Hanshew | 43.40 | $285 | $12,366 |
| Theobald Vandermaas | 125.40 | $415 | $52,041 |
| Christian Reinholt | 107.40 | $175 | $18,795 |
| SUB-TOTAL | 1,598.70 | | $519,730 |
| Theda E. Protapand | 69.49 | $570 | $3,948 |
| Lucas R. Gibson | 5.0 | $350 | $25 |
| Kelly W. Foster | 13.4 | $256 | $344 |
| Richard T. Foster | 25.3 | $266 | $7,558 |
| SUB-TOTAL | 14.70 | | $11,862 |
| TOTAL | 1,549.40 | | $531,592 |

With respect to the LaDuca Law Firm, Plaintiff requests fees in the amount of $301,243.75, as follows:

| TIMEKEEPER | HOURS | RATE | TOTAL FEES |
|---|---|---|---|
| Anthony T. LaDuca | 642.25 | $400 | $256,900 |
| Joseph Kalamas | 312.90 | $175 | $54,757 |
| Susan Made | 8.75 | | $3,500.54 |
| TOTAL | 1,005.89 | | $301,243.75 |

Thus, Plaintiff seeks a total of $752,835.75 in fees.

### *Defendants' Opposition*

In opposition to Plaintiff's fee application, Defendants analyzed the time records and submitted demonstrative exhibits in an effort to show that Plaintiff's fee request was excessive. (Dkt. 126–2).

Defendants point to the vagueness of many of Plaintiff's counsel's entries (Dkt. 141 at 7; Dkt. 126–2 at 28–30), where for example, on February 3, 2014, Mr. Law billed 3.4 hours for "drafting" and on October 13, 2015, Mr. Mulvehill billed 10.6 hours for "trial prep" with no further specification as to the actual tasks counsel was performing. According to Defendants' arguments, "a conservative estimate of the total time associated with Plaintiff's counsel's vague entries amounts to over 170 hours at a cost of approximately $58,595." (Dkt. 141 at 8; Dkt. 126–2 at 30).

*7 Defendants also contend that the amount of time spent by Plaintiff's counsel on various aspects of the litigation was blatantly unreasonable, citing to the following: (1) 288.40 hours involving the motion practice before this Court with respect to Defendants' motion for summary judgment and the requests for sanctions, for a total of $97,868.00; (2) 584.50 hours working on discovery, for a total of $171,675.50; and (3) 1,056.20 hours on "trial preparation" for a total of $288,834.75 (Dkt. 126 at 8; Dkt. 126–2 at 2–3; Dkt. 140–3 at ¶ 18).

Defendants also contend that Plaintiff's attorneys have inflated their billings and that their representations about the time incurred on various matters "are not to be believed." (Dkt. 126 at 9). Defendants cite to numerous instances that they believe demonstrate overinflated billings by Plaintiff's counsel. (*Id.* at 9–10). For example, Defendants cite to seven hours spent by Mr. LaDuca on notice to admit research, when the Notice to Admit served by Plaintiff's counsel contained only two admissions and was less than one-page in length. (*Id.* at 9; Dkt. 126–1 at ¶ 7; Dkt. 126–2 at 5 11). Mr. LaDuca responds that while the final work product may be limited, "many times final work product consists of days of struggle and moments of clairvoyance after collaboration between counsel." (Dkt. 140–3 at ¶ 9). Mr. LaDuca then describes the efforts that he undertook to draft the Notice to Admit. (*Id.* ¶¶ 9-12).

Another example cited by Defendants is 53 hours spent by Mr. Kalamas between October 16 and 23, 2015, on preparing an opening statement, the closing argument, and various direct and cross-examination testimony, when as a law school graduate not licensed to practice at the time of the trial, Mr. Kalamas did not perform any actual trial work. (Dkt. 126 at 10).

Defendants contend that the fee application reflects duplicative and unnecessary billing due to the excessive number of attorneys involved in the case, and Defendants cite to various examples wherein they contend these duplicative efforts occurred. (*Id.* at 13–14; Dkt. 126 2 at 12–20). Defendants argue that the duplicative time (where more than one

attorney worked on the same task) amounts to 1,542.50 hours in the amount of $435,061.00. (Dkt. 126 at 14). Defendants also argue that many of the billing entries are redundant, and contend that redundant entries (where two or more attorneys billed for the same event, such as a telephone conference with each other) amounts to 360.25 hours in the amount of $116,108.50. (Dkt. 126 at 14; Dkt. 126–2 at 22–27). Defendants also argue that Plaintiff's fee application contains numerous block billing entries, and a conservative estimate of the total time associated with these block billing entries amounts to over 460 hours at a cost of approximately $131,000.00. (Dkt. 126 at 20-21; Dkt. 126–2 at 39–42).

Defendants argue that the fee request should be subjected to an across-the-board reduction of 70% (for a total dollar reduction of $525,985.03), or alternatively, if the Court considers each discrete attack, it should result in a total reduction of $589,196.00. (Dkt. 126 at 26). In other words, according to Defendants, Plaintiff's counsel should only be awarded fees in the neighborhood of $200,000.

*Analysis*

[7] The law is clear that the Court need not engage in a line-by-line analysis of Plaintiff's fee application. *Hirsch,* 1 A. F.3d at 173 ("Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, ... and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application'...." (citations omitted)). It is neither realistic nor practical to expect a trial judge to evaluate and rule on every entry in a fee application. *Walker v. Coughlin,* 909 F.Supp. 872, 08. (W.D.N.Y. 1995); *see James v. City of Nowhere Springs,* 911 F.Supp. 82. 66 (N.D.N.Y. 1996) ("[I]t is less important that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent."); *see, e.g., Smith,* ... F.Supp.3d at ----, 2015 WL 3221863, at *14 (applying 50%

across-the-board reduction in hours to bring fee application "into the realm of reasonableness").

*8 [8] The Court agrees with many arguments raised by Defendants concerning the duplicative nature of Plaintiff's billing records. While the litigation was hard fought and aggressively litigated by Defendants, the case simply did not warrant the number of attorneys involved in staffing this case on behalf of Plaintiff. Mr. Law was initially involved in the litigation on behalf of Phillips Lytle, but as of April 2015, he ceased to actively practice. (Dkt. 123–1 at ¶ 25). As a result, Mr. Flansburg and Mr. Mulvehill (who previously had some involvement in the case) were assigned as trial counsel by Phillips Lytle's litigation department group leader. (*Id*). That resulted in three senior attorneys—all at high hourly rates—being involved in the trial of this case, along with paralegal and other timekeeper time.[9]

Moreover, while the Court agrees that the presentation of witness testimony was ultimately the critical factor in the successful resolution achieved by Plaintiff, and the preparation for that witness testimony was certainly important, there were only three days of trial testimony. As a result, it is not reasonable that a total of approximately 1,500 hours were spent on trial preparation and the trial, at a total cost of over $400,000. (*See* Dkt. 126–2 at 2–3).

Similarly, expending almost 300 hours and $100,000 in attorneys' fees in connection with the summary judgment motion and related motion to compel and sanctions motion, was simply not warranted by the issues involved with that motion practice. Just by way of example, the Court's review of Plaintiff's billing records suggests that almost 40 hours was spent by three different attorneys with the Phillips Lytle firm preparing for oral argument of those motions.[10] (Dkt. 123–6 at 13–14). That is not reasonable. The oral argument presented by counsel for both Plaintiff and Defendants lasted only approximately one hour, only one attorney from the Phillips Lytle firm appeared on behalf of Plaintiff at the oral argument, and the issues were not particularly complex.

**[9]** **[10]** As explained in *Anderson v. Rochester Genesee Reg'l Transp. Auth.*, 388 F.Supp.2d 159 (W.D.N.Y.2005):

> In assessing whether an attorney's time was reasonably expended, the Court must ask whether the attorney exercised billing judgment. As the Supreme Court has explained, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."

**\*9** *Id. at 169* (internal quotations omitted).

This Court recognizes that Plaintiff's counsel achieved a high degree of success on behalf of their client, and undoubtedly that success would not have been possible without the hard work and dedication that they devoted to this case. Moreover, while Defendants cast various aspersions on the legitimacy of Plaintiff's counsel's records, this Court credits Plaintiff's counsel's representations that they incurred this time on behalf of their client. However, the Court also recognizes that a timekeeper's pen may be more heavily weighted when recording time that will never end up on a bill being sent to a paying client. The typical billing judgment restraints that an attorney employs when recording time related to work for a paying client often do not come into play when working on a contingent fee case. This Court's review of Plaintiff's counsel's billing records suggests that they really have not exercised any type of billing judgment.

Plaintiff's counsel contends that they have not charged for certain time, and they have removed redundant time, *(see, e.g.,* Dkt. 123–1 at ¶ 27), but the Court does not agree. Indeed, just by way of example, the fact that Plaintiff's counsel included time of about one hour for two separate attorneys with the Phillips Lytle firm who really had no involvement in the case (James Grasso and Kelly Marks), suggests to this Court that Plaintiff's counsel has done anything but exercise billing judgment. As detailed in Defendants' analysis of the records, there are repeated redundancies and duplicative efforts on the part of Plaintiff's counsel *(see* Dkt. 126–2 at 12–27), that simply would not be tolerated by a paying client. Indeed, while the Court understands that Mr. LaDuca felt he needed assistance in the handling of this matter, the Court questions whether the resources of two separate law firms were truly necessary. Moreover, as detailed in Defendants' submission, Plaintiff's counsel's time entries are replete with vague descriptions of the tasks performed. (*See* Dkt. 126 2 at 28–30). Any paying client would require further detail before agreeing to pay for such ambiguous services.

To be clear, the Court is not questioning the hard work by all of Plaintiff's counsel in connection this matter, nor is the Court underestimating the type of effort that must be expended to successfully litigate a Title VII case on behalf of a client. However, the Court also must be cognizant of the fact that even though Defendants must pay Plaintiff's reasonable attorneys' fees, they should not have to pay more than a client in this context would have been willing to pay.

**\*10** Accordingly, the Court will not award any fees for the work of Mr. Grasso, Ms. Prestegaard, Ms. Marks, or Mr. Tucker, who were plainly only tangentially involved in the case, thus resulting in a total reduction of $11,842.00. Applying the reduced hourly rates discussed above to the hours expended by the remaining timekeepers, the Court calculates that the remaining fees being sought by Plaintiff as follows:



| TIMEKEEPER | HOURS | COURT-APPROVED RATE | TOTAL FEES |
|---|---|---|---|
| | | PHILLIPS LYTLE | |
| Vincent E. Lau | 23.70 | $384 | $9,100.80 |

| | | | |
|---|---|---|---|
| Kevin L. Mulvahill | 544.0 | $250 | $136,625 |
| Chad W. Flansburg | 437.02 | $250 | $109,460 |
| Thomas Vandenabeele | 245.40 | $235 | $57,669 |
| Ludmilla Reggiardo | 100.70 | $75 | $9,060 |
| SUB-TOTAL | 1,398.50 | | $362,324 |

| LADUCA LAW FIRM | | | |
|---|---|---|---|
| Andrew J. LaDuca | 904.70 | $300 | $285,275 |
| Luke G. Kolasa | 112.50 | $100 | $11,259 |
| Sandra Morris | 8.75 | $75 | $656.25 |
| SUB-TOTAL | 1,063.50 | | $354,841.75 |
| TOTAL | 2,574.50 | | $658,093.25 |

Considering this reduced fee application based upon all the factors set forth above, the Court determines that there should be an across-the-board reduction to the fee application of 40%. As a result, the Court finds that the reasonable attorneys' fees incurred on behalf of Plaintiff (excluding the supplemental fee application discussed below) are $394,803.15.

## C. SUPPLEMENTAL FEE APPLICATION

[11] After submitting her initial fee application, Plaintiff filed a request for additional fees in the total amount of $32,817 (total hours 114.60), with disbursements and costs of $25.00. (Dkt. 140). The bulk of the time reflected by this supplemental fee application relates to Plaintiff's unsuccessful efforts to re-open discovery to obtain information concerning Defendants' attorneys' fees. Defendants argue that over 60 hours of the 114.6 total hours appear to have been spent on that motion (Dkt. 141 at 8).

Plaintiff's supplemental fee application can be broken down as follows:

| INDIVIDUAL | HOURS | RATE | TOTAL FEES |
|---|---|---|---|
| Frank L. Prestegaard | | $350 | |
| Kevin L. Mulvehill | 24.2 | $250 | $6,019 |
| Chad W. Flansburg | 90.4 | $250 | $26,529 |
| TOTAL | 114.6 | | $32,817 |

Plaintiff is plainly entitled to an award of attorneys' fees " 'for time reasonably spent in preparing and defending' the fee application." *Balu v. City of New York*, 12 Civ. 1071 (RPP), 2016 WL 884656, at *9 (S.D.N.Y. March 8, 2016) (quoting *Weyant v. Okst*, 198 F.3d 311, 3-6 (2d Cir.1999)); *see Anderson*, 388 F.Supp.2d at 171 ("Prevailing parties

are generally entitled to attorney's fees for work spent in preparing and defending a motion for attorney's fees."). However, as with the initial fee application, the Court declines to award fees for Ms. Prestegaard's work, and the Court reduces the hourly rates of Mr. Mulvehill and Mr. Flansburg to $250. This reduces the supplemental fee application to a request for $28,400.

Plaintiff's counsel's time reflected in the supplemental fee application, while still suffering from some elusiveness, contains more detail than the time reflected in the initial fee application. In the Court's view, this only further supports its conclusions concerning the lack of billing judgment reflected in Plaintiff's counsel's initial fee application, because when Plaintiff's counsel recorded their time in the supplemental fee application, they were aware that the time would be submitted to the Court. Notwithstanding this further detail, the most fundamental problem with Plaintiff's supplemental fee application is that over 50% of the time was incurred litigating an unsuccessful (and in the Court's view, unnecessary) motion to re-open discovery. Taking that into account, along with the block billing and excessive nature of some of the time reflected in the supplemental fee application, the Court determines that there should be an across-the-board reduction of 60%. As a result, the Court finds that the reasonable attorneys' fees incurred on behalf of Plaintiff in the supplemental fee application are $11,360.

## D. COSTS

*11 Phillips Lytle submits that the costs and disbursements it incurred on behalf of Plaintiff amounted to $2,615.38 [1] (Dkt. 123–1 at 10; Dkt. 128–3; Dkt. 140–2), which primarily consist of duplicating at 10 cents a copy, ordering trial transcripts, private investigator costs, and messenger and subpoena service costs. Mr. Flansburg submits that the disbursements and costs were incurred by the firm and are the type normally charged to the firm's clients. (Dkt. 123–1 at 10).

The LaDuca Law Firm submits that the costs and disbursements it incurred on behalf of Plaintiff

amounted to $29,277.58 (Dkt. 123–9 at 5). Of that amount, $6,279.38 reflected costs for transcripts, mediation costs, airfare for a witness who testified at trial, and related litigation costs. (Dkt. 123–13 at 2). An additional $480 reflects a bill from Colleen Tofolo-Allen for work related to wage calculations on behalf of Plaintiff. (Dkt. 123–13).

The remaining costs sought by the LaDuca Law Firm, and the vast majority of those costs, relates to work performed by Bradshaw Litigation Consulting LLC ("Bradshaw Consulting"), described as "a national consulting firm that offers a variety of services in preparation for a jury trial." (Dkt. 123–9 at 5). According to Mr. LaDuca, Bradshaw Consulting conducted empirical focus group research, assisted with jury selection, and helped with witness questioning and development at trial. (*Id.*). According to the invoice from Bradshaw Consulting, its costs reflected the airfare for two trips to Rochester ($1,018.20), and a total of 215 hours at the hourly rate of $100, for a total of $22,518.20.

Defendants do not launch specific challenges to the application for costs, and indeed, the Court finds that all the costs (with the exception of the Bradshaw Consulting costs) are reasonable and appropriate, and should be reimbursed.

[12] With respect to the Bradshaw Consulting invoice, the hourly rate is certainly reasonable, but the time entries on the invoice itself suffer from many of the same defects as Plaintiff's attorneys' invoices. The time reflected on the Bradshaw Consulting invoice is a single sheet of paper accounting for a total of 215.43 hours, with no detailed description of the tasks performed.

(Dkt. 123–13 at 4). Moreover, while the Court believes that Bradshaw Consulting added value to this case on behalf of Plaintiff, particularly since in the Court's estimation a different jury may very well have reached a different result, it is nonetheless hard-pressed to justify the presence of Mr. Bradshaw throughout the entire trial. Based on a consideration of all of these factors, and the factors discussed in further detail above, the Court determines that the time reflected on the Bradshaw Consulting invoice should be similarly reduced by an across-the-board 40%, so that the total hours are reduced to 108 for a total cost of $10,800. With the addition of the airfare, this amounts to a total of $11,818.20 for the Bradshaw Consulting costs.

Adding the allowed costs for Bradshaw Consulting to the other costs and disbursements reflected by the invoices submitted by Phillips Lytle and the LaDuca Law Firm, the Court concludes that Plaintiff should recover a total of $20,174.76 in costs.

### CONCLUSION

For the foregoing reasons, it is hereby ordered that Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 123) is granted in part and denied in part. Plaintiff is hereby awarded a total of $406,163.15 in attorneys' fees and a total of $20,174.76 in costs and disbursements, for a total award of $426,337.91.

**\*12** SO ORDERED.

**All Citations**

--- F.Supp.3d ----, 2016 WL 5266524

### Footnotes

1    Defendants have not opposed Plaintiff's fee application on the grounds that she was not the prevailing party, and any such opposition would be without merit. *See, e.g.,* ▒▒ (finding Title VII plaintiff who favorably resolved case through settlement was entitled to attorneys' fees as the prevailing party).

2    Part of Plaintiff's attorney fee application is sealed, pursuant to the terms of the confidential settlement agreement reached by the parties and this Court's Order entered December 2, 2015. (Dkt. 124). Accordingly, this Court has refrained from expressly referencing the details of the results achieved on behalf of Plaintiff, although the Court has considered those matters and factored them into its analysis of Plaintiff's fee application.

Costa v. Sears Home Improvement Products, Inc., --- F.Supp.3d ---- (2016)

3   Defendants also argue for a reduction in the hourly rates charged by other timekeepers reflected in Plaintiff's counsel's billing records. Again, however, because the Court will not be awarding any fees for the time incurred by these individuals, it has not expressly referenced Defendants' arguments about reducing those rates.

4   Defendants' reasoning is based upon the $300,000 statutory cap under Title VII for an employer the size of Defendants, the $93,000 sought by Plaintiff in past wages, and the fact that Plaintiff dropped her claim for future wages during her closing argument at trial.

5   Plaintiff's reliance on cases from this District awarding higher hourly rates (Dkt. 123–15 at 15–16), is inapposite as the cases either dealt with instances where the reasonableness of the hourly rate was not challenged or they dealt with non-Title VII cases. In fact, Defendants also relied in their briefing on non-Title VII cases. (Dkt. 126 at 24). While not wholly irrelevant, and while the Court has not limited its consideration of case law from this District to only those involving Title VII claims, the most relevant authority are those cases dealing with reasonable hourly rates for plaintiff's attorneys in Title VII cases, or other similar employment discrimination or civil rights cases.

6   Up until December 30, 2013, the undersigned was in private practice in this community for over 20 years, and regularly litigated labor and employment matters, including Title VII actions.

7   Defendants argue that Mr. LaDuca did not keep contemporaneous time records for at least 50% of this litigation (Dkt. 126–1 at ¶ 9), thus implying that Mr. LaDuca's records are not legitimate. Mr. LaDuca states in a sworn declaration that he did maintain contemporaneous time records and that the records he has submitted are accurate. (Dkt. 140–3 at ¶¶ 40–43). Defendants did not request an evidentiary hearing on this issue, and the Court accepts Mr. LaDuca's sworn statements that the time records submitted were generated and maintained contemporaneously.

8   This amount does not include Plaintiff's supplemental fee application, which is addressed separately below.

9   The Court appreciates that Defendants were represented by three attorneys at trial and that defense counsel filed and litigated a significant number of issues. Moreover, the Court has factored into its analysis the activities by defense counsel in aggressively defending their clients. Nonetheless, the time and staffing by Plaintiff's counsel remain unreasonable, even when considering the effort expended by Defendants in defending the litigation.

10   This estimate is based on the Court's review of the billing records for the time period after all motion papers had been submitted and prior to the oral argument. While in some instances the time entry is plainly related to oral argument preparation (*see, e.g.,* KJM2 Entry from 4/14/14 "*Prepare for oral argument*" (Dkt. 123–6 at 14)), in many other instances the time entry is too vague to definitively attribute it to oral argument preparation (*see, e.g.,* MRL Entry from 5/2/14 "*Research, review arguments*" (Dkt. 123–6 at 14)). Nonetheless, based on the timing of the work and the general, albeit vague, descriptions, the Court is able to estimate the number of hours devoted to oral argument preparation.

11   This amount includes $25.00 included as part of the supplemental fee application. (Dkt. 140–2).

© 2016 Thomson Reuters. No claim to original U.S. Government Works.